UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-20592-MARTINEZ/OTAZO-REYES

VASSILIOS KUKORINIS, on behalf of himself and those similarly situated,

    Plaintiff,

v.

WALMART, INC., a Delaware corporation

    Defendant.

## JOINT SCHEDULING REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16(1)(b) of the Local Rules of the United States District Court for the Southern District of Florida, and the Court's February 26, 2019 Order [ECF 4], Plaintiff Vassilios Kukornis ("Plaintiff") and Defendant Walmart Inc. ("Walmart") (collectively, the "Parties"), by and through their undersigned counsel, submit this Joint Scheduling Report and attached Joint Proposed Scheduling Order and state as follows:

1. **The Likelihood of Settlement**

The Parties agree to maintain a dialogue regarding settlement and will pursue settlement options in good faith. At present, the Parties have not had the benefit of conducting discovery, and believe that settlement discussions are premature.

2. **The Likelihood of Appearance in the Action of Additional Parties**

Prior to moving for class certification, Plaintiff may seek to add additional class representatives. Walmart will address that request if and when Plaintiff makes it.

### 3. Proposed Case Management Deadlines

The Parties have agreed upon the deadlines proposed in the Joint Proposed Scheduling Order, attached hereto as Attachment A.

### 4. Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defendants, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.

Plaintiff has included Walmart Inc., as the only defendant in this case pursuing two causes of action: 1) Violation of Florida's Deceptive and Unfair Trade Practices Act; and 2) Unjust Enrichment. Walmart is continuing to evaluate these claims and is likely to file a motion to dismiss on or before the current deadline of April 8, 2019, for Walmart to file its response to the Complaint. The Parties have no other specific proposals for the simplification of issues, claims, and defenses. The Parties will continue to cooperate to simplify issues before the Court.

### 5. The Necessity or Desirability of Amendments to the Pleadings.

Although Plaintiff has conducted a thorough pre-suit investigation of Walmart's conduct outlined in the Complaint, Plaintiff respectfully reserves the right to amend pleadings as discovery commences and the issues are more clearly defined. Walmart will respond to any such amendment or motion to amend at the appropriate time.

### 6. The Possibility of Obtaining Admissions of Fact and of Documents Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents and the Need for Advance Rulings from the Court on Admissibility of Evidence.

The Parties will seek to obtain admissions of fact and documents, stipulations regarding the authenticity of documents, and advance rulings from the Court on admissibility of evidence in order to avoid unnecessary proof and cumulative evidence at trial. In addition, the parties will meet prior to trial to pre-admit evidence in a uniform manner.

**7. Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence.**

The Parties expect to narrow the factual and legal issues in dispute whenever possible in an effort to curtail the pretrial and trial proceedings.

**8. Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

The Parties agree that referring discovery motions to the Magistrate Judge will facilitate the resolution of such motions. Referral to the Magistrate Judge should not include motions for class certification, motions *in limine*, or *Daubert* motions. The Parties respectfully request that the Court preside over trial and rule on all motions to dismiss and dispositive motions, including any summary judgment motions. *See* Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions (as to Discovery), attached hereto as Attachment D.

**9. A Preliminary Estimate of the Time Required for Trial**

Due to the complexity of a trial involving class allegations and treatment, the Parties anticipate that this case will require 7 to 10 days for a class-based trial, and 3 to 4 days for an individual trial.

**10. Requested Date of Dates for Conferences Before Trial, a Final Pretrial Conference and Trial.**

The Parties do not anticipate a need for conferences before trial and, pursuant to the Local Rules for the Southern District of Florida, respectfully request a Final Pretrial Conference and Trial pursuant to the proposed in the Joint Proposed Scheduling Order, attached hereto as Attachment A.

> **11. Any Issues About: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.**

The Parties have reviewed the ESI Checklist, and have taken steps to preserve evidence in compliance with their obligations under the Federal Rules of Civil Procedure, including the rules governing electronic discovery. On March 26, 2019, the Parties agreed to use the ESI Checklist.

> **12. Whether the Trial Will Be Jury or Non-Jury.**

The Parties request a jury trial on all issues so triable.

