# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:19-CV-20592-MARTINEZ/OTAZO-REYES

VASSILIOS KUKORINIS, on behalf of
himself and all others similarly situated,

      Plaintiff,

v.

WALMART, INC., a Delaware corporation,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S CLASS ACTION COMPLAINT

**GREENBERG TRAURIG, P.A.**
Mark A. Salky (Bar No. 058221)
James E. Gillenwater (Bar No. 1013518)
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717

Dated: April 8, 2019

*Attorneys for Defendant Walmart Inc.*

# TABLE OF CONTENTS

MEMORANDUM OF LAW ......................................................................................................1

BACKGROUND ......................................................................................................................3

LEGAL STANDARD................................................................................................................4

ARGUMENT ...........................................................................................................................6

I.      Plaintiff's Generic Claims of False Advertising Fail Under Rule 9(b). ............................6

II.     Plaintiff's FDUTPA and Unjust Enrichment Claims Fail Because He Lacks
        Standing. ...................................................................................................................9

III.    The Complaint Fails to State a FDUTPA Claim. ........................................................11

        A.      Plaintiff Lacks Standing to Bring a FDUTPA Claim. ..........................................12

        B.      Plaintiff's FDUTPA Claim Is Barred Because Any Unit Price
                Misrepresentations Are Contradicted on the Face of the Labels. .........................12

        C.      The Complaint Fails to Allege Actual Damages. ..................................................13

IV.     The Complaint Fails to State a Claim for Unjust Enrichment. .......................................15

        A.      An Unjust Enrichment Claim Cannot Share a Factual Predicate with a
                FDUTPA Claim. ...................................................................................................15

        B.      Plaintiff's Unjust Enrichment Claim Fails for the Same Reasons as His
                FDUTPA Claim. ...................................................................................................16

CONCLUSION......................................................................................................................17

**TABLE OF AUTHORITIES**

**CASES**

*ADT LLC v. Vivint, Inc.*, No. 17-cv-80432, 2017 WL 5640725 (S.D. Fla. Aug. 3, 2017) ........... 15

*Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170
    (M.D. Fla. 2005) .................................................................................................................... 15

*Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043 (11th Cir. 2007) ......................................... 5

*Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309 (11th Cir. 2007) .................. 6, 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................................... 5

*Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-cv-22153-JEM,
    2011 WL 4434891 (S.D. Fla. Sept. 23, 2011) ................................................................. 6, 7, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................................... 5

*Bohlke v. Shearer's Foods, LLC*, No. 9:14-cv-80727, 2015 WL 249418
    (S.D. Fla. Jan. 20, 2015) ...................................................................................................... 12

*Carriuolo v. General Motors Co.*, 823 F.3d 977 (11th Cir. 2016) ............................................... 13

*Carroll v. Lowes Home Centers, Inc.*, No. 12-cv-23996, 2014 WL 1928669
    (S.D. Fla. May 6, 2014) ........................................................................................................ 12

*Chaparro v. Carnival Corp.*, 693 F.3d 1333 (11th Cir. 2012) ...................................................... 5

*Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, No. 17-cv-22462,
    2018 WL 7287192 (S.D. Fla. Jan. 31, 2018) ....................................................................... 14

*Corsello v. Lincare, Inc.*, 428 F.3d 1008 (11th Cir. 2005) ........................................................... 6

*Crenshaw v. Lister*, 556 F.3d 1283 (11th Cir. 2009) ..................................................................... 7

*Dorestin v. Hollywood Imports, Inc.*, 45 So.3d 819 (Fla. 4th DCA 2010) .................................. 13

*Franklin v. Curry*, 738 F.3d 1246 (11th Cir. 2013) ....................................................................... 5

*Garfield v. NDC Health Corp.*, 466 F.3d 1255 (11th Cir. 2006) ............................................... 6, 7

*Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348 (S.D. Fla. 2012) ..................................... 2, 15, 16

*Higgens v. Trident Asset Mgmt., LLC*, No. 16-cv-24035, 2017 WL 1230537
    (S.D. Fla. Mar. 28, 2017) ..................................................................................................... 11

*Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290 (S.D. Fla. 2014) .......................................... 12

*Llado-Carreno v. Guidant Corp.*, No. 09-cv-20971, 2011 WL 705403
   (S.D. Fla. Feb. 22, 2011) ....................................................................................................... 7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ...................................................................... 9

*Macbeg De Occidente S.A. de C.V. v. Kaloti Metals & Logistics, LLC*,
   No. 12-cv-24050, 2013 WL 12145905 (S.D. Fla. June 25, 2013) .......................................... 7

