# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:19-CV-20592-MARTINEZ/OTAZO-REYES

VASSILIOS KUKORINIS, on behalf of
himself and all others similarly situated,

      Plaintiff,

v.

WALMART, INC., a Delaware corporation,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

**GREENBERG TRAURIG, P.A.**
Mark A. Salky (Bar No. 058221)
James E. Gillenwater (Bar No. 1013518)
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717

and

Chad J. Doellinger
(*Admitted Pro Hac Vice*)
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive
Suite 3100
Chicago, IL  60601
Telephone: (312) 456-1014

Dated: May 17, 2019        *Attorneys for Defendant Walmart Inc.*

# TABLE OF CONTENTS

MEMORANDUM OF LAW ....................................................................................................1

BACKGROUND ..................................................................................................................3

LEGAL STANDARD ...........................................................................................................5

ARGUMENT .....................................................................................................................7

I.       Plaintiff's Generic Claims of False Advertising Fail Under Rule 9(b). .............................7

         A.       The Amended Complaint Is Insufficiently Specific as to the Alleged
                  Deceptive Practice ........................................................................................8

         B.       The Amended Complaint Fails to Adequately Allege How Plaintiff Was
                  Misled ........................................................................................................9

II.      Plaintiff's FDUTPA and Unjust Enrichment Claims Fail Because He Lacks
         Standing. ...............................................................................................................12

III.     The Amended Complaint Fails to State a FDUTPA Claim. ...............................................13

         A.       Plaintiff's FDUTPA Claim Is Barred Because Any Unit Price
                  Misrepresentations Are Contradicted on the Face of the Labels. .........................14

         B.       The Amended Complaint Fails to Allege Actual Damages. .................................15

IV.      The Amended Complaint Fails to State a Claim for Unjust Enrichment. .........................17

         A.       An Unjust Enrichment Claim Cannot Share a Factual Predicate with a
                  FDUTPA Claim. ..........................................................................................17

         B.       Plaintiff's Unjust Enrichment Claim Fails for the Same Reasons as His
                  FDUTPA Claim. ..........................................................................................18

CONCLUSION....................................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

### CASES

*ADT LLC v. Vivint, Inc.*, No. 17-cv-80432, 2017 WL 5640725 (S.D. Fla. Aug. 3, 2017) .......... 17

*Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170
    (M.D. Fla. 2005) ...................................................................................................... 17, 18

*Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043 (11th Cir. 2007) ......................................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 5, 6

*Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-cv-22153-JEM,
    2011 WL 4434891 (S.D. Fla. Sept. 23, 2011) .............................................................. 6, 7, 8, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................................... 5

*Blackhawk Yachting, LLC v. Tognum Am., Inc.*, No. 12-cv-14208-JEM, 2013 WL 12199875
    (S.D. Fla. Apr. 23, 2013) ................................................................................................... 11

*Carriuolo v. General Motors Co.*, 823 F.3d 977 (11th Cir. 2016) .............................................. 15

*Chaparro v. Carnival Corp.*, 693 F.3d 1333 (11th Cir. 2012) ...................................................... 6

*Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, No. 17-cv-22462,
    2018 WL 7287192 (S.D. Fla. Jan. 31, 2018) .................................................................... 15

*Corsello v. Lincare, Inc.*, 428 F.3d 1008 (11th Cir. 2005) ........................................................... 7

*Dorestin v. Hollywood Imports, Inc.*, 45 So.3d 819 (Fla. 4th DCA 2010) .................................. 14

*Dye v. Bodacious Food Co.*, No. 14-cv-80627, 2014 WL 12469954 (S.D. Fla. Sept. 9, 2014)... 11

*Franklin v. Curry*, 738 F.3d 1246 (11th Cir. 2013) ...................................................................... 6

*Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348 (S.D. Fla. 2012) ....................................... 17, 18

*Higgens v. Trident Asset Mgmt., LLC*, No. 16-cv-24035, 2017 WL 1230537
    (S.D. Fla. Mar. 28, 2017) ................................................................................................... 13

*Librizzi v. Ocwen Loan Servicing, LLC*, 120 F. Supp. 3d 1368 (S.D. Fla. 2015).................... 8, 11

*Llado-Carreno v. Guidant Corp.*, No. 09-cv-20971, 2011 WL 705403
    (S.D. Fla. Feb. 22, 2011) ...................................................................................................... 7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................................................. 12

*Macbeg De Occidente S.A. de C.V. v. Kaloti Metals & Logistics, LLC*,
  No. 12-cv-24050, 2013 WL 12145905 (S.D. Fla. June 25, 2013)...............................8

*Mantz v. TRS Recovery Servs., Inc.*, 2011 WL 5515303 (S.D. Fla. Nov. 8, 2011) .....................15

*Meridian Tr. Co. v. Batista*, No. 17-cv-23051, 2018 WL 4760277 (S.D. Fla. Sept. 30, 2018) .....8

*Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230 (11th Cir. 2008) ....................................6, 7

*Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327 (S.D. Fla. 2012)....................8

*Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266 (11th Cir. 2000) .......................................12

*Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228 (S.D. Fla. 2007) ...............................................17, 18

