UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  19-20592-CIV-MARTINEZ-OTAZO-REYES**

VASSILIOS KUKORINIS, on behalf of himself
and those similarly situated,

       Plaintiff,

vs.

WALMART, INC., a Delaware corporation,

       Defendant.

_____/

## ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Monday, August 31, 2020 at 9:30 a.m.,** before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Suite 10-1, Miami, Florida 33128.  Calendar Call will be held on **Thursday, August 27, 2020 at 1:30 p.m.** at the same location.

IT IS ORDERED AND ADJUDGED as follows:

1.      No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary.  Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2.      Every motion filed in this case shall be accompanied by **one proposed original order <u>granting</u>** the motion.  Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12 point typeface.

3.      Counsel and all pro se litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth below.  The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, <u>not to exceed one short paragraph per litigant claim</u>, to be read as an introduction for

voir dire examination.  The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions.  Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances.  Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

   4. The parties SHALL submit joint proposed jury instructions and/or proposed findings of fact and conclusions of law.

    a. For cases or claims that will be heard by a jury, the parties shall file joint proposed jury instructions and a joint proposed verdict form in accordance with the deadline set forth below. In preparing proposed jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein.  The parties shall submit a **SINGLE, JOINT** set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form.  Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface.  Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be *italicized*.  Instructions and questions proposed only the defendant(s) to which the plaintiff(s) object shall be **bold-faced**.  Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority.  Each disputed jury instruction shall also state the legal basis for the objection(s) with citations to authority.  A copy of the joint proposed jury instructions and verdict form **in WordPerfect version 12.0 or Word** shall be e-mailed to Chambers at the time of filing.[1]  The Court expects counsel will cooperate in good faith and in most cases, should be able to agree on the general organization of the instructions and verdict form, standard instructions, and similar routine issues, thereby limiting the Court's consideration to *bona fide* substantive disputes relating to the instructions and verdict form.  **Failure to cooperate in good faith and/or to submit proposed jury instructions as**

---

[1]Counsel may contact chambers at (305) 523-5590 to obtain the appropriate e-mail address.

**required by this order will result in appropriate sanctions being imposed upon the offending party, including dismissal of claims or striking of defenses.**

      b.     For cases or claims that will not be heard by a jury, each party shall file proposed findings of fact and conclusions of law in accordance with the deadline set forth below. Proposed findings of fact shall be supported by citations to the documentary evidence, if applicable. Conclusions of law shall be supported by citations of authority. Copies of each party's proposed findings of fact and conclusions of law in **WordPerfect version 12.0 or Word** shall be e-mailed to Chambers at the time of filing.[2]

      5.     If deposition transcripts will be used at trial pursuant to Federal Rule of Civil Procedure 32(a)(3) & (4), the parties shall comply with the following guidelines:

      a.     At least TWENTY (20) DAYS in advance of the beginning of the trial period, each party shall serve and file designations of any deposition transcripts they intend to use at trial. At least FOURTEEN (14) DAYS in advance of the beginning of the trial period, an adverse party shall serve and file their counter-designations, together with any objections to a party's designations. At least TEN (10) DAYS in advance of the beginning of the trial period, a party shall serve and file any rebuttal designations, together with any objections to an adverse party's counter-designations. At least SEVEN (7) DAYS in advance of the beginning of the trial period, an adverse party shall serve and file any objections to a party's rebuttal designations.

      b.     In accordance with the deadline set forth below, the parties shall prepare and JOINTLY FILE one transcript for each deposition to be used during trial. The parties shall edit the transcript, using a mini-transcript when available, to remove all irrelevant, extraneous and unnecessary pages. Each portion of the testimony designated shall be bracketed to indicate beginning and end. A notice of filing setting forth each party's designated testimony by line and page, and setting forth all objections, shall be filed with the transcript. In addition to listing objections in the notice of filing, the objections shall also be indicated in the margin of the transcript. The parties may either write their objections in the margins, or use logical

---

[2]Counsel may contact chambers at (305) 523-5590 to obtain the appropriate e-mail address.

abbreviations that will be apparent to the Court and other parties (for example "H" for hearsay). If the parties use abbreviations, the notice of filing must include a key for the Court's reference.

      c.    A courtesy copy of the notice and transcript shall be delivered to chambers at the time of filing.  Each party shall mark the courtesy copy of the transcript with a different color ink or highlighter to identify its designated portions of the transcript.

      6.    All exhibits must be pre-marked.  The Plaintiff's exhibits shall be marked numerically.  Defendant's exhibits shall be marked alphabetically.  If there are a large number of exhibits, the parties may file a motion to designate all exhibits numerically (e.g., Plaintiffs exhibits 1-99 and Defendants exhibits 100-200).  A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial.  The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

      7.    A motion for continuance, like a motion for extension of time, shall not stay or affect any other deadlines.[3]  Unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least TWENTY (20) DAYS prior to the date on which the trial calendar is scheduled to commence.  **A continuance of the trial date will be granted only on a showing of compelling circumstances.**

      8.    The following timetable shall govern the pretrial procedures in this case.  This schedule shall not be modified absent compelling circumstances.  **__All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable__**.  Failure to include such a statement may be grounds for denial of the motion.

      1-6-2020    Joinder of Additional Parties, motions to amend the complaint, and motions for class certification.

      2-3-2020    Parties shall exchange expert witness summaries and reports.

---

[3]The deadline is only affected if and when an Order is issued granting the motion.

