# Exhibit 1

<u>**SETTLEMENT AGREEMENT**</u>

1.       PREAMBLE

1.1       This Settlement Agreement is made and entered into as of the date of Execution, by and between Plaintiff Vassilios Kukorinis, individually and on behalf of the Settlement Class Members, and Walmart, Inc. (collectively the "Parties"), in the action *Vassilios Kukorinis, et al. v. Walmart Inc., et al*., Case No. 1:19-cv-20592-JEM (United States District Court for the Southern District of Florida).

2.       DEFINITIONS

2.1       "*Agreement*" means this Settlement Agreement.

2.2       "*Approved Claimant*" means any Claimant whose Claim is approved by the Claims Administrator.

2.3       *"Attorneys' Fees, Costs, and Expenses"* means the attorneys' fees, costs, and expenses to be requested by Settlement Class Counsel subject to Court approval in accordance with this Agreement.

2.4       *"Ceiling"* means the maximum possible payment of nine million five hundred thousand dollars ($9,500,000.00) to be made by Walmart under this Agreement.

2.5       *"Claim"* means a claim submitted by a Settlement Class Member by way of a Claim Form to receive a payment in accordance with the procedures set forth in this Agreement.

2.6       "*Claim Filing Deadline*" means the date by which Settlement Class Members must submit a Claim Form to the Claims Administrator in accordance with this Agreement in order to be eligible to receive a payment, which shall be 40 days after Notice Period

2.7       "*Claim Form*" means a form substantially similar to the form attached hereto as Exhibit C which Settlement Class Members shall use to submit Claims to the Claims Administrator.

2.8       "*Claimant*" means any Settlement Class Member who submits a Claim.

2.9       "*Claims Administrator*" means, subject to Court approval, Epiq Global, the entity who shall perform certain notice and claims administration functions in accordance with this Agreement.

2.10       "*Class Settlement Amount*" means up to nine million five hundred thousand dollars ($9,500,000.00), which shall be the maximum amount of money that Walmart will be obligated to pay under this Settlement, as provided for in this Agreement.  Under no circumstances shall Walmart be obligated to pay more than the Class Settlement Amount in connection with this Settlement.

1

2.11    "**Court**" means the United States District Court for the Southern District of Florida and any appellate court which may review any orders entered by the United States District Court for the Southern District of Florida related to this Settlement.

2.12    "**Days**" as used to calculate dates for events provided herein (unless the date is expressed in terms of "business days") has the same meaning as used when calculating days under the Federal Rules of Civil Procedure.

2.13    "**Execution**" means the signing of this Agreement by all signatories hereto.

2.14    "**Final Judgment and Order of Dismissal**" means the Final Judgment and Order of Dismissal approving the Settlement and dismissing the Litigation with prejudice as against Walmart, substantially similar to the form of the proposed Final Judgment and Order of Dismissal, attached hereto as Exhibit E, which this Agreement contemplates will be entered and approved by the Court.

2.15    "*Floor*" means the minimum payment of four million five hundred thousand dollars ($4,500,000.00) to be made by Walmart under this Agreement.

2.16    "**Litigation**" means the case of *Vassilios Kukorinis, et al. v. Walmart Inc., et al.*, Case No. 1:19-cv-20592-JEM (United States District Court for the Southern District of Florida).

2.17    "**Notice and Administration Costs**" means the costs which Walmart has agreed to pay to the Claims Administrator for the purposes of sending Notice, administrating the Claims process and performing other settlement administration functions in accordance with this Agreement.

2.18    "*Notice*" means the documents substantially similar to the documents attached hereto as Exhibits A and B, which have been agreed to by the Parties subject to Court approval and which shall be used for purposes of giving notice to the Settlement Class Members.

2.19    "**Notice Period**" means the minimum amount of time during which Notice will be made as approved by the Court, which the Parties propose to be 60 days.

2.20    "**Notice Plan**" means the document describing the various methods by which notice will be provided to Settlement Class Members.

2.21    "**Notice Deadline**" means the last day by which Notice must issue to the Settlement Class Members, and will be 30 days after entry of the Preliminary Approval Order.

2.22    "**Objection Deadline**" means the last day on which a Settlement Class Member may file an objection to the Settlement, including Settlement Class Counsel's request for Attorneys' Fees, Costs, and Expenses and a Service Award, which will be 40 days after the Notice Period.

2.23    "**Opt-Out Deadline**" means the last day on which a Settlement Class Member may file an Opt-Out Request to be excluded from the Settlement Class, which will be 40 days after the Notice Deadline.

2.24    "**Opt-Out Request**" means a request by a Settlement Class Member to exclude himself or herself from the Settlement Class using the procedures set forth in this Agreement.

2.25    "**Parties**" means the Settlement Class Representative and Walmart.

2.26    "**QSF**" means the Qualified Settlement Fund to be established in accordance with this Agreement.

2.27    "**Releasing Settlement Class Members**" means the Settlement Class Representative and all Settlement Class Members, excluding any Settlement Class Member who submits an Opt-Out Request.

2.28    "**Settlement**" means the compromise and settlement of the Litigation as contemplated by this Agreement.

2.29    "**Settlement Class**" means all persons who purchased Weighted Goods from Walmart in the United States from February 13, 2015 to the date of publication of notice of settlement whose Weighted Goods' unit sale price was not accurately reflected in the final sale price.  Excluded from the Settlement Class are: (1) the judges presiding over this Litigation and members of their direct families; (2) Walmart; and (3) Settlement Class Members who submit a valid and timely Opt-Out Request prior to the Opt-Out Deadline.

2.30    "**Settlement Class Counsel**" means John A. Yanchunis, Esq. and Ryan J. McGee, Esq.

2.31    "**Settlement Class Member Released Claims**" means the claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Settlement Agreement), liens, charges, complaints, causes of action, obligations, or liabilities that are released, acquitted and discharged by the Settlement Class Members pursuant to this Agreement.

2.32    "**Settlement Class Members**" means the Settlement Class Representative and all members of the Settlement Class.

2.33    "**Settlement Class Period**" means the period beginning February 13, 2015 through the date of publication of notice of settlement, or some other reasonable date agreed to by the parties.

2.34    "**Settlement Class Representative**" or "**Plaintiff**" means Vassilios Kukorinis, the named Plaintiff in the Litigation, who is a member of the Settlement Class.

2.35    "**Service Award**" means the compensation requested by Settlement Class Counsel and awarded by the Court to the Settlement Class Representative in recognition for his role in this Litigation, which, in accordance with this Agreement, will be counted against the Floor.

2.36    "**Settlement Effective Date**" means the first day following the last of the following occurrences:

2.36.1. The date the time to appeal or seek permission to appeal or seek other judicial review of the entry of the Final Judgment and Order of Dismissal approving the Settlement

3

and dismissing this Litigation with prejudice as to Walmart has expired with no appeal or other judicial review having been taken or sought; or

2.36.2. If an appeal or other judicial review has been taken or sought, the latest of: (i) the date the Final Judgment and Order of Dismissal is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom; or (ii) the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (iii) if remanded to the District Court or to a lower appellate court following an appeal or other review, the date the Final Judgment and Order of Dismissal is entered by the District Court after remand and the time to appeal or seek permission to appeal or seek other judicial review of the entry of that Final Judgment and Order of Dismissal has expired with no further appeal or other judicial review having been taken or sought.  If further appeal is sought after a remand, the time periods in this Sub-Section shall apply.

2.36.3. The provisions and deadlines set forth in this Section apply even if there are no objections to the Settlement.

2.37     *"Settlement Website"* means the website created and managed by the Claims Administrator which will provide Settlement Class Members with access to the Notice, the Claim Form, case documents, and other information regarding the Settlement.

2.38     *"Summary Notice"* means a short form of notice, substantially similar to the form attached hereto as Exhibit A, which has been agreed to by the Parties subject to Court approval and which shall be used for purposes of giving notice to the Settlement Class Members as further described in the Notice Plan.

2.39     "*Walmart*" means Walmart Inc. (f/k/a Wal-Mart Stores, Inc.) and its agents, directors, officers, attorneys, employees, affiliates, parents, subsidiaries, divisions, suppliers, successors, and assigns.

2.40     "*Weighted Goods*" means beef, pork, poultry, fish and other types of goods marked with unit pricing and sold accordingly thereto.

3.     RECITALS

3.1     On February 13, 2019, Plaintiff Vassilios Kukorinis brought a putative class action against Walmart in the United States District Court for the Southern District of Florida, Case No. 1:19-cv-20592-JEM.  Plaintiff alleges that Walmart improperly labels Weighted Goods when it reduces the price of those goods as they near their expiration dates. Based on this allegation, Plaintiff has alleged claims under Florida's Deceptive and Unfair Trade Practices Act, Florida Statute Section 501.201, *et seq.* ("FDUTPA") on behalf of himself and a putative class of "persons who purchased Weighted Goods from Walmart in Florida from February 13, 2015 to present, whose Weighted Goods' unit sale price was not accurately reflected in the final sale price."  Plaintiff has since amended his Complaint to plead a nationwide class.

3.2     On April 8, 2019, Walmart moved to dismiss Plaintiff's Complaint. In response, Plaintiff amended his Complaint on April 22, 2019.  On May 17, 2019, Walmart filed a motion to dismiss

the claims alleged in the Amended Complaint. On June 1, 2020, the Court denied Walmart's motion to dismiss.

3.3    Plaintiff and Walmart participated in a private mediation with Ms. Michelle Yoshida of Phillips ADR Enterprises P.C. As a result of mediation, and as a result of other mediator-facilitated, arms-length negotiations that followed the mediation, the Parties reached an agreement to settle the Litigation as set forth in this Agreement.

