UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No: 19-CV-20592-MARTINEZ-OTAZO-REYES

VASSILIOS KUKORINIS, on behalf of himself and those similarly situated,

        Plaintiff,

  v.

WALMART, INC., a Delaware corporation

        Defendant.

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT AND DIRECTING CLASS NOTICE

THIS CAUSE is before the Court upon Plaintiff's unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement, [ECF No. 41] (the "Motion"), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiff's Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **ORDERS AND ADJUDGES** that Plaintiff's Motion, [ECF No. 41], is **GRANTED** as follows:

1. Based upon the parties' agreement, as well as all of the files, records, and proceedings herein, the Court preliminarily finds that the proposed Settlement Agreement is fair, reasonable, and adequate, and that a hearing on shall be held as set forth below following Notice to the Class Members.

2. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

> All persons who purchased Weighted Goods from Walmart in the United States from February 13, 2015, to the date of this Order, whose Weighted Goods' unit sale price was not accurately reflected in the final sale price.
>
> Excluded from the Settlement Class are: (1) the judges presiding over this Litigation, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) Settlement Class Members who submit a valid Opt-Out Request for exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. *See Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007). The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and the Settlement Class Representative seeks similar relief as the claims of the Settlement Class Members; d) the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2. **Settlement Class Representative and Settlement Class Counsel**. The Court finds that the Plaintiff named in the Second Amended Complaint, (Doc. Nos. 31, 32) will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Settlement Class Representative. Additionally, the Court finds that John A. Yanchunis and Ryan J. McGee of Morgan & Morgan Complex Litigation Group will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Settlement Class Representative's claims, the stage of the proceedings at which the Settlement was reached, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on **February 26, 2021** at the Wilkie D. Ferguson, Jr., United States Courthouse, 400 North Miami Avenue, Room 10-1, Miami, Florida 33128 to determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice

pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Settlement Class Representative for a Service Award should be approved.

6. **Claims Administrator**. The Court appoints Epiq Class Action and Claims Solutions, Inc., as the Claims Administrator, with responsibility for class notice and claims administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid from the Qualified Settlement Fund pursuant to the Settlement Agreement.

7. **Notice**. The proposed method for providing Notice set forth in the Settlement Agreement and the Claim Form attached to the Settlement Agreement as Exhibits A–C are hereby approved. Non-material modifications to these Exhibits may be made with approval by the parties but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Settlement Agreement and exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of

Civil Procedure 23(c); and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within 10 days after the filing of the motion to permit issuance of notice, Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit such an Opt-Out Request through the Settlement Website or mail a written Opt-Out Request for exclusion to the Claims Administrator at the address and in the manner provided in the Notice. Such Opt-Out Requests for exclusions must meet the Opt-Out Deadline established by this Order and stated in the Notice.

An Opt-Out Request for exclusion must be in writing and: (a) state the name of this proceeding (*Kukorinis v. Walmart, Inc.*, No. 1:19-cv-20592-Martinez/Otazo-Reyes or similar identifying words such as "Walmart Weighted Goods Class Action"); (b) state the name and address of the Settlement Class Member seeking exclusion; (c) state "Request for Exclusion" or words communicating the person's request for exclusion from the Settlement Class; and (d) must be signed by the Settlement Class Member.

An Opt-Out Request for exclusion that does not include the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not received within the specified time shall be invalid and the Settlement Class Member serving such a request shall, if

the Final Judgment and Order of Dismissal is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

The Claims Administrator shall forward a list of all Opt-Out Requests for exclusion to Settlement Class Counsel and to Walmart's Counsel within at least 7 days of the Opt-Out Deadline.

If the Final Judgment and Order of Dismissal is entered, any Settlement Class Member who has not submitted a timely, valid written Opt-Out Request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment and Order of Dismissal. Settlement Class Members who submit valid and timely Opt-Out Requests for exclusion shall not be entitled to receive any benefits from the Settlement.

11. **Objections and Appearances**. Any Settlement Class Member may object to the Settlement, Settlement Class Counsel's request for Attorneys' Fees, Costs, and Expenses, or the request for the Service Award payment to the Settlement Class Representative; provided, however, that no Settlement Class Member shall be heard or entitled to contest such matters, unless the objection is: (a) electronically filed with the Court by the Objection Deadline set out below; (b) submitted via the Settlement Website; or (c) mailed to the Claims Administrator and the address listed in the Notice and submitted online or postmarked by no later than the Objection Deadline set out below. For the objection to be considered by the Court, the objection must be in writing and include:

(a) the name of this proceeding (*Kukorinis v. Walmart, Inc.*, No. 1:19-cv-20592-Martinez/Otazo-Reyes or similar identifying words such as "Walmart Weighted Goods Class Action");

(b) the objector's full name, address, and telephone number;

(c) the grounds for the objection, as well as any documents supporting the objection;

6

    (d)    a statement as to whether the objection applies only to the objector and the objector's circumstances, to a specific subset of the Settlement Class, or to the entire Settlement Class;

    (e)    the name and address of any attorneys representing the objector with respect to the objection;

    (f)    a statement regarding whether the objector or his/her attorney intend to appear at the final approval hearing; and

    (g)    the signature of the objector or his/her attorney.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment and Order of Dismissal if entered.

    12.    **Claims Process**.  The Settlement Agreement contemplates the establishment of a Qualified Settlement Fund and a claims process. Walmart will pay a minimum of $4,500,000 (the "Floor") and a maximum of $9,500,000 (the "Ceiling") to create the Qualified Settlement Fund that will be used to pay claims as determined by the Claims Administrator, pay the costs of settlement administration, pay Settlement Class Counsel's Attorneys' Fees, Costs, and Expenses as awarded by the Court, and pay the Service Award awarded to the Settlement Class Representative by the Court.

The Settlement Class Representative and Walmart have created a process for Settlement Class Members to claim benefits under the Settlement, including monetary relief for Settlement Class Members who attest to the number of purchases of Weighted Goods during the Class Period (who will be entitled to recover up to $10.00), Class Members who further provide proof of purchase or other documentation confirming the number of purchases (who will be entitled to

recover up to $40.00), and Class Members who further provide proof of the packaging or other documentation demonstrating the amount of the overcharge (who will not be capped on their recovery). The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Judgment and Order of Dismissal is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Judgment and Order of Dismissal, including the release.

13.   **<u>Termination of Settlement</u>**. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (a) the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (b) there is no Effective Date. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14.   **<u>Use of Order</u>**. This Order shall be of no force or effect if the Final Judgment and Order of Dismissal is not entered or there is no Effective Date and shall not be construed or used

as an admission, concession, or declaration by or against Walmart of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this Litigation or in any other lawsuit.

15. **Qualified Settlement Fund**. A Qualified Settlement Fund shall be established and funded in accordance with Treasury Regulation § 1.468B-1, 26 C.F.R. § 1.468B-l. and the Settlement Agreement.

16. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

17. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Timing |
| --- | --- |
| Notice Deadline | September 25, 2020 |
| Deadline for Settlement Class Counsel to file motion for Attorneys' Fees, Costs, Expenses and Service Award | October 14, 2020 |
| Objection Deadline | November 4, 2020 |
| Opt-Out Deadline | November 4, 2020 |
| Claims Deadline | January 8, 2021 |

9

| | |
|---|---|
| Deadline for Settlement Class Representative to file motion for final approval of settlement and responses to any timely submitted Settlement Class Member objections, which shall include a declaration from the Claims Administrator confirming execution of and compliance with its obligations in the Settlement Agreement as of the date of the declaration and identifying all Settlement Class Members who submitted timely Opt-Out Requests for exclusion | February 5, 2021 |
| Final Approval Hearing | February 26, 2021 |

DONE AND ORDERED in Chambers at Miami, Florida on this 25th day of August, 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Magistrate Judge Otazo-Reyes