UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:19-CV-20592-MARTINEZ/OTAZO-REYES

VASSILIOS KUKORINIS, on behalf of
himself and those similarly situated,

        Plaintiff,

v.

WALMART, INC., a Delaware
corporation

        Defendant.

## JOINT RESPONSE TO COURT'S ORDER

Plaintiff, Vassilios Kukorinis ("Plaintiff"), and Defendant Walmart Inc. ("Defendant") (collectively, the "Parties"), pursuant to the Court's Order Requiring Expedited Briefing from the Parties, [ECF. No. 49], hereby submit the following response concerning the entitlement of Steven F. Helfand to participate in the October 7, 2020 Status Conference:

### PARTIES' SUMMARY POSITION STATEMENT

The Parties have no objection to Mr. Helfand attending the October 7, 2020 Status Conference, as any member of the public has the right to do, as long as the details of Mr. Kukorinis' September 22, 2020 Declaration, [ECF No. 43], which was stricken *sua sponte* by the Court [ECF No. 44], are not divulged. Any substantive participation by Mr. Helfand at the October 7th Status Conference, however, is inappropriate and at best premature because: 1) Mr. Helfand has not yet filed an objection, and therefore has no standing; and 2) Any argument from an objector—whether Mr. Helfand or otherwise—would appropriately be heard at the February 26, 2021 final fairness hearing after the Parties have been given an opportunity to review, assess and respond to the

1

objection. [ECF No. 42]. Any public disclosure of the details of the September 22, 2020 Declaration would divulge privileged and protected communications and, therefore, any such discussions should be had under seal.

The Parties do, however, object to Mr. Helfand and any other person, entity, litigant, objector, or other non-party gaining access to or otherwise reviewing the September 22, 2020 Declaration. Subsequent to its filing, Mr. Kukorinis clarified his misunderstanding of the scope of the Settlement and withdrew the September 22, 2020 Declaration. [ECF No. 45]. Mr. Kukorinis is in agreement with this Settlement and as the Court is aware, his September 22, 2020 Declaration inadvertently divulged privileged attorney-client communications and attorney work product, as well as privileged mediation communications protected by Florida, federal, and Local Rules.

## FACTUAL BACKGROUND

On August 7, 2020, Plaintiff moved this Court for an Order Preliminarily Approving Class Settlement and Directing Class Notice (the "Motion"). [ECF No. 41]. On August 26, 2020, the Court granted Plaintiff's Motion, certified the Settlement Class, directed notice to the Class, and set a schedule leading up to a Final Approval Hearing on February 26, 2021. [ECF No. 42]. On September 25, 2020, the Clerk of Court filed the Declaration of Mr. Kukorinis, [ECF No. 43], which he withdrew on September 28, 2020. [ECF No. 45].

On October 5, 2020, Steven F. Helfand filed his "Notice of Appearance by Class Member and Intended *Objector*, Steven F. Helfand [sic]; Notice of Intent to Attend the October 7, 2020 Status Conference," [ECF No. 47]. Therein, Mr. Helfand expressed an intent to attend and participate in the Court's October 7, 2020 Status Conference. Subsequently, the Court ordered the Parties to expeditiously brief "Mr. Helfand's entitlement to participate in the conference." [ECF No. 49].

## ARGUMENT

**A. To the Extent the Court Discusses the Substance of Mr. Kukorinis' September 22, 2020 Declaration, the Status Conference Should be Sealed**

Mr. Kukorinis admitted his misunderstanding of the release. [ECF No. 45, ¶ 2]. Based on his misunderstanding, Mr. Kukorinis withdrew his prior declaration, requested that it be sealed, and expressed his agreement with the Settlement. [ECF No. 45, ¶¶ 3, 4]. As the Court has had the opportunity to review the September 22, 2020 Declaration, Mr. Kukorinis inadvertently revealed privileged and confidential information protected by the attorney-client and attorney work-product privileges, as well as privileged mediation communications.

Under Florida law, the client holds the privilege and must be found to have intentionally waived his rights to a privilege with full knowledge. *Smith v. Armour Pharm. Co.*, 838 F. Supp. 1573, 1576 (S.D. Fla. 1993) (King, J.). Similarly, Local Rule 16(g)(2) requires that "[a]ll proceedings of [a] mediation shall be confidential and are privileged in all respects as provided under federal law and Florida Statutes § 44.405. The proceedings may not be reported, recorded, placed into evidence, made known to the Court or jury, or construed for any purpose as an admission against interest." S.D. Fla. L.R. 16(g)(2). Florida law requires that a "mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." Fla. Stat. § 44.403(1); *see Abrams-Jackson v. Avossa*, 282 F. Supp. 3d 1268, 1272–73 (S.D. Fla. 2017) (Matthewman, J.) (striking confidential mediation statement filed by opposing counsel for violating federal, Florida, and local rules).

Here, Mr. Kukorinis admitted his misunderstanding of the settlement—in particular the negotiated release. [ECF No. 45, ¶ 2]. With the benefit of that clarification, Mr. Kukorinis asked that his September 22, 2020 Declaration be sealed—that the information contained therein not be disseminated to the public. Additionally, as the Court noted, Mr. Kukorinis' September 22, 2020

Declaration "does not comport with Local Rules 7.7 and 11.1(d)(4)," which forbids a party represented by an attorney from "act[ing] on the party's own behalf in the action or proceeding." [ECF No. 44 (citing S.D. Fla. L.R. 11.1(d)(4))]. The Court, therefore, entered an Order *sua sponte* striking the September 22, 2020 Declaration from the docket. *Id.*

### B. Mr. Helfand Lacks Standing to Address the Court at this Stage of Litigation

Mr. Helfand has no standing to participate at the October 7th Status Conference. The party seeking relief has the burden of proving standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Mr. Helfand is not a party to this action. He is not an attorney representing a party to this action.[1] He has not moved to intervene in the action pursuant to Federal Rule of Civil Procedure 24, and such a motion would be unsuccessful in any event.

Mr. Helfand also is not an objector in this case. Federal Rule of Civil Procedure 23(e)(5)(A) requires that an objecting class member "must state whether [the objection] applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection." Mr. Helfand failed to provide any specificity with regard to his objection. And he clearly knows how to file an objection. As an attorney, and prior to being disbarred for, in part, misleading a court with respect to an objection to a class action settlement,[2] Mr. Helfand filed eight objections to such settlements,[3] and as an objector, he has filed an

---

[1] Nor could he be. He was disbarred by the State Bar of California (*see* Exhibit A (Notice of Disciplinary Charges); Exhibit B (Petition for Disbarment After Default for Failure to File Timely Response); Exhibit C (Decision and Order of Involuntary Active Enrollment); Exhibit D (Order from California Supreme Court); *see also* State Bar of California, *Steven Franklyn Helfand [#206667] of Florida Disbarred*, (April 28, 2020), available at: https://twitter.com/statebarca/status/1255165510473441280, and is not known to be admitted to practice before this Court.
[2] *Id.*
[3] *See, e.g.*, ECF No. 193, *In re Yahoo! Litig.*, No. 06-cv-02737 (N.D. Cal. Dec. 14, 2009); ECF No. 136, *Perkins, et al v. LinkedIn Corp.*, No. 5:13-cv-04303 (N.D. Cal. Dec. 14, 2015); ECF No. 196 *Alexander, et al v. FedEx Ground Package Sys., Inc.*, No. 3:05-cv-38 (N.D. Cal. Jan. 10, 2016); ECF No. 231, *Chambers v. Whirlpool Corp., et al*, No. 8:11-cv-01733 (C.D. Cal. May 27,

additional nine objections to class settlements.[4] Plainly, Mr. Helfand is familiar with the contours of Rule 23, and in particular Rule 23(e), yet has wholly failed to satisfy the procedural and substantive requirements thereof.

At least for now, Mr. Helfand is a stranger to this proceeding, and he has no standing to be heard at the Status Conference.

C. **The Appropriate Time to be Heard is Through the Objection Process and at the Final Approval Hearing**

The Court has set a schedule for the proposed settlement of this case, which includes a final fairness hearing to determine whether final approval is appropriate. [ECF No. 42]. Without any substance, Mr. Helfand has represented he "intends" to object to the settlement. [ECF No. 47]. While this does not even begin to satisfy Rule 23(e), even if Mr. Helfand later meets the requirements of Rule 23(e), his voice is appropriately heard through a written objection and at the final fairness hearing—not at a status conference after preliminary approval has been granted and before the objection deadline, which is November 4, 2020. [ECF No. 42].

## CONCLUSION

Based on the foregoing, the Parties jointly request the Court maintain the stricken and sealed status of Mr. Kukorinis' September 22, 2020 Declaration. The Parties further jointly request

---

2016); ECF No. 213, *In re JPMorgan Chase & Co. Secs. Litig.*, No. 1:12-cv-03852 (S.D.N.Y. June 10, 2016); and ECF Nos. 260, 264, 265, *Spann v. J.C. Penney Corp., Inc.*, No. 8:12-cv-00215 (C.D. Cal. June 30, 2016, to July 22, 2016).

[4] ECF No. 27, *Gay, et al v. Tom's of Maine, Inc.*, No. 0:14-cv-60604-KMM (S.D. Fla. Dec. 2, 2015); ECF No. 361, *Brown v. The Hain Celestial Group, Inc.*, No. 3:11-cv-03082 (N.D. Cal. Dec. 23, 2015); ECF No. 30, *Baharestan v. Venus Labs., Inc.*, No. 15-cv-03578 (N.D. Cal. Jan. 17, 2016); ECF No. 1282, *In re: Auto. Parts Antitrust Litig.*, No. 12-md-02311 (E.D. Mich. April 6, 2016); ECF No. 321, *In re: Midland Credit Mgmt., Inc., TCPA*, No. 11-md-02286 (S.D. Cal. April 14, 2016); ECF No. 101, *Mehigan v. Ascena Retail Group, Inc., et al*, No. 15-cv-00724 (E.D. Pa. April 11, 2016); ECF No. 73, *Morales v. Unilever*, No. 2:13-cv-02213 (E.D. Cal. Oct. 3, 2016); ECF No. 190, *Hooker v. Sirius XM Radio, Inc.*, No. 4:13-cv-00003 (E.D. Va. Nov. 8, 2016); ECF No. 117, *Chester v. The TJX Co., Inc.*, No. 5:15-cv-01437 (C.D. Cal. April 4, 2018).

that, to the extent the Court intends to discuss the details of the September 22, 2020 Declaration, such discussion be sealed with only the Parties and their counsel participating. The Parties further jointly request that, otherwise, Mr. Helfand not be permitted to participate or otherwise be heard at the Status Conference.

Dated: October 5, 2020                              Respectfully submitted,

| | |
|---|---|
| **MORGAN & MORGAN COMPLEX LITIGATION GROUP** | **GREENBERG TRAURIG, P.A.**<br>333 S.E. 2nd Avenue, Suite 4400<br>Miami, Florida 33131 |
| /s/ *John A. Yanchunis*<br>John A. Yanchunis (Bar No. 324681)<br>Ryan McGee (Bar No. 64957) (*attorney admission pending*)<br>201 N. Franklin St., 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br>Facsimile: (813) 222-2434<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com | Telephone: (305) 579-0500<br>Facsimile: (305) 579-0717<br><br>By:  /s/ *Mark A. Salky*<br>MARK A. SALKY<br>Florida Bar No. 058221<br>Email: salkym@gtlaw.com<br>JAMES E. GILLENWATER<br>Florida Bar No. 1013518<br>Email: gillenwaterj@gtlaw.com |
| *Attorneys for Plaintiff Vassilios Kukorinis* | and<br><br>Naomi G. Beer (*pro hac vice pending*)<br>**GREENBERG TRAURIG, LLP**<br>1144 Fifteenth St., Ste. 32300<br>Denver, CO 80202<br>Telephone: (303) 572-6500<br>Email: beern@gtlaw.com<br><br>*Attorneys for Defendant Walmart Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that, due to the expedited nature of this Court's briefing schedule, the foregoing document is being served this day on Mr. Steven F. Helfand solely via electronic mail at 1400Steven.Helfand@gmail.com.

/s/ *Mark A. Salky*