# EXHIBIT A



kwiktag® 241 070 122

STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL
MELANIE J. LAWRENCE, No. 230102
INTERIM CHIEF TRIAL COUNSEL
RIZAMARI C. SITTON, No. 138319
ASSISTANT CHIEF TRIAL COUNSEL
WILLIAM S. TODD, No. 259194
SUPERVISING ATTORNEY
CHARLES T. CALIX, No. 146853
SENIOR TRIAL COUNSEL
845 South Figueroa Street
Los Angeles, California 90017-2515
Telephone: (213) 765-1255

**PUBLIC MATTER**

**FILED**

SEP 24 2018

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

STATE BAR COURT

HEARING DEPARTMENT - LOS ANGELES

| | |
|---|---|
| In the Matter of: ) | Case Nos. 17-O-00411 and 17-O-00412 |
| ) | |
| STEVEN FRANKLYN HELFAND, ) | NOTICE OF DISCIPLINARY CHARGES |
| No. 206667, ) | |
| ) | |
| and ) | |
| ) | |
| JOSEPH DARRELL PALMER, ) | |
| No. 125147 ) | |
| ) | |
| ) | |
| Members of the State Bar. ) | |

### NOTICE - FAILURE TO RESPOND!

IF YOU FAIL TO FILE A WRITTEN ANSWER TO THIS NOTICE WITHIN 20 DAYS AFTER SERVICE, OR IF YOU FAIL TO APPEAR AT THE STATE BAR COURT TRIAL:

(1) YOUR DEFAULT WILL BE ENTERED;
(2) YOUR STATUS WILL BE CHANGED TO INACTIVE AND YOU WILL NOT BE PERMITTED TO PRACTICE LAW;
(3) YOU WILL NOT BE PERMITTED TO PARTICIPATE FURTHER IN THESE PROCEEDINGS UNLESS YOU MAKE A TIMELY MOTION AND THE DEFAULT IS SET ASIDE, AND;
(4) YOU SHALL BE SUBJECT TO ADDITIONAL DISCIPLINE. SPECIFICALLY, IF YOU FAIL TO TIMELY MOVE TO SET ASIDE OR VACATE YOUR DEFAULT, THIS COURT WILL ENTER AN ORDER RECOMMENDING YOUR DISBARMENT WITHOUT FURTHER HEARING OR PROCEEDING. SEE RULE 5.80 ET SEQ., RULES OF PROCEDURE OF THE STATE BAR OF CALIFORNIA.

The State Bar of California alleges:

## JURISDICTION

1. Steven Franklyn Helfand ("Helfand") was admitted to the practice of law in the State of California on or about June 1, 2000, was a member at all times pertinent to these charges, and is currently a member of the State Bar of California.

2. Joseph Darrell Palmer ("Palmer") was admitted to the practice of law in the State of California on or about December 15, 1986, was a member at all times pertinent to these charges, and is currently a member of the State Bar of California.

## COUNT ONE

Case No. 17-O-00411
Business and Professions Code section 6068, subdivision (d)
[Seeking to Mislead a Judge]

3. On or about June 30, 2016, the Objection Of Jeanelle Branch To Proposed Settlement And Notice Of Intent To Appear ("Objection") was filed on behalf of Jeanelle Branch ("Branch") with the Claims Administrator in *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES. The identifying information on the first page, the signature page, and the certificate of service bear the name and/or typed signature of Helfand as Branch's attorney of record; however, Helfand denies preparing the Objection, filing the Objection, or representing Branch at any time. Helfand claims that he first learned that the Objection had been filed using his identity upon receipt of the Reply Memorandum In Support Of Motion For Attorney's Fees filed and served by Class Counsel on or about July 29, 2016. Although Helfand denied preparing the Objection, filing the Objection or representing Branch to Branch, opposing counsel, and the State Bar, Helfand intentionally took no action to notify the United States District Court that he did not prepare the Objection, file the Objection, or represent Branch, and thereby sought to mislead the judge or judicial officer by an artifice or false statement of fact or law, in willful violation of Business and Professions Code section 6068, subdivision (d).

///

COUNT TWO

Case No. 17-O-00411
Business and Professions Code section 6106
[Moral Turpitude – Dishonesty to the Court]

4. On or about June 30, 2016, the Objection Of Jeanelle Branch To Proposed Settlement And Notice Of Intent To Appear ("Objection") was filed on behalf of Jeanelle Branch ("Branch") with the Claims Administrator in *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES. The identifying information on the first page, the signature page, and the certificate of service bear the name and/or typed signature of Helfand as Branch's attorney of record; however, Helfand denies preparing the Objection, filing the Objection, or representing Branch at any time. Helfand claims that he first learned that the Objection had been filed using his identity upon receipt of the Reply Memorandum In Support Of Motion For Attorney's Fees filed and served by Class Counsel on or about July 29, 2016. Although Helfand denied preparing the Objection, filing the Objection, or representing Branch to Branch, opposing counsel, and the State Bar, Helfand intentionally or grossly negligently took no action to notify the United States District Court that he did not prepare the Objection, file the Objection, or represent Branch, and thereby sought to dishonestly mislead the judge or judicial officer.

5. Helfand thereby committed acts involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code section 6106.

6. A violation of section 6106 may result from intentional conduct or grossly negligent conduct. Helfand is charged with committing intentional misrepresentation. However, should the evidence at trial demonstrate that Helfand committed misrepresentation as a result of gross negligence, Helfand must still be found culpable of violating section 6106 because misrepresentation through gross negligence is a lesser included offense of intentional misrepresentation.

///

-3-

COUNT THREE

Case No. 17-O-00411
Business and Professions Code section 6104
[Appearing for Party without Authority]

7. On or about October 7, 2016, Helfand corruptly or willfully, and without authority, appeared as attorney of record for a party, Jeanelle Branch ("Branch"), without her knowledge or authorization, by filing a Notice Of Appeal Of The Judgment And Order Re: Motion For Final Approval on behalf of Branch and two other parties in an action or proceeding, namely *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES, without Branch's knowledge or consent, in willful violation of Business and Professions Code section 6104.

COUNT FOUR

Case No. 17-O-00411
Rules of Professional Conduct, Rule 3-310(B)(1)
[Conflict – Relationship with a Party or Witness]

8. Beginning on or about October 7, 2016 and continuing thereafter, Helfand accepted and continued representation of multiple clients, Jeanelle Branch ("Branch"), W.R.E.,[1] and P.S.S., in joint representation, by filing a Notice Of Appeal Of The Judgment And Order Re: Motion For Final Approval ("Notice Of Appeal") on their behalf in an action or proceeding, namely *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES, negotiating settlement and dismissal of the Notice Of Appeal, dismissing the Notice Of Appeal, and disbursing the settlement proceeds from the settlement, without providing written disclosure to Branch that respondent has a legal, financial, and personal relationship with a party, namely W.R.E., and a legal and financial relationship with another party, namely P.S.S., in Branch's same matter, in willful violation of the Rules of Professional Conduct, rule 3-310(B)(1).

---

[1] The Office of Chief Trial Counsel ("OCTC") provides the clients' initials in lieu of the clients' full names to protect their privacy. OCTC will provide a key listing the clients' full names to respondent and this court.

-4-

## COUNT FIVE

Case No. 17-O-00411
Rules of Professional Conduct, rule 3-310(C)(1)
[Potential Conflict – Representing Multiple Clients]

9. Beginning on or about October 7, 2016 and continuing thereafter, Helfand accepted and continued representation of multiple clients, Jeanelle Branch ("Branch"), W.R.E.,[2] and P.S.S., in joint representation by filing a Notice Of Appeal Of The Judgment And Order Re: Motion For Final Approval ("Notice Of Appeal") on their behalf in an action or proceeding, namely *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES, negotiating settlement and dismissal of the Notice Of Appeal, dismissing the Notice Of Appeal, and disbursing the settlement proceeds from the settlement. At the time he accepted and continued their joint representation, the interests of the clients potentially conflicted, but Helfand failed to inform the clients of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the clients and failed to obtain the written consent of each client, in willful violation of the Rules of Professional Conduct, rule 3-310(C)(1).

## COUNT SIX

Case No. 17-O-00411
Business and Professions Code section 6106
[Moral Turpitude – Misrepresentation to Client]

10. On or about October 14, 2016, Helfand orally told Lonnie Tiran ("Tiran") that Class Counsel in *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES ("*Spann v. J.C. Penney*") was considering seeking sanctions against Tiran's spouse Jeanelle Branch ("Branch") because of the filing of the Objection Of Jeanelle Branch To Proposed Settlement And Notice Of Intent To Appear ("Objection"), but that Helfand's filing of a Notice Of Appeal Of The Judgment And Order Re: Motion For Final Approval ("Notice Of Appeal") on behalf of Branch and two other parties would protect Branch from those sanctions, when Helfand knew those statements were false. By making these statements, Helfand thereby

---

[2] OCTC provides the clients' initials in lieu of the clients' full names to protect their privacy. OCTC will provide a key listing the clients' full names to respondent and this court.

-5-

committed acts involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code section 6106.

11. Between on or about December 9, 2016 and on or about December 12, 2016, Helfand stated in writing to Tiran that:

(A) opposing counsel "reached its payment limit which equated to a lowly 12.5k for each appeal. They refused to pay and were threatening … sanctions against [Branch]" because the Objection that had been filed on her behalf (December 9, 2016 at 2:42 p.m. ), when that was false;

(B) "[Tiran] indicated on behalf of [Branch], that [Helfand] should settle for whatever [Helfand] thought was the maximum was based on [Helfand's] sole discretion … and everyone reached consensus. It would then be subject to the disclosed split." (December 11, 2016 at 5:13 p.m.), which were false;

(C) Palmer "indicated to [Helfand that the] range [Palmer] provided to [Tiran] and [Branch] was 500 dollars but [Palmer] could have said up to 1,000. [Tiran] confirmed this range when we spoke and never claimed otherwise" (December 11, 2016 at 5:13 p.m.), which was false;

(D) Tiran told Helfand that distribution of the settlement proceeds to Palmer was to compensate Palmer for legal services he provided to Branch and/or Tiran prior to the effective date of Palmer's actual suspension from the practice of law and/or a purported business transaction, which was false;

(E) "in the abundance of caution, [Helfand] filed an appeal on [Branch's] behalf" which was misleading; and

(F) "The split was: [¶] Helfand group: 20,000 [¶] Branch: 12,500 [¶] [P.S.S.[3]]: 12,500 [¶] … So, that is/was the deal with the split agreed upon" (December 12, 2016 at 9:00 a.m.), which was false.

---

[3] OCTC provides the clients' initials in lieu of the clients' full names to protect their privacy. OCTC will provide a key listing the clients' full names to respondent and this court.

-6-

12. By making these false statements, Helfand thereby committed acts involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code section 6106.

13. A violation of section 6106 may result from intentional conduct or grossly negligent conduct. Helfand is charged with committing intentional misrepresentation. However, should the evidence at trial demonstrate that Helfand committed misrepresentation as a result of gross negligence, Helfand must still be found culpable of violating section 6106 because misrepresentation through gross negligence is a lesser included offense of intentional misrepresentation.

COUNT SEVEN

Case No. 17-O-00411
Business and Professions Code section 6106
[Moral Turpitude – Misrepresentation to Opposing Counsel]

14. On or about October 18, 2016, Helfand orally told attorney Matthew J. Zevin ("Zevin") that:

(A) Helfand knew Jeanelle Branch ("Branch") prior to on or about June 30, 2016, when the Objection Of Jeanelle Branch To Proposed Settlement And Notice Of Intent To Appear ("Objection") was filed on her behalf with the Claims Administrator in *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES ("*Spann v. J.C. Penney*"), but by her "maiden" name and therefore, did not recognize her name from the Objection, which was false;

(B) Helfand knew Branch's spouse prior to on or about June 30, 2016, which was false; and

(C) Branch prepared the Objection and put Helfand's name on it without Helfand's authority because Branch thought that she needed to have an attorney's name on it, which was false.

15. By making these false statements, Helfand thereby committed acts involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code section 6106.

16. Between on or about November 1, 2016 and on or about November 4, 2016, Helfand and Zevin negotiated the settlement of the appeal that Helfand filed on behalf of Branch and two other parties in *Spann v. J.C. Penney*, including but not limited to telling Zevin that the parties he represented would dismiss the appeal in exchange for the sum of $45,000, when Helfand knew that his agreements to settle and to dismiss the appeal were false and misleading because neither Branch nor her spouse authorized Helfand to settle or dismiss the appeal. Helfand thereby committed an act involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code section 6106.

17. A violation of section 6106 may result from intentional conduct or grossly negligent conduct. Helfand is charged with committing intentional misrepresentation. However, should the evidence at trial demonstrate that Helfand committed misrepresentation as a result of gross negligence, Helfand must still be found culpable of violating section 6106 because misrepresentation through gross negligence is a lesser included offense of intentional misrepresentation.

## COUNT EIGHT

Case No. 17-O-00411
Business and Professions Code section 6106
[Moral Turpitude – Misrepresentation to the Court and Opposing Counsel]

18. On or about November 4, 2016, Helfand filed with the court and served on opposing counsel an Unopposed Motion For Voluntary Dismissal of Appeal ("Motion For Dismissal") on behalf of Jeanelle Branch ("Branch") and two other parties in an action or proceeding, namely *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES, when Helfand knew that the Motion For Dismissal and the statement in the Motion For Dismissal that Branch "hereby move[s] the Court [f]or an order dismissing the above captioned

appeal" was false and misleading. Helfand thereby committed an act involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code section 6106.

19. A violation of section 6106 may result from intentional conduct or grossly negligent conduct. Helfand is charged with committing intentional misrepresentation. However, should the evidence at trial demonstrate that Helfand committed misrepresentation as a result of gross negligence, Helfand must still be found culpable of violating section 6106 because misrepresentation through gross negligence is a lesser included offense of intentional misrepresentation.

### COUNT NINE

Case No. 17-O-00411
Rules of Professional Conduct, rule 3-310(D)
[Conflict - Aggregate Settlement]

20. Between on or about November 1, 2016 and on or about November 4, 2016, Helfand represented two or more clients, namely, Jeanelle Branch, W.R.E.,[4] and P.S.S., in settlement discussions with opposing counsel, and entered into an aggregate settlement of the claims of the clients with opposing counsel in an action or proceeding, namely *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES, in the sum of $45,000, and did not inform all clients of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the clients and obtain the written consent of each client to the aggregate settlement, in willful violation of the Rules of Professional Conduct, rule 3-310(D).

### COUNT TEN

Case No. 17-O-00411
Rules of Professional Conduct, rule 4-100(A)
[Failure to Maintain Client Funds in Trust Account]

21. On or about November 30, 2016, Helfand received on behalf of Helfand's clients, Jeanelle Branch ("Branch"), W.R.E.,[5] and P.S.S., a wire transfer in the sum of $45,000 to settle

---

[4] OCTC provides the clients' initials in lieu of the clients' full names to protect their privacy. OCTC will provide a key listing the clients' full names to respondent and this court.

[5] OCTC provides the clients' initials in lieu of the clients' full names to protect their privacy. OCTC will provide a key listing the clients' full names to respondent and this court.

-9-

the aggregate claims of the clients in an action or proceeding, namely *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES in his client trust account at Bank of America, xxxxxxxx9251,[6] on behalf of the clients. Of this sum, Branch was entitled to the approximate sum of $15,000. Helfand failed to maintain a balance of $15,000 on behalf of the client in his client trust account, in willful violation of Rules of Professional Conduct, rule 4-100(A).

COUNT ELEVEN

Case No. 17-O-00411
Business and Professions Code section 6106
[Moral Turpitude - Misappropriation]

22. On or about November 30, 2016, Helfand received on behalf of Helfand's clients, Jeanelle Branch ("Branch"), W.R.E.,[7] and P.S.S., a wire transfer in the sum of $45,000 to settle the aggregate claims of the clients in an action or proceeding, namely *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES in his client trust account at Bank of America, xxxxxxxx9251,[8] on behalf of the clients. Of that sum, Branch was entitled to the approximate sum of $15,000.

23. On or about November 30, 2016, Helfand willfully and intentionally misappropriated the approximate sum of $15,000 that Branch was entitled to receive. Helfand thereby committed an act involving moral turpitude, dishonesty or corruption, in willful violation of Business and Professions Code section 6106.

24. A violation of section 6106 may result from intentional conduct or grossly negligent conduct. Helfand is charged with committing an intentional misappropriation. However, should the evidence at trial demonstrate that Helfand misappropriated funds as a result of grossly negligent conduct, Helfand must still be found culpable of violating section 6106 because

---

[6] OCTC redacted the account number to protect the account and account holder.

[7] OCTC provides the clients' initials in lieu of the clients' full names to protect their privacy. OCTC will provide a key listing the clients' full names to respondent and this court.

[8] OCTC redacted the account number to protect the account and account holder.

misappropriation through gross negligence is a lesser included offense of intentional misappropriation.

### COUNT TWELVE

Case No. 17-O-00411
Business and Professions Code section 6106
[Moral Turpitude – Misrepresentation to the State Bar]

25. On or about April 24, 2017 and on or about April 9, 2018, Helfand sent letters to the State Bar that stated, in part, that:

(A) Helfand filed the Notice Of Appeal Of The Judgment And Order Re: Motion For Final Approval ("Notice Of Appeal") on behalf of Jeanelle Branch ("Branch") and two other parties in *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES ("*Spann v. J.C. Penney*") without authorization from Branch "out of the abundance of caution, as [Helfand] could not track her down in time prior to expiration of the appellate deadline (April 24, 2017 at p. 13)," which was false;

(B) Tiran authorized Helfand to settle, including but not limited to for "anything [Branch] could get, whatever the amount" (April 24, 2017 at p. 16.), which was false;

(C) Helfand and Tiran "extensively discussed how any distribution would be split" (April 24, 2017 at p. 16), which was false;

(D) "Tiran indicated and confirmed the agreement with Mr. Palmer was that he would receive a monetary range of $500-$1,000" (April 24, 2017 at p. 17), which was false;

(E) "[Helfand] asked Mr. Tiran to send me a copy of any written agreement with Mr. Palmer since a range of settlement as indicated made me uncomfortable as to how much of the proceeds should actually be directed to Branch. In spite of indicating he would do so, Tiran never conveyed the written retainer agreement" (April 24, 2017 at p. 17), which was false;

(F) "[Helfand] inquired as to the handling of any funds received and Mr. Tiran suggested that the funds be distributed to Mr. Palmer who would then distribute the

-11-

proceeds pursuant to their operative agreement. Mr. Tiran suggested that he owed Mr. Palmer some money for a boat generator and that the amount was considerable and that Tiran expected that Branch would only receive a modest some [sic] of the proceeds, if any at all. I told Mr. Tiran that those issues were not something that I would get involved with since I knew nothing about them, but that I would follow his express instruction that Mr. Palmer receive the funds payable to his trust account; with distribution then directed to Branch in accordance with their agreement." (April 24, 2017 at pp. 19-20), which was false;

(G) opposing counsel in *Spann v. J.C. Penney* threatened to file a "motion for sanctions against Branch" (April 24, 2017 at p. 24), which was false;

(H) "Mr. Tiran and his partner, Ms. Branch, were never my clients at any time, they put my name, perhaps with Darrell Palmer's assistance and/or connivance on a pleading" (April 9, 2018 at p. 2; see also April 9, 2018 at pp. 4 to 6), which was false;

(I) "[Helfand] included [Branch] on a joint appeal; something which is routinely done without creating any attorney client relationship and something actually suggested by the Federal Rules of Appellate Procedure, cases, and commentary" (April 9, 2018 at p. 9), which was false; and

(J) "[Helfand] had multiple communications with Mr. Tiran as to the status of negotiations with class counsel; ultimately culminating in the agreement and fee split, … Everything was vetted and approved by everyone involved. The split as previously noted had $20,000 to [W.R.E.[9]] (for which I retained $10,000), $12,500 to [P.S.S.], and $12,500 to Palmer/Tiran/Branch pursuant to their express instructions" (April 9, 2018 at p. 11), which was false.

26. Helfand thereby committed acts involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code section 6106.

---

[9] OCTC provides the clients' initials in lieu of the clients' full names to protect their privacy. OCTC will provide a key listing the clients' full names to respondent and this court.

-12-

27. A violation of section 6106 may result from intentional conduct or grossly negligent conduct. Helfand is charged with committing intentional misrepresentation. However, should the evidence at trial demonstrate that Helfand committed misrepresentation as a result of gross negligence, Helfand must still be found culpable of violating section 6106 because misrepresentation through gross negligence is a lesser included offense of intentional misrepresentation.

COUNT THIRTEEN

Case No. 17-O-00412
Business and Professions Code section 6106
[Moral Turpitude - Dishonesty]

28. On or about November 30, 2016, Palmer received a wire transfer from Helfand for $12,500 from Helfand's settlement of the claims of Jeanelle Branch ("Branch") in an action or proceeding, namely *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, USDC Case No. 8:12-cv-00215-FMO-KES. Palmer did not have any right to receive or retain the $12,500 from Helfand concerning Branch.

29. On or about December 2, 2016, Palmer returned the sum of $1,000 via wire transfer to Helfand as requested by Helfand to send to Branch, which Helfand received and forwarded via Cashier's Check to Branch.

30. Palmer willfully and dishonestly retained the sum of $11,500 that Branch was entitled to receive by failing and refusing to return that sum to Helfand and/or Branch. Palmer thereby committed an act involving moral turpitude, dishonesty or corruption in violation of Business and Professions Code section 6106.

31. A violation of section 6106 may result from intentional conduct or grossly negligent conduct. Palmer is charged with committing an intentional misappropriation. However, should the evidence at trial demonstrate that Palmer misappropriated funds as a result of grossly negligent conduct, Palmer must still be found culpable of violating section 6106 because misappropriation through gross negligence is a lesser included offense of intentional misappropriation.

-13-

### COUNT FOURTEEN

Case No. 17-O-00412
Business and Professions Code section 6068, subdivision (j)
[Failure to Update Membership Address]

32. In or about October 2014, Palmer vacated Palmer's office at the address maintained on the official membership records of the State Bar and thereafter failed to comply with the requirements of Business and Professions Code, section 6002.1, by failing to notify the State Bar of the change in Palmer's address within 30 days, in willful violation of Business and Professions Code section 6068, subdivision (j).

### COUNT FIFTEEN

Case No. 17-O-00412
Business and Professions Code section 6068, subdivision (i)
[Failure to Cooperate in State Bar Investigation]

33. Palmer failed to cooperate and participate in a disciplinary investigation pending against Palmer by failing to provide a substantive response to the State Bar's letters of April 3, 2017 and February 20, 2018, which Palmer received, that requested Palmer's response to the allegations of misconduct being investigated in case no. 17-O-00412, in willful violation of Business and Professions Code section 6068, section (i).

### NOTICE - INACTIVE ENROLLMENT!

**YOU ARE HEREBY FURTHER NOTIFIED THAT IF THE STATE BAR COURT FINDS, PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6007(c), THAT YOUR CONDUCT POSES A SUBSTANTIAL THREAT OF HARM TO THE INTERESTS OF YOUR CLIENTS OR TO THE PUBLIC, YOU MAY BE INVOLUNTARILY ENROLLED AS AN INACTIVE MEMBER OF THE STATE BAR. YOUR INACTIVE ENROLLMENT WOULD BE IN ADDITION TO ANY DISCIPLINE RECOMMENDED BY THE COURT.**

### NOTICE - COST ASSESSMENT!

**IN THE EVENT THESE PROCEDURES RESULT IN PUBLIC DISCIPLINE, YOU MAY BE SUBJECT TO THE PAYMENT OF COSTS**

///

**INCURRED BY THE STATE BAR IN THE INVESTIGATION, HEARING AND REVIEW OF THIS MATTER PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6086.10.**

Respectfully submitted,

THE STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL

DATED: September 24, 2018       By: _____
Charles T. Calix
Senior Trial Counsel

-15-

# DECLARATION OF SERVICE
by
U.S. FIRST-CLASS MAIL / U.S. CERTIFIED MAIL / OVERNIGHT DELIVERY / FACSIMILE-ELECTRONIC TRANSMISSION

CASE NUMBER(s): **17-O-00411 and 17-O-00412**

I, the undersigned, am over the age of eighteen (18) years and not a party to the within action, whose business address and place of employment is the State Bar of California, 845 South Figueroa Street, Los Angeles, California 90017, declare that:

- on the date shown below, I caused to be served a true copy of the within document described as follows:

## NOTICE OF DISCIPLINARY CHARGES

☐ **By U.S. First-Class Mail: (CCP §§ 1013 and 1013(a))**
- in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County of Los Angeles.

☒ **By U.S. Certified Mail: (CCP §§ 1013 and 1013(a))**

☐ **By Overnight Delivery: (CCP §§ 1013(c) and 1013(d))**
- I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for overnight delivery by the United Parcel Service ('UPS').

☐ **By Fax Transmission: (CCP §§ 1013(e) and 1013(f))**
Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed herein below. No error was reported by the fax machine that I used. The original record of the fax transmission is retained on file and available upon request.

☐ **By Electronic Service: (CCP § 1010.6)**
Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the electronic addresses listed herein below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ *(for U.S. First-Class Mail)* in a sealed envelope placed for collection and mailing at Los Angeles, addressed to: *(see below)*

☒ *(for Certified Mail)* in a sealed envelope placed for collection and mailing as certified mail, return receipt requested,
Article No.: **9414 7266 9904 2111 0149 64** at Los Angeles, addressed to: *(see below)*
**9414 7266 9904 2111 0149 71**

☐ *(for Overnight Delivery)* together with a copy of this declaration, in an envelope, or package designated by UPS,
Tracking No.: addressed to: *(see below)*

| Person Served | Business-Residential Address | Fax Number | Courtesy Copy to: |
|---|---|---|---|
| Steven F. Helfand | 900 West Ave<br>Apt 701<br>Miami Beach, FL 33139-5212 | Electronic Address | |
| Joseph D. Palmer | Law Offices of Darrell Palmer<br>301 7th Street<br>Nocona, TX 76255-2805 | | |

☐ **via inter-office mail regularly processed and maintained by the State Bar of California addressed to:**

N/A

I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service, and overnight delivery by the United Parcel Service ('UPS'). In the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day, and for overnight delivery, deposited with delivery fees paid or provided for, with UPS that same day.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Los Angeles, California, on the date shown below.

DATED: **September 24, 2018** SIGNED: *[signature]*
LAURA JETT
Declarant

State Bar of California
DECLARATION OF SERVICE