# EXHIBIT B

ORIGINAL

STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL
MELANIE J. LAWRENCE, No. 230102
INTERIM CHIEF TRIAL COUNSEL
MIA R. ELLIS, No. 228235
ASSISTANT CHIEF TRIAL COUNSEL
WILLIAM S. TODD, No. 259194
SUPERVISING ATTORNEY
CHARLES T. CALIX, No. 146853
SENIOR TRIAL COUNSEL
845 South Figueroa Street
Los Angeles, California 90017-2515
Telephone: (213) 765-1255

FILED

MAY 28 2019

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

STATE BAR COURT

HEARING DEPARTMENT - LOS ANGELES

In the Matter of:

STEVEN FRANKLYN HELFAND,
No. 206667,

A Member of the State Bar

) Case No. 17-O-00411 - YDR
)
) PETITION FOR DISBARMENT AFTER
) DEFAULT FOR FAILURE TO FILE
) TIMELY RESPONSE; DECLARATION OF
) CHARLES T. CALIX
)
) [Rules 5.85, Rules of Proc.]

The State Bar of California, Office of Chief Trial Counsel ("OCTC") hereby petitions the State Bar Court for an order recommending Steven Franklyn Helfand's ("Helfand") disbarment after default pursuant to rule 5.85, Rules of Procedure of the State Bar of California ("rule(s)"), based upon Helfand's failure to file a timely response to the Notice of Disciplinary Charges ("NDC") and failure to have the default set aside or vacated within the time period prescribed.

I. **PROCEDURAL HISTORY**

   A. **Proper Service Of The NDC On Helfand And Advisement Of The Effects Of Default.**

On September 24, 2018, OCTC filed the NDC in case numbers 17-O-00411 and 17-O-00412 - YDR against Helfand and Joseph Darrell Palmer ("Palmer"). (OCTC respectfully

-1-
PETITION FOR DISBARMENT AFTER DEFAULT FOR FAILURE TO FILE TIMELY RESPONSE (Case No. 17-O-00411)

1  requests that this Court take judicial notice of the filing of the NDC pursuant to Evidence Code
2  section 452, subdivision (d), i.e., the records of this court.)
3      On September 24, 2018, OCTC served Helfand with the NDC at 900 West Avenue, Apt.
4  701, Miami Beach, Florida 33139-5212, which is the latest official membership address shown
5  on the official membership records of the State Bar of California as provided in Business and
6  Professions Code section 6002.1, subdivision (c) ("official membership address"). (Declaration
7  of Charles T. Calix ("Calix Dec.") at ¶. 4 and Exhibit 1. OCTC respectfully requests that this
8  Court take judicial notice of the Declaration of Service by Certified Mail, Return Receipt
9  Requested for the NDC pursuant to Evidence Code section 452, subdivision (d).)

10     **B.     Helfand Failed To File A Response To The NDC.**

11      Pursuant to rule 5.43, Helfand was required to file and serve a response to the NDC
12  within 20 days after service of the NDC plus 10 days for residing out-of-state, or on or before
13  October 24, 2018. However, on October 23, 2018, OCTC and Helfand filed a Stipulation to
14  Extend The Time For Filing Response, which extended the time for Helfand to file and serve his
15  Response to the Notice of Disciplinary Charges ("Response") for an additional 15 days. (OCTC
16  respectfully requests that this Court take judicial notice of the Stipulation pursuant to Evidence
17  Code section 452, subdivision (d).) Consequently, Helfand's Response was due on or before
18  November 8, 2018.
19      During the Initial Status Conference on October 26, 2018, the parties discussed the
20  service of the NDC, and the extension to file and serve Helfand's Response until November 8,
21  2018 with this Court. (OCTC respectfully requests that this court take judicial notice of the
22  discussions by the Court and counsel on October 26, 2018 pursuant to Evidence Code section
23  452, subdivision (d).) During the Initial Status Conference, Helfand acknowledged receipt of the
24  NDC and his obligation to serve his Response by November 8, 2018. (*Id.*) To date, Helfand has
25  failed to file or serve a response to the NDC as required by rule 5.43(A). (OCTC respectfully
26  requests that this Court take judicial notice of Helfand's failure to file his Response pursuant to
27
28

-2-
PETITION FOR DISBARMENT AFTER DEFAULT FOR FAILURE TO FILE TIMELY RESPONSE (Case No. 17-O-00411)

1 Evidence Code section 452, subdivision (d).) Consequently, Helfand had actual notice of the
2 NDC and disciplinary proceeding.

### C. The Court Entered Helfand's Default For Failure To File A Timely Response.

On December 5, 2018, OCTC filed and served a Motion for Entry of Default ("Motion for Default") by certified mail, return receipt requested, in compliance with rule 5.25 for service of an initial pleading. As required by rule 5.80(A), OCTC's Motion for Default included the date of notice and date of service of the NDC, a statement that the member did not timely file a response under rule 5.43, and the advisement language required by rule 5.80(A)(3) in prominent type advising the member of the consequences of failing to reply to the motion for entry of default within 10 days of service. Specifically, the Motion for Default contained an express statement that entry of default would result in having the facts in the NDC deemed admitted, and failure to timely move to set aside the default will result in an order by the Court recommending disbarment without further hearing or proceeding.

OCTC's Motion for Default was accompanied by a declaration demonstrating that Helfand had *actual* notice of this disciplinary hearing by referencing Helfand's filing a stipulation to extend the time for him to file his response and appearing for the Initial Status Conference, which is an additional requirement of rule 5.80(B).

Helfand did not file a written response to the Motion for Default within 10 days of service of the motion. On January 15, 2019, the Court issued an order entering Helfand's default. This order included the language regarding the effects of default in prominent type required by rule 5.80(D).[1] The Court served the order on Helfand by mail in compliance with rule 5.25. The order entering default advised Helfand of the effects of entry of default, specifically, deeming the facts alleged in the NDC admitted, prohibiting participation unless the

---

[1] The order entering default advised Helfand of the effects of entry of default, specifically, deeming the facts alleged in the notice of disciplinary charges admitted, prohibiting participation unless the default is set aside, and if there is no timely motion to set aside, recommending disbarment without further hearing or proceeding. (Rule 5.80(D).)

-3-
PETITION FOR DISBARMENT AFTER DEFAULT FOR FAILURE TO FILE TIMELY RESPONSE (Case No. 17-O-00411)

default is set aside, and if there is no timely motion to set aside, recommending disbarment without further hearing or proceeding. As stated in the Order entering default, Helfand was enrolled on inactive status and the facts in the NDC were deemed admitted in accordance with rule 5.82, Rules of Procedure.

### D. Helfand's Default has not been Set Aside or Vacated.

Rule 5.83 provides for stipulation by the parties to vacate default or a motion to vacate or set aside a default. A motion to vacate may be filed at any time that the Court has jurisdiction over the matter. A motion to set aside the default must be based on grounds of mistake, inadvertence, surprise or excusable neglect and filed within 90 days after service of the order entering default if default was ordered for failure to file an answer or 45 days if default was ordered for failure to appear at trial. Here, Helfand had 90 days from January 15, 2019 to file a motion to set aside the default.

To date, Helfand has not filed a motion to set aside or vacate the default. (OCTC respectfully requests that this Court take judicial notice of Helfand's failure to file a motion to set aside or vacate the default pursuant to Evidence Code section 452, subdivision (d).

## II. THE REQUIREMENTS FOR A MANDATORY DISBARMENT RECOMMENDATION AFTER DEFAULT HAVE BEEN SATISFIED.

### A. OCTC Has Completed The Record Required For A Petition For Disbarment After Default.

If the member fails to have the default set aside or vacated, under rule 5.85, OCTC must file a petition requesting the Court recommend disbarment, supported by one or more declarations addressing the factors set forth in subdivision (A) of the rule. Deputy trial counsel's declaration addresses the required factors as follows:

1. **Lack of contact by Helfand.** Helfand has failed to contact OCTC since OCTC filed its Motion for Default on or about December 5, 2018. (Calix Dec. at ¶. 5.)

2. **Pending disciplinary matters**. No investigations or disciplinary charges are pending. (Calix Dec. at ¶. 6.)

-4-
PETITION FOR DISBARMENT AFTER DEFAULT FOR FAILURE TO FILE TIMELY RESPONSE (Case No. 17-O-00411)

      3.     **Prior disciplinary record.** Helfand does not have a prior record of discipline. (Calix Dec. at ¶. 7.)

      4.     **Payments by the Client Security Fund due to Helfand's conduct.** CSF has not paid out claims resulting from Helfand's conduct. (Calix Dec. at ¶. 8.)

  **B.**    <u>**Having Satisfied The Requirements For A Mandatory Disbarment Recommendation, The Court Must Recommend That Helfand Be Disbarred.**</u>

If the member fails to file a response, as stated in rule 5.85, the Court must recommend the member's disbarment if the evidence shows the following:

(a)    The notice of disciplinary charges was served on the member properly;

(b)    The member had actual notice or reasonable diligence was used to notify the member of the proceedings prior to the entry of default;

(c)    The default was properly entered; and

(d)    The factual allegations deemed admitted in the notice of disciplinary charges support a finding that the member violated a statute, rule or court order that would warrant the imposition of discipline. (Rule 5.85(F)(1).)

      1.     <u>**Reasonable Diligence to Notify Helfand.**</u>

Entry of default requires OCTC to establish proper service of the NDC and either Helfand's receipt of the notice or exercise of reasonable diligence to notify the member. (Rule 5.80(B)) In this matter, the Court's order entered Helfand's default based upon proof satisfactory to the Court that the NDC was served properly on Helfand and that Helfand actually received notice as demonstrated by his appearing for the Initial Status Conference on October 26, 2018. (OCTC respectfully requests that this Court take judicial notice of Helfand's appearance during the Initial Status Conference on October 26, 2018 pursuant to Evidence Code section 452, subdivision (d).) The evidentiary support for the Court's findings is included in the record in this matter.

-5-

PETITION FOR DISBARMENT AFTER DEFAULT FOR FAILURE TO FILE TIMELY RESPONSE (Case No. 17-O-00411)

### 2. **Helfand's Default was Properly Entered.**

The Court's order entering default was properly entered, included the required advisement of the effects of default, and served on Helfand in compliance with rule 5.25. The default order has not been vacated or set aside. This petition has not been filed earlier than 91 days of the date of service of the default order.

### 3. **Culpability Warranting Discipline.**

As reflected in the Court's order entering default filed January 15, 2019, the factual allegations in the NDC were deemed admitted. (Rule 5.82(2).) The NDC alleged 12 violations of the Rules of Professional Conduct ("RPC") or Business and Professions Code, which are cause for the imposition of discipline (Business and Professions Code section 6077), including violations of:

1) Business and Professions Code section 6068, subdivision (d) [Seeking to Mislead a Judge];

2) Business and Professions Code sections 6106 [Moral Turpitude – Dishonesty to the Court];

3) Business and Professions Code sections 6104 [Appearing for Party without Authority];

4) RPC 3-310(B)(1) [Conflict – Relationship with a Party or Witness];

5) RPC 3-310(C)(1) [Potential Conflict – Representing Multiple Clients];

6) Business and Professions Code sections 6106 [Moral Turpitude – Misrepresentation to Client];

7) Business and Professions Code sections 6106 [Moral Turpitude – Misrepresentation to Opposing Counsel];

8) Business and Professions Code sections 6106 [Moral Turpitude – Misrepresentation to the Court and Opposing Counsel];

9) RPC 3-310(D) [Conflict - Aggregate Settlement];

10) RPC 4-100(A) [Failure to Maintain Client Funds in Trust Account]

-6-

11) Business and Professions Code sections 6106 [Moral Turpitude - Misappropriation]; and

12) Business and Professions Code sections 6106 [Moral Turpitude – Misrepresentation to the State Bar],

The above constitute cause for the imposition of discipline.

When a member's default has been entered properly and not set aside or vacated within the time prescribed, the rules dispense with the analysis traditionally undertaken to determine the appropriate level of discipline. The evidentiary requirements of rule 5.85 (F)(1)(a) through (d) compelling a disbarment recommendation after default have been satisfied.

### III. CONCLUSION

Having satisfied all the required elements for a disbarment recommendation after default required by rule 5.85, the Court must recommend Helfand's disbarment.

Respectfully submitted,

THE STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL

DATED: May 28, 2019            By: _____
                                    Charles T. Calix
                                    Senior Trial Counsel

-7-
PETITION FOR DISBARMENT AFTER DEFAULT FOR FAILURE TO FILE TIMELY RESPONSE (Case No. 17-O-00411)

### DECLARATION OF CHARLES T. CALIX

I, Charles T. Calix, declare:

1. All statements made herein are based on my personal knowledge, except for those stated to be under information and belief.

2. I am an attorney licensed to practice law in the State of California. I am employed as a Senior Trial Counsel in the Office of Chief Trial Counsel of the State Bar of California.

3. This matter was assigned to me for prosecution of disciplinary charges against Helfand.

4. Attached hereto as **Exhibit 1** is a true and correct copy of the official membership address screen concerning Helfand as maintained by the State Bar of California as of May 28, 2019.

5. I am informed and therefore believe that Helfand has not contacted OCTC since OCTC filed its Motion for Default on or about December 5, 2018.

6. I am informed and therefore believe that Helfand has no pending investigations or disciplinary charges.

7. I am informed and therefore believe that Helfand does not have a prior record of discipline.

8. I am informed and therefore believe that CSF has not made payments resulting from Helfand's conduct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 28th day of May, 2019 at Los Angeles, California.

_____
Charles T. Calix

-8-
PETITION FOR DISBARMENT AFTER DEFAULT FOR FAILURE TO FILE TIMELY RESPONSE (Case No. 17-O-00411)

1



**CALIXC** | Tuesday, May 28, 2019

# Steven F. Helfand (206667) ✉

## Public Information

| Remarks | |
|---|---|
| Member Number | 206667 |

| Admit Date | 6/1/2000 | Status | Not Entitled | Status Effective | 7/3/2018 |
|---|---|---|---|---|---|

| Last/First/Middle | Helfand, Steven Franklyn |
|---|---|
| AKA | |

| Firm Name | | Address Effective | 4/4/2018 |
|---|---|---|---|
| Address Line 1 | 900 West Ave | Mail Restriction | |
| Address Line 2 | Apt 701 | Mail Return Code | |
| City/State/Zip | Miami Beach FL 33139-5212 | | |
| Foreign Address | | | |
| Foreign Phone | | Foreign Fax | |
| County/District | Non California | | |

| Phone | (415) 596-5611 | Phone Effective | 4/4/2018 |
|---|---|---|---|
| Fax | Not Available | | |
| Email | s.helfand@icloud.com | | |

| Birth Date | ███████ | Birth Place | ███████ |
|---|---|---|---|

| Undergraduate School | See Registration Card |
|---|---|
| Law School | Univ of Miami SOL, Coral Gables, FL |

## Private Information - For Internal Bar Use Only

| Email | |
| Phone Number | | Fax Number |

# DECLARATION OF SERVICE
by
U.S. FIRST-CLASS MAIL / U.S. CERTIFIED MAIL / OVERNIGHT DELIVERY / FACSIMILE-ELECTRONIC TRANSMISSION

CASE NUMBER(s): **17-O-00411-YDR**

I, the undersigned, am over the age of eighteen (18) years and not a party to the within action, whose business address and place of employment is the State Bar of California, 845 South Figueroa Street, Los Angeles, California 90017, declare that:

- on the date shown below, I caused to be served a true copy of the within document described as follows:

**PETITION FOR DISBARMENT AFTER DEFAULT FOR FAILURE TO FILE TIMELY RESPONSE; DECLARATION OF CHARLES T. CALIX [Rules 5.85, Rules of Proc.]**

☐ **By U.S. First-Class Mail: (CCP §§ 1013 and 1013(a))**
- in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County of Los Angeles.

☒ **By U.S. Certified Mail: (CCP §§ 1013 and 1013(a))**

☐ **By Overnight Delivery: (CCP §§ 1013(c) and 1013(d))**
- I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for overnight delivery by the United Parcel Service ('UPS').

☐ **By Fax Transmission: (CCP §§ 1013(e) and 1013(f))**
Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed herein below. No error was reported by the fax machine that I used. The original record of the fax transmission is retained on file and available upon request.

☐ **By Electronic Service: (CCP § 1010.6)**
Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the electronic addresses listed herein below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ *(for U.S. First-Class Mail)* in a sealed envelope placed for collection and mailing at Los Angeles, addressed to: *(see below)*

☒ *(for Certified Mail)* in a sealed envelope placed for collection and mailing as certified mail, return receipt requested,
Article No.: 9414 7266 9904 2111 0150 91        at Los Angeles, addressed to: *(see below)*

☐ *(for Overnight Delivery)* together with a copy of this declaration, in an envelope, or package designated by UPS,
Tracking No.:                                addressed to: *(see below)*

| Person Served | Business-Residential Address | Fax Number | Courtesy Copy to: |
|---|---|---|---|
| STEVEN FRANKLYN HELFAND | 900 West Ave Apt 701 Miami Beach, FL 33139-5212 | Electronic Address | |

☐ via inter-office mail regularly processed and maintained by the State Bar of California addressed to:

N/A

I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service, and overnight delivery by the United Parcel Service ('UPS'). In the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day, and for overnight delivery, deposited with delivery fees paid or provided for, with UPS that same day.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Los Angeles, California, on the date shown below.

DATED: May 28, 2019         SIGNED: *Kim Wimbish*
                                     KIM WIMBISH
                                     Declarant