# EXHIBIT C

**FILED**

OCT 08 2019

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

# PUBLIC MATTER

### STATE BAR COURT OF CALIFORNIA

### HEARING DEPARTMENT - LOS ANGELES

| | |
|---|---|
| In the Matter of ) | Case No. 17-O-00411-YDR |
| ) | |
| STEVEN FRANKLYN HELFAND, ) | DECISION AND ORDER OF |
| ) | INVOLUNTARY INACTIVE |
| State Bar No. 206667. ) | ENROLLMENT |
| ) | |

Respondent Steven Franklyn Helfand (Respondent) is charged in this case with 12 counts of violations of the Business and Professions Code[1] and Rules of Professional Conduct. Although Respondent appeared in the early part of these proceedings, he subsequently ceased participating, either in person or through counsel, and his default was entered. The Office of Chief Trial Counsel of the State Bar of California (OCTC) has filed a petition for disbarment under rule 5.85 of the Rules of Procedure of the State Bar.[2]

Rule 5.85 provides the procedure to follow when an attorney fails to participate in a disciplinary proceeding after receiving adequate notice and opportunity. The rule provides that, if an attorney's default is entered for failing to respond to the notice of disciplinary charges

---

[1] All further statutory references are to the Business and Professions Code unless otherwise indicated.

[2] Unless otherwise indicated, all references to rules are to this source.

(NDC) and the attorney fails to have the default set aside or vacated within 90 days, OCTC must file a petition requesting the court to recommend the attorney's disbarment.[3]

In the instant case, the court concludes that the requirements of rule 5.85 have been satisfied and, therefore, grants the petition and recommends that Respondent be disbarred from the practice of law.

## FINDINGS AND CONCLUSIONS

Respondent was admitted to practice law in California on June 1, 2000, and has been a licensed attorney since then.

**Procedural Requirements Have Been Satisfied**

On September 24, 2018, OCTC properly filed and served a notice of disciplinary charges (NDC) on Respondent by certified mail, return receipt requested, to his official State Bar record address. The NDC notified Respondent that his failure to participate in the proceeding would result in a disbarment recommendation. (Rule 5.41.)

On October 23, 2018, Respondent and OCTC filed a stipulation to extend the time for filing a response to the NDC. Respondent also appeared telephonically at a status conference on October 26, 2018. Upon the parties' agreement for an extension, the response to the NDC was due for filing on November 8, 2018.

However, Respondent failed to file a response to the NDC by the extended deadline, and on December 5, 2018, OCTC properly filed and served a motion for entry of Respondent's default by first class mail and certified mail, return receipt requested. The motion complied generally with the requirements for a default, including a supporting declaration of reasonable diligence by OCTC deputy trial counsel declaring steps taken to provide notice to Respondent.

---

[3] If the court determines that any due process requirements are not satisfied, including adequate notice to the attorney, it must deny the petition for disbarment and take other appropriate action to ensure that the matter is promptly resolved. (Rule 5.85(F)(2).)

(Rule 5.80.)[4] The motion also notified Respondent that, if he did not timely move to set aside his default, the court would recommend his disbarment.

Respondent did not file a response to the motion, and his default was entered on January 15, 2019. The order entering the default was served on Respondent at his official State Bar record address by certified mail, return receipt requested. The court also ordered Respondent's involuntary inactive enrollment as a licensed attorney of the State Bar under Business and Professions Code section 6007, subdivision (e), effective three days after service of the order. He has remained inactively enrolled since that time.

Respondent did not seek to have his default set aside or vacated. (Rule 5.83(C)(1) [attorney has 90 days to file motion to set aside default for failure to respond to NDC].)

On May 8, 2019, OCTC properly filed and served the petition for disbarment on Respondent at his official State Bar record address by certified mail, return receipt requested. As required by rule 5.85(A), OCTC reported in the petition that: (1) there has been no contact with Respondent since his default was entered; (2) there are no disciplinary charges or investigations pending against Respondent; (3) Respondent has no prior record of discipline; and (4) the Client Security Fund has not paid any claims as a result of Respondent's misconduct.

Respondent has not responded to the petition for disbarment or moved to set aside or vacate the default. The case was submitted for decision on September 17, 2019.

**The Admitted Factual Allegations Warrant the Imposition of Discipline**

Upon entry of Respondent's default, the factual allegations in the NDC are deemed admitted and no further proof is required to establish the truth of such facts. (Rule 5.82.) As set forth below in greater detail, the factual allegations in the NDC support the conclusion that

---

[4] Although OCTC's declaration did not technically state whether or not a signed return receipt for the NDC was received from Respondent as required by rule 5.80(B), the declaration, as well as the court record, establishes that Respondent had actual notice of these disciplinary proceedings.

-3-

Respondent is culpable as charged and, therefore, violated a statute, rule or court order that would warrant the imposition of discipline. (Rule 5.85(F)(1)(d).)

**Case Number 17-O-00411 (Branch Matter)**

Count One – Although Respondent claimed he never represented Jeanelle Branch (Branch) or prepared the Objection of Jeanelle Branch to Proposed Settlement and Notice of Intent to Appear (Objection), dated June 30, 2016, on her behalf in United States District Court case *Cynthia E. Spann v. J.C. Penney Corporation, Inc.*, case No. 8:12-cv-00215-FMO-KES (class action proceeding), United States District Court, Respondent claimed to learn that the Objection was filed using his identity as attorney of record no later than the date that he received class counsel's Reply Memorandum in Support of Motion for Attorney's Fees on July 29, 2016. Respondent nevertheless intentionally took no action to notify the United States District Court that he did not represent Branch and that he had not prepared and filed the Objection on her behalf, notwithstanding that his identifying information, name, and/or typed signature appear as Branch's attorney of record on the first page, signature page, and certificate of service on that document. Respondent thereby willfully violated section 6068, subdivision (d) (seeking to mislead a judge).

Count Two – By intentionally taking no action to notify the United States District Court that he did not represent Branch or prepare and file the Objection on her behalf, Respondent dishonestly sought to mislead a judge, thereby committing an act involving moral turpitude in willful violation of section 6106.

Count Three – Respondent willfully violated section 6104 (appearing for party without authority) by filing a Notice of Appeal of the Judgment and Order Re: Motion for Final Approval (Notice of Appeal) on behalf of Branch and two other parties to the class action proceeding without Branch's authority, knowledge or consent.

Count Four – Respondent willfully violated former rule 3-310(B)(1) of the Rules of Professional Conduct[5] (relationship with a party) by accepting and continuing the representation of multiple clients without providing written disclosure of Respondent's legal, financial, and personal relationship with one party and Respondent's legal and financial relationship with another party in the same matter.

Count Five – Respondent willfully violated former rule 3-310(C)(1) of the Rules of Professional Conduct (representing multiple clients with a potential conflict of interest) by representing Branch and two other parties in the class action proceeding whose interests potentially conflicted without notifying the clients of the relevant circumstances or the actual and reasonably foreseeable adverse consequences to the clients or obtaining the clients' written consent.

Count Six – Respondent willfully violated section 6106 by making false and misleading statements to a client regarding the client's case. On October 14, 2016, Respondent falsely told Lonnie Tiran (Tiran) that class counsel was considering seeking sanctions against Tiran's spouse, Branch, because of the filing of the Objection, but that Respondent's filing of the Notice of Appeal on behalf of Branch and two other parties would protect Branch from those sanctions. On December 9 and 12, 2016, Respondent wrote to Tiran, repeating the false sanctions threat from opposing counsel, falsely claiming that opposing counsel had "reached its payment limit" of $12,500 for each appeal, stating that Respondent had authority to settle the Notice of Appeal for amounts that were false; and giving Respondent false authority to distribute the settlement proceeds. By making the foregoing false or misleading statements, Respondent thereby committed acts involving moral turpitude.

---

[5] References to the former Rules of Professional Conduct are to the State Bar Rules of Professional Conduct that were operative until October 31, 2018.

Count Seven – Respondent willfully violated section 6106 by making numerous misrepresentations to opposing counsel on October 18, 2016 by falsely stating to him: (1) Respondent knew Branch prior to the time the Objection was filed in the class action, but only by her maiden name, and therefore did not recognize her name from the Objection; (2) Respondent knew Tiran prior to the date the Objection was filed; and (3) Branch prepared the Objection and placed Respondent's name on it without Respondent's authority because she believed that she needed an attorney's name on it. Between November 1 and 4, 2016, during negotiations in the settlement of the appeal that Respondent had filed on behalf of Branch and two other parties, Respondent also falsely and/or misleadingly stated to opposing counsel that the parties he represented would dismiss the appeal in exchange for the amount of $45,000, when the parties had not authorized him to dismiss or settle. By making the foregoing false and/or misleading statements to opposing counsel, Respondent committed acts involving moral turpitude.

Count Eight – Respondent willfully violated section 6106 by making misrepresentations to the court and opposing counsel that his client Branch "hereby move[s] the Court [f]or an order dismissing the above captioned appeal," thereby committing an act involving moral turpitude.

Count Nine - Respondent willfully violated former rule 3-310(D) of the Rules of Professional Conduct by representing three clients, i.e. Branch, W.R.E., and P.S.S., whose interests potentially conflicted, in settlement discussions with opposing counsel, and entered into aggregate settlement of the clients' claims, without informing his clients of the relevant circumstances or of the actual or reasonably foreseeable adverse consequences of the aggregate settlement and without obtaining the written consent of the clients to the aggregate settlement.

Count Ten – Respondent willfully violated former rule 4-100(A) of the Rules of Professional Conduct by depositing client funds in his client trust account and thereafter failing

to maintain sufficient client funds in his client trust account to pay the $15,000 amount that he owed to his client Branch.

Count Eleven – Respondent willfully violated section 6106 by misappropriating $15,000 that Branch was entitled to receive, thereby committing an act involving moral turpitude.

Count Twelve – Respondent willfully violated section 6106 by making numerous misrepresentations to the State Bar on April 24, 2017, and April 9, 2018. Respondent falsely told the State Bar that he filed a notice of appeal on behalf of Branch and others without authorization out of an abundance of caution, as he could not contact Branch prior to the expiration of the appellate deadline; that filing this appeal is something which is routinely done without creating an attorney client relationship and suggested by the Federal Rules of Appellate Procedure, cases, and commentary; and that Respondent requested from Tiran but never received a copy of the written retainer agreement with Palmer. Respondent also repeated to the State Bar some of his earlier false representations that Tiran had authorized Respondent to settle for any amount, including the specific range of range of $500-$1,000; that Respondent and Tiran had extensively discussed, and Tiran and all other parties had approved, the distribution of settlement proceeds and the fee split; that opposing counsel in the case threatened to request sanctions against Branch; and that Tiran and Branch were not his clients at the time the Objection was filed and that they had placed his name as attorney of record on the Objection without his knowledge." By making the foregoing misrepresentations, Respondent committed acts involving moral turpitude.

**Disbarment Is Recommended**

Based on the above, the court concludes that the requirements of rule 5.85(F) have been satisfied, and Respondent's disbarment is recommended. In particular:

(1) The NDC was properly served on Respondent under rule 5.25;

(2) Reasonable diligence was used to notify Respondent of the proceedings prior to the entry of his default;

(3) The default was properly entered under rule 5.80; and

(4) The factual allegations in the NDC, deemed admitted by the entry of the default, support a finding that Respondent violated a statute, rule or court order that would warrant the imposition of discipline.

Despite adequate notice and opportunity, Respondent failed to participate in this disciplinary proceeding. As set forth in the Rules of Procedure of the State Bar, the court recommends his disbarment.

## RECOMMENDATIONS

**Disbarment**

It is recommended that Steven Franklyn Helfand, State Bar number 206667, be disbarred from the practice of law in California and that his name be stricken from the roll of attorneys.

**California Rules of Court, Rule 9.20**

It is further recommended that Respondent be ordered to comply with the requirements of California Rules of Court, rule 9.20, and to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of the Supreme Court order in this proceeding.[6]

---

[6] For purposes of compliance with rule 9.20(a), the operative date for identification of "clients being represented in pending matters" and others to be notified is the filing date of the Supreme Court order, not any later "effective" date of the order. (*Athearn v. State Bar* (1982) 32 Cal.3d 38, 45.) Further, Respondent is required to file a rule 9.20(c) affidavit even if Respondent has no clients to notify on the date the Supreme Court filed its order in this proceeding. (*Powers v. State Bar* (1988) 44 Cal.3d 337, 341.) In addition to being punished as a crime or contempt, an attorney's failure to comply with rule 9.20 is, inter alia, cause for disbarment, suspension, revocation of any pending disciplinary probation, and denial of an application for reinstatement after disbarment. (Cal. Rules of Court, rule 9.20(d).)

-8-

**Costs**

It is further recommended that costs be awarded to the State Bar in accordance with Business and Professions Code section 6086.10, and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment. Unless the time for payment of discipline costs is extended pursuant to section 6086.10, subdivision (c), costs assessed against a licensed attorney of the State Bar who is actually suspended or disbarred must be paid as a condition of reinstatement or return to active status.

### ORDER OF INVOLUNTARY INACTIVE ENROLLMENT

In accordance with Business and Professions Code section 6007, subdivision (c)(4), the court orders Steven Franklyn Helfand, State Bar number 206667, be involuntarily enrolled as an inactive licensed attorney of the State Bar of California, effective three calendar days after the service of this decision and order. (Rule 5.111(D).)

Dated: October 7, 2019

YVETTE D. ROLAND
Judge of the State Bar Court

# CERTIFICATE OF SERVICE

[Rules Proc. of State Bar; Rule 5.27(B); Code Civ. Proc., § 1013a(4)]

I am a Court Specialist of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of Los Angeles, on October 8, 2019, I deposited a true copy of the following document(s):

DECISION AND ORDER OF INVOLUNTARY INACTIVE ENROLLMENT

in a sealed envelope for collection and mailing on that date as follows:

☒   by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

> STEVEN FRANKLYN HELFAND
> 900 WEST AVE
> APT 701
> MIAMI BEACH, FL  33139-5212

☒   by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

> CHARLES T. CALIX, Office of Chief Trial Counsel, Los Angeles

I hereby certify that the foregoing is true and correct. Executed in Los Angeles, California, on October 8, 2019.

*Angela Carpenter* (signature)
Angela Carpenter
Court Specialist
State Bar Court