UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:19-CV-20592-MARTINEZ/OTAZO-REYES

VASSILIOS KUKORINIS, on behalf of himself
and those similarly situated,

    Plaintiff,

vs.

WALMART, INC., a Delaware
Corporation

    Defendants.

FILED BY_____D.C.

OCT 13 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## NOTICE OF OBJECTION BY CLASS MEMBER, STEVEN F. HELAND; NOTICE OF INTENT TO ATTEND THE FAIRNESS HEARING ON ZOOM

Class member / actual *Objector*, in *pro se*, STEVEN F. HELFAND,[1] [hereafter "HELFAND"] respectfully files this *Objection*.

HELFAND previously appeared at the Court's status conference which is set for October 7, 2020.

1. The proposed settlement caps relief at just shy of ten million dollars. See, Settlement Agreement, ¶ 6.1 ["In no event will the total payments by Walmart pursuant to this settlement exceed the Ceiling of $9,500,000.00."]. "Reasonable Attorneys' Fees, Costs, and Expenses. Settlement Class Counsel shall apply to the Court for an award of reasonable

---

[1] Helfand is not an ordinary, *pro se*, litigant, having graduated from the *University of Miami, School of Law* in December 1999. Objector was admitted to the *State Bar of California* for nearly twenty years. While no longer eligible to practice and disabled, Objector discloses this up-front to the Court because lessened pleading standards for *pro se* litigants generally, are plainly inapplicable here.

Attorneys' Fees, Costs, and Expenses that shall count against the Floor." See, Settlement Agreement, ¶ 6.2. There is a disconnect between the Floor and the proposed fee award. The take-rate must be ascertained to determine whether the proposed fee award is reasonable.

2. As an initial matter, HELFAND submits that his objection must first be submitted to Michelle Yoshida to mediate this matter in the first instance, at least according to the Settlement Agreement. Only if Ms. Yoshida cannot resolve the objection, can the objection even be submitted for final approval. Objector agrees this makes no sense and is contrary to Rule 23. However, it is what the Settlement Agreement, presumably, requires. Settlement Agreement, ¶ 25.8. The parties have not met their own pre-conditions for triggering a controversy with the Court. Settlement Agreement, ¶ 25.8.

3. The Settlement Agreement provides: "6.2.2. Reasonable Service Award. Settlement Class Counsel shall apply to the Court for a Service Award that shall count against the Floor. Walmart takes no position on the amount to be sought by Settlement Class Counsel for a Service Award, but does not object to a reasonable Service Award sought in accordance with this Agreement. The denial by the Court of any such application shall not affect the validity and enforceability of the Settlement and shall not be a basis for anyone to seek to void the Settlement."

4. Class counsel is obligated to apply for a fee award even though such awards are not lawful pursuant to binding circuit precedent. *Johnson v. NPAS Sols*. LLC, 2020 U.S. App. LEXIS 29682, 28 Fla. L. Weekly Fed. C 1915, ____ F.3d ____, 2020 WL 5553312. This provision is obviously the result of a contractual provision between Class Counsel and the named

representative. No award can be made to the named representative. But this is only the start of the analysis.

5. What was promised to the named representative in light of the illegality of the underlying promise, confirmed in the Settlement? One Circuit Court has already confirmed that illegal incentive payments promised to the named representative result in the forfeiture of Class Counsel's attorney's fees. Such a result may be onerous here, but we need more information. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 2009 U.S. App. LEXIS 8680, 2009-1 Trade Cas. (CCH) P76,614 [At the start of the litigation, several class representatives signed retainer agreements that required class counsel to request incentive awards that increased on a sliding scale as the class's monetary recovery increased. The class representatives thus did not adequately represent the class.]. See, *Rodriguez II*, 688 F.3d at 656-657.

6. Helfand was a participant in the *Rodriguez* case. It is obvious here in this case the named representative cannot be an adequate representative. He was promised money; then made an uninvited filing to the Court both class counsel and Walmart are attempting to seal. The declaration must be transparent under these circumstances. The preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar is paramount. It cannot be achieved in this instance when there is no transparency.

7. The utter lack of transparency is a concession of inadequacy, certainly by the named representative; but also possible, and regrettably by class counsel. As a result, the fees payable to Class counsel should be struck or reduced as was the result in *Rodriguez.*

8. In fact, the Settlement Agreement is internally inconsistent and cannot be approved. It states at Settlement Agreement, ¶ 15, "DUTIES OF THE PARTIES FOLLOWING PRELIMINARY COURT APPROVAL [...]

9. 15.1 Following preliminary approval by the Court of the Settlement, and no later than the filing of the motion for final approval, Settlement Class Counsel will submit a proposed Final Judgment and Order of Dismissal substantially similar to the form of the Final Judgment and Order of Dismissal attached hereto as Exhibit E. The proposed Final Judgment and Order of Dismissal shall:" [including]

10. 15.1.5. Approve the Service Award [.]

11. Notably, the Settlement Agreement does not provide a curative instruction as to Settlement Agreement, ¶ 15.1.5. Significantly, Settlement Agreement, ¶ 18, does not provide any relief for the voiding of the incentive award. The settlement agreement must be approved in full, and the modification and integration clause(s) do not allow relief for failure to approve the illegal incentive payment to the name representative. Settlement Agreement, ¶ 25.2; 25.3. The agreement states: "VOIDING THE AGREEMENT [] 18.1 In the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Settlement Agreement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, or other litigation against Walmart, and the Parties shall return to their respective positions prior to the Court's consideration of this Settlement. []18.2 In the event that the Court does not approve the Attorneys' Fees, Costs, and Expenses in the amount requested by

Settlement Class Counsel, or in the event that the Attorneys' Fees, Costs, and Expenses requested by Settlement Class Counsel is reduced, that finding shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable. Settlement Class Counsel retains their right to appeal any decision by the Court regarding the Attorneys' Fees, Costs, and Expenses."

12. The class action settlement confirms it cannot be certified for settlement purposes. The parties stipulated: "Given the difficulties in ascertaining individual Settlement Class Members, the Parties agree that publication notice (including through the internet) is the best practicable notice of this Settlement." See, Settlement Agreement, ¶ 7.1. This is simply not a certifiable class action due to the inability to identify class members. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 2017 U.S. App. LEXIS 20, 96 Fed. Serv. 3d (Callaghan) 762, 2017 WL 24618. This stipulation was evidently made in an instance of misguided candor.

13. Internet notice is inadequate as a matter of law. Individualized notice can be provided, but Walmart deems this too expensive. Why not send notice to all registered persons for walmart.com? Has this been done? More information should be disclosed as to notice as its effectualness. This sort of disclosure would be easy and inexpensive. Walmart knows who is a class member based on the online orders alone. In person shoppers would get the benefit of publication notice.

14. The Objection process is nonsensical. HELFAND discloses he is a prolific class action objector. Some court's have labelled him a serial or professional objector. However, HELFAND is still a class member. Any objections are public records and equally available to the parties. The requirement that materials be provided is unduly burdensome. Moreover,

HELFAND suffered a casualty that caused the loss of all his paperwork; he simply cannot comply with this requirement because he has no materials in his custody, control and possession.

15. The settlement release is over-broad. Settlement Agreement, ¶ 13.1. It could be construed to release claims for emotional distress and personal injury. The release even goes so far as to release "unanticipated" claims. Settlement Agreement, ¶ 13.3. This underscores the problem. What are they?

16. Paragraph 22.1 of the Settlement Agreement is illegal.

October 13, 2020                           /S/ Steven F. Helfand
                                           Class Member

STEVEN F. HELFAND
1400 SW 137TH AVENUE, F 112
PEMBROKE PINES, FL 33027
786.676.1018
1400STEVEN.HELFAND@GMAIL.COM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of October, 2020, that a true and correct copy of the foregoing was emailed and served on all counsel for parties appearing in this action.

October 4, 2020                            /S/ Steven F. Helfand
                                           Class Member