UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:19-CV-20592-MARTINEZ/OTAZO-REYES

VASSILIOS KUKORINIS, on behalf of himself and those similarly situated,

        Plaintiff,

v.

WALMART, INC., a Delaware corporation

        Defendant.

**DECLARATION OF JOHN A. YANCHUNIS IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES, AND SERVICE AWARD**

I, John A. Yanchunis, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am one of the attorneys representing Plaintiff in this matter and was preliminarily appointed as Class Counsel. I submit this declaration in support of Plaintiff's Unopposed Motion for Attorney's Fees, Costs, and Expenses and Service Award. The facts herein stated are true, of my own personal knowledge, and if called to testify to such facts, I could and would do so competently

2. I have been licensed to practice law in the state of Florida since 1981.

3. I was one of the principal lawyers in charge of all aspects of the litigation and I worked to ensure that Plaintiff and the class which he sought to represent was zealously represented, while also ensuring efficiency and reducing duplicative effort.

4. I began the practice of law following the completion of a two-year clerkship with the Honorable Carl O. Bue, Jr., United States District Judge, Southern District of Texas, Houston

1

Division. The vast majority of my practice, spanning more than 38 years, has concentrated on complex litigation, including consumer class actions for over 20 of those years. I have represented consumers in class action cases, including before this Court as co-lead counsel with Tod Aronovitz in the successful prosecution and settlement of two of the largest class action cases in the United States: *Fresco v. Automotive Directions, Inc.*, No. 03-61063-JEM, and *Fresco v. R.L. Polk*, No. 07-cv-60695-JEM (S.D. Fla.). My role as lead counsel in these cases is particularly noteworthy as these cases were filed against the world's largest data and information brokers, including Experian, R.L. Polk, Acxiom, Reed Elsevier (which owns Lexis/Nexis), and other companies to protect the important privacy rights of consumers.

5. I presently serve and have served in the past as lead, co-lead, or class counsel in numerous class actions across the country in a wide variety of areas affecting consumers, including, but not limited to, antitrust, defective products, life insurance, annuities and unfair and deceptive acts and practices. I also serve as lead counsel or co-lead counsel in several multi-district class cases in federal courts across the United States, including one involving 194 million U.S. and 270,000 Israeli users of Yahoo's services (which recently achieved final approval)[1] as well as the data breach involving Capital One, which impacted the information of nearly 100 million individuals.

6. As a result of my experience in litigation against the insurance industry, including class litigation, I served as lead counsel for the insurance regulators for the state of Florida in connection with their investigations of a number of insurance companies and brokers regarding allegations of price fixing, bid rigging, undisclosed compensation and other related conduct, and

---

[1] *See In re: Yahoo! Inc. Customer Data Sec. Breach Litig.*, 16-MD-02752-LHK, 2020 WL 4212811 (N.D. Cal. July 22, 2020).

negotiated a number of settlements with insurance companies and brokers who were the subject of those investigations. These investigations resulted in the recovery of millions of dollars for Florida policyholders and the implementation of changes to the way insurance is sold in Florida and throughout the United States.

7. I also have significant trial experience and over the years I have tried many cases. One case in particular, an insurance coverage case filed in 1991 by The Celotex Corporation and its subsidiary, Carey Canada, Inc., where, during the 17 years that case was pending, I was lead trial counsel for seven of the 42 insurance companies sued at the inception of the case. While five of those seven insurance companies settled at various times in the case, two of my insurance company clients did not settle and eventually prevailed at trial. The case was tried in three phases and took almost 200 trial days over several years. I continued to represent and successfully defended those clients through appeals.

8. We filed this matter on behalf of Mr. Kukorinis on February 13, 2019, accusing Walmart of engaging in the systematic overcharging for beef, pork, poultry, fish, and other types of packaged foods marked with unit pricing and sold accordingly thereto.a significant amount of investigation had been conducted prior to the filing of the litigation, which continued following the complaint. This investigation involved a determination of whether the practices which were the target of the complaint were occurring nationwide.

9. On April 8, 2019, Walmart filed its Motion to Dismiss. (Doc. No. 14).

10. On April 22, 2019, Plaintiff filed his Amended Complaint (Doc. No. 15) and on May 17, 2019, Defendant responded by filed a Motion to Dismiss same (Doc. No. 24).

11. Briefing was completed on Defendant's Motion to Dismiss and on June 1, 2019, the Court entered its Order Denying Defendant's Motion to Dismiss (Doc. No. 30).

12. Subsequently, the parties began exploring the potential for resolution of Plaintiff's claims on a class-wide basis. These discussions were prompted by the parties' desire to avoid the expense, uncertainties, and burden of protracted litigation, and to put to rest any and all claims or causes of action that have been, or could have been, asserted against Defendant.

13. The parties' engaged in a mediation with Mediator Michelle Yoshida of Phillips ADR on November 19, 2019. These negotiation were conducted in Ms. Yoshida's office in Orange County, California. Plaintiff travelled from Florida to and did attend the mediation. At all times, the parties' negotiations were adversarial, non-collusive, and conducted at arm's length. During this all-day session, the parties set forth and discussed their respective positions on the merits of the putative class claims and the potential for a settlement that would involve class-wide relief. The parties exchanged offers and counteroffers and negotiated the points of each vigorously. The parties ultimately reached an agreement in principle on the material terms of a class action settlement during this mediation. Attorneys' fees, costs, expenses and the service award to the Class Representative were not discussed or negotiated until after the parties had reached an agreement on the framework and material terms of the Settlement. Thereafter, the parties focused their efforts on documenting the terms of the settlement, which were ultimately memorialized in the Settlement Agreement ("Settlement"), attached to the Motion for Preliminary Approval.

14. Throughout the settlement process, proposed Class Counsel—Mr. McGee and I—carefully weighed: (1) the benefits to the Class Representative and the Class under the terms of this Settlement, which provides significant relief to the Class; (2) the attendant risks and uncertainty of litigation, an assessment I felt confident I could make based on my trial experience, as well as the difficulties and delays inherent in such litigation, including the challenges to certification of a class, both at the trial court level and at the appellate level if we were successful

in obtaining an order certifying the class; (3) the desirability of consummating the present Settlement to ensure that the Class receives a fair and reasonable Settlement; and (4) providing Plaintiff and Class Members prompt relief.

15. The hourly rates of the professionals in my firm, including my own, reflect experience and accomplishments in the area of class litigation. The rate of $950 per hour which I charge for my time is commensurate with hourly rates charged by my contemporaries around the country, including those rates charged by lawyers with my level of experience who practice in the area of class litigation across the nation. Prior to submitting the motion for attorneys' fees, costs and expenses, I compared and confirmed the hourly rate of the professionals in my firm with lawyers at other law firms whose practice is focused on class litigation. Moreover, as I have been retained as an expert on attorneys' fees in other class cases, and as part of my legal education, I routinely survey hourly rates charged by lawyers around the country in published surveys, and review continuously as part of my continuing education, opinions rendered by courts on attorneys' fee requests.

16. The billable rates charged by the attorneys and other professionals in my law firm, for non-document review work, as set forth herein have been approved by other federal and state courts as follows:

   a. *In re: Yahoo! Inc. Customer Data Sec. Breach Litig.*, 16-MD-02752-LHK, 2020 WL 4212811, at *26 (N.D. Cal. July 22, 2020) (approving as reasonable rates of class counsel, which included $900 for John Yanchunis, and $550 for Messrs. Barthle and Cohen, and finding as reasonable: "billing rates for partners range from about $450 to $900, depending on seniority level," "billing rates for non-partner attorneys, including of counsel, associates, and staff/project attorneys, range from about $160 to $850, with most under $500," and "billing rates for paralegals range from $50 to $380")

   b. *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No 1:17-md-02800-TWT, ECF 956 at 105 (N.D. Ga. Jan. 13, 2020), (approving as reasonable rates of class counsel, which included $950 for John Yanchunis, and approving rates ranging from $750 - $1050 for lead counsel).

  c. *Walters v. Kimpton Hotel & Restaurant*, No. 3:16-cv-05387, ECF 117 (N.D. Cal. July 11, 2019), *id*., ECF 113-1 (May 8, 2019) (identifying Morgan and Morgan rates of $864-950 for partners, $450-636 for associates, $196 for paralegals, and $300 for investigators);

  d. *Finerman v. Marriott Ownership Resorts, Inc.*, No. 3:14-cv-01154, ECF 222 (M.D. Fla. Aug. 15, 2018); *id*., ECF 222 (May 7, 2018) (identifying Morgan and Morgan rates of $950 for John Yanchunis, $450-864 for associates, $196 for paralegals, and $300 for investigators);

  e. *Sanborn v. Nissan N. Am., Inc.*, No. 0:14-cv-62567, ECF 200 at 3 (S.D. Fla. Jan. 6, 2017); *id*., ECF 195-3 at 4 (Oct. 14, 2016) (identifying Morgan and Morgan rates of $950 for John Yanchunis, $450 for associate); and,

  f. *Dyer v. Wells Fargo Bank, N.A.*, No. 3:13-cv-02858, ECF 51 at 10 (N.D. Cal. Oct. 22, 2014); *id*., ECF 43-1 (July 11, 2014) (identifying Morgan and Morgan rates of $900 for John Yanchunis, $550 for associate).

17. The lawyers and other professional staff of my firm maintain and record their respective time and the specific services they perform contemporaneously in a computerized system. Based upon the records in this system, my firm's lodestar is in excess of 595 hours as of October 14, 2020, amounts to $397,128.00 in lodestar. Additional time will be spent to prepare the motion for final approval and respond to any objections, to prepare for and attend the fairness hearing and obtain final approval, to defend any appeals taken from the final judgment approving settlement, and ensure that the distribution of settlement proceeds to class members is done in a timely manner in accordance with the terms of the settlement. I assert that the attorneys' fees sought in the motion for attorneys' fee is reasonable and seeks fair and reasonable compensation for undertaking this case on a contingency basis, and for obtaining the relief for Plaintiff and the class. Throughout this action, we have been challenged by highly experienced and skilled counsel who deployed very substantial resources on Defendant's behalf.

18.     The chart below reflects the amount of time spent by me and members of my firm in the prosecution of this case:

| MORGAN & MORGAN COMPLEX LITIGATION GROUP | | | |
|---|---|---|---|
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| John Yanchunis, Lead Partner | $950 | 91.2 | $86,640.00 |
| Ryan J. McGee | $742 | 337.3 | $250,276.60 |
| Jean Sutton Martin | $894 | 1.4 | $1,251.60 |
| Patrick Barthle | $658 | 5.4 | $3,553.20 |
| Marcio Valladares | $864 | 18.5 | $15,984.00 |
| David Reign, Investigator | $300 | 56.4 | $16,920.00 |
| Lee Walters, Investigator | $300 | 52.5 | $15,750.00 |
| Andrea Carbone, Paralegal | $202 | 18 | $3,636.00 |
| Lorraine Carreiro, Paralegal | $202 | 8.9 | $1,797.80 |
| Jennifer Cabezas, Paralegal | $202 | 4.9 | $989.80 |
| **Total** | | **595** | **$397,128.00** |

19. A breakdown of my firm's costs and expenses, again which I assert are reasonable, are pulled from a computerized database maintained by individuals in the accounting office of my firm and which were checked for accuracy, are reflected below.

| **Description** | **Subtotals** | **Totals Per Category** |
|---|---|---|
| **Court Fees** | | **$400.00** |
| Filing Fee | $400.00 | |
| **Professional Services** | | **$42,209.86** |
| Expert Services (the identity of the expert was never disclosed in litigation; Counsel will provide the Court with the invoices for *in camera* review) | $22,000.00 | |
| Tampa Process, LLC | $150.00 | |
| Patrick M. Hanretty | $1,058.85 | |
| Phillips ADR Enterprises | $15,500.00 | |
| James W. Cross and Associates | $1,077.55 | |

7

| | | |
|---|---:|---:|
| Michael T. Patkus | $234.08 | |
| National Consumer Law Center, Inc. | $160.00 | |
| Wagner & Wagner Investigations and Process Service | $1,935.28 | |
| PACER | $94.10 | |
| **Copies & Printing** | | **$1,134.75** |
| Color Printing / Copies | $288.00 | |
| Black and White Printing / Copies | $56.00 | |
| Avalon Document Services | $790.75 | |
| **Shipping, Long Distance & Printing** | | **$38.49** |
| FedEx | $35.52 | |
| Postage | $2.97 | |
| **Travel Expenses to attend hearings, depositions and the mediation of this case** | | **$8,178.23** |
| John A. Yanchunis | $5,716.30 | |
| Ryan McGee | $1,706.61 | |
| Lee Walters | $755.32 | |
| | **Total** | **$51,961.33** |

20. As stated above, a number of tasks will be required of my firm to conclude the litigation. In my experience leading class actions of this type and magnitude, I reasonable estimate that the future number of hours required to bring this Settlement to finality would be:

8

| Additional Work Required of Class Counsel | Projected Hours |
|---|---|
| Work reviewing and responding to objections | 100 |
| Continued work preparing and finalizing the Motion for Final Approval, and preparing for and attending the final hearing | 75 |
| Responding to and litigating any appeals taken | 400 |
| Overseeing the administration of the Settlement | 100 |
| **Total** | **675** |

21.     Based on my past experience with matters of this type and magnitude, I reasonably anticipate that a blended rate of $650 per hour would be reasonable for the anticipate hours to be expended bringing this matter to finality. Applying that rate to the anticipated 675 hours needed to bring this case to finality, the additional work required would result in a lodestar of approximately $438,750.00. I also reasonably estimate that anticipated future costs to accomplish these same tasks would amount to $10,000.00.

22.     Although the present case was resolved before trial, we invested significant time and resources investigating and litigating this action. Specifically, among other work, we (1) consulted with Class Representative Vassilios Kukorinis throughout the course of this case and reviewed the facts and documentation that he had developed while shopping at Walmart ; (2) investigated his claims through investigators , including two former and now retired FBI agents who employed by my firm; (3) researched claims that could be and eventually were pursued in the Complaint;(4) drafted the Complaint, and subsequently an Amended Complaint ; (5) prepared and served discovery on Defendant; (6) reviewed documents and data produced by Defendant; (7)reviewed, responded to and briefed a motion to dismiss  (8) conferred with an expert to model damages; (8) traveled for mediation, where we negotiated a comprehensive class action settlement;

9

(9) drafted and filed a motion for preliminary approval of the settlement and supporting memorandum and exhibits, ; and (10) drafted and filed this motion for attorneys' fees, costs and expenses.

Executed this 14th day of October, 2020 at Tampa, Florida.

By: /s John A. Yanchunis
John A. Yanchunis, Esq.