# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

**Case No. 1:19-CV-20592-MARTINEZ/OTAZO-REYES**

**VASSILIOS KUKORINIS, on behalf of himself and those similarly situated,**
**Plaintiff,**

**v.**

**WALMART, INC., a Delaware corporation**
**Defendant.**

FILED BY _____ D.C.

NOV 06 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## DECLARATION OF STEVEN F. HELFAND IN SUPPORT OF THE MOOTNESS RE: THE SEALING OF THE DECLARATION OF THE NAMED REPRESENTATIVE AT ECF DOCUMENT 43

Steven F. Helfand avers as follows:

1. HELFAND is a class member in the above case. HELFAND has appeared in this matter and is subject to the Court's jurisdiction.

2. On October 7, 2020, this Court held a hearing at which the sealing of ECF Document 43 was discussed. The Court heard extensive arguments by HELFAND and counsel for the parties regarding the general public's right to access the case file, including ECF Document 43.

3. HELFAND did not have access to ECF Document 43 at the time.

4. HELFAND has recently obtained ECF Document 43 from a publicly available website. The website is www.docketbird.com. The declaration found at www.docketbird.com and identified as ECF Document 43 is attached. This declaration was not available at the time of status conference hearing (and HELFAND was unable to find it in spite of looking for it).

5. Today, a simple, and straightforward *Google* web-search now reveals the entirety of the document in question on multiple websites and platforms, including *Reuters*. See, Ex. B. Incredibly, the *Reuter's* story is dated October 27, 2020, well after ECF Document 43 was struck and blocked from public access on *Pacer*. It was also twenty days **after** the status hearing where the Court considered extensive legal arguments on the subject. The *Reuter's* reporter indicates in her article that she spoke with Attorney Mark Salky and Mr. Salky referred her to a *Wal-Mart* spokesperson. In spite of knowing then, that the story and the declaration would receive significant dissemination across a variety of media channels, Mr. Salky failed to alert the Court that the sealing issue was or should be moot or the facts surrounding anticipated dissemination.

6. In fact, it appears that the named representative may have purposefully contacted members of the press and/or other attorneys so as to more widely distribute his declaration. The full declaration is available on many, globally based, websites. See, Ex. C. It contains a hyper-link to other websites where the declaration can be viewed and downloaded, in full.

7. Yet, the settling parties still seek to cloak the document with secrecy; purporting to hide its contents from the general public who are suggested to go to this Court's docket to review pertinent case related files, all the while imposing on this Court's time, while, otherwise, ignoring that the general public already has access to it. This all raises many troubling questions best reserved for the fairness hearing. Specifically, given the widespread public dissemination of ECF Document 43 through a variety of media channels, the issue of sealing ECF Document 43 is now or should be moot.

8. While the Court may be justified in striking the document; sealing the document is an entirely other matter and makes no sense in light of wide-scale dissemination.

9. HELFAND has attached ECF Document 43: not in any way to violate any prior or future *Order* issued by this Court.   It is to **promptly notify** the Court of the situation which developed at or about October 27, 2020, and which should have been immediately raised with the Court by the settling parties, particularly Walmart, given Mr. Salky's press-communications. Exhibits A, B and C are attached to demonstrate the widespread access of the document, disclosures likely purposefully made to the press by the named representative and Mr. Salky (including after it was struck and after they both argued for its' sealing), how it was obtained and the overall mootness relating to any sealing-related issue.  HELFAND filed this declaration so that the Court becomes aware of something it may not know.  If this declaration is deemed impertinent by the Court, HELFAND shall not oppose striking it or any specific attachments.

10.  In conclusion, given the policy issues at stake and the general public's right to access, the parties should have promptly notified the Court of widespread dissemination of ECF Document 43, but failed to do so.  Neither settling parties have been candid, as to either the contents of ECF Document 43 or its widespread disclosure.  See, *e.g.*, United States v. Bolton, 2020 U.S. Dist. LEXIS 108360, __ F. Supp. 3d __, 2020 WL 3401940 [noting the "horse is already out of the barn" by dissemination to the general public].

This declaration is made under penalty of perjury pursuant to the laws of the United State of America and executed on November 5, 2020.

November 5, 2020                                       _____ /S/ _____

Steven F. Helfand
*1400 SW 137th Avenue, F112*
*Pembroke Pines, FL 33027*
*786.676.1018*

# *EXHIBIT A*

Case 1:19-cv-20592-JEM   Document 58   Entered on FLSD Docket 11/06/2020   Page 5 of 36

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price" by Vassilios Kukorinis.          11/5/20, 8:50 AM

Case 1:19-cv-20592-JEM   Document 43   Entered on FLSD Docket 09/25/2020   Page 1 of 25

To Clerk of Court

FILED BY _____ D.C.

SEP 2 5 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Page 1 of 13
09/22/2020

**VASSILIOS KUKORINIS V. WALMART, INC.**
**CASE 1:19-cv-20592-JEM  -MARTINEZ/OTAZO-REYES**

## DECLARATION OF VASSILIOS KUKORINIS PLAINTIFF'S REPRESENTATIVE <ins>IN SUPPORT OF PLAINTIFF'S OBJECTION OF THE SETTLEMENT, and reasons for denning the service award "price".</ins>

Your Honors

Up to this moment I have no personal knowledge of the matters stated in the motion for preliminary approval of the settlement, and the Plaintiffs' attorneys have not discussed, explained, or asked my opinion or approval.

According to RETAINER AGREEMENT when I employed the law firm of Morgan & Morgan, my Duties as Client and a Class Representative, among others, were to be generally knowledgeable with respect to the subject matter and progress of the lawsuit, and represent the interests of all members of the class, as I would consider my own interests.

Also # 8 Scope of Services Morgan & Morgan's Duties, were to Keep Client reasonably informed of the status of this matter.

Unfortunately the Plaintiff's attorneys fail to keep this promise, and as a result I learned recently about the "successful" PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - and everything else happened that last 8 months in this case carrying my name - from online search, when I googled "Kukorinis V. Walmart".

The last contact -by e-mail- I had with plaintiff's attorney Mr. John A. Yanchunis (Bar No. 324681), was Jan 21st 2020, complaining about Walmart's delay to provide the National sales data, as agreed at Nov 19th mediation meeting.

Today-eight months later- after purchasing and downloading the PDFs of the Case No. 1:19-CV-20592-MARTINEZ/OTAZO-REYES, surprisingly I discovered that all the developments took place after January 2020, happened without the Class Action Representative being informed, participated or updated, especially for the decision and the terms of the settlement.

Therefor I thank the parties, but I am refusing to accept the agreed Service Award money, because I don't want to participate to this fiasco/cover up and betrayal to all class action members, orchestrated without my knowledge.

This letter/declaration is not reviewed, polished or corrected by an attorney, and since English it's not my first language, please excuse the plethora of grammatical and syntax errors, while I am trying to explain and express my thoughts. I am furious and disappointed because this attempt to stop the lasting <ins>Defendant's deceptive and unfair acts or practices,</ins> not only failed, additionally the victims/class members feel that is an insult to our intelligence and common sense.

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price' by Vassilios Kukorinis.            11/5/20, 8:50 AM

Case 1:19-cv-20592-JEM   Document 43   Entered on FLSD Docket 09/25/2020   Page 2 of 25

Page 2 of 13

When MORGAN & MORGAN drafted the initial complaint, I protested to the attorneys by e-mail, pointing out that looks extremely "poor" and not mentioning -besides the low-fake price/unit scheme for the reduced products- the many other different ways WALMART misleading, deceiving and overcharging customers by manipulating prices, promote fake "specials", false advertised tags, and scanning gimmicks. I asked them to get advantage of the countless digital and printed material/evidences I provided. I requested an in-person meeting (and turned down) in order to explain to them, how all these deceptions work, without the fraud been suspected or noticed by the customers, or the city's, state's, and government watch dogs.

Mr Yanchunis replied that "didn't want to risk for a judge to view it as sensationalism" (whatever that means), and "the complaint is not intended to capture all the evidences, that is the purpose of the trial". And that was the plan when he responds to defendant's Motion to Dismiss.

*"Plaintiff hereby demands trial by jury of all claims in this Class Action Complaint".*

But today I found out that Jury Trial, will never take place.

I believe it's important to mention that 3 years ago, when I started this quest at West Palm Beach, I was referred to another big shot Class Action Attorney, who considered the Law suit, as a Monster case, and he was going to quit his Big Law firm in, order to exclusively work on Walmart's class action. After collecting from me for 8 months the evidences I gathered, and stalling to file the complaint, I (suspected he was sleeping with the enemy) have to let him go and move to West Coast in search for a better lawyer. That was the reason I postponed my retirement, and I moved to Tampa to keep an eye to the new Law Firm (I was referred) and the progress of the case. Unfortunately, no better luck, since I have been again ignored, misled and denied even to a "Client to Lawyer live meeting" (before Covid 19 pandemic).



For first time I met the attorneys on November 18th, 2018 in California to be present to 1st attempted mediation. I was impressed how all participants (with the exception of mediator) declared that were bad in mathematics, and I was wondering how they are going to interpret analyze the sales data prepared by an expert, develop damages models, and determine statistically the amount potentially at issue overcharged, in this Litigation. The mediator Mis Yoshida suggested, instead of limiting the scope of that information to Florida sales, Walmart

Ships Marine Captain, and then (no GPS) we relied to advance mathematics to calculate the cargos and determine the ships position using astronomical navigation. I also served as reserved officer in the NAVY as commander. Later, back to old country, I worked as (top) TV investigating reporter, and guess what was one of the most successful stories I investigated and exposed. A French multinational supermarket company (like Wal.mart), "invaded" the country and very soon controlled 85 % of the retail industry, erasing all the antagonism. Their secret? Bribing officials, aggressive advertising, so the media never bother them, and massive price manipulations and customer deception. Rarely somebody suspected how magically the prices changes from the shelve to cash register, and always UP. That is the (only) way to become a leader (so fast) in a so competitive market. When you overcharge from 20 - 300%, on top of the Gross margin profit, you can afford to pay for aggressive marketing/advertising, bribing consumers watch dogs, and raise 4 times up the amount of annual salary to Wal.mart's store managers in order to make them accomplishes (since

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price' by Vassilios Kukorinis.          11/5/20, 8:50 AM

Case 1:19-cv-20592-JEM   Document 43   Entered on FLSD Docket 09/25/2020   Page 3 of 25

Page 3 of 13

could provide nationwide sales data for the class period, and we should try to settle the whole "package".

While I was waiting for months for Walmart to responds with the numbers, suddenly, I am reading on Internet, that I "vigorously prosecuted this case for the benefit of all class Members by filing Litigation, reviewing, pleading, conferring with my Counsel , and providing input at mediation and crafting AND APPROVING the SETTLEMENT!!!

For the record, I do understand one thing or two about math. I traveled around the world since 80s as Ocean Going Ships Marine Captain, and then (no GPS) we relied to advance mathematics to calculate the cargos and determine the ships position using astronomical navigation. I also served as reserved officer in the NAVY as commander. Later, back to old country, I worked as (top) TV investigating reporter, and guess what was one of the most successful stories I investigated and exposed.

A French multinational supermarket company (like Walmart), "invaded" the country and very soon controlled 85 % of the retail industry, erasing all the antagonism. Their secret? Bribing officials, aggressive advertising, so the media never bother them, and massive price manipulations and customer deception. Rarely somebody suspected how magically the prices changes from the shelve to cash register, and always UP. That is the (only) way to become a leader (so fast) in a so competitive market.

When you overcharge from 20 - 300%, on top of the Gross margin profit, you can afford to pay for aggressive marketing/advertising , bribing consumers watch dogs, and raise 4 times up the amount of annual salary to Walmart's store managers in order to make them accomplishes (since they get commission of the extra profits).

With a little Google research, everybody will discover the hundreds of million "invested" from Walmart in bribes to officials in countries like Mexico, India etc. As for the practices of price manipulation schemes, and inferior product baptized "premium" in Costa Rica, England, even to China also are well publicized. The differences with the USA are, that at the above countries' authorities, "Caught them many times red handed".

Except for N.Y and California, where the AG. Offices investigated , convicted and fined them with multimillion dollar slaps, the majority of the states prefer not to poke the bear, all thought sometimes, Weights and Measures inspect retail locations with automated point-of-sale systems to verify if prices charged to consumers are the same as those posted, advertised, or quoted price (as the Law require).

For unknown reasons I don't believe that happening to Walmart's stores, at the State of Florida. How do I Know that (you may ask)?

Due to personal serious brain injury 4 years ago, and until I recover (partially) I started keeping electronically notes, photos and video to all the places I visited for shopping. Surprise surprise, soon I discovered by comparing my notes that Walmart raped me financially every time. At the beginning I thought was just the specific store. So, I captured with the cellphone all the crazy/unbelievable rip offs, created a Blog and send it as a complain to Arkansas Home office Customer Service, and e-mailed a link to every executive board member, as a wake-up call. Classically they ignored me, so I decided to investigate how much the cancer have spread.

store gets caught red hand, and you (the customer) have a proof to demonstrate the amount of (systematically) overcharged, at best case scenario you get only the difference, without any consequence for the store. Why states like Michigan have the "Michigan's Scanner Law" where, the seller will refund you the difference between the amount charged and the price displayed, plus a "bonus" of ten times the difference. Or in Canada (since we have a lot of snow birds, and they will never be compensated fairly with this settlement), "if the scanned price of an item is higher than the price shown on the shelve or advertised by the store, for instance, the customer is entitled to receive any item $10 or less for free. Why our legislators care only for the seller's interests and created the 812.015 anti-theft law to be applied only to customers. "Violators may receive a penalty of monetary fines, jail or prison time, and/or the suspension of your driver's license even for a piece of gum. "Altering or removing a label, universal product code (UPC), or price tag also falls under the definition". But is it what exactly Walmart doing, when manipulate the UPC

**Case 1:19-cv-20592-JEM   Document 58   Entered on FLSD Docket 11/06/2020   Page 8 of 36**

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price" by Vassilios Kukorinis.          11/5/20, 8:50 AM

Three years past, and  I visited **hundreds of Walmart stores, multi times all over Florida.** I never been in any store more than 10 minutes, without to register hundreds (to each store), well documented evidences of various schemes/practices, which targeted middle and low class customers wallet, that don't have the luxury of time in order to spend an extra hour, to protest at long Customer Service Desk lines, for been lied, insulted, and cheated by overpaying. The attorneys call it OVERCHARGING, but the Thesaurus has dozens of synonyms like **extortion, defraud, stiff, soak, surcharge, Gaz ump, fleece, plume, pluck, rob, hook, gouge, rip off,** etc.

*Verb= Make or seek to make an excessive or unfair profit, especially illegally.*

**Profiteer, racketeer, abuse, exploit, scalp,** and simply put it "**make someone pay through the nose".**

Ok all that are theory, let's talk evidences.

At the "Amended Class Action Complaint" one of the overcharges, described as follow.

*On April 19, 2018, Plaintiff purchased a spiral ham at a Walmart store in Delray Beach, Florida. The yellow sales label stated a ham weighed 11.61 pounds at a unit price of $0.64 per pound, but the total price on the yellow label stated $16.45. As alleged, Walmart received an extra $9.02 -the difference between $16.45 and $7.43- on the sale because the unit price reflected that the ham should have only cost $7.43*



This is accurate description but it's not the whole story. When the cashier scanned the yellow reduced-tag at the register, the monitor *(and the "system")* charge me magically the initial /Full Price. More than $25. I pointed out the "phenomenon", and the cashier voided and re-scanned it. This time the monitor shows $16.45 Of course, still is not adds up since,

**11 pounds X $ 0.64/LB should be about $7 not $ 16 (120% more).** I requested to cancel it, and cashier called the manager.  I explained the situation and he very rudely, respond *"you are not going to get this ham for $7".* He used his phone calculator to persuade me that 1 was wrong, but the result proved him wrong.  Finally, he admits that something is not adding up, and blame "The Computer (from Arkansas Home Office) does it, and the store just scan the product and print the yellow tag. But he assured me (sarcastically), he will put the Ham in the

he ruled, "the fact that Plaintiff continued to purchase weighted goods does not negate his injury but may in fact highlight the pervasive effect ofthe aUeged misconducL'" Thank you, your Honor. Once the Judge ruled that the case could proceed - Walmart and Plaintiffs' counsel (behind his back) quickly decided to settle. Allegedly, according to Mr Janchunis he "carefully weighted with me - who I was present for the November 2019 1st mediation (true but nothing then agreed)," AND available ! ! ! throughout the March 2020 2ä¢d mediation session, where the parties hard-fought at arm's len~ (but VIRTUALY). And that it's NOT TRUE. Since January and up to this day nobody updated me talk, text or e-mail me about the case. And now I am learning from websites that "The costs, risks, and delay of trial and appeal weigh in favor of settlement approval" !!! So The Plaintiff started by A)"accusing Defendant "WALMART actions constitute unconscionable, deceptive, or unfair acts or practices because, as alleged herein, Defendant advertised, marketed, and sold the Weighted Goods at one value but charged consumers a higher value at checkout, thereby

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price' by Vassilios Kukorinis.          11/5/20, 8:50 AM

Page 5 of 13

refrigerator at his office, and when "Tim" (assumed the Regional manager) come in the afternoon, he will show it to him, and get an explanation.

Gentlemen & Ladies, 2 days later, I visited again the Store and the same exactly Ham, same tag, was again at the store shelves, along with another hundreds similar products overcharged up to 200%. (and it was just a neighborhood Store).

I bought it again and ( *recorder the procedure*). Unfortunately, the photos  of all overcharged products (like this) added to the amended complaint, never entered as evidences in the docket, so everybody could understand, that the **$1.67** that the attorneys agreed as **Average Overcharge**, it's a convenient myth. Not reality. Let's do 1ˢᵗ grade math.

The max settlement amount is $ 9.5 million. If Walmart in US. runs 5000+ stores, and multiply by 5 (year's class action period), times 365 days = 9.5 million. So if we divide this number by  $1.67 - the ceiling settlement amount, (minus 3 million for attorney+ expenses) covers less than **a half overcharged item** *per day, per each store.*



Are they serious? They dare to call the settlement fair, reasonable, and adequate?

How about the third component of the Settlement. Is for those Class Members who purchased Weighted Goods during the Class Period, *retained proofs of purchase or other documentation AND retained proof of the packaging to demonstrate the amount of overpayment!!!*

"**This benefit (attorneys insist) is crucial because it permits Settlement Class Members to recover all amounts, they were overcharged during the Class Period**". Another insult to victim's intelligence, if they insist that *(besides me)* consumers the last 5 years kept the dirty& stinky full of bacteria packaging of meat and fish, just in case one day they ll need it!!!

Details V ~.J Add to Cart !1!11 ---Â· .... . - ...... .. P lype here to,each ....... Sharo: f f> ~ fOYO: <::)
a~ â¢:: \ ~ r~i Add to Cart JMG_20200428_130123648 Case 1:19-cv-20592-JEM Document v43,
1 Entered won&_:=:.,, FLSD e Docket,,~ x 09/25/2020 Page 22 of 25 _,,,:1te taken. April 28
2020=:J 1 01 PM I ze 7 MB imen"-il) r15 336 X 3264 1ot '30 sec. f/1.8 3.95mm 0 t)~ ~ f> ~\ L 2. s-
tl. 1.02. 0 ~""t.~~ Â~,~Âµ)4 ~(r.~ evice ~....... ~,oto g(7) \'2_ 12. \p~)lder
path:\Users\wal\Desktop\April 21 st20 ~u,\.~ \. (_Q_ 02.............. 'fl,0,. ~ \:::>)U! Ce \1. 1isPC
xation Impa "1 ~7 ~~ ~,~ ';; ./~~ L~~'b~ I ~ \~1l >l o"<"t\U i,, 'O 1-IiHd 'l?\...\J> ~ e<.Jt\k
~,~~,~",File info X,~ 5 l 1MG_20200428_1301~3199 i ! l April 1 01 28 2020 PM Clearanc 1.4MB
1836' 3264 1/40 sec. f/1.8 3.9Smm 1$0 113 motog(7) f.r,j,1,'t pdti1 C:\Users\wal\Deslrtop\Aplii
215120 This PC J ...,, .. o:iâ¢â¢:; 0 J File info >', IMG_20200428_12S855994 l April 28 2020 l
l1__1_2_,se_~ â¢_.] ~-Â-./,' 1.7M8 [irnenss.ms. 1836x 3264 Q. !.l:.ot 1/40 soc. f/1.8 3.95mm 1".l 116
morog(7) R',!d~Pi Pdth C:'\UseB\wal\Desktnp\Apri 215'20 T~ { Â·)l.d!K>' .# ......., 0 l File info X

**Case 1:19-cv-20592-JEM   Document 58   Entered on FLSD Docket 11/06/2020   Page 10 of 36**

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price" by Vassilios Kukorinis.          11/5/20, 8:50 AM

Page 6 of 13

At Walmart's Restrooms, mainly at stores located in low income areas, there are plenty of sighs with the follow threats.



*"Shoplifting is stealing, and shoplifters apprehended. Even if it's their first offence will punished with a lengthy prison term and a substantial monetary fine, plus a record will haunt them for the rest of your life".*

Of course, is in English and Spanish only, since everybody knows that French or Italian or Greek speaking customers they don't steal.

But if shoplifting is stealing, "customer lifting" or overcharging, or gouge, or Rip off (and all other synonyms), shouldn't punished in a similar way?

Why when the store gets caught red hand, and you (the customer) have a proof to demonstrate the amount of (systematically) overcharged, at best case scenario you get only the difference, without any consequence for the store. Why states like Michigan have the "Michigan's Scanner Law" where, the seller will refund you the difference between the amount charged and the price displayed, plus a "bonus" of ten times the difference.

Or in Canada (since we have a lot of snow birds, and they will never be compensated fairly with this settlement ), "if the scanned price of an item is higher than the price shown on the shelve or advertised by the store, for instance, the customer is entitled to receive any item $10 or less for free. Why our legislators care only for the seller's interests and created the 812.015 anti-theft law to be applied only to customers. "Violators may receive a penalty of monetary fines, jail or prison time, and/or the suspension of your driver's license even for a piece of gum.

"Altering or removing a label, universal product code (UPC), or price tag also falls under the definition". But is it what exactly Walmart doing, when manipulate the UPC (bar)code, in order to overcharge?

If not (its 2nd grade math) please explain that next photo (after you enlarge it).

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price' by Vassilios Kukorinis.          11/5/20, 8:50 AM

**Page 7 of 13**

 

You solved the puzzle?

In paragraph #38 Plaintiff's counsel *(on my behalf L.O.L.)* explains that for the "benefits" provided under the settlement, class members/victims will release any legal claims that may arise from OR RELATE to the facts and claims ALLEGED in the complaint.

In your opinion Sirs these resent photos (you will find in the included USB thumb drive) with this new and improved way to scam the customers), is related to the original "trick Walmart used to deceive customers advertising with low but FAKE price per unit.?



*"Members will release any legal claims that may arise from or relate to the facts alleged in the Second Amended Complaint".*

This is the main reason Your Honor I declined the Service Award. As the plaintiffs' attorneys are fully aware, Walmart use more than few ways to scam people, even for the specific category of the weighted products, other than the reduced with fake low price per unit.

While in the settlement WALMART promising to take measures to eliminate such practices, up to this moment, I know for a fact that never stopped. May reduced the initial method a bit, but in the same time increased similar methods even more aggressively, ruthlessly and

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price' by Vassilios Kukorinis.      11/5/20, 8:50 AM

Page 8 of 13

diabolically. You see, is the only Supermarket grocery chain, that at the end of the day has so many "about to expire" products. People believing that getting a bargain, and take the bait. In reality, many times (and recently) when I bought marked as REDUSED products, not only I overcharged, but on top were EXPIRED! Even baby food formulas which had expired more than a year. At cash register I paid more than the yellow tag indicated, and when I returned it and informed the employees that are expired and dangerous, the next week were again on the selves (see incl. photo-copies).



<u>Walmart argues in the 1ˢᵗ motion to dismiss, that these allegations do not establish that the unit price mistakes were not isolated errors or that the mistakes did not result from a faulty labeling machine, computer glitch, or human error.</u>

Watch what you wish for. Should a faulty labeling machine, or a computer glitch justify that the last 3 years I discovered and "collected" from hundreds of stores, thousands of visits, more than 2 terabytes of data consisted of tens of thousands photos, videos, scanned receipts , and even more than 70,000 back up color hard-copies of evidences?

Could  considered as an isolated error when, simultaneously  stores at west east north and south of Florida, for months selling the same products  with manipulated prices, even when numerous times I complained to managers, who agreed/admitted were wrong, agreed to corrected, but nothing change because, everything handled  from Arkansas main office, and most of the times nothing they can do about it?

 Last year I worked in my job double shifts up to 80 hours a week in order to cover this quest expenses. And I have been not only ripped off by Walmart, but also insulted, humiliated, cyber and physical attacked, threatened, and kicked out when I dare to complain.

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price" by Vassilios Kukorinis.          11/5/20, 8:50 AM



Walmart called the class action **"this far-reaching suit"**. Also claims Plaintiff does not even come close to satisfying X... Rule 9. *"The Complaint contains no specific factual allegations as to the "who, what, when, where, and how" of Walmart's alleged Pricing Practice."*

I understand that you are expecting supporting evidences for all these, "allegations" and fortunately, an ex-investigating reporter like me, also use as a guide  the "who, what, when, where, and how" procedures. So, at the end of this letter of objection you will find a link to a 15-minute YouTube video. I urged to whoever wish to watch, to use the pause button very often, and you will be surprised (not necessary pleasantly) from this tiny visual sample. The percentage stolen from customers, it's not just double the profit margin. Much more. When, for example (at 12min 43 sec.) a lobster at shelve tag shows $20 per/Lb. and at the register you charged $38 you realized that would cost less if served at a fancy seafood restaurant.



But the defendant claims that *the misrepresentations were so subtle that Plaintiff and other*

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price" by Vassilios Kukorinis.          11/5/20, 8:50 AM

Page 10 of 13

*reasonable consumers failed to notice until a closer inspection was made.*

Well WALMART should keep that in mind when I will produce "malpresentations of 1500%. Kindly request to please listen CAREFULLY at the end of the video -where a Customer Service Manager (to whom I complained) when I insisted why the price is wrong-, her respond...

**"If I said why the prices are wrong, I may lose my job"!**

*www.youtube.com/watch?v=i9x7AxwmlLc&feature=emb_logo*

And last but not least please watch again and again, the price scanner monitors how magically instead to read (and charge) the reduced price, shows (and you will pay) the WAS/original.

This video link sent, along with 80 pages of hard evidences/ samples of Walmart's various methods of deception and fraudulent over-charges-gouging *(included illegal taxation for nontaxable items)* at stores and online, by MAIL last May, at certain AG Offices, including Florida's *(who took them 2 months to acknowledge that received)*, It would take 10 minutes for an inspector to visit any Walmart store, purchase the specific products and verify -beyond reasonable doubt- the scams which systematically -special during the pandemic- ripping off customers. But amazingly nobody dared or bothered to lift a finger. Until one day America see it on the News or Social Media, this multi billions dollars scandal will continue to embarrass government states and cities the so called "CONSUMER PROTECTION AGENCIES".



*Walmart sought to have the case dismissed, arguing that Mr. Kukorinis (the plaintiff) was not deceived by its pricing practices because, even after he claimed to have noticed the pricing discrepancies, he "continued purchasing weighted goods with incorrect unit prices," and willingly paid the price displayed on the packages (They call me masochist?).*

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price" by Vassilios Kukorinis.          11/5/20, 8:50 AM

Page 11 of 13

Thankfully Judge J. MARTINEZ rejected Walmart's argument. "Contrary to Walmart's assertion," he ruled, *"the fact that Plaintiff continued to purchase weighted goods does not negate his injury but may in fact highlight the pervasive effect of the alleged misconduct."* Thank you, your Honor.

Once the Judge ruled that the case could proceed – Walmart and Plaintiffs' counsel *(behind his back)* quickly decided to settle. Allegedly, according to Mr Janchunis he "carefully weighted with me – who I was present for the November 2019 1st mediation (true but nothing then agreed)," AND available !!! throughout the March 2020 2nd mediation session, where the parties hard-fought at arm's length, (but VIRTUALY).

**And that it's NOT TRUE.** Since January and up to this day, nobody updated me, talk, text or e-mail me about the case.

 And now I am learning from websites that "The costs, risks, and delay of trial and appeal weigh in favor of settlement approval"!!!

 So The Plaintiff started by A)"accusing  Defendant "WALMART actions constitute unconscionable, deceptive, or unfair acts or practices because, as alleged herein, Defendant advertised, marketed, and sold the Weighted Goods at one value but charged consumers a higher value at checkout, thereby offending an established public policy, and engaging in immoral, unethical, oppressive, and unscrupulous activities that are and were substantially injurious to consumers"… Plaintiff hereby demands trial by jury of claims in this Amended Class Action Complaint.

 And ended-thanks to successful negotiations- scot free, so DECLARES that B)"Walmart does not concede the Plaintiff's allegations, nor does it concede all of the factual statements set forth herein. For purposes of this Settlement, however, Walmart does not oppose the filing of this Motion for Preliminary Approval."



So why FTC requires that any retailer who offers price comparisons "should make certain that the bargain offer is genuine and truthful, and not contain any deceptive or unfair aspect. What about the words of Wal-Mart founder Sam Walton, who built Walmart?

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price' by Vassilios Kukorinis.          11/5/20, 8:50 AM

Page 12 of 13

"Personal and moral integrity is one of our basic fundamentals, and it has to start with each of us." "Don't compromise your reputation. It's a precious commodity. Don't compromise your integrity ... have a good name."

I guess current CEO should add "The devil is in the details. The winner takes it all, the loser standing small. Speaking of details please enlarge these photos from the Walmart's site www.jet.com which recently "absorbed" by www.walmart.com and get a taste of how their "creative math" stolen from its online customers billion by overcharging them up to 1500%



In conclusion.

I, Vassilios Kukorinis known as "Plaintiff" I declare under penalty of perjury that all the above is true and correct. I do not oppose this motion for preliminary approval of the settlement, and whatever terms the attorneys of both parties agreed, with exceptions:

Case 1:19-cv-20592-JEM   Document 58   Entered on FLSD Docket 11/06/2020   Page 17 of 36

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price" by Vassilios Kukorinis.          11/5/20, 8:50 AM

**1)** Plaintiff not to receive the suggested AWARD PRICE OF $ 25,000.00

**2)** Understanding that Members of the Class in order to receive the "benefits" provided under the settlement, will have to release any legal claims that may arise but, **ONLY** for the facts alleged in the Second Amended Complaint. **Not FACTS for related, like the photo examples.**

**3)** If it's not mandatory, I do not wish to be present at Court on 21st of February 2021.

Thank you all for your times and efforts. -

Sincerely

**VASSILIOS KUKORINIS**

Vassilios Kukorinis

2524 W. De Leon Street

Tampa, FL 33609.

e-mail: Vaskuko@gmail.com

Tel: 347-837 1918







SAVE $3.48
YOU PAY! $6.76
Responsibly Farm Raised
ATLANTIC SALMON
Fresh Never Frozen
PERISHABLE: KEEP REFRIGERATED
PRICE 7.94 PER LBS
NET WT/LB 1.00lb
TOTAL PRICE
$7.94
SELL BY 05-05-20
TARE: 0.07 LB
FARMED
PRODUCT OF
LOT 380
6 MINUTES

11/5/20, 8:50 AM

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price" by Vassilios Kukorinis.

Entered on FLSD Docket 09/25/2020 · Page 1

cv-20592-JEM   Document-43





Net Wt: 12.92 Lbs
REDUCED on 02/18/2020
SAVE $6.26
YOU PAY $15.32
Net Wt: 12.92 Lbs
Per Lb: $1.67
ROAST WB

Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price' by Vassilios Kukorinis.          11/5/20, 8:50 AM





Case 1:19-cv-20592-JEM Entered on FL

Reduced on Last day before EXP 03/22/2020

and there you. Lift the top sticker

Best before 03/11/2020 !

Page 20 of 25
GROCERY & HOUSEHOLD
Pantry Household Drugstore Baby Essentials Pet Essentials Reorder
Brand
Search by brand...
Apple & Eve
Campbell's
Capri Sun
Cherry Bay Orchards
Dynamic Health
Price
$0 - $25
$25 - $50
Lipton Iced Tea, Peach, 16.9 Fl Oz
618
$22.37 ($0.01/Ounce)
Organic 100% Lemon Juice
San Pellegrino Sparkling Beverage, Orange, 11.1 Fl Oz, 6 ct (Pack of 4)
Lipton
Lipton Iced Tea, Peach, 16.9 Fl Oz
2434 Ounce
618 | Write a review
$22.37
B/S You get ONLY 1 pack of 12 bottles)
and at Store cost $4.48
Get it by Fri, Apr 10
FREE Shipping over $49 & FREE Returns Detail
1
Add to Cart



Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price" by Vassilios Kukorinis.          11/5/20, 8:50 AM



IMG_20200428_130123648

ate taken

| | | |
|---|---|---|
| April | 28 | 2020 |
| 1 | 01 | PM |

ze
7 MB

imensions
336 x 3264

hot
30 sec. f/1.8 3.95mm

O
04

evice
oto g(7)

older path
:\Users\wal\Desktop\April 21st20

ource
his PC

ocation
ampa

Hillsb

ON APRIL 28th 2020
this infant formula
bought for ...
\# 13.72 but
according to Clearance TAG
WAS \# 13.12
NOW \# 12.32
and at cash Register
\# 13.72

PLUS WAS EXPIRED 1 Year and 1 month ago



File info

Date taken: April 28 2020, 1 01 PM

Size: 1.4 MB

Dimensions: 1836 x 3264

Device: moto g(7)

Source: This PC

Location: Tampa

File info

Date taken: April 28 2020, 12 58 PM

Size: 1.7 MB

Dimensions: 1836 x 3264

Device: moto g(7)

Source: This PC

Location: Tampa

UPC #

File info

Date taken: April 28 2020, 12 59 PM

Size: 1.7 MB

Dimensions: 1836 x 3264

Device: moto g(7)

Source: This PC

April 28th/20

01/APR/2019



Kukorinis v. Walmart, Inc.: Declaration of Vassilios Kukorinis Plaintiff...nd reasons for denning the service award 'price" by Vassilios Kukorinis.    11/5/20, 8:50 AM



Case 1:19-cv-20592-JEM   Document 43   Entered on FLSD Docket 09/25/2020   Page 24 of 25

```
813-371-9444  Mgr:COLLEEN
        4302 N GANDY BLVD
        TAMPA FL 33611
ST# 04681 OP# 002699 TE# 05 TR# 05754
RAMEN NOODLE 004178900121 F      0.37 O
SEASON LOIN  026182630711 F      7.11 O
RAMEN NOODLE 004178900121 F      0.37 O
 ** VOIDED ENTRY **
RAMEN NOODLE 004178900121 F      0.37-O
 REDUCED TO CLEAR      WAS 1.00
BREAD        020056660100 F      0.75 O
GRANNY APPLE 00000004017KF
  1.20 lb @ 1 lb /1.37  /PC    1.64 N
PRO RTF 8OZ  030087510250 F     13.72 N
 ** VOIDED ENTRY **
PRO RTF 8OZ  030087510250 F     13.72 N
PRO RTF 8OZ  030087510250 F     19.72 N
PRO RTF 8OZ  030087510250 F     13.72 N
 ** VOIDED ENTRY **
PRO RTF 8OZ  030087510250 F     13.72 N
 ** VOIDED ENTRY **
```

We Canceled and inform the cashier
to notify the supervisor that
in EXPIRED

2 weeks later → On May 12th we returned on the store
and the products were again at shelve

UNITED STATES

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID

$7.75

Origin: 33602
09/22/20
1189140620-9

PRIORITY MAIL ®

0 Lb 6.60 O
100

EXPECTED DELIVERY DAY:

SHIP
TO:
Miami FL 33128

USPS TRACKING® NUMBER

9505 5157 8726 0266 3370 10

PS00001000014

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PRIORITY® ★ MAIL ★

UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
VASSILIOS KUKORINIS
CASE 1:19-cv 20592-JEM
2524 W. De Leon Street
TAMPA, FL 33609

TO:
Clerk of Court
Wilkie D. Ferguson Jr. U.S Courthouse
400 North Miami Ave.
MIAMI, FL 33128

USPIS INSPECTED

Label 228, March 2016 FOR DOMESTIC AND INTERNATIONAL USE

tic only. ** For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.



Lead plaintiff in $9.5 mln Walmart class action says Morgan & Morgan settled without telling him | Reuters

11/6/20, 7:41 AM




Discover Thomson Reuters   •••

Directory of sites    Login    Contact    Support

# REUTERS



# EX B

**ON THE CASE**    OCTOBER 27, 2020 / 4:09 PM / UPDATED 10 DAYS AGO

# Lead plaintiff in $9.5 mln Walmart class action says Morgan & Morgan settled without telling him

By Alison Frankel

**7 MIN READ**     

(Reuters) - A Florida man named Vassilios Kukorinis is a big part of the reason why Walmart agreed this summer to a $9.5 million class action settlement in federal court in Miami. Kukorinis is a Walmart shopper who became concerned about overcharges: According to him, Walmart's charges at the register exceeded what prices should have been based on the store's posted prices-by-weight. Kukorinis visited Walmart stores around the state to document this alleged disparity, then brought his evidence to class action lawyers at Morgan & Morgan.

Morgan & Morgan dispatched its investigators to Walmart stores to check

out Kukorinis' allegations. In February 2019, the firm filed a class action complaint with Kukorinis as the prospective lead plaintiff. In November 2019, Kukorinis flew to California with Morgan & Morgan lawyers for a mediation session with Walmart.

Morgan & Morgan subsequently reached a settlement with Walmart's lawyers at Greenberg Traurig. Though Walmart did not admit to the class' allegations, it agreed to pay at least $4.5 million and as much as $9.5 million to class members who were allegedly overcharged. Morgan & Morgan moved for preliminary approval of the settlement in August. U.S. District Judge Jose Martinez of Miami granted the motion just two weeks later. The deal called for Morgan & Morgan to be paid as much as $2.375 million in attorneys' fees and for Kukorinis to receive a $25,000 award for his service to the class.

But Kukorinis didn't know Morgan & Morgan had settled the case at all. Or, at least, that's what he said in a 25-page letter he sent to Judge Martinez. Kukorinis said in the Sept. 22 letter, which was entered in the case docket on Sept. 25, that Morgan & Morgan reached the proposed settlement without his knowledge or consent.

"Morgan & Morgan's duties were to keep (Kukorinis) reasonably informed of the status of this matter," Kukorinis told the judge. "Unfortunately, the plaintiffs' attorneys (failed) to keep this promise." Kukorinis said he had not heard from class counsel at Morgan & Morgan since January 2020. He said he had not been "informed, participated or

updated" after that and only found out about Judge Martinez's preliminary approval of the settlement because he happened to search for the name of his case on Google.

"I am refusing to accept the agreed service award money," Kukorinis said, "because I don't want to participate to this fiasco/cover up and betrayal to all class action members, orchestrated without my knowledge."

That's a pretty dramatic statement. Class action skeptics constantly claim that these cases are driven by lawyers, not by the plaintiffs in case captions. But it's quite rare indeed for a named plaintiff to allege that his lawyers cut him out of the resolution of the case. It's especially notable in this class action, which only came to be because of Kukorinis' conviction that he was being overcharged.

Here's the thing, though: If you go to the case docket in Kukorinis v. Walmart, you won't be able to see the Sept. 22 letter he sent to Judge Martinez. The judge issued an order sealing the letter on Sept. 28, citing a local rule that bars parties who have been represented by counsel from thereafter appearing on their own behalf without leave from the court. I was able to download the letter from a Docketbird link after I received a tip about the document from a class action lawyer who is not involved in the Walmart case but was disturbed that class members would not be able to see Kukorinis' initial assertions.

A D V E R T I S E M E N T



**Reuters Events: Energy Transition Europe**

Find out more ›

It's important to say here that John Yanchunis of Morgan & Morgan told me by email that Kukorinis was "was always informed of the progress and status" of the case, noting that the lead plaintiff traveled to the November 2019 mediation with class counsel. In response to my specific question about whether Morgan & Morgan sought Kukorinis' consent before moving for preliminary approval of the settlement, Yanchunis said by email, "Yes, of course we did."

The Morgan & Morgan lawyer did not respond to my followup question about why Kukorinis said in his letter to Judge Martinez that he had received no communication from class counsel since last January. I also asked Yanchunis if Kukorinis' letter raises doubts about the adequacy of either the lead plaintiff or Morgan & Morgan to represent the interests of the class. He did not respond. Walmart counsel Mark Salky and Naomi Beer of Greenberg Traurig referred my query to a Walmart spokesman who declined to comment on the Kukorinis letter but said the company

was glad to have reached a settlement in the case.

In the order sealing Kukorinis' Sept. 22 letter, Judge Martinez called for an Oct. 7 status conference on the matter. Before the scheduled conference, Kukorinis submitted a second declaration, after consulting with Morgan & Morgan's Yanchunis. Kukorinis said he had misunderstood the scope of the liability release in the settlement and now that Yanchunis had explained the release, he supported the settlement. Kukorinis' second declaration did not address his initial assertion that Morgan & Morgan did not seek his consent before agreeing to the settlement and moving for its approval from the court.

There is still a chance that Judge Martinez will unseal the Sept. 25 letter. A purported class member who said in an Oct. 13 filing that he plans to object to the proposed settlement has asked the judge to release the letter. Walmart and Morgan & Morgan have jointly argued that Kukorinis' letter improperly disclosed information about a confidential mediation as well as confidential discussions between him and his lawyers.

Morgan & Morgan, meanwhile, submitted its brief requesting attorneys' fees on Oct. 14. The firm asked Judge Martinez to approve a fee of $2.375 million, as previewed in the settlement agreement. There's been one big change, though: The 11th U.S. Circuit Court of Appeals barred incentive awards for lead class action plaintiffs in its Sept. 17 decision in Johnson v. NPAS Solutions (975 F.3d 1244). So Morgan & Morgan said it is no longer requesting that $25,000 service award for Kukorinis.



AGRICULTURE   AGRICULTURE GIANTS

# Plaintiff in Walmart Lawsuit Claims Lawyers Failed to Consult Him in Settlement Discussion

By EMILY ASHCRAFT  SEPTEMBER 29, 2020

Vassilios Kukorinis, the plaintiff in a putative class-action lawsuit against Walmart, Inc. which had a proposed settlement filed in early August, claimed in a declaration filed on Friday that he had no knowledge of the settlement's preliminary approval and that, contrary to the document submitted by his lawyers, Morgan & Morgan, they had not discussed or asked for his approval. Kukorinis claimed he was not able to fulfill his duties as a class representative because of the actions of his lawyers who did not keep him informed.

The class-action complaint claimed that Wal-Mart inaccurately priced its discounted items, it cited specific instances where the plaintiff purchased discounted meat but the discounted amount was not calculated correctly based on the expected percentage. The plaintiff claimed he was overcharged multiple times.

The plaintiff said in his declaration that he was involved in the drafting of the initial complaint, but that his attorneys did not respond to his requests that he include "countless digital and printed ... evidences" which he sent to them, and that they turned down a meeting with him about the subject. He reported that the lawyer said he "didn't want to risk for a judge to view it as sensationalism" and that the evidence would be useful in a trial not in a complaint. The plaintiff, however, said now the trial will not take place and he included the evidence in his declaration.

Kukorinis said he was last contacted by his attorneys on January 21, and found out about the recent proposed settlement because he purchased and downloaded court

documents. The declaration stated "surprisingly I discovered that all the developments took place after January 2020, happened without the Class Action Representative being informed..." Since January, the plaintiff reportedly thought they were waiting for Walmart to provide national data in an effort to settle a broader nation-wide complaint.

The plaintiff said he was "refusing to accept the agreed Service Award money," which was reportedly $25,000, because he did not want to participate in a "betrayal to all class action members." He said he was "furious and disappointed" because his efforts to stop Walmart's deceptive practices failed. He said he personally visited "hundreds of Walmart stores" and in under ten minutes would find evidence of overcharging on discounted items.

The Florida Southern District Court filed an order on Monday striking the plaintiff's former declaration and set a status conference for October 7.

TAGS   **Agriculture**    **Class Actions**    **Morgan & Morgan**
**Walmart**