UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:19-CV-20592-MARTINEZ/OTAZO-REYES

VASSILIOS KUKORINIS, on behalf of himself and those similarly situated,

        Plaintiff,

v.

WALMART, INC., a Delaware corporation

        Defendant.

**JOINT MOTION TO SEAL DECLARATION OF STEVEN F. HELFAND IN SUPPORT OF THE MOOTNESS RE: THE SEALING OF THE DECLARATION OF THE NAMED REPRESENTATIVE AT ECF DOCUMENT 43 AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

    Plaintiff, Vassilios Kukorinis ("Plaintiff"), and Defendant Walmart Inc. ("Defendant") (collectively, the "Parties"), respectfully move pursuant to S.D. Fla. L.R. 5.4(b) to seal the Declaration of Steven F. Helfand in Support of the Mootness Re: the Sealing of the Declaration of the Named Representative at ECF Document 43 [ECF No. 58] (the "Helfand Declaration") pending the Court's ruling on whether ECF No. 43 should remain sealed. As grounds therefor, the Parties state as follows:

**MEMORANDUM OF LAW**

    1.    On September 25, 2020, Plaintiff, who is represented by appointed Class Counsel, filed, *pro se*, the Declaration of Vassilios Kukorinis Plaintiff's Representative in Support of Plaintiff's Objection of the Settlement, and Reasons for Den[y]ing the Service Award "Price" [ECF No. 43] (the "Stricken Declaration").

1

2. Because Plaintiff is represented by appointed Class Counsel, his *pro se* filing of the Stricken Declaration violated Local Rules 7.7 and 11.1(d)(4) of the Southern District of Florida. Namely, Local Rule 11.1(d)(4) prohibits represented parties, like Plaintiff, from "appear[ing] or act[ing] on the party's own behalf in the action or proceeding, or tak[ing] any step therein, unless an order of substitution shall first have been made by the Court."

3. The Court accordingly struck the Stricken Declaration *sua sponte* as an improper filing, directed the Clerk to restrict public access to it, and ordered the Parties to appear for a status conference on October 7, 2020. *See* Order Striking Declaration and Setting Status Hearing (the "Order Striking Declaration") [ECF No. 44].

4. On October 5, 2020, Steven F. Helfand filed a Notice of Appearance by Class Member and Intended *Objector*, Steven F. Helfand; Notice of Intent to Attend the October 7, 2020 Status Conference whereby he requested permission to address the Court during the status conference on October 7. [ECF No. 47].

5. The Court thereafter ordered the Parties to "jointly file briefing as to Mr. Helfand's entitlement to participate in the conference." [ECF No. 49]. The Parties accordingly filed a Joint Response to Court's Order [ECF No. 51] on October 6, 2020, and the Court entered its Order on the October 7, 2020 Status Conference [ECF No. 53]. The Court ordered that "Mr. Helfand will be permitted to attend the Conference and address the Court with limitations," namely "the issue of public access" as to the Stricken Declaration. *See id.*

6. The Court held the status conference on October 7, 2020, and the Parties and Mr. Helfand appeared. [ECF No. 54]. At the Court's request, the Parties and Mr. Helfand submitted proposed orders regarding the propriety of keeping the Stricken Declaration sealed and the

question of whether the Stricken Declaration should remain restricted from public access is pending before the Court.

7. On October 13, 2020, Mr. Helfand filed his Notice of Objection by Class Member, Steven F. Helfand; Notice of Intent to Attend the Fairness Hearing on Zoom [ECF No. 55] and began sending e-mails and leaving voicemails for counsel for the Parties.

8. Mr. Helfand has advised counsel for the Parties that he has obtained a copy of the Stricken Declaration through an online source and has now filed it in this case as an attachment to the Helfand Declaration, despite the fact that the Court has yet to make a decision regarding the propriety of keeping the Stricken Declaration restricted from public access given that it violated the Local Rules and improperly disclosed attorney-client communications, work product and privileged mediation communications.

9. The Parties now jointly move to seal the Helfand Declaration until the Court has had an opportunity to make its ruling on this issue.

10. To maintain a document under seal, the requesting party must establish that sealing the record "is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Ent. Co. v. Superior Court*, 464 U.S. 501, 502 (1984).

11. The Helfand Declaration is in direct violation of the Court's standing Order Striking Declaration.

12. Moreover, the Helfand Declaration plainly reveals information protected by the attorney-client privilege and work product doctrine, as well as confidential and privileged mediation communications.

13. It is well established that the attorney-client privilege is sacred in this country and encourages full and frank communications between attorneys and their clients to promote broad

public interests. *Swidler & Berlin v. U.S.*, 524 U.S. 399, 403 (1988). Further, Florida law and the Local Rules of this Court protect the confines of mediation with similar regard. Fla. Stat. § 44.405; S.D. Fla. L.R. 16(g)(2).

14. Furthermore, the fact that the Stricken Declaration may have been made available by a third party website—unbeknownst to the parties and despite the fact that the Court struck it from the record—does not operate as a waiver of these privileges. Waiver under Florida law must be intentional and made with full knowledge of such waiver, *Smith v. Armour Pharm. Co.*, 838 F. Supp. 1573, 1576 (S.D. Fla. 1993), and that is simply not the case here. Moreover, the mediation privilege cannot be waived. Fla. Stat. § 44.403(1); *see* S.D. Fla. L.R. 16(g)(2) (proceedings and information from a mediation may not be reported, recorded, placed into evidence, made known to the Court or jury, or construed for any purpose as an admission against interest); *see Abrams-Jackson v. Avossa*, 282 F. Supp. 3d 1268, 1272–73 (S.D. Fla. 2017) (striking confidential mediation statement filed by opposing counsel for violating federal, Florida, and local rules).

15. There is accordingly good cause for this Motion. Indeed, the relief requested is both essential to preserve privileges and procedures this Court recognizes and is also narrowly tailored to serve that interest because the public is still free to respond to the merits and procedure of the Class Settlement this Court preliminarily approved.

WHEREFORE, the Parties respectfully request that the Court seal the Helfand Declaration and grant any further relief it deems necessary.

Dated: November 6, 2020

Respectfully submitted,

| | |
|---|---|
| **MORGAN & MORGAN**<br>**COMPLEX LITIGATION GROUP**<br><br>/s/ *John A. Yanchunis*<br>John A. Yanchunis (Bar No. 324681)<br>Ryan McGee (Bar No. 64957) (*attorney admission pending*)<br>201 N. Franklin St., 7th Floor<br>Tampa, FL 33602<br>Telephone: (813) 223-5505<br>Facsimile: (813) 222-2434<br>jyanchunis@forthepeople.com<br>rmcgee@forthepeople.com<br><br>*Attorneys for Plaintiff Vassilios Kukorinis* | **GREENBERG TRAURIG, P.A.**<br>333 S.E. 2nd Avenue, Suite 4400<br>Miami, Florida 33131<br>Telephone: (305) 579-0500<br>Facsimile: (305) 579-0717<br><br>By: /s/ *Mark A. Salky*<br>MARK A. SALKY<br>Florida Bar No. 058221<br>Email: salkym@gtlaw.com<br>JAMES E. GILLENWATER<br>Florida Bar No. 1013518<br>Email: gillenwaterj@gtlaw.com<br><br>and<br><br>Naomi G. Beer (*pro hac vice pending*)<br>**GREENBERG TRAURIG, LLP**<br>1144 Fifteenth St., Ste. 32300<br>Denver, CO 80202<br>Telephone: (303) 572-6500<br>Email: beern@gtlaw.com<br><br>*Attorneys for Defendant Walmart Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF. I further certify that the foregoing document is being served by Registered E-mail to Objector Steven Helfand at 1400steven.helfand@gmail.com.

/s/ *Mark A. Salky*
Mark A. Salky