UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**Case Number:  19-20592-CIV-MARTINEZ-OTAZO-REYES**

VASSILIOS KUKORINIS, on behalf of himself
and those similarly situated,
      Plaintiff,

vs.

WALMART, INC.,
      Defendant.
_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiff Vassilios Kukorinis' "Declaration in Support of Plaintiff's Objection of the Settlement" ("Kukorinis Declaration"), [ECF No. 43], which was filed on the record on September 25, 2020. The document is currently under seal; however, after careful consideration, the Declaration shall be unsealed and available to the public.

### I.    Background

Plaintiff brought the instant class action against Defendant Walmart on behalf of himself and others similarly situated to redress what he alleged to be unfair, deceptive, and unconscionable business practices in the form of false advertising of unit prices for certain perishable goods. On June 6, 2020, after Defendant's Motion to Dismiss was denied, the parties filed a Joint Notice of Settlement, indicating that the parties had reached an amicable resolution of this matter. [ECF No. 33]. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff filed an Unopposed Motion to Direct Class Notice and to Grant Preliminary Approval of the Class Action Settlement, [ECF No. 41].

On August 26, 2020, the Court granted Plaintiff's Motion and preliminarily approved the class action settlement. [ECF No. 41–42]. The Settlement Class was thereby certified, notice was directed, and the Final Approval Hearing was scheduled for February 26, 2021. [ECF No. 42].

On September 25, 2020, Plaintiff Kukorinis—on his own behalf—filed the Kukorinis Declaration, outlining his objections to the preliminarily approved settlement, [ECF No. 43]. On September 28, 2020, observing the confidential nature of Plaintiff's filing, the Court *sua sponte* issued an Order striking the Declaration as violative of Local Rules 7.7 and 11.1(d)(4). [ECF No. 44]. The Court's Order directed the Clerk to limit public access to Plaintiff's Declaration in light of the seemingly privileged and confidential nature of the filing—including information related to communications made during the parties' confidential mediation discussions. *Id.*; *see* Fla. Stat. § 44.405(1) (mandating that a "mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel"). The Court further ordered the parties to attend a Telephonic Status Conference to discuss the issues raised in the Kukorinis Declaration. *Id.*

On September 28, 2020, Plaintiff Kukorinis filed an additional "Declaration," this time withdrawing his previous declaration and requesting it be placed under seal, ("Second Declaration"). [ECF No. 45]. On October 5, 2020, Mr. Steven F. Helfand filed a "Notice of Appearance by Class Member and Intended Objector," requesting permission to attend the conference and arguing that the public has the right to view the Plaintiff's Declaration. [ECF No. 47]. The Court, after ordering the parties to jointly file briefing, permitted Mr. Helfand to attend the status conference and to address the Court solely as to the issue of public access of the Kukorinis Declaration. [ECF No. 53].

The Court held the status conference on October 7, 2020, and both the parties and Mr. Helfand appeared via Zoom. After hearing argument on the matter, the Court ordered the parties to each prepare proposed orders regarding the propriety of keeping the Kukorinis Declaration under seal. Until this Order, that question remained pending before the Court.

## II.    <u>The Helfand Declaration</u>

Nevertheless, Mr. Helfand—a former attorney in the State of California—filed his own "Declaration of Steven F. Helfand in Support of Mootness Re: The Sealing of the Declaration of the Named Representative at ECF Document 43" ("Helfand Declaration"). [ECF No. 58]. Therein, and despite a pending ruling on whether the document should remain sealed, Mr. Helfand determined it would be pertinent to file the Declaration—again, under seal by Court Order—publicly on the record as an exhibit to his Declaration. *Id.* Mr. Helfand indicates that he was able to obtain a copy of the Kukorinis Declaration via a third-party website dubbed Docketbird.com, and that any issue regarding public access is therefore moot. *Id.*[1]

The parties then predictably filed a joint motion to seal the Helfand Declaration, [ECF No. 59], pointing out that a ruling on the issue was still pending and Mr. Helfand's filing of the Kukorinis Declaration was in direct contravention of this Court's Order.

The Court agrees. As a previously-licensed attorney engaged in federal class action litigation, Mr. Helfand's filing of the still-under-seal document was both inappropriate and in violation of this Court's Order. And, while certain underhanded litigation tactics may be employed by parties engaged in adversarial proceedings, they will not be entertained by this Court. Nonetheless, because this Courts determination that the document should be available to public remains unchanged, the Court will more properly deal with the issue at an appropriate time.

---

[1] Mr. Helfand alleges that Mr. Kukorinis—as the named representative of the class—"may have purposefully contacted members of the press and/or other attorneys so as to more widely distribute his declaration." [ECF No. 58]. Despite this allegation and Mr. Kukorinis' Second Declaration hoping to withdraw his objections, a quick reading of the Reuters article attached to the Helfand Declaration clearly states that the Reuters reporter "***received a tip about the document from a class action lawyer who is not involved in the Walmart case but was disturbed that class members would not be able to see Kukorinis' initial assertions.***" [ECF No. 58, Ex. B (emphasis added)]. Thus, while Mr. Helfand attacks the candor of the parties' counsel, the Court questions his own.

### III.       **The Kukorinis Declaration shall be unsealed.**

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). As such, "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right "includes the right to inspect and copy public records and documents." *Id.* (citation omitted).

This right is not absolute, however. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). The common law right of access may be overcome by a showing of good cause, which is determined "by the nature and character of the information in question." *Chicago Tribune*, at 1315. Determining whether good cause exists requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1309.[2]

When doing so, courts consider, among other factors, (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, and (6) the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246. The Eleventh Circuit has also indicated that courts should "distinguish between those items which may be properly considered public or judicial records and those that may not;

---

[2] Other Eleventh Circuit cases have argued for a heightened "compelling interest" standard rather than a showing of good cause. *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568 (11th Cir. 1992); *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992). In *Chicago Tribune*, however, the Court held that the compelling interest standard of *Wilson* and *Brown* only applies where the entire record of the case is sealed. *Chicago Tribune*, 263 F.3d at 1311. Therefore, the compelling interest standard is inapplicable here because only a limited number of documents were sealed. *See also Luzzi v. ATP Tour, Inc.*, No. 3:09-cv-1155-J-32MCR, 2011 WL 2693542, at 2 n.2 (M.D. Fla. July 12, 2011).

the media and public presumptively hav[ing] access to the former, but not to the latter." *Chicago Tribune*, 263 F.3d at 1311.

After weighing the foregoing factors, the Court finds that the presumption of public access remains unrebutted. This case does not involve a typical confidential settlement—this is a proposed class action settlement wherein Mr. Kukorinis attempts to represent a nationwide class of consumers. This fact weighs heavily in favor of public access. Class members are entitled to a full and fair understanding of the case, including their proposed representative's objections to a settlement they will all be potentially bound by.

The Court has, however, considered the potential privacy interests at stake, including the implication of the attorney-client privilege and the divulgence of confidential mediation communications.[3] As discussed further, these privacy interests have either been waived or are insufficient to overcome the presumption of public access.

The parties' assertion that the Kukorinis Declaration implicated his attorney-client privilege is unavailing. The attorney-client privilege "belongs solely to the client," and Mr. Kukorinis' filing of the Kukorinis Declaration acted as a waiver of such privilege. *Cox v. Admin. U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994). Though the parties contend that Mr. Kukorinis did not make an informed and intelligent waiver—deeming it involuntary—the Court is unpersuaded by this conclusory assertion. *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 15 (1986) ("right of access cannot be overcome by…conclusory assertion"); *Romero*, 480 F.3d at 1247 ("[S]tereotyped and conclusory statements…do not establish good cause.") (citation and quotation omitted). The record does not indicate any evidence to support a finding that Mr.

---

[3] A thorough review of the Kukorinis Declaration does not indicate that work-product is contained within the document, and the parties have failed to meet their burden to articulate which particular portions of the Declaration would constitute such. Therefore, the Court will not conduct a work-product analysis.

Kukorinis' waiver was involuntary; indeed, the Kukorinis Declaration indicates a clear understanding of the implications of his filing of the document on the record.

The Kukorinis Declaration also includes a confidential mediation communication, namely a single statement made by Mediator Michelle Yoshida. Mediation communications would not "properly be considered public or judicial records." *Chicago Tribune*, 263 F.3d at 1311. In fact, there is a legal presumption that they are not subject to disclosure. *See* Fla. Stat. § 44.405(1) (mandating that a "mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel"); *see also Abrams-Jackson v. Avossa*, 282 F. Supp. 3d 1268, 1272–73 (S.D. Fla. 2017) (striking confidential mediation statement filed by opposing counsel and ordering Clerk to remove the document from public view). Nonetheless, though the Court weighs this determination against disclosure of the document, in light of the alternative remedies available to Defendant for disclosure of such material and in light of the relatively insignificant portion of the Kukorinis Declaration containing mediation information, the Court will not seal the Declaration on this basis alone. *See* Fla. Stat. § 44.405(1) ("A violation of this section may be remedied as provided by s. 44.406."); Fla Stat. § 44.406 (outlining civil remedies available against a mediation participation who violates section § 44.405(1)).

Though the parties' efforts for an amicable resolution of this case in the form of an approved final settlement may be slightly hindered by potential objectors receiving the Kukorinis Declaration, the parties will have the opportunity to address such claims at the Fairness Hearing. This is bolstered by the fact that Mr. Kukorinis has since withdrawn his objections and, even if he

had not, "the assent of named plaintiffs is not a prerequisite to the approval of a settlement." *See Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1216 (5th Cir. 1978).[4]

In all, a weighing of the requisite balancing factors indicates that the Kukorinis Declaration should be unsealed. In particular, the status of this case as a nationwide class action settlement weighs heavily in favor of public access. Though a named plaintiff's assent is not required for final approval of a class settlement, it is indeed a factor to be considered by the Court. And class members, including potential objectors, should be privy to those objections—even if they have been since withdrawn—to ensure the that Fairness Hearing is indeed fair.

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. The Clerk is **DIRECTED to UNSEAL** the Declaration of Vassilios Kukorinis, [ECF No. 43]. The Declaration shall be made part of the public record and the former restrictions shall be lifted.

2. The parties' Joint Motion to Seal the Declaration of Steven F. Helfand, [ECF No. 59], is therefore **DENIED AS MOOT.**

DONE AND ORDERED in Chambers at Miami, Florida this 6th day of November 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Steven F. Helfand, *pro se*

---

[4] Fifth Circuit cases decided prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981).