FILED BY __PG__ D.C.

NOV 16 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

VASSILIOS KUKORINIS, on behalf of himself and those similarly situated,
**Plaintiff,**

v.

WALMART, INC., a Delaware corporation
**Defendant.**

Case No. 1:19-CV-20592-MARTINEZ/OTAZO-REYES

## *UNOPPOSED* MOTION FOR OBJECTOR AWARD

Objector Shiyang Huang successfully persuaded Named Plaintiff to abandon a $25,000 incentive award from his attorney fee motion in event of a settlement approval.[1]

Huang's effort should be commended. Huang moves for a $1.00 objector award, to be paid from Plaintiff's attorney fee award. Both Plaintiff and Defendant represented ***non-opposition*** to this motion (*see* Exhibit B emails), "and the doctrine of judicial estoppel will prevent those parties from taking an opposite position in future proceedings."[2]

Huang's *unopposed* motion should be granted. *First*, Fed. R. Civ. Proc. 23(e) explicitly provides that "[g]ood-faith objections can assist the court in evaluating a proposal under Rule 23(e)(2). It is legitimate for an objector to seek payment for providing such assistance". *Rule 23 Committee Notes—2018 amendment* at subd. (e)(5)(B).

---

[1] *See* Plaintiff's Fee Motion [Doc. 56] at 1 (forgoing $25,000 incentive award, citing *Johnson v. NPAS Solutions, LLC*, —F.3d—, 2020 WL 5553312 (11th Cir. Sep. 17, 2020). *Contrast* Plaintiff's Motion for Class Notice [ECF No. 41] at 8. ("Plaintiff's Counsel will move for a Service Award payment for the Plaintiff not to exceed $25,000.00".)

[2] *Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792, 798 (7th Cir. 2018).

*Second*, Huang's effort "result[ed] in a reduction of [service] awards [and] provides a benefit to the class." *UFCW Local 880-Retail Food Emp'rs Joint Pension Fund v. Newmont Mining Corp.*, 352 Fed. Appx. 232, 235 (10th Cir. 2009). *In re Sw. Airlines Voucher Litig.*, 898 F.3d 740, 744 (7th Cir. 2018) ("Objectors who add value to a class settlement may be compensated for their efforts."); As *Exhibit A* shows, *supra* n.1, an additional $25,000 of class-wide recovery is undisputedly a substantial benefit to the Class.

*Third*, a merely $1.00 objector award (*versus* objector awards ranging between $500 and $1,750)[3] is miniscule compared to $25,000 of class benefit he obtained. That $1 will not come from the class: Plaintiff will fund it from his attorney's fee award. Exhibit B.

For the foregoing reasons, this unopposed motion should be granted.

Dated: November 2, 2020               Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2800 SW Engler Ct., Topeka, KS 66614
defectivesettlement@gmail.com

## CERTIFICATE OF SERVICE

I certify that on November 2, 2020, a true and correct copy of the foregoing was filed with the Clerk of Court by U.S. mail. CM/ECF will then notify all counsels of record.

/s/ Shiyang Huang

---

[3] *In re Sony PS3 "Other OS" Litig.*, 2019 WL 5536333, at *1 (N.D. Cal. Oct. 25, 2019) ($1,750 objector award "in recognition of the benefits ... conferred upon the class"); *Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1334 (D. Nev. 2014) ($1,500 objector award for "contribut[ing] to the value of the resulting settlement"); *Lonardo v. Travelers Indemnity Co.*, No. 1:06-cv-962 (E.D. Ohio Jul. 21, 2010) (same; $500 award to objector).

# Exhibit A



john doe &lt;defectivesettlement@gmail.com&gt;

## Re: *EXT* Attn: Walmart Weighed Goods Settlement

**John Yanchunis x2191** &lt;JYanchunis@forthepeople.com&gt;  Wed, Oct 14, 2020 at 6:48 AM
To: Defectivesettlement &lt;defectivesettlement@gmail.com&gt;
Cc: "SalkyM@gtlaw.com" &lt;SalkyM@gtlaw.com&gt;, "BeerN@gtlaw.com" &lt;BeerN@gtlaw.com&gt;

A service award will not be requested in this case as they are not permitted pursuant to the case you mention .

John Yanchunis
Morgan & Morgan Complex Litigation Group
201 North Franklin Street
7th Floor
TAMPA , Florida 33602
Office 813-275-5272
Cell 850-509-5641


**John Yanchunis**
Attorney
My Bio

**P:** (813) 275-5272
**F:** (813) 222-4736
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602

## MORGAN & MORGAN
### FOR THE PEOPLE.COM

PRACTICE AREAS | LOCATIONS | ATTORNEYS | RESULTS

*COVID-19 Update: Morgan & Morgan continues to be fully operational and enabled to service our clients Nationwide. You can learn more about our remote resources here. We are here for you.*

> On Oct 14, 2020, at 1:24 AM, Defectivesettlement &lt;defectivesettlement@gmail.com&gt; wrote:
>
> **CAUTION: Use caution when clicking on links or opening attachments in this external email.**
>
> Mr. Yanchunis,
>
> Hi. You may be able to recognize me from our Equifax appeal pending in the 11th Circuit. I'm finding interest in this Walmart weighed goods settlement for at least one convincing reason.
>
> Johnson v. NPAS Sols., LLC, 2020 WL 5553312 (11th Cir. Sept. 17, 2020) made it abundantly clear that Plaintiffs' service award is illegal as a matter of law in the Eleventh Circuit, and it implicates Constitutional Due Process requirements for an unconflicted class representative under Rule 23 to represent a class member such as myself.
>
> I sympathize that NPAS was decided after the settlement was signed, and I think a simple solution is that Plaintiff agrees to move for $0 incentive award - i.e., nothing at all. It's the easier way for all. Otherwise I'll send Judge Newsom's NPAS opinion as my objection.
>
> Please respond before your fee motion, or else I'll take the fee motion as your response.
>
> Thanks,
> Shiyang Huang

# Exhibit B



john doe <defectivesettlement@gmail.com>

## Re: *EXT* Attn: Walmart Weighed Goods Settlement

**John Yanchunis x2191** <JYanchunis@forthepeople.com>　　　　　　　　　Wed, Oct 28, 2020 at 7:39 PM
To: Defectivesettlement <defectivesettlement@gmail.com>
Cc: "salkym@gtlaw.com" <salkym@gtlaw.com>, "BeerN@gtlaw.com" <BeerN@gtlaw.com>, Ryan McGee x3030 <rmcgee@forthepeople.com>

I dont have any opposition


**John Yanchunis**
Attorney
My Bio

P: (813) 275-5272
F: (813) 222-4736
A: 201 N Franklin St, 7th Floor, Tampa, FL 33602

### MORGAN & MORGAN
FOR THE PEOPLE.COM

PRACTICE AREAS　　LOCATIONS　|　ATTORNEYS　　RESULTS |

*COVID-19 Update: Morgan & Morgan continues to be fully operational and enabled to service our clients Nationwide. You can learn more about our remote resources here. We are here for you.*


> On Oct 28, 2020, at 8:17 PM, Defectivesettlement <defectivesettlement@gmail.com> wrote:
>
> CAUTION: Use caution when clicking on links or opening attachments in this external email.
>
> _____
> Attaching Mr. Kukorinis' previous declaration. That's the one I'm talking about, unless I'm mistaken.
>
>
> Mr. Yanchunis and Walmart's counsel,
>
> I'm writing to confer my intent to move for a nominal $1 objector award for saving $25,000 for the settlement Class. No attorney's fee with it, just $1 incentive award to me as objector. I prefer that the $1 come from Plaintiff's attorney fee allocation, not from the $25,000 that is recovered to the Class.
>
> If Plaintiff and Defendant agree to not oppose, then I will forget about writing an objection to other aspects of the settlement. I have read the interesting pro se declaration by Named Plaintiff himself, and I also believe the 25% fee based on the impossible "ceiling" common fund is actually a 53% fee based on the minimum (or most likely) common fund size that Defendant will actually pay into? Plus that Plaintiff's footnote insistence that a vacatur of NPAS would trigger Plaintiff's incentive award request again is very troubling, especially when NPAS was decided on historical grounds, not by making new laws.
>
> Unlike named plaintiff's incentive award ban, class objectors award is certainly authorized by latest Rule 23 itself and caselaw. See Advisory Committee Notes - 2018 amendment at Rule 23(e)(5)(B) "Good-faith objections can assist the court in evaluating a proposal under Rule 23(e)(2). It is legitimate for an objector to seek payment for providing such assistance". Also see In re Sw. Airlines Voucher Litig., 898 F.3d 740, 744 (7th Cir. 2018) ("Objectors who add value to a class settlement may be compensated for their efforts."). The Eleventh Circuit's NPAS decision surely does not bar a good faith, meritorious objector from getting $1 objector award either.
>
> I will only do it by the book via motion in open record, after both parties agree to non-opposition. Since I'm moving for a nominal $1 award, not a real painful amount, I expect that you can decide quickly before my Saturday morning, and tell me whether you will not oppose.
>
> Otherwise, I'll take it as either party will oppose, so then I will draft not the motion for $1 objector award, but a class member objection to class certification with faulty class representative, the settlement fairness, with notes to the problematic fee motion.



john doe &lt;defectivesettlement@gmail.com&gt;

## Re: *EXT* Attn: Walmart Weighed Goods Settlement

BeerN@gtlaw.com &lt;BeerN@gtlaw.com&gt; Fri, Oct 30, 2020 at 3:57 PM
To: defectivesettlement@gmail.com, JYanchunis@forthepeople.com
Cc: SalkyM@gtlaw.com, rmcgee@forthepeople.com

Walmart has considered the position in your October 28, 2020 emails. Walmart took no position as to the request for an incentive award to the named plaintiff, and similarly takes no position as to your request for what you describe as a "nominal $1 objector award" and has no objection should the Court decide to grant your request. In addition, since you attached Mr. Kukorinis' first declaration to your email, we also want to remind you that that declaration has been withdrawn and was also sealed by the Court and therefore it should not be cited to or referred to any pleadings that you might file.

**Naomi G. Beer**
Co-Chair, Global Labor & Employment Practice

Greenberg Traurig, LLP
1144 15th Street, Suite 3300 | Denver, Colorado 80202
T 303.572.6549 | F 720.904.7649 | C 303.810.5821
BeerN@gtlaw.com | www.gtlaw.com | View GT Biography



**From:** Defectivesettlement &lt;defectivesettlement@gmail.com&gt;
**Sent:** Friday, October 30, 2020 8:31 AM
**To:** John Yanchunis x2191 &lt;JYanchunis@forthepeople.com&gt;
**Cc:** Salky, Mark (Shld-Mia-LT) &lt;SalkyM@gtlaw.com&gt;; Beer, Naomi (Shld-Den-LT-Labor-EmpLaw) &lt;BeerN@gtlaw.com&gt;; Ryan McGee x3030 &lt;rmcgee@forthepeople.com&gt;
**Subject:** Re: *EXT* Attn: Walmart Weighed Goods Settlement

**\*EXTERNAL TO GT\***

Any words from Walmart counsel by end of today?

It wouldn't affect the Class fund as Plaintiff's non-opposition allows, but I rather get a word from WMT. Thanks

On Wednesday, October 28, 2020, John Yanchunis x2191 &lt;JYanchunis@forthepeople.com&gt; wrote:

> I dont have any opposition
>
> **John Yanchunis**
> Attorney
> My Bio
>
> P: (813) 275-5272



