

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

VASSILIOS KUKORINIS,
    Plaintiff,

v.

WALMART, INC.,
    Defendant.

Case No. 1:19-CV-20592-MARTINEZ/OTAZO-REYES

### NOTICE OF MOOTNESS, AND OPPOSITION TO, MOTION TO SEAL [DOC. 59]

Movants' motion to seal should be denied as moot, if not denied as meritless.

First, the motion is moot. *Reuters* made Doc. 58 "already public, leaving few, if any, justifications for non-disclosure." *U.S. v. Aisenberg*, 358 F.3d 1327, 1338 (11th Cir. 2004).

Second, Movants fail to overcome the Eleventh Circuit's repeated *presumption of public access to judicial documents* (e.g., *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985)). Nor can they overcome a heightened standard for such sealing in class-action lawsuits.[1] *Shane Grp. v. BCBS of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016); *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Their arguments to seal contradict the law.

"[I]f it walks like a duck, quacks like a duck, and looks like a duck, then it's a duck." *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1359 (11th Cir. 2008). Movants' intent reveals a "duck" that is already public: *facts preventing settlement approval*. It cannot be sealed; it requires "heightened[] attention". *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997).

---

[1] The Eleventh Circuit may also provide binding guidance in this issue when it disposes *Huang, et al. v. Spector, et al*, No. 20-10249 (11th Cir.), *oral arg. scheduled for Feb. 2021.*

1

I.   **The Motion Is Moot Because [Doc. 58] Is Already Reported By The Press**

The key question before merits is whether redress is even *possible* by granting Movants' motion to seal. It is a question of mootness—whether a court order would have any meaningful effect. *Romero v. Drummond Co.*, 480 F.3d 1234, 1247-48 (11th Cir. 2007). (ordering to unseal because a "declaration had already been reported by the Miami Herald, sealing these documents could not remedy any of the highly unlikely harms").

*Romero* and *Aisenberg* precisely demonstrate their motion is now moot. Helfand's Declaration (Doc. 58) is already released by Reuters.com in its entirety. Alison Frankel, *$9.5 mln Walmart class action is turning into showdown over sealed document.* Reuters.com (Nov. 9, 2020). https://reut.rs/32v5hXn. It is "already public, leaving few, if any, justifications for non-disclosure." *Aisenberg, supra. Accord Perez-Guerrero v. US Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). ("We decline to conceal [information] already been released in news articles".) Court-docket monitors also already had it too.[2]

What Movants obviously want to seal—is Exhibit A (Doc. 58 at 5-29), the *pro se* Kukorinis declaration. But two additional press articles—reported on the *verbatim* precursor of Exhibit A—Doc. 43, further mooting the motion. Emily Ashcraft, *Plaintiff in Walmart Lawsuit Claims Lawyers Failed to Consult Him in Settlement Discussion.*

---

[2] www.docketalarm.com/cases/Florida_Southern_District_Court/1--19-cv-20592/Kukorinis_v._Walmart_Inc/; www.pacermonitor.com/public/case/27106300/Kukorinis_v_Walmart,_Inc

2

*LawStreetMedia.com* (Sep. 29, 2020);[3] Alison Frankel, *Lead plaintiff in $9.5 mln Walmart class action says Morgan & Morgan settled without telling him*. Reuters.com (Oct. 27, 2020).[4] Besides, Exhibits B & C are both journalist articles already on the web.

As [Doc. 58] "declaration had already been reported by the [Reuters.com], sealing these documents could not remedy any ... harms", *Romero*, 480 F.3d at 1247, "leaving few, if any, justifications for non-disclosure." *Aisenberg*, 358 F.3d at 1338. The motion is *moot*.

## II.  Besides Mootness, Movants' Motion Must Be Denied On The Merits

In any event, the following shows Movants' motion completely fail on the merits.

### A. Kukorinis Decl. To This Court Cannot Qualify As Attorney-Client Privilege, Work-Product Doctrine, Nor Settlement Details He Complained To Not Know

*First,* Movants argue it is protected under attorney-client privilege. Treatise notes that "[i]ntentional disclosure of privileged communications in a litigation context nearly always waives privilege protection ... includ[ing] to courts". Spahn, *A Practitioner's Summary Guide To The Attorney-Client Privilege And The Work Product Doctrine* §26.3 (rev. 2013). ("Spahn"). Moreover, "[c]lients can impliedly waive their attorney-client privilege if they attack their lawyers," "[c]lients asserting malpractice claims against their lawyers normally waive their privilege," and "[c]lients' assertion of other claims against their lawyers can also waive privilege protection." *Id.* §28.7. Lastly, "Lawyers' attacks on their clients can impliedly waive privilege protection." *Id.* §28.9.

---

[3] https://bit.ly/36rbsNk (reprinted at Doc. 58, Exhibit C).
[4] https://reut.rs/2JWbtkW (reprinted at Doc. 58, Exhibit B). Huang told all parties that he did not know of both articles until after publications, but repeats it against *ad hominems*.

Facts show that (a) Kukorinis repeatedly addressed that declaration *intentionally to this Court* as an express waiver. *Spahn* §26.3. Doc. 58 at 5; (b) in his Declaration under penalty of perjury, Kukorinis waived again by attacking his Counsel, Mr. Yanchnis, with a series of troubling allegations of misconduct—for authorizing a settlement without him informed of this case since January 2020. *Spahn* §28.7. Doc. 58 at 5-7. (c) Mr. Kukorinis' own attorneys also extended waivers by twice joining Defendant's papers to criticize client Mr. Kukorinis' behaviors. *E.g.,* Doc. 59 (motion) ¶2 ("his pro se filing of the Stricken Declaration violated Local Rules 7.7 and 11.1(d)(4)"); Doc. 51 at 3 ("Mr. Kukorinis admitted his misunderstanding of the release."). *Spahn* §28.9. The triple waivers of attorney-client privilege—expressed and implied—totally defeat Movants' arguments.

The next question is whether work-product doctrine applies. The basis first depends on whether it was work-product of ***attorneys***. *U.S. v. Nobles*, 422 U.S. 225, 236-237 (1975). That is for "a lawyer [to] prepare legal theories and strategy". *U.S. v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (citing Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 325 U.S. 495 (1947)). That standard plainly cannot justify sealing here, as Mr. Kukorinis himself—declared to have drafted it entirely by himself ***pro se***—without attorneys—under penalty of perjury (Doc. 58 at 5-29). He did so twice. Doc. 45 at 1. (declaring he "personally prepared and filed declaration dated September 22, 2020 [Doc. 43]"). Thus, Kukorinis' anger to his Counsel cannot seal under arguments of work-product doctrine.

Lastly, Movants argue that confidentiality applies to mediation materials. The rule of thumb—before arguing what details justifies sealing—is whether the material is *really mediation-related*. The fact demonstrates that Doc. 58 is not. At its core, Mr. Kukorinis'

*pro se* declaration blasted his Counsel for failing fiduciary obligations to keep him informed, Doc. 58 at 5-7. It is far from mediation material between settling parties that Movants purport to bluff with. In any case, Mr. Kukorinis cannot have relevant mediation details to disclose—as of his letter, ***he complained exactly not knowing <u>anything</u> since January 2020***—until he realized the settlement proceedings, over Google searches. *Infra.*

Movants' litany of reasons completely fails and cannot justify sealing, and parties' barren justification to even seal reproduced journalist articles further implies its frivolity.

### B. <u>*Heightened* Public Right Of Access Must Apply In Class Actions, Where By Definition The "Class" Includes Millions Of Members From "The Public"</u>

While Helfand already opposed with public right-of-access arguments, Huang will not repeat them here. There is no question that even the press enjoys a public right to access. *Newman v. Graddick*, 696 F.2d 796, 800-801 (11th Cir. 1983). *Chicago Tribune Co. v. Bridgestone/Firestone*, 263 F.3d 1304, 1311 (11th Cir. 2001) (*per curiam*).

But Huang notes a critical sub-issue of whether Movants fail to overcome a ***heightened*** presumption of public rights of access in class-action, *for class members.*

The rule is even stronger in class actions, as public right of "access is likely to promote public understanding of historically significant events.'" *FTC v. Abb-Vie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013). Critically, "in class actions—where by definition some 'members of the public are also parties to the [case]'—the standards for denying public access to the record 'should be applied ... with particular strictness.'" *Shane Grp. v. BCBS of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). And class members, bound by class-action settlement judgments, must have an unburdened right to object. Fed. R. Civ. P. 23(e); *E.g., Johnson v. NPAS*

5

*Solutions*, 975 F.3d 1244, 1254 (11th Cir. 2020) (late disclosures after objections deadline).

That standard cannot be overcome by Movants' threadbare arguments. Huang is a claiming class member of the lawsuit. Huang filed an objection. And this filing reveals critical additions Huang *would have relied on to object,* were it available as record cites. In sum, "[t]he public has a right to access these documents that is more than powerful enough to overcome the negligible interest of [Movants] in preventing public access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1248 (11th Cir. 2007). And it is worth noting that Movants' error is beyond careless, because Huang emailed parties and cautioned Movants that their efforts to seal would be fruitless, if not frivolous.[5] *See* Exhibit, Huang's email before motion (Nov. 5, 2020) (quoting, without parenthesis, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") *Comm'nr v. Adv. Local Media*, 918 F.3d

---

[5] "[A]n attorney's duty of candor as a "continuing duty to inform the Court of any development which may conceivably affect the outcome of litigation". *Alvarez Perez v. Sanford-Orlando Kennel Club* , 518 F.3d 1302, 1304 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1117 n.83 (11th Cir. 2001); *84 Lumber Co. v. Cooper*, 656 So.2d 1297, 1300 (Fla. 2d DCA 1994)). "Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 & n.5 (11th Cir. 1994).
If any, Movants' "insistence on maintaining a legal stance untenable with our law demonstrates either an ignorance of our law, and thus inadequate research, or some intent to mislead the trial court as to the present state of this Circuit's precedent, and thus bad faith. Signing the [motion] in either of the above situations is a violation of Rule 11 and warrants a sanction." *DeSisto College v. Line*, 888 F.2d 755, 766 (11th Cir. 1989). *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) (quoting *Line*).

1161, 1167 (11th Cir. 2019) ("materials submitted by litigants—whether or not they are formally filed with the district court—that are 'integral to the "judicial resolution of the merits"' in any action taken by that court are subject to the common law right of access")).

Movants' motion regrettably lacks merit and can be denied on this basis alone.

C. **Kukorinis Faulted His Counsel For Inadequate Class Representation, And Plaintiff's Motion To Seal Joinder Reveals Abandonment Of Its Fiduciary Loyalty To *The Class* And Kukorinis: The Key Contradictory Details In Declarations Of Named Plaintiff And His Counsel Defeat Class Certification**

An additional question applies as to whether the filing that Plaintiff's motion joinder abandoned its fiduciary duty to the Class. Because abuses in class-action settlements are legion. *Thorogood v. Sears, Roebuck & Co.*, 627 F.3d 289, 293 (7th Cir. 2010) (collecting cases). "[C]lass action lawyers [have] an incentive to negotiate settlements that enrich themselves". *Id.* at 293. But a defendant solely cares to minimize its "package deal", regardless of the split between the Class and its Counsel. *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996). Brief for the United States, *Frank v. Gaos*, No. 17-961, 2018 WL 3456069, at *3 (U.S. Jul. 16, 2018).[6]

While Defendant may elect to settle a class-action, Plaintiff does ***not*** have "an entitlement to class proceedings". *Am. Exp. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2310 (2013). He must survive "threshold requirements" under Fed. R. Civ. P. 23. *Amchem*, 521 U.S. at 613-614. "Rule 23(a)(4) serves to uncover conflicts of interest between named

---

[6] Because of such concerns, this Court is "a fiduciary and guardian for the unrepresented class members [to] guard against ... class representatives or their attorneys". *Managed Care Advisory Group v. Cigna Healthcare*, 939 F.3d 1145, 1162 (11th Cir. 2019).

7

parties and the class they seek to represent." *Ibid.* "The adequacy heading also factors in ***competency and conflicts of class counsel.*** " *Id.* at 626 n.20. (emphasis added). Under Rule 23, Class Counsel owes "a heavy fiduciary responsibility to their clients — especially [class members] who are absent". *Piambino v. Bailey*, 757 F.2d 1112, 1139 (11th Cir. 1985). "Rule 23(a)(4) requires that the representative party in a class action 'must adequately protect the interests of those he purports to represent.'" *Valley Drug Co. v. Geneva Pharms.*, 350 F.3d 1181, 1189 (11th Cir. 2003). Where Class Counsel "obtain[s] more for themselves by settlement than they do for the class for whom they are obligated to act as fiduciaries, serious questions are raised as to the fairness of the settlement to the class." *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1148 (11th Cir. 1983). *Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1169 (5th Cir. 1978); *Piambino, supra*. And the Eleventh Circuit already rejected attempts to have objectors "handicapped in objecting". *Johnson*, 975 F.3d at 1254 (quoting *Redman v. RadioShack Corp.*, 768 F.3d 622, 638 (7th Cir. 2014); citing *In re Mercury Interactive Corp.*, 618 F.3d 988, 993–94 (9th Cir. 2010)).

Sealing the file "handicap[s]" objectors—because the attached Exhibit of Helfand Decl. (at 5-29, hereafter "Kukorinis Decl."), defeated Class Counsel's ability to represent the Class under Rule 23(a)(4). Plaintiff's joint advocacy to seal shows that "his interests are antagonistic to or in conflict with" class members. *Valley Drug*, 350 F.3d at 1189. Two journalists both found it troubling. *Infra.* Although parties conflate with "Mr. Kukorinis admitted his misunderstanding of the settlement" (Doc. 51 at 3)—Kukorinis' criticism remains: under penalty of perjury, Kukorinis declared *pro se* that he axiomatically could not have authorized settlement motions with this Court—unless he was committing

8

perjury. Doc. 58 at 5. That Kukorinis added evidence against settlement approval is not a reason to seal—it instead demands "heightened[] attention". *Amchem*, 521 U.S. at 620.

Risks of fiduciary self-dealing cannot support sealing either.

> It has long been axiomatic "that no person shall profit by his own wrong." *Town of Concord v. Town of Goffstown*, 2 N.H. 263, 265 (1820); see also *Liu v. SEC*, 140 S. Ct. 1936, 1943 (2020) (same); Restatement (Third) of Restitution and Unjust Enrichment § 3 (Am. Law Inst. 2011) (same). [...]
>
> A fiduciary's self-dealing is treated as a "constructive" fraud. 1 Joseph Story, *Commentaries on Equity Jurisprudence* 304 (1836). As a general rule, "wherever confidence is reposed, and one party has it in his power, in a secret manner, for his own advantage, to sacrifice those interests, which he is bound to protect, he shall not be permitted to hold any such advantage." *Id.* at 320; see also, e.g., *Snepp v. United States*, 444 U.S. 507, 515 (1980) (same) [...]

*Pearson v. Target Corp.*, 968 F.3d 827, 831-32 (7th Cir. 2020) (citing authorities). Plaintiff Counsel's joinder sadly confirms that concern: if sealing the filing hides its wrong, it may profit up to $2.375 million in fees.[7] Their motion cannot fly, because Mr. Kukorinis and his Counsel Mr. Yanchunis **disagreed on who authorized the class settlement.**

---

[7] Moreover, it is worrisome that his counsel—apparently feeling inexplicable obligation against the Class—"will also move for a [$25,000] Service Award" (Doc. 41-1 at 8)—until *Johnson v. NPAS* banned it, despite Kukorinis' refusal of such as a "fiasco/cover up and betrayal". Kukorinis' allegations piled onto a myriad of settlement procedural oddity already present. *E.g.*, *Radcliffe v. Experian Info. Sols.*, 715 F.3d 1157, 1162-68 (9th Cir. 2013) (reversing "shall seek" service awards as "conflicted" class representation); *See* Doc. 41-1 at 8 ("shall" seek a service award); **but contrast** other Yanchunis-led class-action settlements: *In re Yahoo! Inc. Cust. Data Sec. Breach Litig.*, 2020 WL 4212811, *76-77 (N.D. Cal., Jul. 22, 2020) (only "may seek" an award); *In re Equifax Inc. Cust. Data Sec. Breach Litig.*, 1:17-md-2800-TWT, Doc. 739-2 at 28 (N.D. Ga.) (same)

On one end, Mr. Kukorinis declared under penalty of perjury that he "personally prepared and filed declaration dated September 22, 2020 [Doc. 43]." Doc. 45. And Mr. Kukorinis declared (again, under penalty of perjury, Doc. 58 at 16) that until Sep. 22nd, his "last contact -by email- [he] had with plaintiff's attorney Mr. John A. Yanchunis (Bar No. 324651), was Jan 21st 2020[.]" The journalists precisely observed the same mismatch:

> Vassilios Kukorinis, [...] claimed in a declaration filed on Friday that he had no knowledge of the settlement's preliminary approval and that, **contrary to the document submitted by his lawyers**, Morgan & Morgan, they had not discussed or asked for his approval. Kukorinis claimed he was not able to fulfill his duties as a class representative because of the actions of his lawyers who did not keep him informed.

*Ashcraft, LawStreetMedia.com.* (emphasis added). *Accord Reuters.com Report.* But "one of the class representative's functions is to monitor class counsel". 1 William B. Rubenstein, *Newberg on Class Actions* § 3:70, 3:77 (5th ed. 2018). How could a class representative monitor Class Counsel—as Kukorinis argued correctly *pro se*—if he only knew of a pending settlement *ex post* from google.com, but not *ex ante* from his Counsel?

But Counsel for Kukorinis, Mr. Yanchunis's declaration under perjury, says otherwise—implicating either Kukorinis or himself of perjury. Mr. Yanchunis—who joined onto this pending motion to seal—says that interim Class Counsel "carefully weighed with [Kukorinis]—who was ... **available throughout the March mediation session**", Doc. 41-2 at 6 (declared under penalty of perjury). He said it again to the press.

> It's important to say here that John Yanchunis of Morgan & Morgan told me by email that Kukorinis was "was always informed of the progress and status" of the case, noting that the lead plaintiff traveled to the November 2019 mediation with class counsel. In response to my specific question about whether Morgan & Morgan sought Kukorinis' consent before

moving for preliminary approval of the settlement, Yanchunis said by email, "Yes, of course we did." (*Reuters.com Report.*)

However, when Huang asked Mr. Yanchunis *5 times* whether Class Counsel settled without Kukorinis' prior consent, He could not repeat his answer to Reuters.com.

***So did Mr. Kukorinis authorize the settlement motions in summer 2020?***

The conflicting Yanchunis/Kukorinis papers lead to one result: **Either** Kukorinis did authorize the settlement (but declared under perjury that he did not), and is unfit as a class representative; ***or,*** Class Counsel did *not* have Kukorinis in March 2020 mediation, or Kukorinis' authorization to settle the class-action (contradicting quotations of *Reuters.com* and Doc. 41-2 declaration to this Court), and is thus unfit to be Class Counsel.

Sealing cannot be justified under such heightened risks of fiduciary self-dealing.

### Conclusion

The Motion should be denied as moot. Otherwise, it must be denied on the merits.

Dated: November 11, 2020

Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang, *Pro Se*
2800 SW Engler Ct.,
Topeka, KS 66614
314-669-1858
defectivesettlement@gmail.com

### Certificate of Service

I certify that a true and correct copy of the foregoing was filed with the Clerk of Court by mail. ECF will notify all counsels of record and Objector Mr. Helfand. Huang explicitly authorizes email service to defectivesettlement@gmail.com under FRCP 5(b).

/s/Shiyang Huang

EXHIBIT

 Gmail

john doe <defectivesettlement@gmail.com>

## Re: Kukorinis v. Walmart - Helfand

**defectivesettlement** <defectivesettlement@gmail.com>   Thu, Nov 5, 2020 at 5:32 PM
Reply-To: defectivesettlement@gmail.com
To: Steven Helfand <1400steven.helfand@gmail.com>
Cc: SalkyM@gtlaw.com, BeerN@gtlaw.com, GillenwaterJ@gtlaw.com, John Yanchunis x2191 <JYanchunis@forthepeople.com>, Ryan McGee x3030 <rmcgee@forthepeople.com>

Mr. Helfand - can you explain what your docket excerpt means? I have no idea what you mean.

Mr. Salky - although your reply was directed to Helfand, I'm surprised that your note to him demonstrates either an ignorance of law, and thus inadequate research, or some intent to mislead the trial court as to the present state of the Eleventh Circuit's precedent, and thus bad faith. Which is it?

I say that, because, It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. Materials submitted by litigants—whether or not they are formally filed with the district court—that are integral to the judicial resolution of the merits in any action taken by that court are subject to the common law right of access.

I also think, in class actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record only can be applied with particular strictness.

Mr. Yanchunis - I renew my same question for the fifth time.

On Thu, Nov 5, 2020 at 4:43 PM Steven Helfand <1400steven.helfand@gmail.com> wrote:
> At the risk of confusing both Mr. Salky and Ms. Beer, I want you to know that the pacer docket is below. Salky is mistaken. The Court has not sealed any document. It was stricken with public access restricted. I am filing it, as it is a publicly available document. We are still awaiting a ruling. Salky has purposefully sought to mislead me, the Class and the Court. We invite Ms. Beer to take over. I am filing my declaration tomorrow.

| Date | # | Entry |
|---|---|---|
| 10/07/2020 | 54 | PAPERLESS Minute Entry for proceedings held before Judge Jose E. Martinez: Status Conference held on 10/7/2020. Total time in court: 40 minutes. Attorney Appearance(s): Ryan McGee, John Allen Yanchunis, Sr, Naomi G. Beer, Mark Allan Salky. Other appearances: Plaintiff Vassilios Kukorinis, Steven F. Helfand. Attorney added: Ryan McGee for Vassilios Kukorinis. Court Reporter: Sharon Velazco, 305-523-5636 / Sharon_PellVelazco@flsd.uscourts.gov. The parties shall file proposed orders on or before October 9, 2020. (kml) (Entered: 10/07/2020) |
| 10/13/2020 | 55 | NOTICE of Objection by Class Member; Notice of Intent to Attend the Fairness Hearing on Zoom by Steven F. Helfand. (kpe) (Entered: 10/13/2020) |
| 10/14/2020 | 56 | MOTION for Attorney Fees , *COSTS AND EXPENSES AND SUPPORTING MEMORANDUM OF LAW* by Vassilios Kukorinis. Responses due by 10/28/2020 (Attachments: # 1 Exhibit Declaration of John A. Yanchunis)(Yanchunis, John) (Entered: 10/14/2020) |
| 10/15/2020 | 57 | TRANSCRIPT of hearing status conference held on 10/07/2020 before Judge Jose E. Martinez, 1-22 pages, Court Reporter: Sharon Velazco, 305-523-5636 / Sharon_PellVelazco@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

| | |
|---|---|
| | Redaction Request due 11/5/2020. Redacted Transcript Deadline set for 11/16/2020. Release of Transcript Restriction set for 1/13/2021. (Pell Velazco, Sharon) (Entered: 10/15/2020) |

On Thu, Nov 5, 2020 at 4:14 PM Steven Helfand <1400steven.helfand@gmail.com> wrote:
Mr. Salky:

Can you tell me any local rule or rule of civil procedure that forecloses me from filing the declaration? Moreover, you have not informed Judge Martinez the motion is moot; the document is publicly available. Why is the issue not moot?

Steve

On Thu, Nov 5, 2020 at 2:46 PM <SalkyM@gtlaw.com> wrote:

Mr. Helfand,

We have received the many emails that you have sent over the past few days, and also your voicemail to Ms. Beer. The baseless assumptions and various threats in your emails are unfounded and without merit. Moreover, as you know, Mr. Kukorinis has told the Court his initial declaration was based on a misunderstanding and that initial declaration has been withdrawn and sealed by Judge Martinez. Please also be advised that if you file the initial declaration in open Court, or take other actions inconsistent with the applicable rules and procedures, we will seek all appropriate remedies.

**Mark A. Salky**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Miami, FL 33131
T +1 305.579.0816 | F +1 305.579.0717
SalkyM@gtlaw.com | www.gtlaw.com | View GT Biography



If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**USMS INSPECTED**  **RECEIVED**  NOV 18 2020 12:42 PM

SHIYANG HUANG
2800 SW ENGLER CT
TOPEKA, KS 66614

CAROL STREAM IL 601
12 NOV 2020 PM 2 L

Clerk of the Court
United States District Court
S.D. Fla., Miami Division
ATTN: No. 1:19-cv-20592-JEM
400 North Miami Ave.
Miami, FL 33128

33128-771699