UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY_____D.C.
DEC - 7 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

VASSILIOS KUKORINIS,
   Plaintiff,

v.

WALMART, INC.,
   Defendant.

Case No. 1:19-CV-20592-
MARTINEZ/OTAZO-REYES

### REPLY IN SUPPORT OF [DE 68] EXPEDITED MOTION FOR EXTENTION OF TIME TO FILE A CLASS MEMBER OBJECTION AS TIMELY

Although this Court later received Huang's first-class mailings (DEs 64-73) after Huang mailed a copy of the motion and submitted a proposed order, the motion is not necessarily moot. Whether the Court grants the motion—or—denies it as moot, Huang's objection should be found as timely for all purposes under [DE 42] and Civil Rule 23(e).

### Additional Factual Background After Huang Mailed The Motion (DE 68)

1. The postmark on three-stamped letter, ([DE 67] at 8, enlarged below) seems to have somewhat carried a "NOV 2 2020" postmark, but neither it nor the 1-stamp letter, [DE 65] at 2, showed a clear, unambiguous postmark on or before November 4th, 2020.



1

2. Plaintiff acknowledged receipt of Huang's objection, postmarked on November 3, 2020. [*Exhibit A*]. Defendant "does not intend to oppose the objection on timeliness grounds but reserves all other rights" to respond to the objection itself. [*Exhibit B*].

3. Then, Defendant and Plaintiff filed a Joint Response, arguing that Huang's objection is timely, and Huang's motion should be denied as moot. [DE 74].

## ARGUMENT

### I. Unless this Court Finds [DE 64] As Timely Filed, The Motion Is *Not* Moot

Parties argue that as they believe Huang's Objection bears a timely postmark "on or about November 2, 2020", Huang's motion is moot. *See* [Exhibit A]; *accord* [DE 74]. For its ambiguity, Huang disagrees with parties' conclusion, but Plaintiff may have misread the ***timeliness*** issue with their position that—a grant of Huang's motion will not "prejudice the non-moving party" as to themselves. *Perez v. Wells Fargo NA*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014). *Accord Pioneer Inv. Servs. Co. v. Brunswick Assos.*, 507 U.S. 380, 395 (1993) (noting danger of prejudice as a core factor).

The postmarks on the docket ([DE 67] at 8, [DE 65 at 2]) remain less than absolutely clear, requiring this Court to make a finding. While Huang appreciates Plaintiff's voluntary disclosure of a timely postmark to their receipt, (*see Exhibit A*), Plaintiff's copy is ***not the copy filed with the Court.*** If the Court finds that [DE 64] is timely, then Huang's motion is indeed moot; if not, then Huang's request for finding that he submitted a timely objection is valid, because Huang only seeks a finding that his objection was timely. *See Farber v. Crestwood Midstream Partners LP*, 863 F.3d 410, 417 (5th Cir. 2017) (finding an objector—who did not timely object *and* did not intervene in

the district court—lack standing to appeal). *Also see id.* at 416 ("'[N]onnamed class members ... who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening.'") (quoting *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002)).

Better yet, it would leave any hypothetical appellate jurisdictional issue that can never be forfeited, and this Court should make a finding to close this issue. And as Huang's initial motion argued, granting *this* motion will not grant Huang any more rights more than a *timely* objector has; but granting this motion would save this Court, Huang, and all parties, from another round of motion to intervene or reconsider, whether his objection is ultimately meritorious or not. [DE 68] at 6.

In sum, [DE 68] is *not* moot unless this Court finds Huang's [DE 64] as timely.

## II. If This Court Decides That [DE 68] Is *Not Moot*, Huang's Motion Should Be Granted For "Good Cause", Or Alternatively, "Excusable Neglect"

If the Court makes a finding that [DE 64] is timely as to [DE 42] requirements for objections, this Court needs not to consider the arguments below.

If the Court finds [DE 64] untimely, this Court should still grant Huang's motion.

The good-cause standard evaluates "whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense ... courts have also considered factors such as "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default". *Perez v. Wells Fargo NA*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014). The standard for "excusable neglect" further considers "whether it was within the

3

reasonable control of the movant" *Pioneer Inv.*, 507 U.S. at 395. The additional factual developments, *supra* at 1-2, demonstrate that Huang's motion should be granted.

The first *Perez* factor considers willfulness to delay. Huang said that he is not eligible to serve papers electronically. [DE 68] at 4. His mailing of *two* copies, with Plaintiff's service copy timely postmarked, demonstrates a complete *willingness* to **not** have such an unfortunate delay—and extra motion papers to cure such in the process.

The second *Perez* factor considers prejudice to the non-moving party—none exists in this case for Defendant (who did not oppose), nor the Plaintiff (who acknowledged receipt of a timely mailed copy). Plaintiff's commendable disclosure of November 3 postmark *of their copy* demonstrates a lack of prejudice to them: If Huang's objection was timely, then their argument is moot; if Huang's objection were—though unlikely—late, then Plaintiff's purported prejudice **ended** when [DE 64] was docketed, only 7 business days after November 4th; only 4 days as "mailbox rule" allows 3 extra days for stamp filings. Fed. R. Civ. Proc. 6(b). Huang left Plaintiff a whopping 56 business days (84 days with holidays/weekends) to counter his objection by February 5, 2021.[1]

The Third *Perez* factor considers whether Huang would have a "meritorious defense". Huang does. The requirement was to have Huang's objection postmarked by

---

[1] Notably, the unavailability of Kukorinis' declaration presented a further handicap for objecting would further weaken any arguments for denial. *Johnson v. NPAS Sols.*, 971 F.3d 1254 (11th Cir. 2020) (rejecting nondisclosure of fee motion prior to objection deadline as "handicap" against objectors) (citing authorizes).
As Huang would like to further object to an additional element, DE 70, his supplemental objection is also timely because it was filed only after [DEs 43, 58] became public.

November 4, 2020. As Plaintiff's Counsel Mr. McGee agrees in his email, "[i]t was sent during the Presidential election, during a pandemic, and likely traveled through the USPS over a weekend and during a federal holiday." Moreover, both postmarks are not 100% clear on the postmark date, which means Huang's motion only helps to clarify that issue.

The additional *Perez* factors consider (a) implication to the public (b) financial loss to non-movants, and (c) promptness to cure the defect. Those standards are satisfied:

First, factors (a) and (b) remain the same. *See* [DE 68] at 6-7.

For factor (c), Huang's good faith effort to cure is timely—it occurred on the same day that Huang's objection was docketed (while unknowing to him), and it remained valid after Huang saw ambiguous postmarks in the Court's docket, and such motion could have been decided quickly, if Plaintiff consented to this motion without opposing the postmark.

Lastly, with regards to arguments on "excusable neglect", *Pioneer Inv.* (in addition to other factors, *supra*) would inquire whether the issue "was within the reasonable control of the movant". 507 U.S. at 395. It is not—and those postmarks show that. Huang plainly cannot control where the postmarks were stamped to provide clear dates on the record. In fact, he sent his papers via two envelopes (DE 69 at 8; DE 65 at 2), and *neither* carried an unambiguous postmark to close this issue. It is not in Huang's control—it was at control of U.S. Postal Service postmark machines, which were overworked during the 2020 Election for mail-in ballots, on top of heavier traffic during COVID-19 quarantines.

## Conclusion

For the foregoing reasons, this Court should find Huang's objection is timely on the postmark (DE 67 at 8), or grant Huang's motion. Either outcome should allow Huang's objection to be considered timely under this Court's preliminary approval order (DE 42) and Fed. R. Civ. P. 23(e).

Dated: November 30, 2020                        Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2800 SW Engler Ct.,
Topeka, KS 66614
314-669-1858
defectivesettlement@gmail.com

## Certificate of Service

I certify that a true and correct copy of the foregoing was filed with the Clerk of Court by mail. ECF will notify all counsels of record and Objector Steven F. Helfand. All parties are additionally served with a copy of this filing and its exhibits via E-mail.

/s/Shiyang Huang

Exhibit A

 john doe <defectivesettlement@gmail.com>

## RE: *EXT* Proposed Order, Kukorinis v. Walmart, Inc., 19-cv-20592

**Ryan McGee x3030** <rmcgee@forthepeople.com>                     Fri, Nov 13, 2020 at 11:52 AM
To: "defectivesettlement@gmail.com" <defectivesettlement@gmail.com>
Cc: "BurkeK@gtlaw.com" <BurkeK@gtlaw.com>, "sroura@gtlaw.com" <sroura@gtlaw.com>, "GillenwaterJ@gtlaw.com" <GillenwaterJ@gtlaw.com>, "BeerN@gtlaw.com" <BeerN@gtlaw.com>, John Yanchunis x2191 <JYanchunis@forthepeople.com>, Steven Helfand <1400steven.helfand@gmail.com>

Shiyang,

Today we also received your objection, and I can confirm the postmarked date is November 3, 2020.

John and I believe this moots your current Motion, and would request that you enter a Notice of Withdrawal.

Thank you,

[Quoted text hidden]
[Quoted text hidden]

EXHIBIT B

 

john doe <defectivesettlement@gmail.com>

## RE: *EXT* Proposed Order, Kukorinis v. Walmart, Inc., 19-cv-20592

**SalkyM@gtlaw.com** <SalkyM@gtlaw.com>  Fri, Nov 13, 2020 at 3:13 PM
To: defectivesettlement@gmail.com
Cc: rmcgee@forthepeople.com, JYanchunis@forthepeople.com, BeerN@gtlaw.com, GillenwaterJ@gtlaw.com, 1400steven.helfand@gmail.com

Mr. Huang –

Walmart does not intend to oppose your objection on timeliness grounds but reserves all other rights and positions with respect to the objection. Also, while we hope that the flurry of emails will subside now that your objection has been filed with the court, please remove Alana Srour from any future email on this case. Please include me on those emails in her place. Thanks.

**Mark A. Salky**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Miami, FL 33131
T +1 305.579.0816 | F +1 305.579.0717

GT GreenbergTraurig

**From:** defectivesettlement <defectivesettlement@gmail.com>
**Sent:** Friday, November 13, 2020 11:31 AM
**To:** Ryan McGee x3030 <rmcgee@forthepeople.com>
**Cc:** Burke, Karen (AdmAst-Mia-LT) <BurkeK@gtlaw.com>; Srour, Alana C. (Assoc-LA-LT) <sroura@gtlaw.com>; Gillenwater, James E. (Shld-MIA-LT) <GillenwaterJ@gtlaw.com>; Beer, Naomi (Shld-Den-LT-Labor-EmpLaw) <BeerN@gtlaw.com>; John Yanchunis x2191 <JYanchunis@forthepeople.com>; Steven Helfand <1400steven.helfand@gmail.com>
**Subject:** Re: *EXT* Proposed Order, Kukorinis v. Walmart, Inc., 19-cv-20592

*EXTERNAL TO GT*

[Quoted text hidden]




**FLAT RATE ENVELOPE**
ONE RATE ★ ANY WEIGHT*

**GUARANTEED* ★★ TRACKED ★★ INSURED ★**

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

**UNITED STATES POSTAL SERVICE®**

PRIORITY MAIL EXPRESS 2-DAY™

US POSTAGE
12/05/2020
From 66614
Zone 6

Pitney Bowes
ComBasPrice
Flat Rate Envelope
026W0004897469

www.paypal.com

Scheduled Delivery Date: 12/07/2020

0007

WAIVER OF SIGNATURE

C075

US DISTRICT COURT, S.D. FLA.
400 NORTH MIAMI AVE.
ATTN: CASE NO. 1:19-CV-20592-JEM
MIAMI FL 33128-1801

USPS TRACKING #
9470 1282 0633 4168 3546 46

EP13F Oct 2018
OD: 12 1/2 x 9 1/2

000006