**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:19-CV-20592-MARTINEZ/OTAZO-REYES**

VASSILIOS KUKORINIS, on behalf of
himself and those similarly situated,

        Plaintiff,

    v.

WALMART, INC., a Delaware corporation

        Defendant.

**THIS MATTER** came before the Court on Plaintiff's Motion for Final Approval, Amended Attorneys' Fee Request, Responses to Objections, and Incorporated Memorandum of Law ("Final Approval Motion") and Plaintiff's Motion for An Award of Attorneys' Fees, Costs, and Expenses ("Attorneys' Fee Motion").

WHEREAS, the above-captioned matter is a settlement class action pending before the Court; and

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Settlement Class Representative and the Settlement Class Members on the one hand, and Walmart, Inc. ("Walmart"), on the other hand (the "Settlement Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement"); and

WHEREAS, all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein; and

WHEREAS, on August 26, 2020, the Court entered its order granting Plaintiff's Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement, (Doc. No.

42) this class action as set forth in the Settlement Agreement, approving the form and method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Federal Rule of Civil Procedure 23 as fair, adequate, and reasonable (the "Preliminary Approval Order"); and

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class Members be given notice of the Settlement and of the date for the final fairness hearing; and

WHEREAS, the Parties and the Claims Administrator have advised and confirmed to the Court that such notice has been given; and

WHEREAS, two objections to the Settlement were filed prior to the Claim Filing Deadline, which is the last day for any objections to be considered timely; and

WHEREAS, no Settlement Class Members opted out of the Settlement prior to the Claim Filing Deadline, which was the last day for any opt-outs to be considered timely;

WHEREAS, the Court having conducted a Final Fairness Hearing on February 26, 2021 (the "Final Approval Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein;

it is hereby **ORDERED AND ADJUDGED** that the Motion for Final Approval is **GRANTED** as follows:

1.      The Court has jurisdiction over the subject matter of this action, all Settlement Class Members, and the Defendant.

2.      In accordance with Federal Rule of Civil Procedure 23, and the requirements of due process, all Settlement Class Members have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties to the Settlement Agreement, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court

finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted methods that were reasonably calculated to inform the members of the Settlement Class of the Settlement and their rights thereunder; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3.     The Settlement Agreement in this action warrants final approval pursuant to Rule 23 of the Federal Rules of Civil Procedure because it resulted from vigorously contested litigation, thorough discovery and motion practice, and extensive good-faith arm's length negotiations between the parties, and is it is fair, adequate, and reasonable to those it affects, considering at least the following factors: (i) the relative strength of the plaintiff's case on the merits; (ii) the existence of any difficulties of proof or strong defenses the Plaintiff is likely to encounter if the case goes to trial; (iii) the anticipated duration and expense of additional litigation; (iv) the degree of opposition to the Settlement.

4.     The Court has considered the objections of Steven Helfand and Shiyang Huang.

a.     First, Steven Helfand has not carried his heavy burden of demonstrating he is in fact a class member in this case, and his objection is hereby STRICKEN. (Doc. No. 55). Steven Helfand is a self-professed serial objector and admits he has no receipts, packaging, or other documents to demonstrate he is a class member. In past objections, Steven Helfand has chided class action settlements because he does not keep receipts or other paperwork. Recently, in November 2020, the Honorable Magistrate Judge Jonathan Goodman reviewed Steven Helfand's testimony and pleadings in the Prevagen litigation overseen

by the Honorable Judge Cooke. No. 1:19-cv-22864-MGC (S.D. Fla. Nov. 16, 2020). Judge Goodman found that Steven Helfand, in short, "provided incredible testimony." Despite his level of education, including obtaining a juris doctor degree from the University of Miami, Steven Helfand had filed nearly identical, boilerplate objections in not only this case and the Prevagen litigation, but also others. In addition to his failure to provide any documents supporting his contention that he is a class member, Steven Helfand provided no details whatsoever concerning where, when, or what Weighted Goods he purchased. This failure requires the Court to strike Steven Helfand's objection, as he has not demonstrated that he is a class member, or an aggrieved class member.

b.   Were the Court to consider Steven Helfand's objections, they fail as a matter of law and the Court would overrule them. The Settlement does not require Steven Helfand to mediate his objection. Plaintiff and Class Counsel have not sought a Service Award. Although Class Counsel conceded ascertainability would be a hurdle in this case, the Eleventh Circuit recently held that *convenience* does not preclude certification. *Cherry v. Dometic Corp.*, --- F.3d ---, 2021 WL 346121 (11th Cir. Feb. 2, 2021). As the Court held at Preliminary Approval and so holds here, the Notice program is robust and satisfies all elements of Rule 23. Finally, the Release is not overbroad as Steven Helfand suggests; it is, to the contrary, limited in scope to this litigation. For these reasons, the Court would overrule Steven Helfand's objections if Steven Helfand could have demonstrated his membership as an aggrieved Settlement Class Member—but he could not.

c.   Shiyang Huang's objection to the *amount* of Class Counsel's attorneys' fees, (Doc. Nos. 64, 65), is overruled. Class Counsel have amended their request to 25% of the QSF's Floor, *i.e.*, $1,187,500.00. This request is in line with, if not below, Eleventh Circuit

precedent for attorneys' fees in common fund cases. *Waters v. Intern. Precious Metals Corp.*, 190 F.3d 1291, 1292–98 (11th Cir. 1999) (approving one third attorneys fees); *Morgan Pub. Storage*, 301 F. Supp. 3d 1237, 1255 (S.D. Fla. 2016) (same); *Wolff v. Cash 4 Titles*, 2012 WL 5290155, at *4 (S.D. Fla. Sept. 26, 2012) (same); *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-1317, (Doc. 1557, at 8–10) (S.D. Fla. Apr. 19, 2005) (same); *In re: Managed Care Litig. V. Aetna*, 2003 WL 22850070 (S.D. Fla. Oct. 24, 2003) (same).

d.   Additionally, Shiyang Huang's "supplemental authority," (Doc. No. 78), amounts to an objection filed after the Objection Deadline, and is therefore STRICKEN. Were the Court to consider this supplemental objection, it is moot and overruled. There is no requirement or conflict with the proposed Service Award, as the Settlement Agreement was entered into prior to the Eleventh Circuit's decision in *Johnson v. NPAS Solutions, LLC*, No. 18-12344, 2020 WL 5553312 (11th Cir. Sep. 17, 2020), there is no Service Award sought in this case, and the Settlement Agreement has no compulsory obligation for a Service Award.

5.    The Final Approval Motion is hereby GRANTED, and the Settlement as set forth in the Settlement Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Settlement Agreement are hereby determined to be fair, reasonable, and adequate, for the exclusive benefit of the Settlement Class Members. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

6.    The Court APPROVES payment of Attorneys' Fees to Class Counsel in the amount of $1,187,500.00 (pursuant to Class Counsel's amended request in the Final Approval Motion), and Litigation Costs in the amount of $61,961.33 in accordance with the terms of the Settlement Agreement

and as requested in Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Expenses. The Court further finds that no attorneys have asserted any attorney liens as to the Attorneys' Fees, Costs, and Expenses and Litigation Expenses awarded by the Court.

7.      The planned distribution of the Class Settlement amount is hereby APPROVED as fair, adequate, and reasonable. The Class Settlement amount shall be distributed in accordance with the terms of the Settlement Agreement.

8.      This matter is hereby deemed DISMISSED WITH PREJUDICE and without costs to any Party, other than as specified in the Settlement Agreement and this Order, or to enforce the terms of the Settlement Agreement and this Order.

9.      In consideration of the Class Settlement amount provided under the Settlement Agreement, and for other good and valuable consideration, each of the Releasing Settlement Class Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Settlement Class Member Released Claims against Walmart in accordance with Section 13 of the Settlement Agreement, the terms of which section are incorporated herein by reference, shall have covenanted not to sue Walmart with respect to all such Settlement Class Member Released Claims and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Settlement Class Member Released Claims against Walmart.

10.     This Judgment is the Final Judgment in the suit as to all Settlement Class Member Released Claims.

11.     Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement Agreement; (b) distribution of the Class Settlement amount, and the Attorneys' Fees and Litigation Costs Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and

enforcement of the terms of the Settlement Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members. The time to appeal from this Judgment shall commence upon its entry.

12.      In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement or at the direction of any appellate court of competent jurisdiction, and without prejudice to the status quo ante rights of Plaintiff, the Settlement Class Members, and Walmart.

13.      This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**DONE AND ORDERED** in Chambers in Miami, Miami-Dade County, Florida, this _____ day of _____, 202___.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE