Steven F. Helfand
1400 SW 137th Avenue, Unit F112
Hollywood, FL 33027
Telephone:    415.596.5611
Email:       sh4078@gmail.com

*In Propria Persona*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Melinda Mehigan, et al.<br><br>V.<br><br>Ascena Retail Group, Inc., et al. | Case No.: 15-724<br><br>**OBJECTION AND NOTICE TO APPEAR FOR STEVEN F. HELFAND**<br><br>FILED<br><br>APR 1 1 2016<br><br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

Steven F. Helfand, in *pro se*, objects as follows:

## I.   **OBJECTIONS**

### A.  **The Settlement is Unfair and Unreasonable.**

**1.    The settlement contains a warning sign of an unfair deal: a "clear sailing" agreement.**

A clear sailing clause stipulates that attorney awards will not be contested by opposing parties. *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

"Such a clause by its very nature deprives the court of the advantages of the adversary process." *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991). The clause "suggests, strongly," that its associated fee request should go "under the microscope of judicial scrutiny." *Id.* at 518, 525; *Childs v. United Life Ins. Co.*, No. 10-CV-23-PJC, 2012 U.S. Dist. LEXIS 70113, at *13-*14 & n.6 (N.D. Okla. May 21, 2012). The clear sailing clause lays the groundwork for lawyers to "urge a class settlement at a low figure or on a less-than-optimal basis in exchange for red-carpet treatment on fees." *Weinberger*, 925 F.2d at 524; accord *Bluetooth*, 654 F.3d at 948. *Gooch v. Life Investors Ins. Co. of Am.* found that a clear-sailing agreement that awarded class counsel disproportionate fees could be evidence of settlement unfairness. 672 F.3d 402, 425 (6th Cir. 2012) (finding potentially problematic clear-sailing clause acceptable because class counsel received only 2.3% of settlement value; reversing on other grounds).   Here, not

only is there a clear sailing agreement, but also the named representatives are to each receive $6,000.00 when class members just get a pittance. The vouchers require recipients to make further purchases. Class members do not want to be compelled to do further business with Justice; since class members suffered injustice. The reversion is improper and unfair. Justice should not be allowed to keep its ill-gotten gains.

The first lawsuit was filed in February, 2015. This was followed by a series of "copycat" lawsuits that asserted the same or similar claims. Consolidation occurred. The attorneys then met and the case quickly settled. The notion that $15 million dollars in fees is now somehow appropriate makes no sense. The multiplier exceeds 5.0. When very high hourly rates are also considered; the multiplier is far higher. The lodestar seems high for the handling of this sort of case over a truncated period of time. Contemporaneous time records should be produced.

Most of the settlement takes the form of vouchers. The settlement contains a reversion to Justice. This is outrageous. Why should Defendant continue to profit from its unlawful conduct. The injunction in the settlement agreement is "window dressing." It states, essentially, that Defendant is to refrain from violating the law. There should be an expectation that a corporation in good standing shall actually obey the law. We do not need this settlement to enforce this covenant. It is

irrelevant and the equitable remedy is of no value to the class.  Presumably, law enforcement shall be involved if there are law violations and this settlement is neither the means nor the proper vehicle to provide redress should violations occur.

The vouchers are worthless.  Typically, items at Justice are sold at considerable mark-downs, including forty-percent off, if not greater.  Yet, the voucher is akin to a nominal mark-down of about fourteen percent.  Some vouchers are for twenty-percent.  The vouchers do not appear to be transferable or stackable.  There may be limits on their use.  Can the voucher be stacked with in-store discounts or other vouchers class members may possess?  For example, can they be used in combination with other purchases made at Justice that are receiving existing store-wide discounts?  Justice is not required to adopt procedures to ensure class members are actually able to redeem the settlement benefits.

There is a disparity between the states and the awards.  Subclasses should have been required to ensure adequate representation.  It does not appear the named plaintiffs adequately represented all class members.  This is reflected in disparate treatment for persons from different states.  Their individual and/or collective judgment may have been skewed by promised incentive payments which are excessive in light of the minimal work they actually performed in this case.  There is no justification for the amount of the incentives; and this has created an

irreconcilable conflict between them and class counsel; class counsel and the class; and the named representatives and the class.

The entire arrangement appears to be a marketing scheme. A percentage of the fund award to counsel would appear to violate CAFA. The voucher is essentially a coupon. It is what it is. The parties cannot escape the contours of CAFA simply by labeling. There is not an ounce worth of difference between a coupon and a voucher and everyone knows this.

We need to know and better understand redemptions rates before making the award. There is a dearth of evidence. The fee award should be made based on lodestar, if at all. It appears that the multiplier is enormous. A substantial reduction in the fee award is appropriate under the circumstances. The case settled quickly. It appears there may have been some confirming discovery. This is not a case that could justify the fees that have been sought. There was very little contingent risk. The costs were nominal. The fees sought are just too much.

## II. **CONCLUSION**

The Court should decline to grant final approval to the proposed settlement. Assuming, arguendo, the proposed settlement is approved, attorneys fees should be dramatically reduced.

Dated: April 5, 2016

Steven Franklyn Helfand
1400 SW 137th Avenue, Apt. F112
Hollywood, FL 33027

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Telephone:   415.397.0007
Email:        sh4078@gmail.com

## DECLARATION OF STEVEN F. HELFAND

I, Steven F. Helfand, declare:

1. According to the class settlement notice, I am a class member.

2. I am an individual who purchased merchandise from Justice during the period from January 1, 2012 through February 28, 2015. I was not a citizen of Ohio and never made any purchases in Ohio. I have never been to Ohio. I have no intention of ever visiting Ohio under any circumstances.

3. I have looked for documentary materials showing purchases. My recollection is that I would have paid cash for clothing purchases, as that is typically how I go about making clothing purchases. I do not like to charge clothing or for that matter, meals since I find that I'm still paying for items previously worn and worn-out. I understand many class members are likely in the same position. I did not save the receipts. The notion that I need a receipt is patently absurd. Who keeps receipts when the purchase went smoothly and without incident?

4. The stores were in Florida and California. I do not recall the address in California. In Florida, I believe the locations were in Pembroke Pines and Aventura. I may have possibly made a purchase in Sawgrass but I'm not certain. I do not recall the specifics around the purchase other than that articles of clothing were involved. I also made a purchase in Orlando. Whether, for example, a "top" of some style was "blue" or "yellow" makes no sense and adds nothing to the assessment of the settlement's fairness or the unreasonableness of the requested fees. I simply do not understand what is meant that I outline the circumstances of my purchase. What about simply needing the items? Is that a circumstance? Obviously, I do not recall the date and time of the purchases although I do know there were multiple purchases during the class period. I am concerned that the

parties shall attempt to "chill" objections to the inflated fees.  Should further information be requested I am happy to meet and confer with the requesting parties.  I also request, that since I am not on ECF, that the parties serve me with materials.

5.  I intend to appear at the fairness hearing but have not made my travel plans. To the extent the Court permits, I request no more than five minutes of time to argue my objections.

I make this declaration under penalty of perjury pursuant to the laws of the United States of America.  This declaration is executed in Hollywood, Florida on April 5, 2016.

Steven F. Helfand

## **PROOF OF SERVICE**

ON APRIL 5, 2016, I CAUSED TO BE SERVED, VIA FIRST CLASS MAIL, POSTAGE PREPAID, THE ATTACHED DOCUMENT

CLERK OF THE COURT
US DISTRICT COURT
EASTERN DISTRICT OF PA
601 MARKET STREET
ROOM 2609
PHILADELPHIA, PA 19106

GREGORY PARKS
MORGAN, LEWIS & BOCKIUS LLP
1701 MARKET STREET
PHILADELPHIA, PA 19103

MANSOUR GAVIN LPA
1001 LAKESIDE AVENUE, SUITE 1400
CLEVELAND, OH 44114

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
1818 MARKET STREET
SUITE 3402
PHILADELPHIA, PA 19103

This declaration is made under penalty of perjury under the laws of the United States of America.  This declaration is executed in Hollywood, Florida on APRIL 5, 2016.

Steven Franklyn Helfand
*In propria persona*
1400 SW 137th Avenue, Apt. F112

Hollywood, FL 33027
Telephone:   415.397.0007
Email:          sh4078@gmail.com

Steven F. Helfand
11100 SW 137th Avenue
112
Hollywood, FL 33027

Clerk of the Court
U.S. District Court - Eastern Dist. PA
601 Market Street
Room 2609
Philadelphia, PA 19106

U.S. POSTAGE
PEMBROKE PINES FL
APR 05
AMOUNT
$0.71
R2304M112129-04

19106
1003