UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-22864-CIV-COOKE/GOODMAN

JUAN COLLINS, et al.,

    Plaintiffs,

v.

QUINCY BIOSCIENCE, LLC,

    Defendant.

_____/

## **ORDER ON PLAINTIFFS' MOTION TO STRIKE HELFAND'S OBJECTION**

Steven F. Helfand, an attorney who lost his license to practice law in California and who district court judges have described as a "serial" objector to class action settlements, has filed an objection to the class action settlement in this case. [ECF No. 161]. Plaintiffs have filed a motion to strike his objection. [ECF No. 176].

CM/ECF has not technically designated Plaintiffs' submission as a motion. The CM/ECF system places a "gavel" icon next to a pending motion in the internal filing system. No gavel appears next to Plaintiffs' motion, perhaps because the word "motion" was not mentioned at the beginning of the motion title and because the submission was titled "Plaintiffs' Opposition To and Motion to Strike the Sole Objection to the Settlement Filed By Serial, Professional Objector Steven F. Helfand." [ECF No. 176]. Nevertheless, it

is quite clear that Plaintiffs have moved to strike Helfand's Objection and that Helfand recognizes the submission as a motion to strike where Helfand suggests that "[t]he court should, perhaps, *strike*, Class counsel '*Motion to Strike*'; or, alternatively, afford Helfand opportunity to respond beyond the ten minutes Helfand, originally, requested." *See* ECF No. 179, p. 1, n. 1 (emphasis in original).

I. **Background**

Plaintiffs assert the following grounds as support for their request that the Court grant their motion and strike Helfand's request: (1) he is a "professional" objector; (2) he has no credibility because he was recently disbarred from the California Bar for lying to a federal judge about his objections to a settlement; (3) he unsuccessfully filed more than 50 prior objections by "using the same tactic of falsely declaring that he purchased the product (to fraudulently attempt to prove his standing)"; (4) numerous courts have held that he failed to satisfy his burden because, among other reasons, he had no proof of purchase (similar to the scenario here); (5) he gave deposition testimony in this case which was "illogical, inconsistent and incredible"; (6) he did not attach any documents to his objection; (7) he intends to pursue an appeal of an order approving the settlement, regardless of the merits; (8) he failed to follow procedure; (9) there is no evidence that he is a class member; and (10) he is not "aggrieved."

The Undersigned has reviewed Helfand's deposition testimony in this case. During that deposition, Helfand demonstrated that he is one of the most uncooperative,

evasive, vague, confrontational, difficult, inconsistent, rude, threatening, and problematic deponents I have ever encountered in more than 37 years of practicing law. Plaintiffs' counsel exhibited *remarkable* restraint when confronted with this type of shenanigans.

Although he is highly educated (he graduated from law school and was a member of the California Bar until he lost his license), Helfand claimed (under oath) to not understand basic concepts and words. By way of example (and there were many), Helfand asked "what do you mean by 'employed'?" and "what do you mean by 'gainful source of income'?'" when questioned about his employment. [ECF No. 175, p. 26]. Similarly, he claimed to not know the definition of "income," he asked the definition of "salary," and he claimed to not know what a W-2 wage earner is. *Id.* at pp. 31, 34, 35. He even testified that he did not know what a W-2 form is. *Id.* at p. 34.

The Undersigned does not find Helfand to be a credible witness. To the contrary, I find that he is not credible. In short, he provided incredible testimony.

Chief District Judge K. Michael Moore (S.D. Fla.) described Helfand as "a well-known serial objector who has represented himself and third parties in objecting to multiple class action settlements." *Gay v. Tom's of Maine, Inc.*, No. 0:14-60604-KMM, ECF No. 43, p. 4, n. 1 (S.D. Fla. Mar. 11, 2016); *see also Spann v. J.C. Penney Corp.*, No. SA CV 12-0215 FMO (KES), 2016 U.S. Dist. LEXIS 137184, at *32 n.11 (C.D. Cal. Sept. 30, 2016) (recognizing Helfand as a "known serial objector").

In 2019, the State Bar of California disbarred Mr. Helfand, finding among other

3

egregious conduct, he: (1) filed objections in the name of class members without being authorized by the class members to do so, (2) misled a court and opposing counsel, (3) settled an objection on appeal without the client's authorization, (4) misappropriated the settlement proceeds, and (5) committed other acts of moral turpitude. *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800-TWT, 2020 WL 256132, at *42 (N.D. Ga. Mar. 17, 2020) (citing Notice of Disciplinary Charges, *In the Matter of Steven Franklyn Helfand*, Case Nos. 17-O-00411 and 17-O-00412 (State Bar Court of California; filed Sept. 24, 2018); *Id.*, Order Entering Default (Jan. 15, 2019)).

In their motion to strike, Plaintiffs explain that the California Bar recently disbarred Helfand for those violations. In his deposition, however, Helfand said he was not prosecuted by the California Bar. Instead, he said he "defaulted" because "it wasn't such a big issue because I wasn't planning on practicing law any further." [ECF No. 175, p. 120]. Helfand later admitted that he has not been admitted to practice law in any jurisdiction other than California. *Id.* at p. 126. Asked if he lost his license because of the charges filed against him for his conduct in representing an objector in a class action lawsuit, Helfand said he did not know why he lost his license and then said, "the reason was because I defaulted." *Id.* at p. 122.

Helfand filed his "Objection" with the Court on October 16, 2020. [ECF No. 161]. He did not attach any documents to that objection. He did not state any facts that establish his standing as a Settlement Class Member. He did not provide any information

4

indicating that he even, in fact, ever purchased Prevagen, let alone where, when, how much he paid, and how much Prevagen he bought. Indeed, there is no evidence in the record, which established Objector Helfand is a member of the class.

In his deposition, Helfand indicated that he will seek to appeal any ruling he disagrees with in this case. [ECF No. 175, p. 57]. But Helfand used substantially the same boilerplate language in his Objections pending in the following cases: (1) in this District, before U.S. District Court Judge Jose E. Martinez in *Kukorinis v. Walmart, Inc.*, No. 1:19-cv-20592, ECF No. 55 (S.D. Fla. Oct. 13, 2020); (2) in the Middle District of Florida, in *Hamm v. Sharp Electronics Corp.*, No. 5:19-cv-00488, ECF No. 51 (M.D. Fla. Oct. 15, 2020); and (3) in the Northern District of California, in *In re Apple Inc. Device Performance Litig.*, No. 18-md-2827-EJD, ECF No. 530 (N.D. Cal. Oct. 6, 2020).

II.     **Applicable Legal Standards and Analysis**

Only a class member may object to a proposed class action settlement. "Under Fed. R. Civ. P. 23(e), non-class members are not permitted to assert objections to a class action settlement." *Braynen v. Nationstar Mortgage, LLC*, No. 14-CV-20726, 2015 WL 6872519, at *11 (S.D. Fla. Nov. 9, 2015) (citing *Ass'n For Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 473 (S.D. Fla. 2002)). Moreover, "[t]he burden [is] squarely on [the purported objector] to prove — not the Parties to disprove — his Class membership." *Id.* (citing *In re Deepwater Horizon*, 739 F.3d 790, 809 (5th Cir. 2014)); *see also In re Hydroxycut Marketing and Sales Practices Litig.*, No. 09CV1088 BTM KSC, 2013 WL 5275618, at *2 (S.D. Cal. Sept.

5

17, 2013) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-04 (1998) ("The party seeking to invoke the Court's jurisdiction—in this case, the Objectors—has the burden of establishing standing.")

Further, even if Mr. Helfand could sustain his burden to prove he is a Settlement Class Member, to establish standing to object he must also establish that he is an "**aggrieved**" class member. *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 1:17-MD-2800-TWT, 2020 WL 256132, at *16 (N.D. Ga. Mar. 17, 2020) (citing *Brown v. Hain Celestial Grp., Inc.*, No. 11-cv-03082-LB, 2016 WL 631880, at *10 (N.D. Cal. Feb. 17, 2016)); *see also In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) ("Simply being a member of a class is not enough to establish standing. One must be an aggrieved class member.").

Helfand has had numerous objections stricken where he did not follow proper procedures with respect to filing his objections and was unable to prove that he actually purchased the product at issue in the lawsuit. *Hooker v. Sirius XM Radio Inc.*, No. 4:13-cv-00003-AWA-LRL, ECF No. 209, ¶ 20 (E.D. Va. Dec. 22, 2016) ("The Court finds that Mr. Helfand . . . ha[s] not complied with the Preliminary Approval Order requirements for filing objections and further finds that Mr. Helfand . . . [is] not [a] member [] of the Class. [His] objection [is] therefore stricken."); *see also Brown*, 2016 WL 631880, at *10 (noting that Helfand is a "professional objector" whose efforts courts have "repeatedly turned aside," that he has "provided no proof that he is a class member," that "he neither provides

6

receipts nor identifies the products he claims to have bought," and that "[t]he court could therefore almost certainly strike his objection") (citing *In re Hydroxycut*, 2013 WL 5275618, at *2, *6 (striking professional objector's objection where the court did not find her "testimony regarding her Hydroxycut use to be credible, [objector] has not established that she is member of the class who has standing to file an objection")); *see also In re Flonase Antitrust Litig.*, 291 F.R.D. 93, 100 (E.D. Pa. 2013) (striking objection that did not contain "any proof whatsoever that the objector was actually a member of the class" where objector merely filed a "simple declaration" that he was prescribed the drug at issue, and did not "provide receipts that would establish class membership").

### a. Not Following Required Procedure

As this Court required in its Preliminary Approval Order:

> To object to the Settlement, a Class Member must do so in writing no later than October 27, 2020. The objection must contain (1) the full name, mailing address, e-mail address, if any, and telephone number of the objecting Class Member; (2) documentation and/or attestation by sworn statement sufficient to establish the objector's membership in the Class; (3) a statement specifying all grounds for the objection, accompanied by any legal support for the objection; (4) copies of any other documents upon which the objection is based; and (5) the signature of the objecting Class Member.

[ECF No. 158, ¶14].

The Settlement Agreement also contains these requirements and further provides that "[a]ny objection that does not meet all of these requirements will be deemed invalid and will be overruled." [ECF No. 147-1, p. 14]. The Settlement Agreement also requires that "[t]he objecting Settlement Class Member must file with the Clerk of Court and serve

upon Class Counsel and the Settling Defendants' Counsel . . . a notice of intention to appear at the Final Approval Hearing . . . on or before the Objection/Exclusion Deadline," i.e., October 27, 2020, and which "must include copies of any papers, exhibits, or other evidence that the objecting Class Member . . . will present to the Court in connection with the Final Approval Hearing." *Id*.

Helfand's Objection does not provide any information that establishes class membership. He has not detailed even one purchase of Prevagen, has not attached any documents (or incorporated by reference to evidence) to his objection which would establish class membership, nor has he incorporated by reference any information from his deficient claim. He has not filed a Notice of Intention to Appear, or included any "papers, exhibits, or other evidence" that he intends to present at the Final Approval Hearing, and the time to do so has since expired. *See Brown*, 2016 WL 631880, at *10 (noting that Helfand has "provided no proof that he is a class member," that "he neither provides receipts nor identifies the products he claims to have bought," and that "[t]he court could therefore almost certainly strike his objection"); *cf. In re Hydroxycut*, 2013 WL 5275618, at *2, *6 (striking professional objector's objection where the court did not find her "testimony regarding her Hydroxycut use to be credible, [objector] has not established that she is member of the class who has standing to file an objection"); *see also In re Flonase Antitrust Litig.*, 291 F.R.D. at 100 (striking objection that did not contain "any proof whatsoever that the objector was actually a member of the class" where objector

8

merely filed a "simple declaration" that he was prescribed the drug at issue and did not "provide receipts that would establish class membership").[1]

### b. Insufficient Evidence of Being a Settlement Class Member

Helfand cannot establish his standing as a settlement class member by simply declaring that "[h]e is a member of this class action settlement." [ECF No. 161, p. 1]. It is Helfand's burden to come forward with evidence sufficient to establish that he is, in fact, a class member. *Dennis v. Kellogg Co.*, No. 09 -CV-1786-L WMC, 2013 WL 6055326, at *4 (S.D. Cal. Nov. 14, 2013) (holding that objectors lacked standing to object because they failed to demonstrate membership in the class) (citing *In re Apple Sec. Litig.*, 2011 WL 1877988, at *2 n.4 (finding objector "lacks standing to object [because] he did not provide evidence to show that he is a class member")).

For example, in *In re Hydroxycut*, the court struck an objection after finding that the objector did not **credibly** testify as to her use of Hydroxycut such that she did not prove that she was a class member with standing to object. The court found it "incredible" that the objector "could take Hydroxycut multiple times a day for three years and not know the name of the product or be able to describe the packaging," and that "she could not produce a single receipt, credit card statement, product carton, or other documentation showing that she purchased a Hydroxycut product." *In re Hydroxycut*,

---

[1] Plaintiffs advise that they intend to instruct the Class Administrator to deny Helfand's claim because of these deficiencies.

2013 WL 7985367, at *3, *6. Similarly, here, although Helfand testified that he was "one of the single largest consumers of Prevagen in the Class," and that he was "quite religious about taking" Prevagen [ECF No. 175, pp. 71, 88], he:

1. Initially, could not say whether he specifically purchased Prevagen, *Id.* at p. 78:19-21 ("I'm not going to sit here and say I specifically purchased it, and all of the things that come along with that.");

2. Could not recall how much he paid for Prevagen. *Id.* at pp. 86:6-87:13 ("I don't remember what I paid . . . Well, it was under a hundred dollars and more than 30 is my recollection. . . . I don't recall.");

3. Could not recall whether he paid for Prevagen with cash, credit card, debit card, or gift card, and when asked for records of any purchases, he claimed "I've had probably 20 or 30—probably 50 or 60 credit cards." *Id.* at pp. 76:5–77:15;

4. Could not describe the Prevagen packaging with any specificity. *Id.* at pp. 67:14-69:16;

5. Has no proof that he ever purchased a single bottle of Prevagen, other than his "statements" at the deposition. *Id.* at pp. 99:15-101:4;

6. Never told his family or friends that he took Prevagen. *Id.* at p. 90:2-13;

7. Never told anyone they should use Prevagen. *Id.* at p. 92:10-12; and

8. Could not say whether he disclosed his Prevagen use to health care providers. *Id.* at p. 79:9-16.

10

Given these circumstances, the Understand finds that Helfand -- a "serial objector" who, other courts have found, falsely claimed to have purchased products, so he could file objections -- has not provided sufficient, *credible* evidence that he is, in fact, a class member in this Settlement Agreement.

c. **Not "Aggrieved"**

Assuming that Helfand submitted adequate, credible evidence to establish his standing as a class member (which he has not), he cannot demonstrate that he is an "aggrieved" class member, which is also his burden. *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 2020 WL 256132, at *16 (citing *Brown*, 2016 WL 631880, at *10); *see also In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d at 30 ("Simply being a member of a class is not enough to establish standing. One must be an aggrieved class member."); *In re Apple Inc. Sec. Litig.*, 2011 WL 1877988, at *3 n.4; *In re Hydroxycut*, 2013 WL 5275618, at *2 (citing *Steel Co.*, 523 U.S. at 103-04).

Significantly, Helfand testified that he has not sustained any economic loss or damage in connection with his claimed purchases of Prevagen.

To the contrary, he proudly claims that Prevagen works greatly and he actually takes issue with the fact that Plaintiffs sued Quincy regarding Prevagen in the first place. [ECF No. 175, p. 73:4-5 ("I]t's a wonderful drug and it works wonders.")]; *Id.* at p. 74:5-8 ("And I'm very concerned that this action is being prosecuted in a manner which might negatively impact people like me who—you're trying to suggest that the entire thing is a

11

fraud."); *Id.* at p. 75:14-16 ("I'm telling you, it worked, and you're telling everyone it's all a big lie, and I don't think you're doing them any justice."); *Id.* at p. 91:22 ("It's a substance that I vouch for."); *Id.* at p. 93:20-23 ("I'm telling you, from my gut and personally, that I think it's a highly-beneficial substance, and you're out there denigrating them, and I think that you're doing a disservice."); *Id.* at p. 104:9-14 (claiming Prevagen gave him "mental clarity, stability, balance, clarity, brightness, happiness, fulfillment").

The only loss, injury, or damage Helfand purports to have sustained from his alleged use of Prevagen is some vague, possible personal injury claim, which is not at issue in this lawsuit nor even subject to the Settlement's release. *Id.* at pp. 105:20-108:2 ("I think the capsule and the way the capsule is formulated gave me an ulcer. . . . That's it.").

Helfand, who is not a member of this proposed class, has preserved any right that he may have had to bring a claim for any personal injury for this alleged problem. Therefore, the settlement cannot redress his alleged "injury." *See In re First Capital Holdings Corp. Fin. Prod. Sec. Litig.*, 33 F.3d at 30 (internal citation omitted) (finding that, although technically a class member, Objector has no standing where she asserts no economic or noneconomic injury and suffered no injury "likely to be redressed by a favorable decision"); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (finding plaintiffs lacked standing in part because injury asserted was not redressable by action brought).

### III.  Conclusion

By his own estimation, Helfand has filed "[p]robably, like, 50" objections to class action settlements, "[i]t might have been more," but he doesn't "have a list." [ECF No. 175, p. 41:15-23].

As outlined above, Helfand appears to be the type of objector which United States District Judge Ursula M. Ungaro had in mind when she explained the dangers associated with objections similar to the ones he made here (and in dozens and dozens of other cases):

> Frivolous objections like these hurt class actions. They slow down the approval process and delay the class members from receiving the relief to which they are otherwise entitled. Furthermore, they require attorneys that have spent thousands of hours and taken on the considerable financial risk of bringing a class action to pay attorneys that have neither shouldered any of the work or the financial risk. Such a result is patently unfair and discourages excellent attorneys from bringing class actions.

*Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1259 (S.D. Fla. 2016).

The Undersigned **grants** Plaintiffs' motion to strike Helfand's objection and therefore **strikes** it.

As a result, Helfand may not speak at tomorrow's Zoom class action settlement fairness hearing. Because the hearing is a public court hearing, Helfand may *attend,* as an observer -- just like any other member of the public may attend a court hearing (either in an actual courtroom, in pre-pandemic times, or in a virtual courtroom, in a Zoom hearing necessitated by the pandemic). As noted, Helfand (and any other person who is not a

class member who followed the required procedures for speaking as an objector at tomorrow's hearing) may not speak at the hearing. In order to avoid any confusion, I am specifically ordering Helfand (and all others not authorized to speak as aggrieved class members who are objecting and who followed the requisite rules) to not speak if appearing at tomorrow's hearing. If they do, then they will be in contempt of court and face appropriate consequences.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on November 16, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record