> **13. An Outline of the Legal Elements of Each Claim and Defense Raised by the Pleadings.**

Plaintiff brings two causes of action: 1) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"); and 2) unjust enrichment. Plaintiff seeks to represent a class of Florida consumers who purchased certain weighted goods from Walmart from February 23, 2015 to and through resolution of this case.

This Court has held that a claim for violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) has three elements: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages. *Zamber v. American Airlines, Inc.*, 282 F.Supp.3d 1289 (S.D. Fla. 2017).

Plaintiff alleges that Defendant violated Florida's Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201, *et seq.* ("FDUTPA"), by, among other things, employing deceptive and unfair practices to deceive customers into paying artificially inflated prices for goods that Walmart places on sale. These goods include chicken, meats, fish, and other items sold by

weight (the "Weighted Goods"). Walmart perpetuated deceptive, unfair, and unconscionable acts through its inventory system and price labels, wherein the Weighted Goods would be marked for sale, but the sale price did not reflect the reduced unit price and weight; a 1.18 pound package of chicken marked to a sale price of $3.77 per pound should have cost $4.45, but Walmart charged $5.93, resulting in a $1.48 windfall to Walmart. (*See*, *e.g.*, Doc. No. 1-1). Because Walmart did not adjust the price, the consumer overpaid for that package of chicken by $1.48.

This Court has held that a claim for unjust enrichment under Florida law has three elements: 1) the plaintiff has conferred a benefit on the defendant; 2) the defendant voluntarily accepted and retained that benefit; and 3) the circumstances are such that it would be inequitable for the defendant to retain it without paying for it. *Zamber v. American Airlines, Inc.*, 282 F.Supp.3d 1289 (S.D. Fla. 2017). Similar to the legal theory presented under FDUTPA, consumers overpaid for Weighted Goods, Walmart accepted those overpayments without adjusting the prices or refunding the customers, and it is unjust and inequitable to permit Walmart to retain that benefit when Walmart's pricing scheme encouraged consumers to purchase what Walmart would have otherwise been required to discard due to expiration.

Walmart strongly disagrees that there has been any wrongdoing here. Walmart is continuing to evaluate these claims and is likely to file a motion to dismiss on or before the current deadline of April 8, 2019, for Walmart to file its response to the Complaint.

**14. Estimate of the Specific dollar Valuation of Actual Damages and Other Relief at Issue.**

Plaintiff, on behalf of himself and others similarly situated, seeks an award of damages against Walmart for its violation of Florida's Deceptive and Unfair Trade Practices Act in an amount exceeding the Class Action Fairness Act jurisdictional threshold of $5,000,000. Because of the measure of damages in a FDUPTA class action like the instant case requires significant

discovery and expert analysis, as well as a determination of the precise contours of the class and class period, Plaintiff requires further discovery to more completely estimate damages at this time.

15. **Need for Variance from the Discovery Limitations Imposed by Local Rule and/or the Federal Rules of Civil Procedure.**

Given the complexity of this case, it is foreseeable that there may need to be some reasonable variance from the discovery limitations imposed under the applicable rules. The Parties agree to confer in good faith before bringing any such matter to the Court.

16. **Other**.

None at this time.

Dated: March 27, 2019

| **GREENBERG TRAURIG, P.A.** | **MORGAN & MORGAN COMPLEX LITIGATION GROUP** |
|---|---|
| /s/ Mark A. Salky | |
| Mark A. Salky | /s/ John A. Yanchunis |
| Florida Bar No. 058221 | John A. Yanchunis (Bar No. 324681) |
| salkym@gtlaw.com | jyanchunis@forthepeople.com |
| James E. Gillenwater | Ryan McGee (Bar No. 64957) |
| Florida Bar No. 1013518 | rmcgee@forthepeople.com |
| 333 S.E. 2nd Avenue, Suite 4400 | 201 N. Franklin St., 7th Floor |
| Miami, Florida 33131 | Tampa, FL 33602 |
| Telephone: (305) 579-0500 | Telephone: (813) 223-5505 |
| Facsimile: (305) 579-0717 | Facsimile: (813) 222-2434 |
| *Attorneys for Defendant Walmart Inc.* | *Attorneys for Plaintiff Vassilios Kukorinis* |