*Mantz v. TRS Recovery Servs., Inc.*, 2011 WL 5515303 (S.D. Fla. Nov. 8, 2011) ............... 13, 14

*Meridian Tr. Co. v. Batista*, No. 17-cv-23051, 2018 WL 4760277 (S.D. Fla. Sept. 30, 2018)...... 5

*Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327 (S.D. Fla. 2012).................... 7

*Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266 (11th Cir. 2000) ...................................... 12

*Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228 (S.D. Fla. 2007) .................................................... 15

*Raimbeault v. Accurate Mach. & Tool, LLC*, No. 14-cv-20136, 2014 WL 5795187
   (S.D. Fla. Oct. 2, 2014) ......................................................................................................... 12

*Reilly v. Chipotle Mexican Grill, Inc.*, 711 F. App'x 525 (11th Cir. 2017)........................... 11, 14

*Rollins, Inc. v. Heller*, 454 So.2d 580 (Fla. 3d DCA 1984).................................................... 13, 14

*Sol. Z v. Alma Lasers, Inc.*, No. 11-cv-21396, 2012 WL 13012765
   (S.D. Fla. Jan. 25, 2012) .................................................................................................. 6, 8, 13

*Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
   295 F.R.D. 540 (S.D. Fla. 2013)............................................................................................. 6

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ............................................................... 9, 10, 11

*Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229 (11th Cir. 2008) ......................... 5

*State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*,
   278 F. Supp. 3d 1307 (S.D. Fla. 2017) .................................................................................. 7

*U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217 (11th Cir. 2012)............... 7

*USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC,* No. 15-cv-80352, 2016 WL 4254257 (S.D.
   Fla. Feb. 16, 2016) ................................................................................................................ 7

*Vital Pharm., Inc. v. Balboa Capital Corp.*, No. 14-cv-62469, 2016 WL 4479370
(S.D. Fla. Aug. 25, 2016) ................................................................................................. 13

## STATUTES

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 *et seq.* ................... passim

## RULES

Fed. R. Civ. P. 12(b)(1) ........................................................................................... 1, 4, 9, 11

Fed. R. Civ. P. 12(b)(6) ............................................................................................... passim

Fed. R. Civ. P. 9(b) ...................................................................................................... passim

Defendant Walmart Inc. ("Walmart")[1] respectfully submits this Motion to Dismiss Plaintiff's Class Action Complaint, [D.E. 1], pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6).

## MEMORANDUM OF LAW

Plaintiff seeks to bring a statewide class action against Walmart based on certain alleged pricing practices.  To support this far-reaching suit, Plaintiff points to only six examples of sale-priced packaged food products sold at one or more unspecified Walmart stores in Florida where the labels affixed to those products clearly reflected the correct sales price, the correct weight and the correct savings in relation to the original sales price.  Compl. ¶¶ 1-5.  Plaintiff's only complaint is that the new, reduced-price label for these six products contained an incorrect "unit price"—that is, the reduced sales price per pound.  *Id.*  On these allegations, Plaintiff seeks to assert two causes of action: (i) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count I); and (ii) unjust enrichment (Count II).  Plaintiff's claims should be dismissed for four reasons.

*First*, although both of Plaintiff's claims arise from his allegations that Walmart's unit price mistakes constituted "false [or] deceptive . . . advertising," *id.* ¶ 33, he has failed to plead those fraud-based claims with particularity, as required by Rule 9(b).  Though Plaintiff attaches six examples of this supposed pricing practice to the Complaint, he pleads insufficient facts surrounding these or any other transactions, if such transactions occurred, to satisfy Rule 9(b).  The Complaint is oddly silent as to who, if anyone, purchased any of these six items.  Plaintiff does not allege he purchased them.  Because the Complaint fails to set forth specific details such as the

---

[1] The case caption incorrectly refers to Defendant as "Walmart, Inc.," rather than Walmart Inc.

time, place, and substance of the alleged false advertising, who was responsible for it, and how Plaintiff was misled by it, the Complaint should be dismissed.

*Second*, Plaintiff lacks Article III standing.  As noted, Plaintiff does not adequately allege anywhere in the Complaint that he purchased the Walmart goods with incorrect unit prices he is suing on, and thus the Complaint fails to allege that Plaintiff suffered any concrete injury in fact. Even if Plaintiff had purchased such goods, he still would fail to allege any injury in fact because he received exactly what he paid for, regardless of the incorrect unit prices on the new labels.

*Third*, for similar reasons, Plaintiff fails to state a FDUTPA claim.  Plaintiff's failure to specifically allege that he purchased Walmart goods with incorrect unit prices deprives him of statutory standing under FDUTPA.  His FDUTPA claim is further barred because it is based on alleged misrepresentations—incorrect unit prices—that are expressly contradicted by the purchase price and weight that Plaintiff acknowledges were correctly stated on the new labels of every product Walmart sold.  The Complaint also fails to plead that Plaintiff suffered actual damages, another FDUTPA prerequisite.  Plaintiff cannot cure the latter two defects even if he repleads to specifically allege that he purchased Walmart products with incorrect unit prices; he still would have agreed to buy products of a correctly-stated weight at a price that facially belied the mistaken unit prices on the new labels, and thus will have suffered no actual damages.

*Fourth*, Plaintiff's unjust enrichment claim is barred as a matter of law.  It arises from the same factual allegations as Plaintiff's FDUTPA claim, and courts are clear that where "the factual allegations underlying [a] FDUTPA and [an] unjust enrichment claim[] are exactly the same[,] [a] Plaintiff should not be permitted to plead an unjust enrichment claim in the alternative." *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1357 n.7 (S.D. Fla. 2012).  Regardless, Plaintiff's unjust enrichment claim fails for the same reasons as his FDUTPA claim.  Just as Plaintiff has failed to

plead that he purchased the goods on which he is suing or that he suffered actual damages, Plaintiff also has failed to plead that he conferred any benefit on Walmart that it inequitably retained, prerequisites to an unjust enrichment claim. The Complaint should be dismissed with prejudice.

## BACKGROUND

Plaintiff Vassillios Kukorinis is a resident of Hillsborough County, Florida, near Tampa. Compl. ¶ 8. Plaintiff alleges that, at some unspecified time between February 13, 2015 and the present, and at some unspecified place, he purchased an unspecified amount of "Weighted Goods," which he defines as "beef, pork, poultry, fish, and other types of packaged foods marked with unit pricing and sold accordingly thereto." *Id.* ¶¶ 1, 8.

Plaintiff further alleges that, at some unspecified time and location, "Walmart advertised false unit prices for Weighted Goods placed on sale close to their respective expiration dates" in that "the final sale prices did not coincide with the unit sale prices based on the weight of the products as represented on the original labels." *Id.* ¶ 2. Plaintiff alleges that this conduct constitutes a "false [or] deceptive . . . advertising" "[s]cheme" that the Complaint defines as the "Pricing Practice." *Id.* ¶¶ 2, 21 (header), 33. The Complaint attaches six examples of Weighted Goods labels that Plaintiff claims illustrate the Pricing Practice. *See id.* ¶¶ 3-4; 24-27. One example is excerpted below:



Compl., Ex. 2 [D.E. 1-2].  As with the other examples cited in the Complaint, in this example the original unit weight (1.36 lb), unit price ($3.87/lb) and total price ($5.26) on the original (white) label are correct, and the reduced price the "[CONSUMER] PAY[S]!" ($3.52) and the amount the consumer "SAVE[S]" in relation to the original price ($1.74) are also correct and explicit on the new (yellow) label. *Id.* The only alleged error is the reduced unit price reflected on the new label, which is stated as "$1.67/LB," when it should have been "$2.59/lb" (*i.e.*, $3.52/$1.36 lb = $2.59/lb). *Id.*

Plaintiff never alleges in the Complaint who actually bought this specific Weighted Good or any of the other examples discussed in and attached to the Complaint—only that Walmart sold them.  *See id.* ¶¶ 3-4; 24-27.  Moreover, Plaintiff does not allege with specificity in the Complaint that Plaintiff ever bought *any* Weighted Goods from Walmart that were subject to the Pricing Practice.  Plaintiff asserts only the threadbare allegation that:

> Mr. Kukorinis purchased the Weighted Goods in this District, including in Miami, Florida, which Walmart *purportedly* offered on sale with reduced unit sale prices that did not accurately correspond to the final sales prices.

*Id.* ¶ 8 (emphasis added).  Based on this single conclusory allegation, Plaintiff seeks to assert his causes of action on a class-wide basis on behalf of "All persons who purchased Weighted Goods from Walmart in Florida from February 13, 2015 to present, whose Weighted Goods' unit sale price was not accurately reflected in the final sale price," but does not specifically allege that anyone actually purchased any such Weighted Goods from a particular Walmart store in Florida. *Id.* ¶ 35.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a complaint for lack of subject matter jurisdiction if the plaintiff does not satisfy Article III standing requirements.

*Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).") (internal quotation marks omitted)).

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and rise above the level of speculation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, the Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. "[A] plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678)); *see also Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth.").

"In addition to the requirements of *Twombly*, *Iqbal*, and Federal Rule of Civil Procedure 12(b), causes of action sounding in fraud are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)." *Meridian Tr. Co. v. Batista*, No. 17-cv-23051, 2018 WL 4760277, at *3 (S.D. Fla. Sept. 30, 2018). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Consequently, "[t]o satisfy the Rule 9(b) standard, [fraud claims] must allege: (1) the

precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007); *see also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (Rule 9(b) requires the "who, what, when, where, and how" of the alleged misconduct). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

## ARGUMENT

### I.    Plaintiff's Generic Claims of False Advertising Fail Under Rule 9(b).

Although Rule 9(b) does not apply to all FDUTPA and unjust enrichment claims, it applies to such claims where, as here, they arise from allegations of "false [or] deceptive . . . advertising," Compl. ¶ 33. *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-cv-22153-JEM, 2011 WL 4434891, at *5 (S.D. Fla. Sept. 23, 2011) (dismissing FDUTPA claim based on "false and misleading advertising" after finding that "Rule 9(b) applies"); *see also Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 295 F.R.D. 540, 545 (S.D. Fla. 2013) (unjust enrichment claim "based on alleged fraudulent representations and omissions that Defendants made to induce [plaintiff] into buying" a product "subject to Rule 9(b)'s heightened pleading standards"); *Sol. Z v. Alma Lasers, Inc.*, No. 11-cv-21396, 2012 WL 13012765, at *3 (S.D. Fla. Jan. 25, 2012) ("Because [Plaintiff] alleges that Defendant 'provid[ed] deceptive advertisements['] . . . the Court finds that the FDUTPA claim sounds in fraud and the pleading standard set forth in Rule 9(b) applies."); *Llado-Carreno v. Guidant Corp.*, No. 09-cv-20971, 2011 WL 705403, at *5

(S.D. Fla. Feb. 22, 2011) (FDUTPA claim that defendant "deceptively and unlawfully induc[ed] [plaintiff] to purchase" a product is governed by "[t]he particularity requirement of Rule 9(b)").[2]

Plaintiff does not even come close to satisfying Rule 9(b). The Complaint contains no specific factual allegations as to the "who, what, when, where, and how" of Walmart's alleged Pricing Practice, much less that Plaintiff was misled by it and, if so, when, where, and how. *Garfield*, 466 F.3d at 1262.

Beginning with the particular circumstances of the Pricing Practice, although the Complaint attaches and discusses six examples of Weighted Goods labeled with incorrect reduced unit pricing, it does not allege the Plaintiff, or anyone else, purchased those Weighted Goods. The Complaint alleges only that "Walmart sold" each of them on *November 18*, 2018 (without specifying where or to whom), Compl. ¶¶ 3-4; 24-27, but each of the exhibits make clear that their pricing was "Reduced on 11/19/2018" or "11/20/2018" such that they could not have been sold pursuant to the alleged Pricing Practices on November 18, [D.E. 1-1 through 1-7]; *see also Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

Equally important, the Complaint includes no allegations as to the "person responsible for the[se] statement[s]," or any other examples of the Pricing Practice. *Ambrosia Coal*, 482 F.3d at 1316-17; *U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222 (11th Cir.

---

[2] In *Begualg*, this Court "acknowledge[d] that there is a split of authority among the district courts as to whether Rule 9(b) applies to claims brought under . . . FDUTPA" but found "the reasoning in *Llado* to be more persuasive," where, as here, a FDUTPA claim sounds in fraud, such as false advertising. 2011 WL 4434891, at *5. Subsequent decisions accord. *See e.g.*, *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1328 (S.D. Fla. 2017); *USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, No. 15-cv-80352, 2016 WL 4254257, at *3 (S.D. Fla. Feb. 16, 2016); *Macbeg De Occidente S.A. de C.V. v. Kaloti Metals & Logistics, LLC*, No. 12-cv-24050, 2013 WL 12145905, at *3 (S.D. Fla. June 25, 2013); *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012).

2012) (Rule 9(b) requires "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them" (internal quotation marks omitted)).  Plaintiff alleges in conclusory fashion that the "false or misleading statements . . . were prepared and approved by Walmart and its agents," Compl. ¶ 10, but provides no specificity as to whether the incorrect unit prices resulted from a faulty labeling machine, a computer glitch, human error, or otherwise.  Nor does Plaintiff allege when and where the Pricing Practice allegedly occurred, *i.e.*, whether it was limited to errors made at one isolated Walmart store on November 19 and 20, 2018, or whether it occurred in multiple Florida Walmart stores on more than one occasion.  Under Rule 9(b), such conclusory pleading plainly fails to put Walmart on notice of the nature of the conduct on which Plaintiff is suing.  *See Sol. Z*, 2012 WL 13012765, at *3 (dismissing FDUTPA claim that failed to set forth "precisely what statements were made in what documents or oral representations[,] . . . the time and place of each such statement and the person responsible for making [the statements]").

Plaintiff also fails to plead with particularity how he was misled by the alleged Pricing Practice.  To be sure, Plaintiff states in conclusory fashion that he "read and relied upon false and misleading statements," Compl. ¶ 10, but the content of the statements he relied on is nowhere alleged.  As noted above, Plaintiff does not allege that he purchased the Weighted Goods whose labels are attached to the Complaint, nor does Plaintiff provide any specific factual allegations as to the time, place, or nature of his purchase of any Weighted Goods from Walmart.  Notably, Plaintiff does not attach to the Complaint a Walmart receipt reflecting that he made any such purchases.

The Complaint's sole allegation as to Plaintiff's purchases—that, "during the Class Period, Mr. Kukorinis purchased the Weighted Goods in this District, including in Miami, Florida, which

Walmart *purportedly* offered on sale with reduced unit sale prices that did not accurately correspond to the final sales prices"—is woefully deficient under both Rule 9(b) and Rule 8(a). Such conclusory pleading leaves Walmart guessing as to (i) when, during the four-year "Class Period," Plaintiff allegedly purchased Weighted Goods; (ii) whether those purchases were isolated to one store in Miami or spanned multiple locations, and (iii) whether the Weighted Goods Plaintiff purchased were, in fact, marked with incorrected unit prices or whether he merely purchased Weighted Goods and is speculating that they were incorrectly marked based on his general allegations as to Walmart's "purported[]" Pricing Practice.

In short, the Complaint should be dismissed for the same reasons this Court dismissed FDUTPA claims sounding in "false and misleading advertising" in *Begualg*:

> Plaintiffs have not detailed the required who, what, where, when, how of the allegedly false and misleading advertising and again fails to specify each Defendant's participation in the alleged fraud. Plaintiffs' conclusory allegations with regard to the Defendants' actions are not sufficient. . . . Plaintiffs also provide only conclusory allegations with regard to the deceptive acts and unfair practices. This is not sufficient. Accordingly, the Court grants Defendants' motions to dismiss.

2011 WL 4434891, at *5 (S.D. Fla. Sept. 23, 2011).

## II.    Plaintiff's FDUTPA and Unjust Enrichment Claims Fail Because He Lacks Standing.

Independent of the Complaint's Rule 9(b) deficiencies, Plaintiffs' FDUTPA and unjust enrichment claims should be dismissed under Rule 12(b)(1) because Plaintiff lacks standing to bring those claims. To establish Article III standing, a plaintiff must plead and prove (1) an "injury in fact," (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury-in-fact requirement is the most important element to the standing inquiry. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). An injury in fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or

hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). The "particulariz[ation]" requirement means that the injury "must affect the plaintiff in a personal and individual way." *Id.* The requirement that it be "concrete" means that "it must actually exist." *Id.* A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 1549. The party invoking federal jurisdiction bears the burden of establishing each of the standing elements. *See Lujan*, 504 U.S. at 561.

Plaintiff has no standing to sue because he has failed to allege any actual injury. As discussed above, the Complaint does not specifically allege that Plaintiff purchased any Weighted Goods from a Walmart store that were labelled with inaccurate unit prices pursuant to the Pricing Practice, much less when, where, and under what circumstances he made such purchases. *See supra*, at 7-9. Plaintiff's conclusory allegation that he bought some Walmart goods that "purportedly" were sold pursuant to the Pricing Practice, Compl. ¶ 8, is the definition of an insufficient "conjectural or hypothetical" injury. *Spokeo*, 136 S. Ct. at 1548. The Complaint thus fails at the threshold to establish Article III standing.

Moreover, as further discussed below in Part III.C, even if Plaintiff had adequately alleged that he purchased Walmart goods labelled with inaccurate unit prices (he clearly has not), he still would lack a cognizable "actual" injury. Plaintiff acknowledges that the weight of each Weighted Good was correctly stated on its label along with a reduced sales price. Any purchaser who agreed to pay that price got exactly what she or he paid for. For example, the sales price of Exhibit 2 was initially marked at $5.26 for 1.36 lbs of chicken and reduced to $3.52, with correctly-advertised savings of $1.74 in relation to the original sales price. [D.E. 1-2]. Any purchaser of Exhibit 2 would have received the stated amount of chicken at the stated price, obtaining the stated savings. In other words, the incorrect unit price is simply irrelevant to the value of the product that any

purchaser of the Weighted Goods ultimately would have received in exchange for the stated sales prices—*e.g.*, 1.36 lbs of chicken for $3.52—notwithstanding Plaintiff's conclusory assertion that "he and Class Members have been harmed, in that they were wrongfully deprived of the proper value of Weighted Goods based on the sales unit price advertised on the labels," Compl. ¶ 54. *See, e.g.*, *Higgens v. Trident Asset Mgmt., LLC*, No. 16-cv-24035, 2017 WL 1230537, at *2 (S.D. Fla. Mar. 28, 2017) (dismissing complaint for lack of Article III standing, despite Plaintiff's conclusory allegations that he "has been damaged," because "there is simply no indication that [the plaintiff] actually suffered any harm").

Plaintiff's damages theory premised on incorrect unit prices is, therefore, just the sort of "bare procedural violation, divorced from any concrete harm," that is insufficient to confer Article III standing. *Spokeo*, 136 S. Ct. at 1549. The Complaint should be dismissed with prejudice for this additional reason.

## III.    The Complaint Fails to State a FDUTPA Claim.

In addition to the Complaint being subject to dismissal under Rule 9(b) and 12(b)(1), Plaintiff's FDUTPA cause of action also should be dismissed under Rule 12(b)(6) for failure to state a claim. To state a FDUTPA claim, a plaintiff must allege (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Reilly v. Chipotle Mexican Grill, Inc.*, 711 F. App'x 525, 529 (11th Cir. 2017). Plaintiff's FDUTPA claim is deficient in at least three material ways. *First*, Plaintiff lacks statutory standing because the Complaint does not adequately allege that Plaintiff purchased any Weighted Goods from Walmart that were marked pursuant to the Pricing Practice. *Second*, Plaintiff's claim is barred because the alleged Pricing Practice misrepresentations on which Plaintiff is suing are expressly contradicted on the face of the labels of all Weighted Goods. *Third*, and relatedly, the Complaint fails to allege actual damages because, even if Plaintiff purchased Weighted Goods subject to the Pricing Practice, Plaintiff received the

amount of goods bargained for at an agreed-upon price and has not alleged a diminution in market value of those goods.

### A.     Plaintiff Lacks Standing to Bring a FDUTPA Claim.

FDUTPA only grants standing to sue to "consumers," *i.e.*, those "who ha[ve] engaged in the purchase of goods or services." *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014); *see also Raimbeault v. Accurate Mach. & Tool, LLC*, No. 14-cv-20136, 2014 WL 5795187, at *7 (S.D. Fla. Oct. 2, 2014) ("[O]nly 'consumers' who engage in the 'purchase of goods or services' are 'persons' with standing to pursue FDUTPA claims." (quoting *Carroll v. Lowes Home Centers, Inc.*, No. 12-cv-23996, 2014 WL 1928669, at *4 (S.D. Fla. May 6, 2014))). Similarly, in the FDUTPA class action context, "in the Eleventh Circuit, a named plaintiff in a consumer class action cannot raise claims relating to products which she herself did not purchase." *Bohlke v. Shearer's Foods, LLC*, No. 9:14-cv-80727, 2015 WL 249418, at *4 (S.D. Fla. Jan. 20, 2015) (citing *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)).

As discussed above, the Complaint is devoid of any non-conclusory allegations that Plaintiff purchased any Weighted Goods from a Walmart store that were labelled with inaccurate unit prices pursuant to the Pricing Practice. *See supra,* at 7-10 (citing Compl. ¶ 8). Accordingly, for the same reasons that Plaintiff lacks Article III standing, Plaintiff also lacks statutory standing to bring FDUTPA claims on his own behalf or on anyone else's. *See e.g.*, *Leon*, 51 F. Supp. 3d at 1297; *Bohlke*, 2015 WL 249418, at *4. The FDUTPA claim should be dismissed on this basis alone.

### B.     Plaintiff's FDUTPA Claim Is Barred Because Any Unit Price Misrepresentations Are Contradicted on the Face of the Labels.

Even if Plaintiff had alleged that he purchased the Weighted Goods whose labels are attached to the Complaint—to be clear, he does not—his FDUTPA claim still would be barred

because the incorrect unit prices Plaintiff complains of are expressly contradicted by the goods' correctly-stated sales prices and weights. As a matter of law, a FDUTPA claim cannot be based on misrepresentations that are clearly contradicted on the face of an agreement. *See Vital Pharm., Inc. v. Balboa Capital Corp.*, No. 14-cv-62469, 2016 WL 4479370, at *7 (S.D. Fla. Aug. 25, 2016); *Dorestin v. Hollywood Imports, Inc.*, 45 So.3d 819, 825 (Fla. 4th DCA 2010)) ("[R]eliance on such representations is unreasonable as a matter of law."). "Courts routinely dismiss FDUTPA claims" under such circumstances. *Sol. Z*, 2013 WL 12246356, at *7.

Looking at the label of Exhibit 2 excerpted above, for example, it clearly states the weight of the chicken, 1.36 lbs, and the reduced sales price for that weight, $3.52. *See* [D.E. 1-2]. Even if a purchaser did not do the precise calculations to determine the correct unit price, agreeing to purchase 1.36 lbs of chicken at $3.52 is agreeing to a unit price of $3.52/1.36 lb, or $2.59/lb. The incorrectly-stated unit price of $1.67/lb would thus have been expressly contradicted by the agreement any purchaser would have accepted upon purchase. *Id.* Plaintiff's FDUTPA claim independently should be dismissed on that basis. *Sol. Z*, 2013 WL 12246356, at *7.

**C.  The Complaint Fails to Allege Actual Damages.**

To state a claim under FDUTPA, a plaintiff must adequately plead "actual damages." *Carriuolo v. General Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016). "'[A]ctual damages' have been defined as 'the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.'" *Mantz v. TRS Recovery Servs., Inc.*, 2011 WL 5515303, at *2-3 (S.D. Fla. Nov. 8, 2011) (quoting *Rollins, Inc. v. Heller*, 454 So.2d 580, 585 (Fla. 3d DCA 1984)).

Plaintiff's damages theory is legally deficient because he has failed to allege a "difference in the market value of" any Weighted Goods purchased from Walmart and the "market value in

13

the condition in which [they] should have been delivered." *Mantz*, 2011 WL 5515303 at *2-3. Notably, the Complaint does not allege that the market value of any of the Weighted Goods on which Plaintiff is suing corresponds to their incorrectly stated unit price—*i.e.*, that Walmart or any other store sold comparable goods at that unit price—such that the Weighted Goods were worth less than their stated reduced sales prices. Plaintiff's FDUTPA claim should be dismissed on this basis alone. *See id.*; *see also Reilly*, 711 F. App'x at 530 (FDUTPA "'does not provide for the recovery of . . . speculative losses'" (quoting *Rollins*, 951 So.2d at 873)); *Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, No. 17-cv-22462, 2018 WL 7287192, at *14 (S.D. Fla. Jan. 31, 2018) (dismissing FDUTPA claim where "Plaintiff pleads no facts from which one could plausibly infer the degree to which, or even whether, the market value of any product [or service] has changed." (internal quotation marks omitted)).

Moreover, Plaintiff's FDUTPA claim should be dismissed with prejudice because no amendment can cure his fatal inability to plead actual damages. As noted above regarding Plaintiff's inability to plead the requisite injury in fact to establish Article III standing, even if Plaintiff had alleged that he purchased the Weighted Goods whose labels are attached to the Complaint—again, he does not—he would have purchased those goods at their stated market value and received exactly what he paid for. *See supra*, at 10. Even crediting as true Plaintiff's allegations that the incorrect unit prices of Weighted Goods marked pursuant to the Pricing Practice "induce[d] consumers, including Plaintiff and Class members, into *believing* that they were receiving more of the product than they actually received," Compl. ¶ 32 (emphasis added), the *market value* of the Weighted Goods they received was not less than what they actually paid.

No actual damages can be pleaded under such a theory. Presumably for this reason, to Walmart's knowledge, no claim has ever been successfully advanced under any state's unfair trade

practices statute, like FDUTPA, based on an erroneous unit price theory like Plaintiff's here. Because Plaintiff cannot allege actual damages, his FDUTPA claim should be dismissed with prejudice. *ADT LLC v. Vivint, Inc.*, No. 17-cv-80432, 2017 WL 5640725, at *5 (S.D. Fla. Aug. 3, 2017) (dismissing FDUTPA claim with prejudice for incurable failure to allege actual damages).

## IV.    The Complaint Fails to State a Claim for Unjust Enrichment.

Plaintiff's claim for unjust enrichment also should be dismissed under Rule 12(b)(6) for at least two straightforward reasons. *First*, it impermissibly is predicated on the same set of facts as Plaintiff's FDUTPA claim. *Second*, it independently fails on its merits because Plaintiff has not pleaded that he conferred any benefit on Walmart that it inequitably retained.

### A.     An Unjust Enrichment Claim Cannot Share a Factual Predicate with a FDUTPA Claim.

Plaintiff's unjust enrichment claim should be dismissed with prejudice at the threshold because it arises from the same factual allegations as Plaintiff's defective FDUTPA claim. "Unjust enrichment is an equitable doctrine" that is "'not available where there is an adequate legal remedy.'" *Guerrero*, 889 F. Supp. 2d at 1356 (quoting *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005)). Where an unjust enrichment claim is predicated on the same allegations underlying an FDUTPA claim, it must be dismissed because the plaintiff has an adequate statutory remedy—FDUTPA. *Id.* This is true even if the FDUTPA claim is deficient and must itself be dismissed. *See id.* at 1357 ("[I]f Plaintiff cannot prevail on her FDUTPA claim, she cannot prevail on her unjust enrichment claim."). "Although a plaintiff ordinarily may plead in the alternative," where, as here, "the factual allegations underlying FDUTPA and unjust enrichment claims are exactly the same[,] [a] Plaintiff should not be permitted to plead an unjust enrichment claim in the alternative." *Id.* & n.7; *see also Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007) ("'The [d]efendants' quasi contract claim is

predicated on the same set of allegations supporting their claims under . . . FDUTPA.  Accordingly, because an adequate remedy exists at law, the Defendants have not stated a claim upon which relief may be granted for . . . unjust enrichment.'" (quoting *Am. Honda Motor Co.*, 390 F. Supp. 2d at 1178)).

The allegations regarding the alleged Pricing Practice that underlie Plaintiff's unjust enrichment claim overlap entirely with those underlying Plaintiff's FDUTPA claim.  *Compare* Compl. ¶¶ 57-64 (unjust enrichment count) *with id.* ¶¶ 45-56 (FDUTPA count).  Plaintiff's unjust enrichment claim must be dismissed with prejudice on that basis.  *See Guerrero*, 889 F. Supp. 2d at 1357 (dismissing unjust enrichment claim with prejudice under identical circumstances).

**B.    Plaintiff's Unjust Enrichment Claim Fails for the Same Reasons as His FDUTPA Claim.**

Even if Plaintiff permissibly could plead an unjust enrichment claim in the alternative—he cannot—his unjust enrichment claim must be dismissed because it suffers from the same fatal flaws as his FDUTPA claim.  To state a claim for unjust enrichment, a plaintiff must allege that "(1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it." *Guerrero*, 889 F. Supp. 2d at 1356.

Because Plaintiff has failed to adequately allege that he purchased any Weighted Goods from Walmart subject to the Pricing Practice, *see supra*, at 7-9, plaintiff has failed to show he "conferred a benefit" on Walmart.  And for the same reasons that Plaintiff has failed to plead that he suffered actual damages, *see supra*, at 13-15, he also has failed to plead that the circumstances under which Walmart retained any payments for the Weighted Goods were inequitable.  Plaintiff's unjust enrichment claim accordingly should be dismissed under Rule 12(b)(6).

**CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed with prejudice.

Dated: April 8, 2019                                   Respectfully submitted,


By:    /s/ Mark. A. Salky
           Mark A. Salky
           Florida Bar No. 058221
           Email: salkym@gtlaw.com
           James E. Gillenwater
           Florida Bar No. 1013518
           Email: gillenwaterj@gtlaw.com
           **GREENBERG TRAURIG, P.A.**
           333 S.E. 2nd Avenue, Suite 4400
           Miami, Florida 33131
           Telephone: (305) 579-0500
           Facsimile:  (305) 579-0717


           *Counsel for Defendant Walmart Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th of April, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ James E. Gillenwater
James E. Gillenwater

### <u>SERVICE LIST</u>
*Kukorinis v. Walmart, Inc.*,
**Case No.  1:19-cv-20592-JEM**
**United States District Court, Southern District of Florida**

*Counsel for Plaintiff*:

John A. Yanchunis
jyanchunis@forthepeople.com
Ryan McGee
rmcgee@forthepeople.com
MORGAN & MORGAN
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434