*Reilly v. Chipotle Mexican Grill, Inc.*, 711 F. App'x 525 (11th Cir. 2017)...........................13, 15

*Rollins, Inc. v. Heller*, 454 So.2d 580 (Fla. 3d DCA 1984)........................................................15

*Runton v. Brookdale Senior Living, Inc.*, No. 17-cv-60664, 2017 WL 7311877
  (S.D. Fla. July 10, 2017) .......................................................................................7, 8, 11

*Sol. Z v. Alma Lasers, Inc.*, No. 11-cv-21396, 2012 WL 13012765
  (S.D. Fla. Jan. 25, 2012) ........................................................................................7, 9, 14

*Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
  295 F.R.D. 540 (S.D. Fla. 2013)................................................................................7

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ...............................................................12, 13

*Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229 (11th Cir. 2008) ..........................5

*State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*,
  278 F. Supp. 3d 1307 (S.D. Fla. 2017) ......................................................................7

*U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217 (11th Cir. 2012)...............8

*USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, No. 15-cv-80352, 2016 WL 4254257
  (S.D. Fla. Feb. 16, 2016)...........................................................................................8

*Vital Pharm., Inc. v. Balboa Capital Corp.*, No. 14-cv-62469, 2016 WL 4479370
  (S.D. Fla. Aug. 25, 2016)..........................................................................................14

*YMD Records, LLC v. Ultra Enterprises, Inc.*, 361 F. Supp. 3d 1258 (S.D. Fla. 2019)...............11

*Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194 (11th Cir. 2001).................................................6

**STATUTES**

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 *et seq.* ................... passim

**RULES**

Fed. R. Civ. P. 12(b)(1) ............................................................................................ 1, 5, 12, 13

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... passim

Fed. R. Civ. P. 9(b) ............................................................................................................. passim

Defendant Walmart Inc. ("Walmart")[1] respectfully submits this Motion to Dismiss Plaintiff's Amended Class Action Complaint ("Amended Complaint"), [D.E. 15], pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6).

## MEMORANDUM OF LAW

Plaintiff's Amended Complaint does nothing to address the fundamental flaws in his original complaint: although Plaintiff claims that Walmart engaged in deceptive pricing practices, he has failed to plead such practices with the requisite specificity or to allege that he suffered any actual injury as a result. As in Plaintiff's original complaint, the Amended Complaint points to examples of sale-priced packaged food products purchased from Walmart stores in Florida where the labels affixed to those products clearly reflected the correct sales price, the correct weight and the correct savings in relation to the original sales price. Am. Compl. ¶¶ 1-4, 24-27, 32-35. The only error identified by Plaintiff is that the new, reduced-price labels for these products contained an incorrect "unit price"—that is, the reduced sales price per pound. *Id.* On these allegations, Plaintiff seeks to assert two causes of action: (i) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count I); and (ii) unjust enrichment (Count II). Plaintiff's claims should be dismissed for four reasons.

*First*, although both of Plaintiff's claims arise from his allegations that Walmart's unit price mistakes constituted "false [or] deceptive . . . advertising," *id.* ¶ 37, he has failed to plead those fraud-based claims with particularity, as required by Rule 9(b). Though Plaintiff now references three Walmart products he allegedly purchased exhibiting the unit price errors in addition to the six generic examples attached to the original complaint, he pleads insufficient facts surrounding these or any other transactions to satisfy Rule 9(b). Because the Amended Complaint fails to set

---

[1] The case caption incorrectly refers to Defendant as "Walmart, Inc.," rather than Walmart Inc.

forth specific details of the alleged false advertising, such as who was responsible for it and how Plaintiff was misled by it, the Amended Complaint should be dismissed.

*Second*, Plaintiff lacks Article III standing because the Amended Complaint fails to allege that Plaintiff suffered any concrete injury in fact.  Regardless of any incorrect unit prices on the Walmart products Plaintiff allegedly purchased, he has failed to allege injury in fact because it is undisputed that he received exactly what he paid for, *i.e.*, the advertised weight of goods at the advertised price.  The best indication that Plaintiff suffered no injury as a result of the alleged pricing practice is that, following his first purchase of a sale-priced Walmart good subject to the alleged pricing practice in January 2018, he continued buying sale-priced Walmart goods subject to the alleged pricing practice for months thereafter, reflecting his willingness to pay the stated price for the stated weight in every instance.  *Id.* ¶¶ 33-35.

*Third*, and relatedly, Plaintiff fails to state a FDUTPA claim.  Plaintiff's FDUTPA claim is barred because it is based on alleged misrepresentations—incorrect unit prices—that are expressly contradicted by the advertised purchase price and weight that Plaintiff acknowledges were correctly stated on the labels of every Walmart product he purchased.  Because Plaintiff received exactly what he paid for, the Amended Complaint fails to plead that Plaintiff suffered actual damages, a clear FDUTPA prerequisite.  Plaintiff cannot cure this defect even if he repleads to add more specificity to his claims; he still would have agreed to buy products of a correctly-stated weight at a correctly-stated price that facially belied the mistaken unit prices on the sale labels, and thus will have suffered no actual damages.

*Fourth*, Plaintiff's unjust enrichment claim is barred as a matter of law because it is duplicative of his FDUTPA claim.

The Amended Complaint should be dismissed with prejudice in its entirety.

## BACKGROUND

Plaintiff Vassilios Kukorinis was a resident of Palm Beach County, Florida until December 2018, at which time he moved to Hillsborough County, near Tampa.  Am. Compl. ¶ 8.  The gravamen of Plaintiff's Amended Complaint is that Walmart "systematic[ally]" "advertised false unit prices for Weighted Goods"—*i.e.*, "beef, pork, poultry, fish, and other types of packaged foods marked with unit pricing and sold accordingly thereto"—when those goods were "placed on sale close to their respective expiration dates," such that "the final sale prices did not coincide with the unit sale prices based on the weight of the products as represented on the original labels."  *Id.* ¶¶ 1, 2, 8.  Plaintiff alleges that this conduct constitutes a "false [or] deceptive . . . advertising" "[s]cheme" that the Amended Complaint defines as the "Pricing Practice."  *Id.* ¶¶ 2, 20 (header), 37.

As generic examples of the Pricing Practice, the Amended Complaint references six Weighted Goods, photographs of the labels of which Plaintiff attached to his original complaint.  *See id.* ¶¶ 3-4, 24-27.  One example is excerpted below:



Compl., Ex. 2 [D.E. 1-2].  As with the other examples cited in the Amended Complaint, in this example the original unit weight (1.36 lbs), unit price ($3.87/lb) and retail price ($5.26) on the original (white) label are correct, and the reduced price the "[CONSUMER] PAY[S]!" ($3.52) and

the amount the consumer "SAVE[S]" in relation to the original price ($1.74) are also correct and explicit on the new (yellow) label. *Id.* The only alleged error is the reduced unit price reflected on the new label, which is stated as "$1.67/LB," when it should have been "$2.59/lb" (*i.e.*, $3.52/$1.36 lbs = $2.59/lb). *Id.* Plaintiff never alleges in the Amended Complaint who actually bought this specific Weighted Good or any of the other examples attached to the original complaint—only that Walmart sold them. *See id.* ¶¶ 3-4, 24-27.

Unlike in his original complaint, in the Amended Complaint Plaintiff points to three examples of Weighted Goods subject to the alleged Pricing Practice that he purchased. *Id.* ¶¶ 33-35. First, on January 4, 2018, he purchased a pork loin at a Walmart in Davie, Florida. *Id.* ¶ 34. The original unit weight (1.77 lbs), unit price ($3.54/lb) and retail price ($6.27) were all correctly stated on the original label. *Id.* Plaintiff purchased that 1.77 pounds of pork at a reduced sales price of $4.05, saving $2.22 off the original sales price. *Id.* But he complains that the new label mistakenly stated the reduced unit price as $2.28/lb, rather than the correct unit price of $2.29/lb (*i.e.*, $4.05/1.77 lbs = $2.29/lb). *Id.*

Second, Plaintiff alleges that, on April 19, 2018, he purchased a spiral ham at a Walmart in Delray Beach, Florida. *Id.* ¶ 33. The original unit weight (11.61 lbs), unit price ($2.18/lb) and retail price ($25.31) were all correctly stated on the original label. *Id.* Plaintiff purchased that 11.61 pounds of spiral ham at a reduced sales price of $16.45, an $8.86 bargain. *Id.* But he complains that the new label mistakenly stated the reduced unit price as $.64/lb, rather than $1.42/lb (*i.e.*, $16.45/11.61 lbs = $1.42/lb). *Id.*

These mistaken unit prices did not deter Plaintiff from continuing to purchase sale-priced Walmart goods wherever he found himself in Florida. On April 26, 2018, he purchased a third product, another spiral ham, at a Walmart in Orlando. *Id.* ¶ 35. The original unit weight (9.13

lbs), unit price ($1.58/lb) and retail price ($14.43) were all correctly stated on the original label. *Id.*  Plaintiff purchased that 9.13 pounds of ham at a reduced sales price of $10.10, a $4.33 bargain. *Id.*  But he complains that the new label mistakenly stated the reduced unit price as $.69/lb, rather than $1.11/lb (*i.e.*, $10.10/9.13 lbs = $1.11/lb). *Id.*

Plaintiff further alleges that, "[d]uring the Relevant Period, Plaintiff and counsel identified these Pricing Practices throughout Florida," listing nine additional (twelve total) Walmart stores. *Id.* ¶ 37.  But Plaintiff does not provide any information regarding those additional examples of the alleged Pricing Practice or claim that Plaintiff or anyone else purchased goods subject to the Pricing Practice from any of those Walmart locations. *Id.*  Based on these allegations, Plaintiff seeks to assert his causes of action on a class-wide basis on behalf of "All persons who purchased Weighted Goods from Walmart in Florida from February 13, 2015 to present, whose Weighted Goods' unit sale price was not accurately reflected in the final sale price," without specifically alleging that anyone other than himself actually purchased such products. *Id.* ¶ 39.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a complaint for lack of subject matter jurisdiction if the plaintiff does not satisfy Article III standing requirements. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).") (internal quotation marks omitted)).

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and rise above the level of speculation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When determining whether a

claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).  However, the Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. "[A] plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678)); *see also Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth.").

"In addition to the requirements of *Twombly*, *Iqbal*, and Federal Rule of Civil Procedure 12(b), causes of action sounding in fraud are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)." *Meridian Tr. Co. v. Batista*, No. 17-cv-23051, 2018 WL 4760277, at *3 (S.D. Fla. Sept. 30, 2018).  Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-cv-22153-JEM, 2011 WL 4434891, at *2 (S.D. Fla. Sept. 23, 2011) (quoting *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). "Thus, under Rule 9(b) a plaintiff must plead the 'who, what, when, where, and how of the allegedly false statements.'" *Id.* (quoting *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th

Cir. 2008)).  "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint."  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

## ARGUMENT

## I.    Plaintiff's Generic Claims of False Advertising Fail Under Rule 9(b).

Although Rule 9(b) does not apply to all FDUTPA and unjust enrichment claims, it applies to such claims where, as here, they arise from allegations of "false [or] deceptive . . . advertising," Am. Compl. ¶ 37.  *Begualg*, 2011 WL 4434891, at *1, 5 (dismissing FDUTPA claim based on "false and misleading advertising" after finding that "Rule 9(b) applies"); *see also Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 295 F.R.D. 540, 545 (S.D. Fla. 2013) (unjust enrichment claim "based on alleged fraudulent representations and omissions that Defendants made to induce [plaintiff] into buying" a product "subject to Rule 9(b)'s heightened pleading standards"); *Sol. Z v. Alma Lasers, Inc.*, No. 11-cv-21396, 2012 WL 13012765, at *3 (S.D. Fla. Jan. 25, 2012) ("Because [Plaintiff] alleges that Defendant 'provid[ed] deceptive advertisements['] . . . the Court finds that the FDUTPA claim sounds in fraud and the pleading standard set forth in Rule 9(b) applies."); *Llado-Carreno v. Guidant Corp.*, No. 09-cv-20971, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (FDUTPA claim that defendant "deceptively and unlawfully induc[ed] [plaintiff] to purchase" a product is governed by "[t]he particularity requirement of Rule 9(b)").[2]

Plaintiff has failed to satisfy Rule 9(b).  The Amended Complaint is insufficiently specific as to the "'who, what, when, where, and how'" of Walmart's alleged Pricing Practice and "the

---

[2] In *Begualg*, this Court "acknowledge[d] that there is a split of authority among the district courts as to whether Rule 9(b) applies to claims brought under . . . FDUTPA" but found "the reasoning in *Llado* to be more persuasive," where, as here, a FDUTPA claim sounds in fraud, such as false advertising.  2011 WL 4434891, at *5.  Subsequent decisions accord.  *See e.g.*, *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1328 (S.D. Fla. 2017); *Runton v. Brookdale Senior Living, Inc.*, No. 17-cv-60664, 2017 WL 7311877,

manner in which [it] misled the plaintiff," if at all.  *Begualg*, 2011 WL 4434891, at *2 (internal quotation marks omitted).

### A.    The Amended Complaint Is Insufficiently Specific as to the Alleged Deceptive Practice.

Beginning with the "who" required under Rule 9(b), the Amended Complaint lacks any particularized allegations as to the "person responsible for" the alleged Pricing Practice or any other allegations establishing that the complained of unit-price mistakes were, in fact, part of a deceptive practice, as opposed to isolated errors.  *Id.*; *see also U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2012) (Rule 9(b) requires specificity as to "the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them" (internal quotation marks omitted)).  Plaintiff alleges in conclusory fashion that the "false or misleading statements . . . were prepared and approved by Walmart and its agents," Am. Compl. ¶ 10, but provides no specificity as to whether the incorrect unit prices resulted from a faulty labeling machine, a computer glitch, human error, or otherwise.

Nor, aside from Plaintiff's three purchases in 2018, *id.* ¶¶ 33-35, does the Amended Complaint allege the requisite "what, when, and where" of any other examples of the alleged Pricing Practice to sufficiently plead that it was "systematic" within Walmart, *id.* ¶ 1, rather than limited to isolated mistakes at the three Walmart stores where Plaintiff shopped in early 2018. With respect to the six Weighted Good labels that Plaintiff attached to his original complaint, Plaintiff does not allege where those goods were sold, much less who, if anyone, purchased them.

---

at *2 (S.D. Fla. July 10, 2017); *USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, No. 15-cv-80352, 2016 WL 4254257, at *3 (S.D. Fla. Feb. 16, 2016); *Librizzi v. Ocwen Loan Servicing, LLC*, 120 F. Supp. 3d 1368, 1381 (S.D. Fla. 2015); *Macbeg De Occidente S.A. de C.V. v. Kaloti Metals & Logistics, LLC*, No. 12-cv-24050, 2013 WL 12145905, at *3 (S.D. Fla. June 25, 2013); *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012).

*Id.* ¶¶ 3-4, 24-27.  And as to Plaintiff's claim that "[d]uring the Relevant Period, Plaintiff and counsel identified these Pricing Practices throughout Florida" at twelve different Walmart stores, *id.* ¶ 36, the Amended Complaint fails to specify any examples of those alleged Pricing Practices, when they occurred, or that anyone ever purchased goods subject to those alleged Pricing Practices from any Walmart store.  Such conclusory pleading fails under Rule 9(b).  *See Sol. Z*, 2012 WL 13012765, at *3 (dismissing FDUTPA claim that failed to set forth "the time and place of each . . . statement and the person responsible for making [the statements]"); *Begualg*, 2011 WL 4434891, at *5 ("Plaintiffs have not detailed the required who, what, where, when, how of the allegedly false and misleading advertising and again fail[] to specify each Defendant's participation in the alleged fraud. . . .  Plaintiffs also provide only conclusory allegations with regard to the deceptive acts and unfair practices.  This is not sufficient.").

## B.     The Amended Complaint Fails to Adequately Allege How Plaintiff Was Misled.

Plaintiff also fails to plead with particularity how he or anyone else was misled by the alleged Pricing Practice.  Plaintiff asserts in conclusory fashion that he "read and relied upon false and misleading statements."  Am. Compl. ¶ 10.  But he does not explain the "manner in which" the statements he is suing on—*i.e.*, the incorrectly-stated unit prices of the three sale-priced Walmart products he purchased in 2018—"misled [him]" in any way.  *Begualg*, 2011 WL 4434891, at *2.

For example, the Amended Complaint alleges only that Plaintiff generally "shops in part based on unit pricing."  Am. Compl. ¶ 9.  But Plaintiff does not allege that he factors in unit price when purchasing Walmart products "placed on sale."  *Id.* ¶ 2.  Specifically, Plaintiff does not allege that his decision to buy any of the three sale-priced Walmart products he purchased in 2018 was "based on unit pricing," rather than simply based on the products being on sale.  *See id.* ¶¶ 33-35.

As Plaintiff acknowledges, the Walmart products he purchased had "bright yellow labels" advertising that the products were "on sale." *Id.* ¶¶ 10-13. The largest text on these labels was the reduced sales price "YOU PAY!," which Plaintiff acknowledges was correctly stated, and the amount the consumer "SAVE[S]" in relation to the original price, which also was correctly stated. *E.g.*, [D.E. 1-2]. The Amended Complaint is devoid of any allegation that Plaintiff purchased, or that any reasonable consumer would have purchased, these sale-priced products on the basis of their incorrectly-stated unit prices instead of the correctly-stated reduced sales price and savings prominently advertised on every product.

To the contrary, the allegations in the Amended Complaint belie that Plaintiff was misled by any incorrectly-stated unit prices. Plaintiff acknowledges that, even after he purchased a sale-priced Walmart pork loin with an incorrect unit price on the label, he continued buying sale-priced Walmart products with incorrect unit prices for months thereafter. Am. Compl. ¶¶ 33-35. Absent any specific allegations to the contrary, the only plausible inference is that Plaintiff was ignoring the unit prices altogether. For example, the Amended Complaint alleges that Plaintiff purchased a Walmart spiral ham placed on sale at an incorrectly-stated unit price of $.64/lb on April 19, 2018, and that he purchased another Walmart spiral ham placed on sale at a different, incorrectly-stated unit price a week later, without explaining how either unit price factored into his purchasing decision. *Id.* There is simply no allegation that Plaintiff was ever misled by any incorrectly-stated unit price, much less any explanation of *how* he was misled.

Plaintiff's only attempt to explain how a "reasonable consumer" could have been misled by the incorrectly-stated unit prices of the Walmart goods he purchased—by expecting to receive a greater weight of goods than the amount actually received—is patently unreasonable because the actual weight of the goods was correctly stated on every label. *Id.* For example, with respect to

the spiral ham Plaintiff purchased on April 19, 2018, Plaintiff alleges that, as a result of the incorrectly-stated unit price, "a reasonable consumer would have expected to receive 25.7 pounds of premium spiral ham, but instead received 11.61 pounds." *Id.* ¶ 33.   But, as Plaintiff acknowledges, the label clearly "***stated that the premium spiral ham weighed 11.61 pounds***." *Id.* (emphasis added).   For a consumer to pick up a ham that weighs 11.61 pounds, with a label stating that it weighs 11.61 pounds, and yet to purchase the ham expecting it to weigh 25.7 pounds— nearly 2.5 times more than its actual weight—can never be reasonable.

Because the Amended Complaint fails to adequately allege the manner in which the incorrectly-stated unit prices Plaintiff is suing on misled him or anyone else, he has failed to satisfy Rule 9(b) and his claims should be dismissed with prejudice.   *See Librizzi v. Ocwen Loan Servicing, LLC*, 120 F. Supp. 3d 1368, 1381 (S.D. Fla. 2015) ("Plaintiff's Amended Complaint does not contain sufficient allegations to state a FDUTPA claim under Rule 9(b) because it does not set forth . . . the manner in which [the statements] misled the plaintiff."); *see also YMD Records, LLC v. Ultra Enterprises, Inc.*, 361 F. Supp. 3d 1258, 1268 (S.D. Fla. 2019) (dismissing FDUTPA claim under Rule 9(b) where plaintiff "fail[ed] to explain who made the allegedly false statements . . . and whether those misrepresentations caused" the harm complained of); *Blackhawk Yachting, LLC v. Tognum Am., Inc.*, No. 12-cv-14208-JEM, 2013 WL 12199875, at *4 (S.D. Fla. Apr. 23, 2013) (dismissing a FDUTPA claim because the plaintiff "fail[ed] to specify precisely . . . the manner in which each statement misled the Plaintiff"); *compare with Runton v. Brookdale Senior Living, Inc.*, No. 17-cv-60664, 2017 WL 7311877, at *3 (S.D. Fla. July 10, 2017) (finding that the plaintiff "state[d] a claim under the FDUTPA per Rule 9(b)" because the complaint included particularized allegations regarding how the alleged misstatements "misled the plaintiff"); *Dye v. Bodacious Food Co.*, No. 14-cv-80627, 2014 WL 12469954, at *5 (S.D. Fla.

Sept. 9, 2014) (Rule 9(b) satisfied as to FDUTPA claim where "allegations show[ed] precise statements that purportedly misled Plaintiff into purchasing a specific Product for a specific price").

## II.    Plaintiff's FDUTPA and Unjust Enrichment Claims Fail Because He Lacks Standing.

Independent of the Amended Complaint's Rule 9(b) deficiencies, Plaintiffs' FDUTPA and unjust enrichment claims should be dismissed under Rule 12(b)(1) because Plaintiff lacks standing to bring those claims.  To establish Article III standing, a plaintiff must plead and prove (1) an "injury in fact," (2) causation, and (3) redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  The injury-in-fact requirement is the most important element to the standing inquiry.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  An injury in fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"    *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560).    The "particulariz[ation]" requirement means that the injury "must affect the plaintiff in a personal and individual way." *Id.*  The requirement that it be "concrete" means that "it must actually exist." *Id.* A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 1549.  The party invoking federal jurisdiction bears the burden of establishing each of the standing elements.  *See Lujan*, 504 U.S. at 561.

Plaintiff has no standing to sue because he has failed to allege any actual injury.  As discussed above, Plaintiff acknowledges that the weight of each Walmart product he purchased was correctly stated on its label along with a reduced sales price such that, in agreeing to pay that price, Plaintiff got exactly what he paid for.  Am. Compl. ¶¶ 33-35.  For example, the sales price of the pork loin Plaintiff purchased was initially marked at $6.27 for 1.77 lbs of pork and reduced to $4.05, with correctly-advertised savings of $2.22 in relation to the original sales price. *Id.* ¶ 34. Plaintiff received the stated amount of pork loin at the stated price, obtaining the stated savings.

In other words, the incorrect unit price on the pork loin's sale label (which Plaintiff alleges was off by a cent per pound) is simply irrelevant to the value of the product that Plaintiff *received* in exchange for the stated sales prices—*e.g.*, 1.77 lbs of pork for $4.05—notwithstanding Plaintiff's conclusory assertion that "he and Class Members have been harmed, in that they were wrongfully deprived of the proper value of Weighted Goods based on the sales unit price advertised on the labels," Am. Compl. ¶ 59. *See, e.g.*, *Higgens v. Trident Asset Mgmt., LLC*, No. 16-cv-24035, 2017 WL 1230537, at *2 (S.D. Fla. Mar. 28, 2017) (dismissing complaint for lack of Article III standing, despite Plaintiff's conclusory allegations that he "has been damaged," because "there is simply no indication that [the plaintiff] actually suffered any harm"). The best indication that Plaintiff was not harmed by the incorrectly-stated unit price of the Walmart pork loin he purchased on sale in January 2018 is that he continued purchasing sale-priced Walmart goods for months thereafter, even though their reduced unit prices were incorrectly stated too. *See* Am. Compl. ¶¶ 33-35.

Plaintiff's damages theory premised on incorrect unit prices is, therefore, just the sort of "bare procedural violation, divorced from any concrete harm," that is insufficient to confer Article III standing. *Spokeo*, 136 S. Ct. at 1549. The Amended Complaint should be dismissed with prejudice for this additional reason.

## III. The Amended Complaint Fails to State a FDUTPA Claim.

In addition to the Amended Complaint being subject to dismissal under Rule 9(b) and 12(b)(1), Plaintiff's FDUTPA cause of action also should be dismissed under Rule 12(b)(6) for failure to state a claim. To state a FDUTPA claim, a plaintiff must allege (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Reilly v. Chipotle Mexican Grill, Inc.*, 711 F. App'x 525, 529 (11th Cir. 2017). Plaintiff's FDUTPA claim is deficient in at least two material respects. *First*, Plaintiff's claim is barred because the alleged Pricing Practice misrepresentations on which he is suing are expressly contradicted on the face of the labels of the goods he purchased.

13

*Second*, and relatedly, the Amended Complaint fails to allege actual damages because, as noted above, with respect to each of his three purchases, Plaintiff received the amount of goods bargained for at the agreed-upon price and has not alleged a diminution in market value of those goods.

A.   **Plaintiff's FDUTPA Claim Is Barred Because Any Unit Price Misrepresentations Are Contradicted on the Face of the Labels.**

Plaintiff's FDUTPA claims are barred because the incorrect unit prices Plaintiff complains of are expressly contradicted by the goods' correctly-stated sales prices and weights.  As a matter of law, a FDUTPA claim cannot be based on misrepresentations that are clearly contradicted on the face of an agreement.  *See Vital Pharm., Inc. v. Balboa Capital Corp.*, No. 14-cv-62469, 2016 WL 4479370, at *7 (S.D. Fla. Aug. 25, 2016); *Dorestin v. Hollywood Imports, Inc.*, 45 So.3d 819, 825 (Fla. 4th DCA 2010) ("[R]eliance on such representations is unreasonable as a matter of law.").  "Courts routinely dismiss FDUTPA claims" under such circumstances.  *Sol. Z*, 2013 WL 12246356, at *7.

Looking to the label of the spiral ham Plaintiff purchased on April 19, 2018, for example, it clearly states the weight of the ham, 11.61 lbs, and the reduced sales price for that weight, $16.45.  *See* Am. Compl. ¶ 33.  Even if Plaintiff did not do the precise calculations to determine the correct unit price, agreeing to purchase 11.61 lbs of ham at $16.45 is agreeing to a unit price of $16.45/11.61 lbs, or $1.42/lb.  The incorrectly-stated unit price of $.64/lb would thus have been expressly contradicted by the agreement Plaintiff accepted upon purchase.  Similarly, that the ham did not weigh 25.7 lbs—the weight corresponding to the incorrect unit price—would have been self-evident from the correct weight of 11.61 lbs clearly stated on the ham's label.  Plaintiff's FDUTPA claim independently should be dismissed on that basis.  *Sol. Z*, 2013 WL 12246356, at *7.

**B.      The Amended Complaint Fails to Allege Actual Damages.**

To state a claim under FDUTPA, a plaintiff must adequately plead "actual damages."

*Carriuolo v. General Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016).  "'[A]ctual damages' have

been defined as 'the difference in the market value of the product or service in the condition in

which it was delivered and its market value in the condition in which it should have been delivered

according to the contract of the parties.'"  *Mantz v. TRS Recovery Servs., Inc.*, 2011 WL 5515303,

at *2-3 (S.D. Fla. Nov. 8, 2011) (quoting *Rollins, Inc. v. Heller*, 454 So.2d 580, 585 (Fla. 3d DCA

1984)).

Plaintiff's damages theory is legally deficient because he has failed to allege a "difference

in the market value of" any Weighted Good he purchased from Walmart and the "market value in

the condition in which [it] should have been delivered."  *Mantz*, 2011 WL 5515303 at *2-3.

Notably, Plaintiff does not allege in the Amended Complaint that the true market value of any of

the Weighted Goods he purchased actually corresponded to the incorrectly-stated unit price, such

that those Weighted Goods were worth less than their stated reduced sales prices.  Put differently,

Plaintiff does not allege that the amount of pork loin he purchased for $4.05 on January 4, 2018

had a market value of less than $4.05; that the amount of spiral ham he purchased for $16.45 on

April 19, 2018 had a market value less than $16.45; or that the amount of spiral ham he purchased

for $10.10 on April 26, 2018 had a market value less than $10.10.  Am. Compl. ¶¶ 33-35.

Plaintiff's FDUTPA claim should be dismissed on this basis alone.  *See Mantz*, 2011 WL 5515303

at *2-3; *see also Reilly*, 711 F. App'x at 530 (FDUTPA "'does not provide for the recovery of . . .

speculative losses'" (quoting *Rollins*, 951 So.2d at 873)); *Circuitronix, LLC v. Shenzen Kinwong

Elec. Co.*, No. 17-cv-22462, 2018 WL 7287192, at *14 (S.D. Fla. Jan. 31, 2018) (dismissing

FDUTPA claim where "Plaintiff pleads no facts from which one could plausibly infer the degree

15

to which, or even whether, the market value of any product [or service] has changed." (internal quotation marks omitted)).

To attempt to overcome this pleading deficiency, identified by Walmart in its first motion to dismiss [D.E. 14], Plaintiff reframes his damages theory in his Amended Complaint to allege that he suffered actual damages because Walmart "charg[ed] a higher price but provid[ed] a smaller amount of value for the Weighted Goods" he purchased, "resulting in actual damages by overpayment." Am. Compl. ¶¶ 55, 57. But these new allegations are unavailing. Plaintiff still has failed to allege that the amount of Weighted Goods he *received* had a market value less than what he *paid for*. And Plaintiff's damages theory is directly contradicted by the factual allegations regarding the Weighted Goods he purchased on sale. Far from "charging a higher price but providing a smaller amount," when Walmart placed the products Plaintiff purchased on sale, Walmart charged a *lower price* for the exact same amount of meat advertised on the original label. For each of Plaintiff's three purchases, he received the correctly-stated weight of meat at the correctly-stated sales price, which was less than the price at which the meat originally was offered. *Id.* ¶¶ 33-35. Plaintiff thus has failed to plead actual damages.

Plaintiff's FDUTPA claim should be dismissed with prejudice because no amendment can cure his fatal inability to plead actual damages. Unlike a true misstated weight theory—*i.e.*, the product's label stating that it weighed two pounds when it only weighed one—or a true overcharging theory—a purchaser being charged two dollars at the register despite the product's label stating that it only cost one dollar—no actual damages can ever be pleaded under Plaintiff's incorrect unit-price theory because the purchaser would always receive the correctly-stated amount of product at the agreed-upon price. Presumably for this reason, to Walmart's knowledge, no claim has ever been successfully advanced under any state's unfair trade practices statute, like

16

FDUTPA, based on an erroneous unit price theory like Plaintiff's here.  Because Plaintiff cannot allege actual damages, his FDUTPA claim should be dismissed with prejudice.  *ADT LLC v. Vivint, Inc.*, No. 17-cv-80432, 2017 WL 5640725, at *5 (S.D. Fla. Aug. 3, 2017) (dismissing FDUTPA claim with prejudice for incurable failure to allege actual damages).

## IV.  The Amended Complaint Fails to State a Claim for Unjust Enrichment.

Plaintiff's claim for unjust enrichment also should be dismissed under Rule 12(b)(6) for at least two straightforward reasons.  *First*, it impermissibly is predicated on the same set of facts as Plaintiff's FDUTPA claim.  *Second*, it independently fails on its merits because Plaintiff has not pleaded that he conferred any benefit on Walmart that it inequitably retained.

### A.  An Unjust Enrichment Claim Cannot Share a Factual Predicate with a FDUTPA Claim.

Plaintiff's unjust enrichment claim should be dismissed with prejudice at the threshold because it arises from the same factual allegations as Plaintiff's defective FDUTPA claim.  "Unjust enrichment is an equitable doctrine" that is "'not available where there is an adequate legal remedy.'"  *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1356 (S.D. Fla. 2012) (quoting *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005)).  Where an unjust enrichment claim is predicated on the same allegations underlying an FDUTPA claim, it must be dismissed because the plaintiff has an adequate statutory remedy—FDUTPA.  *Id.* This is true even if the FDUTPA claim is deficient and must itself be dismissed.  *See id.* at 1357 ("[I]f Plaintiff cannot prevail on her FDUTPA claim, she cannot prevail on her unjust enrichment claim.").  "Although a plaintiff ordinarily may plead in the alternative," where, as here, "the factual allegations underlying FDUTPA and unjust enrichment claims are exactly the same[,] [a] Plaintiff should not be permitted to plead an unjust enrichment claim in the alternative."  *Id.* & n.7; *see also Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007) ("'The [d]efendants' quasi

contract claim is predicated on the same set of allegations supporting their claims under . . . FDUTPA.  Accordingly, because an adequate remedy exists at law, the Defendants have not stated a claim upon which relief may be granted for . . . unjust enrichment.'" (quoting *Am. Honda Motor Co.*, 390 F. Supp. 2d at 1178)).

The allegations regarding the alleged Pricing Practice that underlie Plaintiff's unjust enrichment claim overlap entirely with those underlying Plaintiff's FDUTPA claim.  *Compare* Am. Compl. ¶¶ 62-75 (unjust enrichment count) *with id.* ¶¶ 49-61 (FDUTPA count).  Plaintiff's unjust enrichment claim must be dismissed with prejudice on that basis.  *See Guerrero*, 889 F. Supp. 2d at 1357 (dismissing unjust enrichment claim with prejudice under identical circumstances).

## B.  Plaintiff's Unjust Enrichment Claim Fails for the Same Reasons as His FDUTPA Claim.

Even if Plaintiff had properly pleaded an unjust enrichment claim in the alternative—he has not—his unjust enrichment claim must be dismissed because it suffers from the same fatal flaws as his FDUTPA claim.  To state a claim for unjust enrichment, a plaintiff must allege that "(1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it."  *Guerrero*, 889 F. Supp. 2d at 1356.

For the same reasons that Plaintiff has failed to plead that he suffered actual damages, *see supra*, at 15-17, he also has failed to plead that the circumstances under which Walmart retained any payments for the Weighted Goods were inequitable.  Plaintiff's unjust enrichment claim accordingly should be dismissed under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed with prejudice.

Dated: May 17, 2019                              Respectfully submitted,


By:    /s/ Mark A. Salky
Mark A. Salky
Florida Bar No. 058221
Email: salkym@gtlaw.com
James E. Gillenwater
Florida Bar No. 1013518
Email: gillenwaterj@gtlaw.com
**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717


and

Chad J. Doellinger
(*Admitted Pro Hac Vice*)
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive
Suite 3100
Chicago, IL  60601
Telephone: (312) 456-1014
Email: doellingerc@gtlaw.com

*Attorneys for Defendant Walmart Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of May, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

_/s/ James E. Gillenwater_
James E. Gillenwater

### <u>SERVICE LIST</u>
***Kukorinis v. Walmart, Inc.,***
**Case No.  1:19-cv-20592-JEM**
**United States District Court, Southern District of Florida**

*Counsel for Plaintiff*:

John A. Yanchunis
jyanchunis@forthepeople.com
Ryan McGee
rmcgee@forthepeople.com
MORGAN & MORGAN
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434