-4-

| | |
|---|---|
| 2-13-2020 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 3-4-2020 | Parties exchange rebuttal expert witness summaries and reports. |
| Note: | These provisions pertaining to <u>expert</u> witnesses do not apply to treating physicians, psychologists or other health providers. |
| 4-23-2020 | All discovery, including expert discovery, shall be completed. |
| 5-4-2020 | A mediator must be selected. |
| 5-26-2020 | All *Daubert*, summary judgment, and other dispositive motions must be filed. |
| Note: | In the event that there are any unresolved discovery motion pending fifteen days prior to this date, the moving party shall immediately advise the Court of all such unresolved motions together with their status. |
| 7-2-2020 | Mediation shall be completed. |
| 7-17-2020 | All Pretrial Motions and Memoranda of Law must be filed. |
| 8-11-2020 | Joint Pretrial Stipulation and deposition designations must be filed. The deadlines for objections to deposition designations, counter-designations, and rebuttal designations are set forth in paragraph 5 of this Order. |
| 8-24-2020 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| 8-26-2020 | Proposed voir dire questions must be filed. |

9.     In order to facilitate the accurate transcription of the trial proceeding, the parties shall provide **the Court Reporter, Dawn Savino (Whitmarsh), at 400 N. Miami Ave., Suite 10-1, Miami, Florida, 33128, Dawn_Whitmarsh@flsd.uscourts.gov** with a copy or a email of: a) the witness and exhibit lists, b) a designation of unique proper nouns/names which may be used at trial, and c) a list of the names of all attorneys who will participate in the trial, to be received no later than THREE (3) DAYS before calendar call.

10.     If the case is settled, the parties are directed to inform the Court promptly at (305) 523-5590 and to submit a joint stipulation for dismissal signed by all parties together with an appropriate proposed Order of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), **which must be filed with the Clerk of the Court**. Such stipulation and order must be filed within FIFTEEN (15) DAYS of notification of settlement to the Court or within such time as the Court may order. To be excused from calendar call, the required stipulation and order must be filed at least THREE (3) DAYS before Calendar Call. In addition, **if the parties settle their dispute after Calendar Call has taken place, they must notify the Court in writing before 4:00 p.m. on the day of Calendar Call so that the Court can cancel the request for a jury pool**. If the parties fail to notify the Court that they have so settled before the Court requests a jury pool, the parties shall be liable for the costs incurred in summoning a jury.

11.     The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, hearing a motion, or trial. Stipulations that would so interfere may be made only with the Court's approval.

12.     In accordance with the deadline set forth above, the parties shall select a mediator certified under Local Rule 16.2.(b), and schedule a time, date, and place for mediation. It is not necessary for the parties to file a motion requesting the Court to enter an order scheduling the mediation for this specific time, date, and place. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel and all pro se litigants shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties shall complete mediation in accordance with the deadline set forth above. The parties shall notify the Court of the results of the mediation (settled, impasse or adjourned to continue discussions) within FIVE (5) DAYS of the conclusion of the mediation.

13.     Pursuant to 28 U.S.C. § 636, all discovery motions, and all motions that relate directly to these motions such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations are referred to the

-6-

Honorable **Alicia M. Otazo-Reyes**, United States Magistrate Judge to take all appropriate action. This Order does not refer any motion which requests a continuance or extension of a deadline set by this Court. **It is the responsibility of the parties in this case to indicate the name of the Magistrate Judge on all motions and related papers referred by this order in the case number caption (Case No. 19-20592-CIV-MARTINEZ-OTAZO-REYES) and to comply with the Discovery Procedure for Magistrate Judge Alicia M. Otazo-Reyes appended to this Order as Attachment A.**

14.    **The parties may, <u>at any time,</u> file a motion requesting a settlement conference before Magistrate Judge Alicia M. Otazo-Reyes**. The Court encourages the parties to consider a confidential settlement conference with Magistrate Judge Otazo-Reyes, especially if the parties believe there is a meaningful chance of reaching an amicable resolution of their dispute.

15.    Any private agreement, suggested or proposed Rule 16 scheduling conference agreements between counsel, Rule 16 scheduling order, or orders of the court attempting to set dates contrary to this order are hereby STRICKEN and VOID.

IT IS FURTHER ORDERED that failure to comply with this or any Order of this Court, the Local Rules, or any other applicable rule SHALL result in sanctions or other appropriate actions. It is the duty of all counsel and pro se litigants to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

DONE AND ORDERED in Chambers at Miami, Florida, this ___26___day of August, 2019.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### DISCOVERY PROCEDURE FOR
### MAGISTRATE JUDGE ALICIA M. OTAZO-REYES

The following discovery procedures apply to all civil cases assigned to United States District Judge Jose E. Martinez.

If parties are unable to resolve their discovery disputes without Court intervention, Magistrate Judge Alicia M. Otazo-Reyes will set the matter for hearing without the need for filing a motion.

The moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief by contacting Magistrate Judge Otazo-Reyes' Chambers and requesting a hearing. Magistrate Judge Otazo-Reyes' telephone number is (305) 523-5740 and her Chambers are located at 301 N. Miami Avenue, 10th Floor, Miami, Florida.

Once a hearing date is obtained, the movant shall provide notice to all relevant parties by filing a Notice of Hearing. The Notice of Hearing shall briefly specify the substance of the discovery matter to be heard and include a certification that the parties have complied with the pre-filing conference required by Southern District of Florida Local Rule 7.1(a)(3).

No written discovery motions, including motions to compel and motions for protective order, shall be filed unless requested by Magistrate Judge Otazo-Reyes.  It is the intent of this procedure to minimize the necessity of motions.

The Court expects all parties to act courteously and professionally in the resolution of their discovery disputes and to confer in an attempt to resolve the discovery issue prior to requesting the hearing. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is not being provided in good faith.

Attachment A