3.4    The Settlement Class Representative believes this Litigation is meritorious. Settlement Class Counsel represent that they have conducted a thorough investigation into the facts of this case, and have diligently pursued an investigation of the Settlement Class Members' claims against Walmart, including, but not limited to: (i) reviewing relevant documents; (ii) researching the applicable law and the potential defenses; (iii) hiring and consulting with experts; (iv) developing the argument for class certification; (v) advocating for the rights of the putative class; and (vi) preparing for trial. Based on their own independent investigation and evaluation, Settlement Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate, and is in the best interest of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant delay, the defenses asserted by Walmart, class certification risk, trial risk, and appellate risk.

3.5    Walmart denies any liability or wrongdoing of any kind associated with the claims alleged and contends that this Litigation is not appropriate for class action treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure or any other federal or state rule, statute, law, or provision. Walmart continues to assert that the Litigation fails to meet the prerequisites necessary for class action treatment under applicable law, especially, but not solely, with respect to predominance and manageability because the need to determine individualized issues make the Litigation unmanageable and inconsistent with due process. Walmart further asserts that it has complied with all applicable provisions of federal or state statutory and common law. Walmart further states that despite its good faith belief that it is not liable for any of the claims asserted, and despite its good faith belief that certification is not appropriate, Walmart will not oppose the Court's certification of the Settlement Class contemplated by this Agreement solely for purposes of effectuating this Settlement. Other than for purposes of this Settlement, Walmart does not waive its objections to certification of the Settlement Class, or any other class, in this Litigation as a litigation class.

3.6    The entry of Final Judgment in this Litigation shall dismiss with prejudice all claims which were or which could have been alleged in the Litigation against Walmart, with the exception of any claims which might be retained by Settlement Class Members who exclude themselves from the Settlement, if any, in accordance with the Opt-Out Request process described in this Agreement. Walmart shall retain any existing defenses to such excluded claims. The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and, to the extent of the obligations set forth herein, to dismiss this Litigation against Walmart with prejudice.

3.7    Each of these Recitals is incorporated into this Agreement as if fully set forth herein.

### 4.      CERTIFICATION OF THE SETTLEMENT CLASS

4.1      If necessary to implement the Settlement, Settlement Class Counsel shall request that the Court enter an order regarding conditional settlement class certification in this Litigation to cover the Settlement Class Period and all claims and individuals covered by this Settlement.  The form of class certification order shall, subject to Court approval, expressly state that the Parties and Settlement Class Counsel agree that certification of the Settlement Class is a conditional certification for settlement purposes only, and that Walmart retains its right to object to certification of this Litigation, or any other class action, under Federal Rule 23 or any other applicable rule, statute, law, or provision.

4.2      Any certification of the Settlement Class is a conditional certification for settlement purposes only, and if for any reason the Court does not grant final approval of the Settlement, or if final approval is not granted following the appeal of any order by the Court, or if for any reason the Settlement Effective Date does not occur, the certification of the Settlement Class for settlement purposes shall be deemed null and void, and each Party shall retain all of their respective rights as they existed prior to execution of this Settlement Agreement, and neither this Settlement Agreement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Settlement Agreement, shall be admissible or used for any purpose in this Litigation.

4.3      Any certification of the Settlement Class for settlement purposes is in no way an admission by Walmart that class certification is proper in this Litigation or any other litigation against Walmart.  Moreover, Walmart continues to assert that this Litigation fails to meet the prerequisites necessary for class action treatment under applicable law, especially, but not solely, with respect to predominance and manageability because the need to determine individualized issues make the case unmanageable and inconsistent with due process.  The Parties and Settlement Class Counsel further agree that, other than to effectuate the Settlement of this Litigation in this jurisdiction, the certification of the Settlement Class for settlement purposes and all documents related thereto, including this Agreement and all accompanying exhibits and all orders entered by the Court in connection with this Agreement, are only intended to be used under the specific facts and circumstances of this case and are not intended to be used in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding against Walmart.

### 5.      SETTLEMENT CLASS

5.1      The Parties shall request that the Court enter a certification order and certify for settlement purposes only the Settlement Class as defined in this Agreement.

5.2      This Settlement is conditioned on the Court's certifying the Settlement Class for settlement purposes.

5.3      Walmart and Settlement Class Counsel may jointly request that the Court certify additional settlement subclasses if appropriate.

### 6.      TERMS OF SETTLEMENT

6.1      Subject to the other terms and conditions of this Agreement, and subject to Court approval, Walmart agrees to pay, on a claims made basis, a minimum Floor amount of $4,500,000.00 up to

a maximum Ceiling amount of $9,500,000.00. The monies shall be paid into a QSF to be administered by the Claims Administrator. Amounts approved by the Court for payment of Notice and Administration Costs, a Service Award, the payment of Attorneys' Fees, Costs, and Expenses to Settlement Class Counsel and for Claims by Settlement Class Members shall all count against the Floor. In no event will the total payments by Walmart pursuant to this settlement exceed the Ceiling of $9,500,000.00.

6.2    The Class Settlement Amount shall be paid out as follows:

6.2.1.   Reasonable Attorneys' Fees, Costs, and Expenses.  Settlement Class Counsel shall apply to the Court for an award of reasonable Attorneys' Fees, Costs, and Expenses that shall count against the Floor.    Walmart takes no position on the amounts to be sought by Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses, but does not object to a reasonable award of Attorneys' Fees, Costs, and Expenses sought in accordance with this Agreement.  In the event that the Court does not approve the award of Attorneys' Fees, Costs, and Expenses requested by Settlement Class Counsel, or the Court awards Attorneys' Fees, Costs, and Expenses in an amount less than that requested by Settlement Class Counsel, such decision shall not affect the validity and enforceability of the settlement and shall not be a basis for rendering the entire settlement null, void, or unenforceable.  Settlement Class Counsel retains their right to appeal any decision by the Court regarding its award of Attorneys' Fees, Costs, and Expenses.

6.2.2.   Reasonable Service Award.  Settlement Class Counsel shall apply to the Court for a Service Award that shall count against the Floor.  Walmart takes no position on the amount to be sought by Settlement Class Counsel for a Service Award, but does not object to a reasonable Service Award sought in accordance with this Agreement.  The denial by the Court of any such application shall not affect the validity and enforceability of the Settlement and shall not be a basis for anyone to seek to void the Settlement.

6.2.3.   Notice and Administration Costs.  The actual Notice and Administration Costs incurred in accordance with Sections 6 and 7 of this Agreement shall count against the Floor.  It is anticipated that Notice and Administration Costs shall not exceed $600,000.

6.2.4.   Settlement Class Members who submit approved claims shall receive a proportionate individual Settlement Class Member Payment that shall be paid from the settlement funds remaining up to the Class Settlement Amount, which shall be allocated as follows:

6.2.4.1.In the event that the combined total of the amounts approved by the Court for Attorneys' Fees, Costs and Expenses, Service Award, and Notice and Administration Costs, plus the aggregate of the approved Claims submitted by all Settlement Class Members, is less than the Floor, the value of approved individual Settlement Class Member Payment to be paid to each claiming Settlement Class Member shall be increased on a pro-rata basis so that the combined total of the Attorneys' Fees, Costs, and Expenses, Service

7

Award, Notice and Administration Costs, and aggregate total of approved Claims submitted by all Settlement Class Members equals the Floor.

6.2.4.2. In the event that the combined total of amounts approved by the Court for Attorneys' Fees, Costs, and Expenses, Service Award, and Notice and Administration Costs, plus the aggregate of the approved Claims submitted by all Settlement Class Members, exceeds the Floor but is less than the Class Settlement Amount, there shall not be any pro-rata increase to individual Settlement Class Member Payments and the difference remaining below the Ceiling shall remain with Walmart.

6.2.4.3. In the event that the combined total of amounts approved by the Court for Attorneys' Fees, Costs, and Expenses, Service Award, and Notice and Administration Costs, plus the aggregate of the approved Claims submitted by all Settlement Class Members, exceeds the Class Settlement Amount, there shall be a pro rata decrease of the value of approved individual Settlement Class Member Payments to be paid to each claiming Settlement Class Member so that the combined total equals the Class Settlement Amount. Under no circumstances shall Walmart pay more than the $9,500,000.00 Class Settlement Amount.

6.3    The Claims Administrator will manage the claims process in cooperation with Settlement Class Counsel and Walmart and in accordance with the following parameters:

6.3.1.   An Approved Claimant shall be entitled to receive only one of the following individual Settlement Class Member Payment Amounts in accordance with the allocation described below in §§ 6.3.1.1–6.3.1.3, subject to a potential pro rata increase or decrease as set forth at Section 6.2.4. Payment of any Settlement Class Member Payment Amount shall not be construed or deemed an admission of liability, culpability, or wrongdoing on the part of Walmart. Walmart denies liability for any alleged wrongdoing.

6.3.1.1.     If the Approved Claimant does not have receipts, proof of purchase, or other documentation, but attests to purchasing the Weighted Goods on sale during the Class Period, that Approved Claimant will be entitled to $1.67 per purchase, capped at 6 purchases (*i.e.*, $10.00);

6.3.1.2.     If the Approved Claimant has receipts, proof of purchase, and other documentation to substantiate the number of Weighted Goods purchased on sale, but lacks proof to substantiate the actual amount overcharged, that Approved Claimant will be entitled to $1.67 per purchase, capped at 24 purchases (*i.e.*, $40.00);

6.3.1.3.    If the Approved Claimant has receipts, proof of purchase, and other documentation to substantiate the number of Weighted Goods purchased on sale, and also has the packaging to demonstrate the actual amount overcharged, that Approved Claimant will be entitled to recover the actual amounts overpaid, without any cap.

6.3.2.   Claims shall be made by mailing or submitting via the Settlement Website a fully completed and signed Claim Form to the Claims Administrator.

6.3.3.   A Claim Form shall be approved if it is timely and valid.

6.3.4.   To be timely, a Claim Form must be submitted to the Claims Administrator via the Settlement Website or postmarked on or before the Claim Filing Deadline, as approved by the Court.  The Parties will propose to the Court that the Claim Filing Deadline be 40 days after close of the Notice Period.

6.3.5.   To be valid, a Claim Form must be completed in full and be signed under penalty of perjury.

6.3.6.   The Claim Form shall be substantially similar to the form attached hereto as Exhibit B and shall include a statement by the Claimant verifying that he or she is a Settlement Class Member.

6.3.7.   Audit rights: Within fourteen (14) days of the Claims Filing Deadline, the Claims Administrator shall provide counsel for the Parties with a report that contains the information provided in the Claim Forms and its determination whether or not each Claim should be approved or denied.  Original Claim Forms will also be made available to counsel for the parties upon request.   Within thirty (30) days of having received the report of proposed approved and denied Claims from the Claims Administrator, Settlement Class Counsel and Walmart's counsel shall meet and confer regarding any issues that either Settlement Class Counsel or Walmart believes need to be raised with the Claims Administrator regarding the Claims.  Settlement Class Counsel and Walmart's counsel agree to use their best efforts to resolve any disputes.  If necessary, the Parties may request that the Claims Administrator conduct reasonable follow up with particular Claimants in the event of questions regarding the information provided by any Claimant or take other reasonable steps as agreed to by the Parties.

6.3.8.   Subject to the Audit Rights set forth in Section 6.3.7, the Claims Administrator shall distribute settlement payments to Approved Claimants within a reasonable time after the Settlement Effective Date.  The Claims Administrator shall cooperate with the Parties to ensure any funding or account structure is in place prior to distribution.

6.3.9.   To the extent the Settlement Administrator determines a claim is deficient in whole or in part, within a reasonable time of making such a determination, but not more than fifteen (15) days after said determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies, but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days. The Settlement Administrator may consult with Class Counsel and Defense Counsel in making such determinations.

## 7.   NOTICE TO THE CLASS

7.1   The Claims Administrator shall provide notice of the Settlement to Settlement Class Members in accordance with the Notice Plan as approved by the Court.  Given the difficulties in ascertaining individual Settlement Class Members, the Parties agree that publication notice (including through the internet) is the best practicable notice of this Settlement.

7.2   The Parties shall confer regarding the Notice Plan prior to its submission to the Court and Walmart has the right to approve the proposed Notice Plan prior to its submission to the Court, which approval Walmart shall not unreasonably withhold. Subject to Court approval, the Notice and Summary Notice to be provided shall be substantially similar to the forms attached hereto as Exhibits A and B.  The Notice shall provide information regarding how to submit a Claim, and regarding the opt-out and objection processes.

7.3   Walmart may, in its sole discretion, terminate this settlement if the Court requires individual, direct notice to Settlement Class Members.  If Walmart exercises its option to terminate due to the Court's requiring individual, direct notice, it shall provide Settlement Class Counsel with written notice of its election, at which point the Agreement is void in accordance with Section 18.

7.4   The Notice Period, subject to Court approval, is sixty (60) days.

## 8.   CAFA NOTICE

8.1   Walmart shall provide notice to the appropriate governmental authorities in accordance with CAFA.

## 9.   OPT-OUT PROCESS

9.1   A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the release of claims pursuant to this Settlement, shall submit an Opt-Out Request.  For an Opt-Out Request to be accepted it must be timely and valid.  To be timely it must be submitted by the Opt-Out Deadline. To be valid, the Opt-Out Request shall contain a statement that the Settlement Class Member requests to be excluded from the Settlement Class and must also be signed by the Settlement Class Member and dated in accordance with the instructions in the Notice. The Claims Administrator may invalidate mass-generated Opt-Out Requests.

9.2    Settlement Class Members may not submit both an Opt-Out Request and a Claim Form.  If a Settlement Class Member submits both an Opt-Out Request and a Claim Form, the Claim Form will govern and the Opt-Out Request will be considered invalid.

9.3    The Claims Administrator shall maintain a list of persons who have submitted Opt-Out Requests and shall provide such list to the Parties on a weekly basis.

## 10.    OBJECTION PROCESS

10.1    A Settlement Class Member who wishes to object to the Settlement must notify the Court of his or her objection, in writing, on or before the Claim Filing Deadline.

10.2    The Parties will request that the Court enter an order requiring any Settlement Class Member who wishes to be heard orally at the final approval hearing, or who wishes for any objection to be considered, to file a written notice of objection with the Court by the objection date contained in the Notice, as well as any notice of intention to appear at the final approval hearing. The objection must also be served on counsel of record by Objection Deadline.  To state a valid objection to the Settlement, an objecting Settlement Class Member must personally sign the objection and provide the following information in connection with and as part of any objection: (i) full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of the position the objector wishes to assert, including the factual and legal grounds for the position and objection; and (iv) copies of any other documents that the objector wishes to submit in support of his/her/its position. In addition, the objecting Settlement Class Member must identify any previously filed objections filed by the Settlement Class Member and his/her/its counsel in any state or federal court.  This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.  Subject to approval of the Court, any objecting Settlement Class Member may appear in person or by counsel at the final approval hearing held by the Court to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for attorneys' fees, reimbursement of reasonable litigation costs and expenses, and service awards.  In this respect, the objecting Settlement Class Member must file with the clerk of the Court, and serve on all counsel designated in the Notice, a notice of intention to appear by the objection deadline or on such other date that may be set forth in the Notice.  The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing.  Any Settlement Class Member who does not provide a notice of intention to appear in complete accordance with the deadlines and other specifications set out in the Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in this Settlement and the Notice, subject to the approval of the Court, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

10.2.1. The Settlement Administrator shall promptly post all objections to the Settlement Website so that Settlement Class Members will have the opportunity to present their views on the Attorneys' Fees, Costs, and Expenses, Service Award, and any other aspect of the Settlement.

10.3    Settlement Class Members who do not file and serve timely written objections in accordance with the procedures set forth in this Agreement will be deemed to have waived any objections to the Settlement and are forever foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, or any aspect of the Settlement, or any aspect of the settlement, including, without limitation, the fairness, reasonableness, or adequacy of the proposed settlement, or any award of attorneys' fees or reimbursement of costs and expenses or service awards.

## 11.    DISTRIBUTION PROCESS

11.1    The Class Settlement Amount shall be funded through a QSF in accordance with this Agreement.  The timing of the payments by Walmart to the QSF is:

11.1.1. Within 14 business days following the date on which the Court enters an order granting preliminary approval of the Settlement, or within 14 business days of the date on which the District Court enters an order approving the QSF, whichever is later, Walmart shall transfer the estimated amount of Notice and Administration Costs to the QSF, who shall distribute that amount to the Claims Administrator.   In the event that the Settlement Effective Date does not occur, any amounts actually used by the Claims Administrator for notice and administration shall not be refundable to Walmart.  If, however, Walmart has paid into the QSF monies for Notice and Administration Costs which have not been used by the Claims Administrator, those amounts not used by the Claims Administrator shall be refunded to Walmart.

11.1.2. Within 14 business days following the Settlement Effective Date, Walmart shall transfer to the QSF amounts sufficient to cover the remainder of the Class Settlement Amount, to include the Settlement Class Member Payments (subject to  any pro rata increase or decrease pursuant to Section 6.2.4), Attorneys' Fees, Costs, and Expenses awarded by the Court, and Service Award awarded by the Court.  The QSF shall distribute these amounts as awarded by the Court.  Settlement Class Counsel shall provide the QSF with the information as to whom the Attorneys' Fees, Costs, and Expenses and the Settlement Class Representative Award should be distributed.

## 12.    QUALIFIED SETTLEMENT FUND

12.1    As required under this Agreement, Walmart shall transfer the required portions of the Class Settlement Amount to a Qualified Settlement Fund ("QSF"), to be held as a separate trust as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1.  Settlement Class Counsel and Walmart jointly shall take such steps as shall be necessary to qualify the QSF under §468B of the Internal Revenue Code, 26 U.S.C. §468B, and the regulations promulgated pursuant thereto. Walmart shall be considered the "transferor" within the meaning of Treasury Regulation §1.468B-1(d)(1).  The Claims Administrator shall be the "administrator" within the meaning of Treasury

12

Regulation §1.468B-2(k)(3).  The Parties shall cooperate in securing an order of the Court to establish the QSF in accordance with the terms hereof in conjunction with its preliminary approval of the Settlement and Notice as described in the Agreement.  The Court shall retain jurisdiction over the administration of the QSF.  Walmart shall supply to the Claims Administrator and to the Internal Revenue Service the statement described in Treasury Regulation §1.468B-3(e)(2) no later than February 15th of the year following each calendar year in which Walmart makes a transfer to the QSF.  It is intended that the transfers to the QSF will satisfy the "all events test" and the "economic performance" requirement of §461(h)(1) of the Internal Revenue Code, and Treasury Regulation §1.461-1(a)(2).  Accordingly, Walmart shall not include the income of the QSF in its income.  Rather, the QSF shall be taxed on its modified gross income, excluding the sums transferred to it, and shall make payment of resulting taxes from its own funds.  In computing the QSF's modified gross income, deductions shall be allowed for its administrative costs and other deductible expenses incurred in connection with the operation of the QSF, including, without limitation, state and local taxes and legal, accounting, and other fees relating to the operation of the QSF.

12.2    Upon establishment of the QSF, the Claims Administrator shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation §1.468B-2(k)(4).

12.3    If requested by either Walmart or the Claims Administrator, the Claims Administrator and Walmart shall fully cooperate in filing a relation-back election under Treasury Regulation §1.468B-1(j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

12.4    Following its deposits as described in this Agreement, Walmart shall have no responsibility, financial obligation, or liability whatsoever with respect to the notifications to the Class required hereunder, the processing of Claims and Opt-Out Requests, the allowance or disallowance of claims by Claimants, payments to Settlement Class Counsel, investment of QSF funds, payment of federal, state, and local income, employment, unemployment, excise, and other taxes imposed on the QSF or its disbursements, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the QSF, since it is agreed that such deposits shall fully discharge Walmart's obligations to Claimants and Settlement Class Counsel and for expenses of administration in respect to the disposition of the Class Settlement Amount hereunder.  Rather, the Claims Administrator shall have sole authority and responsibility for the administration of such funds and income thereon, disbursement to Claimants and Settlement Class Counsel, and payment of taxes and administrative costs in accordance with the provisions hereof, subject only to the rights of Walmart or Settlement Class Counsel to seek redress for any breach of the terms hereof.

12.5    The Claims Administrator shall cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns and tax withholdings statements in accordance with the provisions of Treasury Regulation §1.468B-2(k)(1) and Treasury Regulation §1.468B-2(l)(2)(ii).  The Claims Administrator may, at the expense of the QSF, retain legal counsel and an independent, certified public accountant to consult with and advise the Claims Administrator or the Trustee with respect to the preparation and filing of such materials and the federal, state and local tax compliance of the QSF.  Either Walmart or the Claims Administrator, independently or

jointly, may, but are not required to, apply to the Internal Revenue Service and/or any applicable state taxing authority for an advance ruling as to any issue pertinent to the qualification of the QSF under Internal Revenue Code §468B and Treasury Regulations promulgated thereunder, its tax status under applicable state law, and/or its tax payment, reporting and withholding duties, so long as Walmart and the remaining Parties are reasonably satisfied that such application and ruling will not compromise the confidentiality of settlement evidenced herein as required by this Agreement. Subject to any contrary holdings in any such ruling, Settlement Class Members shall be responsible for payment of appropriate federal, state, and local income taxes on any claim paid out pursuant to this Agreement. The Parties agree that no portion of any distributions from the QSF to the Settlement Class Members is made in satisfaction of any excluded liability as described in Treasury Regulation § 1.468B-1(g), related to Qualified Settlement Funds.

12.6    The taxable year of the QSF shall be the calendar year in accordance with Treasury Regulation §1.468B-2(j).  The QSF shall utilize the accrual method of accounting within the meaning of § 446(c) of the Internal Revenue Code.

12.7    Based on the Claims Administrator's recommendation and approval by the Parties, the QSF may be invested in United States Treasury bills, money market funds primarily invested in the same, or certificates of deposit (CDs), provided that such portions of the QSF as may reasonably be required to pay current QSF administrative expenses, taxes or disbursements to Claimants or Settlement Class Counsel may be deposited in bank accounts which are federally insured to the greatest extent practicable.  All federal, state, and local taxes imposed with respect to income earned by, or property of, the QSF, shall be paid from the QSF.

12.8    The Claims Administrator may amend, either in whole or in part, any administrative provision of this Section or the trust instrument through which the QSF is established to maintain the qualification of the QSF pursuant to the above-described authorities provided that the rights and liabilities of the Parties hereto and the Class are not altered thereby in any material respect.

### 13.    COMPREHENSIVE WAIVER, RELEASE, AND DISMISSAL

13.1    Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members irrevocably release, acquit, and forever discharge Walmart of and from any and all claims, rights, causes of action, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability of any and every kind that were asserted in the Litigation, or that could have been asserted but were not asserted in the Litigation, or in any other court or forum, whether known or unknown, on the basis of, connected with, arising out of, or related in whole or in part to any or all of the alleged acts, omissions, facts, matters, transactions, circumstances, and occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Litigation, whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local.

14

13.1.1. Releasing Parties agree that the provisions of this Agreement and any claim thereunder constitute a good faith settlement under California Code of Civil Procedure §§ 877 and 877.6, Hawaii Revised Statutes 663-15.5, and comparable laws in other states, that Class Counsel and Releasing Parties shall cooperate fully in any effort of Released Parties to establish such good faith settlement before any court (including without limitation, by joining in any motion or other procedure and providing declarations and other evidence to establish such good faith settlement where requested by any Released Party) and that all payments made under this Agreement relate to claims arising out of or related to any or all of the alleged acts, omissions, facts, matters, transactions, circumstances, and occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Litigation, whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local.

13.1.2. In the event that any Releasing Party seeks to invoke California Civil Code § 1542, which provides that:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN TO HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

(or any other like provision or principle of law of any jurisdiction) in connection with the alleged acts, omissions, facts, matters, transactions, circumstances, and occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Litigation, whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local, the Releasing Parties and each of them now expressly waive the provision of California Civil Code § 1542 (or any other like provision or principle of law of any jurisdiction) to the full extent that these provisions may be applicable to this release.  Each of the Releasing Parties hereby does consider, and shall be deemed to have considered, the possibility that the number or magnitude of all claims may not currently be known; nevertheless, each of the Releasing Parties assumes the risk that claims and facts additional, different, or contrary to the claims and facts that each believes or understands to exist, may now exist, or may be discovered after this Agreement becomes effective.  Each of the Releasing Parties agrees that any such additional, different, or contrary claims and facts shall in no way limit, waive, or reduce the foregoing release, which shall remain in full force and effect.

13.2    The Settlement Class Member Released Claims also includes a release of all claims for Attorneys' Fees, Costs, and Expenses incurred by Releasing Settlement Class Members or by Settlement Class Counsel or any other attorney in connection with the Litigation, and this Settlement, and all claims related to conduct in discovery in the Litigation.

13.3    Releasing Settlement Class Members understand and agree that the release of the Settlement Class Member Released Claims is a full and final general release applying to both those Settlement Class Member Released Claims that are currently known, anticipated, or disclosed to Releasing Settlement Class Members and to all those Settlement Class Member Released Claims

that are presently unknown, unanticipated, or undisclosed to any Releasing Settlement Class Members arising out of or related to the alleged facts, circumstances, and occurrences underlying the claims set forth in the Litigation. Releasing Settlement Class Members acknowledge that the facts could be different than they now know or suspect to be the case, but they are nonetheless releasing all such unknown claims.  In exchange for the good and valuable consideration set forth herein, all Releasing Settlement Class Members further waive any and all rights or benefits that they as individuals or the classes may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Litigation.

13.4    The Parties acknowledge that this Settlement, including the releases provided in this Section, reflects a compromise of disputed claims.

13.5    The Final Judgment and Order of Dismissal shall dismiss the Litigation with prejudice and shall incorporate the terms of this release.

### 14.    DUTIES OF THE PARTIES WITH RESPECT TO OBTAINING PRELIMINARY COURT APPROVAL

14.1    Settlement Class Counsel shall apply to the Court for the entry of an order granting preliminary approval of the Settlement substantially in the following form (and substantially similar to the form of the Preliminary Approval Order attached hereto as Exhibit D):

14.1.1. Preliminarily approving the Settlement;

14.1.2. Conditionally certifying the Settlement Class for settlement purposes in accordance with applicable legal standards and this Agreement;

14.1.3. Approving as to form and content the proposed Notice Plan, including the proposed Notice and Summary Notice;

14.1.4. Scheduling a fairness hearing to determine whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Settlement Class;

14.1.5. Appointing John A. Yanchunis, Esq. and Ryan J. McGee, Esq. as Settlement Class Counsel;

14.1.6. Approving Vassilios Kukorinis as Settlement Class Representative;

14.1.7. Approving Epiq Class Action and Claims Solutions, Inc., as Claims Administrator; and

14.1.8. Approving the establishment of a Qualified Settlement Fund.

14.2    Walmart shall cooperate in good faith with Settlement Class Counsel to obtain preliminary approval.

14.3   The Parties shall continue to take any steps necessary to stay any pending proceedings so as to preserve the status quo until either the Settlement Effective Date occurs or the Settlement Agreement is finally voided.

15.     DUTIES OF THE PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

15.1   Following preliminary approval by the Court of the Settlement, and no later than the filing of the motion for final approval, Settlement Class Counsel will submit a proposed Final Judgment and Order of Dismissal substantially similar to the form of the Final Judgment and Order of Dismissal attached hereto as Exhibit E. The proposed Final Judgment and Order of Dismissal shall:

15.1.1. Approve the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate and directing consummation of its terms and provisions;

15.1.2. Certify the Settlement Class for settlement purposes in accordance with applicable legal standards and this Agreement;

15.1.3. Approve payment of the Class Settlement Amount pursuant to this Agreement.

15.1.4. Approve Settlement Class Counsel's application for an award of Attorneys' Fees, Costs, and Expenses pursuant to this Agreement;

15.1.5. Approve the Service Award;

15.1.6. Dismiss the Litigation as between the Settlement Class Representative and the Settlement Class Members, on the one hand, and Walmart on the other hand, on the merits and with prejudice and permanently bar the Settlement Class Representative and all Settlement Class Members (other than those who timely filed valid Opt-Out Requests) from further prosecuting any of the Settlement Class Member Released Claims against Walmart.

15.2   Walmart shall cooperate with Settlement Class Counsel to obtain final approval and the dismissal of the Litigation as to Walmart.

15.3   Settlement Class Counsel shall use best efforts to obtain the issuance by the Court of a good faith settlement bar order, in accordance with this Agreement.

15.4   The Final Judgment and Order of Dismissal shall not be considered final until the occurrence of the Settlement Effective Date.

16.     MUTUAL FULL COOPERATION

16.1   The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to execution of all necessary documents, and to take such other action as may reasonably be necessary to implement the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate the terms of this Settlement.  As soon as practicable after execution of this Settlement, Settlement Class

Counsel shall, with the assistance and cooperation of Walmart and its counsel, take all necessary steps to secure the Court's Final Judgment.

17.    STATEMENT OF NO ADMISSION

17.1    Nothing contained in this Agreement shall be construed against Walmart or deemed an admission of liability, culpability, or wrongdoing on the part of Walmart, and Walmart denies liability for any alleged wrongdoing.  Walmart expressly denies liability for the claims asserted and specifically denies and does not admit any of the pleaded facts not admitted in its pleadings in the Litigation.    Nor shall this Agreement constitute an admission by Walmart as to any interpretation of laws or as to the merits, validity, or accuracy of any claims made against it in the Litigation.  Likewise, nothing in this agreement shall be construed or deemed an admission by Plaintiffs or the Settlement Class with regards to the validity of any of Walmart's defenses or affirmative defenses.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

17.2    This Agreement, and all related documents, including the Settlement Agreement, the certification for settlement purposes entered pursuant to this Agreement, and any Claims, Requests to Opt-Out, Objections or other materials submitted by Settlement Class Members and all other actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to this Agreement are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in this Litigation or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or any other litigation against Walmart, for any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

17.3    The Claims Forms, Requests to Opt-Out, Objections, and any other evidence produced or created by any Settlement Class Member in connection with the claims resolutions procedures pursuant to this Settlement, and any actions taken by Walmart in response to such materials do not constitute, are not intended to constitute, and will not be deemed to constitute an admission by Walmart of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity.

17.4    Any certification of the Settlement Class in accordance with the terms of this Agreement is for settlement purposes only.  Nothing in this Agreement will be construed as an admission or acknowledgement of any kind that any class should be certified in this Litigation or in any other action or proceeding.  Further, neither this Agreement, nor the Court's actions with regard to this Agreement, will be deemed admissible in this Litigation and are not intended to be admissible (and Plaintiffs and Settlement Class Counsel shall not seek their admission), in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or in any other litigation, regarding the propriety of class certification or collective treatment.  In the event that this Agreement is not approved by the District Court or any appellate court, or otherwise fails to become effective and enforceable, or is terminated, or the Settlement Effective Date does not occur for any reason, Walmart will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Litigation.  Such objections and defenses include, but are not limited to, Walmart's objections and defenses to any class-wide treatment and nothing in this

18

Agreement or any document related to this Agreement shall be construed as a waiver by Walmart of its contention that class certification is not appropriate and is contrary to law in this Litigation or any other case or proceeding.

## 18.      VOIDING THE AGREEMENT

18.1     In the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Settlement Agreement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, or other litigation against Walmart, and the Parties shall return to their respective positions prior to the Court's consideration of this Settlement.

18.2     In the event that the Court does not approve the Attorneys' Fees, Costs, and Expenses in the amount requested by Settlement Class Counsel, or in the event that the Attorneys' Fees, Costs, and Expenses requested by Settlement Class Counsel is reduced, that finding shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable.  Settlement Class Counsel retains their right to appeal any decision by the Court regarding the Attorneys' Fees, Costs, and Expenses.

## 19.      SIGNATORIES' AUTHORITY

19.1     The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

## 20.      NO PRIOR ASSIGNMENTS

20.1     The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## 21.      NOTICES

21.1     Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given: (i) on the date given, if given by hand delivery; (ii) within one (1) business day, if sent by overnight delivery services such as Federal Express or similar courier; (iii) on the third business day after mailing by United States registered or certified mail, return receipt requested, or (iv) on the day received for delivery by e-mail. All notices given under this Agreement shall be addressed as follows:

21.1.1. To the Class:

John A. Yanchunis, Esq.
MORGAN & MORGAN

19

201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-2434
E-mail: JYanchunis@forthepeople.com

21.1.2. To Walmart:

Naomi G. Beer
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Tele:  (303) 572-6500
Fax:  (303) 572-6540
Email:  BeerN@gtlaw.com

Mark A. Salky
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue
Miami, Florida 33131
Tele: (305) 579-0816
Fax: (305) 579-0717
Email:  SalkyM@gtlaw.com

## 22.     CONFIDENTIALITY

22.1   The negotiations related to this Agreement (including the negotiations regarding the Term Sheet, negotiations related to the drafting of this Agreement, and any negotiations prior to preliminary approval or between the time of preliminary and final approval) will remain strictly confidential and shall not be discussed with anyone other than the Settlement Class Representatives and Walmart, their retained attorneys, their accountants and financial or tax advisers, their retained consultants, the Court, and the mediator Ms. Michelle Yoshida and her staff, unless otherwise agreed to by Settlement Class Counsel and Walmart or unless otherwise ordered by the Court.   Notwithstanding the other provisions of this Section, Walmart may, if necessary, disclose the settlement in filings that Wal-Mart Stores, Inc., is required to make with the Securities and Exchange Commission, including 10-Q and 10-K filings, or in other disclosures to investors.

## 23.     PRESS RELEASE

23.1   No Party, nor their counsel, shall initiate any statements to the media regarding the settlement.  The Parties shall agree on a statement to be used in the event of press inquiries regarding the settlement.  The Parties shall not make any other statements to the media regarding this settlement unless agreed upon by the Parties.

## 24.     DOCUMENTS AND DISCOVERY

24.1     Settlement Class Counsel will maintain confidentiality of documents and data produced by Walmart in the Litigation pursuant to any protective order entered in the litigation, and within sixty days following the Settlement Effective Date, shall either return such documents and data or certify that such documents and data have been destroyed.

## 25.     MISCELLANEOUS PROVISIONS

25.1     Construction.  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or her or his counsel participated in the drafting of this Settlement.

25.2     Captions and Interpretations.  Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision of this Agreement.  Each term of this Agreement is contractual and not merely a recital.

25.3     Modification.  This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties and approved by the Court.  Notwithstanding the foregoing, the Parties agree that any dates contained in this Agreement may be modified by agreement of the Parties without Court approval if the Parties agree and cause exists for such modification.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

25.4     Integration Clause.  This Agreement, the Exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Litigation, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement.  No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

25.5     Binding on Assigns.  This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

25.6     Settlement Class Counsel Signatories.  It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement.  The notice provided in accordance with the Notice Plan will provide all Settlement Class Members with a summary of the Settlement, and will advise all Settlement Class Members of the binding nature of the release.  Excepting only those Settlement Class Members who timely submit a valid Opt-Out Request, such Notice shall have the same force and effect as if this Settlement were executed by each Settlement Class Member.

25.7     Counterparts.  This Agreement may be executed by facsimile signature and in any number of counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts,

21

shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

25.8    <u>Mediation</u>.   The Parties agree to mediation with Ms. Michelle Yoshida to resolve any disagreements over the implementation of the terms of the Settlement, this Agreement, or any other documents necessary to effectuate the Settlement.  Unless otherwise ordered by Ms. Yoshida, the Parties will split the costs of any such mediation and all Parties will bear their own attorneys' fees.  If any such mediation is unsuccessful, the dispute shall be decided by the Court.

25.9    <u>Applicable Law</u>.  This Agreement shall be governed by Florida law without regard to its choice of law or conflicts of law principles or provisions.


ON BEHALF OF PLAINTIFF AND SETTLING CLASS MEMBERS:


_____          August 7,
John A. Yanchunis                                     Date
MORGAN & MORGAN



ON BEHALF OF WALMART:


_____          August 7, 2020
Brian L. Duffy                                            Date
GREENBERG TRAURIG, LLP

# Exhibit 1-A

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

**TO:**    All those persons who purchased Weighted Goods from Walmart in the United States from February 13, 2015 to [[DATE]] whose Weighted Goods' unit sale price was not accurately reflected in the final sale price.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

| **Vassilios Kukorinis, et al. v. Walmart Inc.** |
|:---:|

**Case Name:**    *Vassilios Kukorinis, et al. v. Walmart, Inc.,* Case No. 1:19-cv-20592-JEM

**Class Period:**    February 13, 2015 through [[DATE]]

**Deadlines:**

- **Objections:** [[DATE]]
- **Exclusions:** [[DATE]]
- **Claim Filing:** [[DATE]]
- **Court Hearing on Fairness of Settlement:** [[DATE]]

**More Information:**

[[Walmart Weighted Goods Settlement]]                Toll Free: [[phone number]]
c/o [[Administrator]]                                        [[settlement website URL]]

| **Your Legal Rights and Options in this Settlement:** | |
|:---|:---|
| **Submit a Claim Form** | In order to receive a monetary benefit from the Settlement, you must complete a Claim Form and mail it to the Claims Administrator or submit an online Claim Form on the settlement website on or before the Claim Filing Deadline. |
| **Exclude Yourself** | You have the right to exclude yourself from this Settlement. If you exclude yourself you will receive no payment, but you will not be giving up your legal claims against the Defendant. |
| **Object to the Settlement** | Write to the Court about why you don't like the Settlement. You may also appear at the fairness hearing. The Court will consider your objections whether or not you appear at the fairness hearing. |
| **Go to the Fairness Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | Get no payment. Give up rights. |

**These rights and options and the deadlines to exercise them are explained below.**

# BASIC INFORMATION

## 1.   What is the purpose of this Notice?

The Court has granted preliminary approval of a class action settlement.

To be a part of this Settlement, you must meet the following definition of the Settlement Class:

> *All persons who purchased Weighted Goods from Walmart in the United States from February 13, 2015 to [[DATE OF NOTICE PUBLICATION]] whose Weighted Goods' unit sale price was not accurately reflected in the final sale price.*

"Weighted Goods" means beef, pork, poultry, fish and other types of goods marked with unit pricing and sold accordingly thereto.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The Court in charge of the case is the United States District Court for the Southern District of Florida, Miami Division, and the case is known as *Vassilios Kukorinis, et al. v. Walmart, Inc.,* Case No. 1:19-cv-20592-JEM.

The Court authorized this notice because Settlement Class Members have a right to know about the proposed Settlement of the lawsuit, and about their rights and options, before the Court decides whether to approve the Settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will disburse Settlement benefits allowed under the Settlement Agreement between the parties.

## 2.   What is this lawsuit about?

The lawsuit claims that at times Walmart improperly labeled "Weighted Goods" when it reduced the price of those goods as they neared their expiration dates, allegedly causing instances where Plaintiff and other customers were overcharged for certain reduced-priced perishable goods and did not receive the full value of the goods purchased.

Walmart denies the Plaintiff's allegations and denies any and all wrongdoing or liability with respect to the claims asserted in the lawsuit.

Neither the Court nor a jury have considered or decided the merits of the allegations in the lawsuit. The parties have negotiated and entered into the proposed Settlement to avoid the risk, uncertain outcome, expense and distraction of continued litigation.

## 3.   Why is this a class action?

In a class action, a person (or multiple people) called the "Class Representative" (in this case, Vassilios Kukorinis) sues on behalf of a "class" of all people who have the same or similar claims, depending on how the class is defined. One court resolves all the claims of the people who are or would be members of the class.  When, as here, the class action settles, the members of the class become Settlement Class Members, except for those who elect to exclude themselves from the Settlement Class.

## 4.   Why is there a settlement?

The Court did not decide in favor of the Plaintiff or Defendant. Instead, both sides agreed to a settlement in order to avoid the cost of a trial and the risk, expense and distraction of continued litigation. The Class Representative and the attorneys think the Settlement is best for everyone involved.

## WHO IS INCLUDED IN THE SETTLEMENT

**5.   How do I know if I am part of the settlement?**

The Court has decided that, for settlement purposes, any person who purchased Weighted Goods from Walmart in the United States from February 13, 2015 to [[DATE OF NOTICE PUBLICATION]] whose Weighted Goods' unit sale price was not accurately reflected in the final sale price, is considered a Settlement Class Member.  "Weighted Goods" means beef, pork, poultry, fish and other types of goods marked with unit pricing and sold accordingly thereto.

**6.   I'm still not sure if I am included.**

If you are still not sure if you are included in the Settlement Class, you may speak with a claims specialist by calling the Claims Administrator toll-free at [[phone number]].

# SETTLEMENT BENEFITS

**7.   What does the settlement provide?**

The settlement provides for the following relief:

A. Walmart will fund a Qualified Settlement Fund of a minimum floor amount of $4,500,000 and, depending on the number of valid claims submitted, up to a maximum of $9,500,000. The Qualified Settlement Fund will be used to provide Settlement Class Members with the opportunity to submit a claim for a monetary payment and to pay for the costs of notice and administration of the settlement, attorneys' fees and litigation expenses, and a service award to the Class Representative.

B. In exchange for these settlement benefits, the Class Representative and each Settlement Class Member who has not validly and timely requested exclusion from the settlement shall be deemed to have fully, finally, and forever released any and all claims against the Defendant relating to the nature of the lawsuit.

**8.   How much will my payment be?**

Each Settlement Class Member is entitled to a monetary payment under the Settlement, but the actual amount will not be known until the Claims Administrator has received and processed all of the timely and valid Claims after the close of the Notice period.  The Settlement Class Members will be sorted into three groups: 1) those who attest to the number of Weighted Goods they purchased, but do not have any receipts, packaging, or other documentation (the monetary payment for this group will be capped at a total of $10.00); 2) those who attest to the number of Weighted Goods they purchased and have receipts, but no packaging or other documentation to demonstrate how much they were overcharged (the monetary payment for this group will be capped at a total of $40.00); and 3) those who attest to the number of Weighted Goods they purchased and have receipts, packaging, and other documentation to demonstrate how much they were overcharged (the monetary payment for this group will not be capped).  Individual payments will be calculated on a pro rata basis, meaning the amount could be higher or lower depending on the number of claims submitted and ultimately approved.  Each Settlement Class Member may only choose one of the three groups and receive only one payment no matter how many Weighted Goods they may have purchased during the Settlement Class Period.

# HOW YOU GET A PAYMENT

**9.   How can I get a payment?**

To qualify for a payment from the Settlement, you must be a Settlement Class Member and submit a Claim Form.  A Claim Form is included with the mailed Notice, and you also may obtain a Claim Form on the settlement website [[settlement website]] To submit your Claim Form, you may submit an electronic Claim Form online at the settlement website [[settlement website]] or mail a physical Claim Form to the Claims Administrator.  Claim Forms must be postmarked or

Questions? Visit [[settlement website]], or call toll-free at [[phone number]]                                    Page 3 of 6

submitted online on or before [[DATE]]. Failure to provide complete and accurate information could result in a denial of your claim.

## 10. When would I get my payment?

The Court will hold a hearing on [[DATE]] to decide whether to approve the settlement. If the settlement receives final approval, a payment in the form of a check will be mailed to approved claimants in a timely manner, provided there are no appeals of the Court's decision. The checks will be mailed to the residential addresses provided on the submitted Claim Forms. Please be patient – the process can take weeks or even months before the checks are ready to be mailed.

## 11. What am I giving up to stay in the Class?

Unless you exclude yourself, you are staying in the Settlement Class, regardless of whether or not you submit a Claim Form. This means that you will be bound by the release of claims set forth in the Settlement Agreement and can't sue, continue to sue, or be part of any other lawsuit against Walmart that pertains to the same legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 12. How do I exclude myself from the settlement?

If you do not want a payment and do not want to be legally bound by the terms of the Settlement, you must exclude yourself by sending a timely and valid "Opt Out Letter" to the Claims Administrator. To be timely and valid, the letter must include the Settlement Class Member's full name and a statement that the Settlement Class Member requests to be excluded from the Settlement Class, and must also be signed and dated by the Settlement Class Member. The request for exclusion must be mailed to the address below, **postmarked no later than [[DATE]]**:

[[Claims Administrator Address and Contact Info]]

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the settlement; however you will not be legally bound by anything that happens in this lawsuit.

## 13. If I don't exclude myself, can I sue for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Walmart for the same claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit.

## 14. If I exclude myself, can I receive payment from this settlement?

No. If you exclude yourself from the settlement, you will no longer be entitled to payment. Do not send in a Claim Form if you also exclude yourself.

# THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court has appointed attorneys John A. Yanchunis, Esq. and Ryan J. McGee, Esq. of the Morgan & Morgan law firm in Tampa, Florida as Settlement Class Counsel to represent you and other members of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will the lawyers be paid?

Settlement Class Counsel will ask the Court to award them reasonable attorneys' fees in an amount not to exceed $2,375,000.00 (which is calculated from the Ceiling, of $9,500,000.00) from the Qualified Settlement Fund, and litigation expenses not to exceed $100,000.00, also to be paid from the Qualified Settlement Fund.  If approved by the Court, Walmart will pay the attorneys' fees and litigation expenses as part of the Qualified Settlement Fund.

The attorneys' fees and litigation expenses requested will be the only payment to Settlement Class Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Settlement Class Counsel have not been paid for their services in conducting this litigation on behalf of the Class Representative and the Settlement Class, nor for their substantial expenses.

# OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court that I don't like the settlement?

If you're a Settlement Class Member, and have not excluded yourself from the settlement, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it, and the Court will consider your views. To object, you must send a letter to the Court and the Parties saying that you object to the settlement in *Vassilios Kukorinis, et al. v. Walmart, Inc.,* Case No. Case No. 1:19-cv-20592-JEM.  To state a valid objection to the Settlement, an objecting Settlement Class Member must personally sign the objection and provide the following information in connection with and as part of any objection:  (i) full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of the position the objector wishes to assert, including the factual and legal grounds for the position and objection; and (iv) copies of any other documents that the objector wishes to submit in support of his/her/its position. In addition, the objecting Settlement Class Member must identify any previously filed objections filed by the Settlement Class Member and his/her/its counsel in any state or federal court.  This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.  This objection must be mailed to these three different places and must be **postmarked no later than [[DATE]]:**

| Clerk of the Court | Settlement Class Counsel | Defense Counsel |
|---|---|---|
| ATTN: Case No. 1:19-cv-20592-JEM | John A. Yanchunis, Esq. | **Naomi Beer** |
| United States District Court | Ryan J. McGee, Esq. | GREENBERG TRAURIG, LLP |
| Southern District of Florida | Morgan & Morgan | 1200 17th Street, Suite 2400 |
| Miami Division | 201 N. Franklin St. | Denver, Colorado 80202-5835 |
| 400 North Miami Ave | 7th Floor | |
| Miami, Florida 33128 | Tampa, Florida 33602 | |

### 18. What's the difference between objecting and excluding myself?

Objecting is simply telling the Court that you do not like something about the settlement.  You can object only if you do not exclude yourself from the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# Exhibit 1-B

*United States District Court for the Southern District of Florida*

# If you purchased Weighted Goods from Walmart in the United States from February 13, 2015 to DATE and the Weighted Goods' unit sale price was not accurately reflected in the final sale price you could receive a payment from a class action settlement.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

**What is the lawsuit about?**  The lawsuit claims that at times Walmart improperly labeled "Weighted Goods" when it reduced the price of those goods as they neared their expiration dates, allegedly causing instances where customers were overcharged for certain reduced-priced perishable goods and did not receive the full value of the goods purchased.  Walmart denies these allegations and all liability regarding the claims asserted in the lawsuit.

**Who is included?**  The Court has decided that any person who purchased Weighted Goods from Walmart in the United States from February 13, 2015 to DATE whose Weighted Goods' unit sale price was not accurately reflected in the final sale price, is considered a Settlement Class Member.  "Weighted Goods" means beef, pork, poultry, fish and other types of goods marked with unit pricing and sold accordingly thereto.

**What does the Settlement provide?**  The Settlement provides for the following relief:

A. Walmart will fund a Qualified Settlement Fund ("QSF") of between $4,500,000 and, depending on the number of valid claims submitted, up to $9,500,000.  The QSF will be used to pay Settlement Class Members who submit a claim, and pay for the costs of notice and administration of the Settlement, attorneys' fees and litigation expenses, and a service award to the Class Representative.

B. In exchange for the payment, the Class Representative and each Settlement Class Member who has not validly and timely requested exclusion from the Settlement will have fully, finally, and forever released any and all claims against Walmart relating to the nature of the lawsuit.

Each Settlement Class Member is entitled to a monetary payment under the Settlement, but the actual amount will not be known until all Claims have been processed.

**What are your options?**  To qualify for a payment from the Settlement, you must submit a Claim Form before DATE.  If you do not want a payment and do not want to be legally bound by the Settlement, you must exclude yourself with a timely and valid "Opt Out Letter" **postmarked no later than DATE**.  Unless you exclude yourself, you give up the right to sue Walmart for the same claims that this Settlement resolves.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  If you are a Settlement Class Member, and have not excluded yourself from the Settlement, you can object to the Settlement if you don't like any part of it.  This objection must be **postmarked no later than DATE**.  The Court will hold a Fairness Hearing on **DATE**, to consider whether the Settlement is fair, reasonable and adequate and whether to approve attorneys' fees not to exceed $2,375,000 and litigation expenses not to exceed $100,000, both from the QSF.  You may appear at the Fairness Hearing, but you are not required to attend. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing.  The Notice of Class Settlement available at the website below explains how to ask the Court for permission to speak at the hearing.  For more information, call or visit the website below.

# Exhibit 1-C

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
*Vassilios Kukorinis, et al. v. Walmart, Inc.*
Case Number 1:19-cv-20592-JEM

**CLAIM FORM**

**TO SUBMIT A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS CLAIM FORM ON OR
BEFORE [[DATE]].**

**THIS CLAIM FORM SHOULD BE SUBMITTED TO [[NAME/ADDRESS]]**

You may be eligible to submit a Claim in the settlement of the lawsuit called *Vassilios Kukorinis,
et al. v. Walmart, Inc.*, Case No. 1:19-cv-20592-JEM (United States District Court for the Southern
District of Florida, Miami Division) if you are a member of the Settlement Class and submit a timely
and valid Claim.

Under the Settlement, eligible Settlement Class Members may submit a Claim to receive a
proportionate share of the Settlement proceeds.  Members of the Settlement Class include "all
persons who purchased Weighted Goods from Walmart in the United States during the period
February 13, 2015 through [[DATE OF NOTICE PUBLICATION]]…whose Weighted Goods' unit
sale price was not accurately reflected in the final sale price." "Weighted Goods" means beef,
pork, poultry, fish and other types of goods marked with unit pricing and sold accordingly thereto.

Each Settlement Class Member may submit only one Claim, and each eligible Settlement Class
Member who submits a timely and valid Claim may receive only one payment under the
Settlement, no matter how many purchases of Weighted Goods may have been made during the
Settlement Class Period.  Additional information regarding the Settlement, Settlement benefits,
and how to submit a Claim is provided in the Notice of Class Settlement, in the Settlement
Agreement, and on the Settlement website [[WEBSITE]].

All fields must be fully and accurately completed, including the Acknowledgement at the end of
the form. Failure to provide complete and accurate information could result in a denial of your
Claim.

**CLAIMANT INFORMATION:**

_____

First Name                          MI                    Last Name

_____

Current Mailing Address                              Unit/Apt

_____

City                               State                    Zip

_____

E-mail address

**(_____)_____**
Telephone Number

*Please complete the back of the Claim Form.*

### <u>YOU MAY ONLY CHECK ONE BOX BELOW</u>
### <u>PLEASE READ THESE OPTIONS CAREFULLY AND SELECT ONLY ONE OPTION</u>

☐ Check this box if you believe you are a Settlement Class Member as defined in the Notice of Class Settlement and are eligible to participate in this Settlement.

      I purchased _____ (number) Weighted Goods between February 13, 2015 and [[DATE]]. Without giving any more information, you will be eligible for a refund up to $10.00.

☐ Check this box if you have receipts for the Weighted Goods you purchased, and fill out the following information:

      I purchased _____ (number) Weighted Goods between February 13, 2015 and [[DATE]].

      Based on this information, you will be eligible for a refund up to $40.00.

☐ Check this box if you have the packaging for the Weighted Goods you purchased showing the inaccurate reduced price for the Weighted Goods, and fill out the following information:

      The total refund I am requesting is $ _____, which is based on the packaging showing the inaccurate reduced price for the Weighted Goods. That packaging is attached to this Claim Form I am submitting.

      Based on this information, you will be eligible for a refund up to the amount you provided.

### <u>ACKNOWLEDGEMENT:</u>

I affirm that the information I have provided on this Claim Form is true and correct to the best of my knowledge and this is the only Claim Form that I have submitted.  I further understand, acknowledge, and agree that I am eligible to receive only **ONE** payment from this Settlement based on my eligibility as a Settlement Class Member.

I further understand, acknowledge, and agree that the amount I will receive shall be calculated in accordance with the terms of the Settlement Agreement and subject to the terms of the Settlement Agreement, including the Release of Claims as more fully described in the Settlement Agreement.

Signature _____     Date _____

# Exhibit 1-D

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

|  |  |
|---|---|
| VASSILIOS KUKORINIS, on behalf of himself and those similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>WALMART, INC., a Delaware corporation<br><br>    Defendant. | Case No.:<br><br>1:19-CV-20592-MARTINEZ/OTAZO-REYES |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO DIRECT CLASS NOTICE AND GRANT PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff's unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement, (Doc. No. _____) (the "Motion"), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiff's Motion (the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby GRANTS the Motion and orders as follows:

1.     **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All persons who purchased Weighted Goods from Walmart in the United States from February 13, 2015, to the date of this Order, whose Weighted Goods' unit sale price was not accurately reflected in the final sale price.

> Excluded from the Settlement Class are: (1) the judges presiding over this Litigation, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

have a controlling interest and their current or former officers, directors, and employees; (3) Settlement Class Members who submit a valid Opt-Out Request for exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3).  Specifically, the Court finds for settlement purposes that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and the Settlement Class Representative seeks similar relief as the claims of the Settlement Class Members; d) the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.     **Settlement Class Representative and Settlement Class Counsel**. The Court finds that the Plaintiff named in the Second Amended Complaint, (Doc. Nos. 31, 32) will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Settlement Class Representative. Additionally, the Court finds that John A. Yanchunis and Ryan J. McGee of Morgan & Morgan Complex Litigation Group will likely satisfy the requirements of Rule

23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

3.     **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Settlement Class Representative's claims, the stage of the proceedings at which the Settlement was reached, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4.     **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5.     **Final Approval Hearing.** A Final Approval Hearing shall be held on _____ _____, 202___, at _____ [via telephone or videoconference or in-person] at the Wilkie D. Ferguson, Jr., United States Courthouse, 400 North Miami Avenue, Room 10-1, Miami, Florida 33128 to determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Settlement Class Representative for a Service Award should be approved.

6.      **Claims Administrator**. The Court appoints Epiq Class Action and Claims Solutions, Inc., as the Claims Administrator, with responsibility for class notice and claims administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid from the Qualified Settlement Fund pursuant to the Settlement Agreement.

7.      **Notice**. The proposed method for providing Notice set forth in the Settlement Agreement and the Claim Form attached to the Settlement Agreement as Exhibits A–C are hereby approved. Non-material modifications to these Exhibits may be made with approval by the parties but without further order of the Court.

8.      **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Settlement Agreement and exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

9.      **Class Action Fairness Act Notice**. Within 10 days after the filing of the motion to permit issuance of notice, Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.     **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit such an Opt-Out Request through the Settlement Website or mail a written Opt-Out Request for exclusion to the Claims Administrator at the address and in the manner provided in the Notice. Such Opt-Out Requests for exclusions must meet the Opt-Out Deadline established by this Order and stated in the Notice.

An Opt-Out Request for exclusion must be in writing and: (a) state the name of this proceeding ((*Kukorinis v. Walmart, Inc.*, No. 1:19-cv-20592-Martinez/Otazo-Reyes or similar identifying words such as "Walmart Weighted Goods Class Action"); (b) state the name and address of the Settlement Class Member seeking exclusion; (c) state "Request for Exclusion" or words communicating the person's request for exclusion from the Settlement Class; and (d) must be signed by the Settlement Class Member.

An Opt-Out Request for exclusion that does not include the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not received within the specified time shall be invalid and the Settlement Class Member serving such a request shall, if the Final Judgment and Order of Dismissal is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

The Claims Administrator shall forward a list of all Opt-Out Requests for exclusion to Settlement Class Counsel and to Walmart's Counsel within at least 7 days of the Opt-Out Deadline.

If the Final Judgment and Order of Dismissal is entered, any Settlement Class Member

who has not submitted a timely, valid written Opt-Out Request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment and Order of Dismissal. Settlement Class Members who submit valid and timely Opt-Out Requests for exclusion shall not be entitled to receive any benefits from the Settlement.

11.     **Objections and Appearances**. Any Settlement Class Member may object to the Settlement, Settlement Class Counsel's request for Attorneys' Fees, Costs, and Expenses, or the request for the Service Award payment to the Settlement Class Representative; provided, however, that no Settlement Class Member shall be heard or entitled to contest such matters, unless the objection is: (a) electronically filed with the Court by the Objection Deadline set out below; (b) submitted via the Settlement Website; or (c) mailed to the Claims Administrator and the address listed in the Notice and submitted online or postmarked by no later than the Objection Deadline set out below. For the objection to be considered by the Court, the objection must be in writing and include:

(a)     The name of this proceeding (*Kukorinis v. Walmart, Inc.*, No. 1:19-cv-20592-Martinez/Otazo-Reyes or similar identifying words such as "Walmart Weighted Goods Class Action");

(b)     The objector's full name, address, and telephone number;

(c)     The grounds for the objection, as well as any documents supporting the objection;

(d)     A statement as to whether the objection applies only to the objector and the objector's circumstances, to a specific subset of the Settlement Class, or to the entire Settlement Class;

(e)     the name and address of any attorneys representing the objector with respect to the objection;

(f)     A statement regarding whether the objector or his/her attorney intend to appear at the final approval hearing; and

(g)     The signature of the objector or his/her attorney.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment and Order of Dismissal if entered.

12.    **Claims Process**.  The Settlement Agreement contemplates the establishment of a Qualified Settlement Fund and a claims process. Walmart will pay a minimum of $4,500,000 (the "Floor") and a maximum of $9,500,000 (the "Ceiling") to create the Qualified Settlement Fund that will be used to pay claims as determined by the Claims Administrator, pay the costs of settlement administration, pay Settlement Class Counsel's Attorneys' Fees, Costs, and Expenses as awarded by the Court, and pay the Service Award awarded to the Settlement Class Representative by the Court.

The Settlement Class Representative and Walmart have created a process for Settlement Class Members to claim benefits under the Settlement, including monetary relief for Settlement Class Members who attest to the number of purchases of Weighted Goods during the Class Period (who will be entitled to recover up to $10.00), Class Members who further provide proof of purchase or other documentation confirming the number of purchases (who will be entitled to recover up to $40.00), and Class Members who further provide proof of the packaging or other documentation demonstrating the amount of the overcharge (who will not be capped on their recovery). The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

7

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Judgment and Order of Dismissal is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Judgment and Order of Dismissal, including the release.

13.     **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (a) the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (b) there is no Effective Date. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14.     **Use of Order**. This Order shall be of no force or effect if the Final Judgment and Order of Dismissal is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Walmart of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this Litigation

or in any other lawsuit.

15.     **Qualified Settlement Fund**. A Qualified Settlement Fund shall be established and funded in accordance with Treasury Regulation § 1.468B-1, 26 C.F.R. § 1.468B-l. and the Settlement Agreement.

16.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

17.     **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Timing |
|---|---|
| Deadline for Defendant to disseminate CAFA notices | [10 days from the filing of this motion] |
| Notice Deadline | [30 days following Preliminary Approval Order] |
| Deadline for Settlement Class Counsel to file motion for Attorneys' Fees, Costs, Expenses and Service Award | [21 days before Objection and Opt-Out Deadline] |
| Objection Deadline | [40 days after Notice Deadline] |
| Opt-Out Deadline | [40 days after Notice Deadline] |
| Deadline for Settlement Class Representative to file motion for final approval of settlement and responses to any timely submitted Settlement Class Member objections, which shall include a declaration from the Claims Administrator confirming execution of and compliance with its obligations in the Settlement Agreement as of the date of the declaration and identifying all Settlement Class Members who submitted timely Opt-Out Requests for exclusion | [21 days prior to Final Approval Hearing] |
| Claims Deadline | [100 days after notice deadline] |

| Final Approval Hearing | No earlier than 100 days after entry of the Preliminary Approval Order |
|---|---|

**DONE AND ORDERED** in Miami, Florida on this _____ day of _____, 2020.

_____
**HONORABLE JOSE E. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**

# Exhibit 1-E

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. 1:19-CV-20592-MARTINEZ/OTAZO-REYES

VASSILIOS KUKORINIS, on behalf of
himself and those similarly situated,

        Plaintiff,

    v.

WALMART, INC., a Delaware corporation

        Defendant.

**THIS MATTER** came before the Court on Plaintiff's Motion for Final Approval of Settlement ("Final Approval Motion") and Plaintiff's Motion for An Award of Attorneys' Fees, Costs, and Expenses ("Attorneys' Fee Motion").

WHEREAS, the above-captioned matter is a settlement class action pending before the Court; and

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Settlement Class Representative and the Settlement Class Members on the one hand, and Walmart, Inc. ("Walmart"), on the other hand (the "Settlement Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement"); and

WHEREAS, all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein; and

WHEREAS, on _____, the Court entered its order granting Plaintiff's Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement, (Doc. No. ___) this class action as set forth in the Settlement Agreement, approving the form and method of notice,

and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Federal Rule of Civil Procedure 23 as fair, adequate, and reasonable (the "Preliminary Approval Order"); and

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class Members be given notice of the Settlement and of the date for the final fairness hearing; and

WHEREAS, the Parties and the Claims Administrator have advised and confirmed to the Court that such notice has been given; and

WHEREAS, no objections to the Settlement were filed prior to the Claim Filing Deadline, which is the last day for any objections to be considered timely **[[or objections were filed but overruled]]**; and

WHEREAS, **[[insert ##]]** Settlement Class Members opted out of the Settlement prior to the Claim Filing Deadline, which was the last day for any opt-outs to be considered timely;

WHEREAS, the Court having conducted a Final Fairness Hearing on _____ (the "Final Approval Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein;

it is hereby **ORDERED AND ADJUDGED** that the Motion for Final Approval is **GRANTED** as follows:

1.      The Court has jurisdiction over the subject matter of this action, all Settlement Class Members, and the Defendant.

2.      In accordance with Federal Rule of Civil Procedure 23, and the requirements of due process, all Settlement Class Members have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties to the Settlement Agreement, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and

the Court's Preliminary Approval Order: (a) constituted methods that were reasonably calculated to inform the members of the Settlement Class of the Settlement and their rights thereunder; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3.      The Settlement Agreement in this action warrants final approval pursuant to Rule 23 of the Federal Rules of Civil Procedure because it resulted from vigorously contested litigation, thorough discovery and motion practice, and extensive good-faith arm's length negotiations between the parties, and is it is fair, adequate, and reasonable to those it affects, considering at least the following factors: (i) the relative strength of the plaintiff's case on the merits; (ii) the existence of any difficulties of proof or strong defenses the Plaintiff is likely to encounter if the case goes to trial; (iii) the anticipated duration and expense of additional litigation; (iv) the degree of opposition to the Settlement.

4. The Final Approval Motion is hereby GRANTED, and the Settlement as set forth in the Settlement Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Settlement Agreement are hereby determined to be fair, reasonable, and adequate, for the exclusive benefit of the Settlement Class Members. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

5.      The Court APPROVES payment of a Settlement Class Representative Service Award to Vassilios Kukorinis in the amount of $_____ and as set forth in the Settlement Agreement.

6.      The Court APPROVES payment of Attorneys' Fees, Costs, and Expenses and Litigation Expenses to Class Counsel in the amount of $_____ in accordance with the terms of

the Settlement Agreement and as requested in Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Expenses. The Court further finds that no attorneys have asserted any attorney liens as to the Attorneys' Fees, Costs, and Expenses and Litigation Expenses awarded by the Court.

7.      The planned distribution of the Class Settlement amount is hereby APPROVED as fair, adequate, and reasonable. The Class Settlement amount shall be distributed in accordance with the terms of the Settlement Agreement.

8.      This matter is hereby deemed DISMISSED WITH PREJUDICE and without costs to any Party, other than as specified in the Settlement Agreement and this Order, or to enforce the terms of the Settlement Agreement and this Order.

9.      In consideration of the Class Settlement amount provided under the Settlement Agreement, and for other good and valuable consideration, each of the Releasing Settlement Class Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Settlement Class Member Released Claims against Walmart in accordance with Section 13 of the Settlement Agreement, the terms of which section are incorporated herein by reference, shall have covenanted not to sue Walmart with respect to all such Settlement Class Member Released Claims and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Settlement Class Member Released Claims against Walmart.

10.     This Judgment is the Final Judgment in the suit as to all Settlement Class Member Released Claims.

11.     Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement Agreement; (b) distribution of the Class Settlement amount, the Settlement Class Representative Service Award, and the Attorneys' Fees, Costs, and Expenses and Litigation Expenses Amount; and (c) all other proceedings related to the

implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members. The time to appeal from this Judgment shall commence upon its entry.

12.     In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement or at the direction of any appellate court of competent jurisdiction, and without prejudice to the status quo ante rights of Plaintiff, the Settlement Class Members, and Walmart.

13.     This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**DONE AND ORDERED** in Chambers in Miami, Miami-Dade County, Florida, this _____ day of _____, 202___.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE