FILED BY PG D.C.

FEB 12 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA,
MIAMI DIVISION

Case No. 1:19-CV-20592-MARTINEZ/OTAZO-REYES
KUKORINIS v. WALMART, INC.

## Opposition to Lack of Class Re-Notice, "Amended" Fee Motion [DE 85], and Renewal of Prior Objections [DE 64, 70, 74, 78] by Shiyang Huang

While the *cover story* seems to be Kukorinis' attorneys reduced its fee request by ~50% (from $2.375 million to $1.185 million), the real story is ***far worse***.

First, the Class is deprived of Due Process without the opportunity to comment and object to the *new* attorney's fee motion. The class must be re-noticed (including Walmart stores too?) as to the renewed fee motion. Otherwise, class counsels can *always* "moot-objectors" after objection deadline with "amends", and, escape adversarial process without issuing class re-notice. *See In re Optical Disk Drive Litig.*, 3:10-md-2143, DE 2956 at 2 (N.D. Cal. Jan. 20, 2021) (Seeborg, C.J.) (later ordering full re-notice to the class, after attorney's fee motion was re-filed).

> While the class likely would not be entitled to notice [of everything], the "renewed" attorney fee motion may be different. Furthermore, even if it is unlikely that [objectors] will offer any objections to the motion not already presented by [prior objections], ***it may not satisfy due process*** if he and other class members are not given the opportunity to be heard. (*Ibid.* (emphasis added))

This Circuit's binding precedent has expressly rejected Plaintiff's wish in *Johnson v. NPAS Sols.*: "We hold that Rule 23(h)'s plain language requires a district court to sequence filings such that class counsel file and serve their

1

attorneys'-fee motion *before* any objection pertaining to fees is due." 975 F.3d 1244, 1252-53 (11th Cir. 2020) (agreeing with the Seventh, Eighth, and Ninth Circuit). "The district court cannot properly play its fiduciary role unless—as in litigation generally—class counsel's fee petition has been fully and fairly vetted." *Ibid.* *NPAS* is undisputedly the binding law in this Court, and Plaintiff's evasion of *NPAS* by seeking to find Huang's objection "moot" (DE 85 at 2, 32) is more concerning—in light of *NPAS* in forfeiting incentive awards already.[1]

Obviously, Plaintiff's counsel's first instinct will be to oppose re-notice, or, charge re-notice as "another benefit" to the class. The answer is NO. Plaintiff's counsel must subsidize cost of re-notice. *See Radcliffe v. Hernandez*, 794 Fed. Appx. 605, 610 (9th Cir. 2019) ("Settling Counsel were duty-bound to reimburse the class for the waste of settlement funds caused by the ethical conflict [earlier]".)

Second, Plaintiff owe explanation to the Class, and to this Court, of **WHY** a purported 25% of "attorney's fees, costs, and expenses", DE 85 at 27, is not ***all inclusive***: after all "extra costs", it totaled to ~40% **of the $4.5M class fund.**

Apparently, Plaintiff's counsel are inexplicably bad in arithmetic math—if not unscrupulously so: it is ***now*** Plaintiff's wish to make the Class swallow $560,000 notice costs--$0 in the class members' pockets—while Plaintiff's counsel purports

---

[1] *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) (quoting *DeSisto College v. Line,* 888 F.2d 755, 761 (11th Cir. 1989)) ("[Counsel's] insistence on maintaining a legal stance untenable with our law demonstrates either an ignorance of our law, and thus inadequate research, or some intent to mislead the trial court as to the present state of this Circuit's precedent, and thus bad faith").

2

to milk $140,000 (25%) for handling class members' money—by merely hiring a notice administrator for $560,000, all paid by the Class.[2] That is preposterous.

After Huang zeroed-out Plaintiff's "scrivener's error" costing the Class $60,000 (*see* Exhibit), Plaintiff still fails at simple arithmetics: *see* DE 85 at 27:

> "attorneys' fees, costs, expenses to $1,125,000.00"
> "as well as Litigation Costs in the amount of $61,961.33."
> "cost of administration of $560,000.00 […] before attorneys' fees."

| Kukorinis' Math: **Real** "fees, costs, expenses" against Class | |
|---|---|
| Scrivener's error, $60,000 (p. 2) | "amended" |
| "25%" Attorneys' fee, costs and expenses | $1,125,000 |
| Cost of Notice & Claims Processing | $560,000 |
| "Litigation Costs" | $61,961 |
| **TOTAL:** | **$1,746,961** |
| as a percentage to $4.5 million "QSF Floor" | 38.8% |

Plaintiff's counsel first say, the 25% "cover story" includes ***"costs and expenses"***, *ibid*, but then it ***again*** counts over $620,000 of "costs". As the table shows, the ***real*** "attorney's fee, costs and expenses" are actually, **38.8%**. It still sits

---

[2] Or else, it would be Plaintiff's plan all along, to swipe from the Class about 66% of $4.5 million QSF "floor" / $3 million dollars, ***leaving the Class merely $1.5 million for 5 years of alleged mispricing at Walmart*** (DE 41 at 26), which ***"operates approximately 3,400 stores"*** nationwide as ***"the Nation's largest private employer."*** *Wal-Mart Stores v. Dukes,* 564 U.S. 338, 342 (2011) (emphasis added).

($3 million = $2,375,000 million original fee request + $560,000 notice costs + $61,900 "litigation costs" + $25,000 incentive awards).

It's then no wonder that Mr. Kukorinis expressed anger *pro se* at this "fiasco/cover up and betrayal to all class action members" (DE 43 at 2). Yet, where is Mr. Kukorinis now? He simply is unable to monitor Class Counsel, failing Rule 23(a)(4).

3

next to "38.9% of the total, which is clearly excessive". *Dennis v. Kellogg,* 697 F.3d 858, 868 (9th Cir. 2012) (which also uses a 25% "benchmark").

It also violates the circuits' consensus to not consider "notice costs" as benefit to the class—by purporting to siphon $560,000 from the fund separate from Plaintiff's request to the Court, Plaintiff is essentially treating $560,000 as a benefit for the class—but they ignore *that without class notice—they cannot settle as a class action.* (And, notice is still insufficient as to the amended fee motion. *Supra*). Huang opposes Plaintiff's "***fiduciary***" attempt to dump all costs, <u>twice,</u> at the Class members. In absence of binding precedent from the Eleventh Circuit regarding the calculation of fees, Huang would support either of the approach below:

> "Yet although the administrative costs benefit class counsel and the defendant as well as the class members, the district court's fee award **incorrectly treated every penny of administrative expense as if it were cash in the pockets of class members.** By doing so the court eliminated the incentive of class counsel to economize on that expense—and indeed may have created a **perverse incentive; for higher administrative expenses make class counsel's proposed fee appear smaller in relation to the total settlement than if those costs were lower.**" *Redman v. Radioshack Corp.,* 768 F.3d 622, 630 (7th Cir. 2014) (Posner, J.) (emphasis added).

> "The district court [would] not abuse its discretion in calculating the fee award as a **percentage of the total settlement fund, including notice and administrative costs, and litigation expenses.**" *In re Online DVD,* 779 F.3d 934, 953 (9th Cir. 2015) (emphasis added).

<u>Third, Plaintiff's counsel did not even dispute Huang's contention that "potentiality" of inadequate representation precludes class certification.</u> *Valley Drug Co. v. Geneva Pharms.*, 350 F.3d 1181, 1194 (11th Cir. 2013). Huang thus

4

renews—or incorporate by reference—Huang's class-certification and fee objection (DE 64), and supplemental objection after the un-sealing of Kukorinis objection (DE 70, DE 72, DE 78) because Plaintiff refused to provide adequate record prior to objection deadline (DE 59). The mere withdrawal of Plaintiff's insistence to incentive awards (while average class members will get $10) does not relieve the existence of "particular duty". *Cf. NPAS*, 975 F.3d at 1252-53.

Plaintiff has abandoned this point and waived opposition that precludes class certification. *U.S. v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001) (collecting cases).

The final approval and attorneys' fee motion should be both DENIED.

Dated: February 10, 2021            Respectfully Submitted,

Shiyang Huang
/S/ SHIYANG HUANG
2800 SW Engler Ct
Topeka, KS 66614
314-669-1858
defectivesettlement@gmail.com
*Pro Per*

Certificate Of Service

I certify that I filed the foregoing was sent via U.S. Mail to the Court. This Court's CM/ECF will notify all Counsels of Record.

In light of COVID-19, Huang expressly accepts all service filings at defectivesettlement@gmail.com pursuant to FRAP 5(b).

/S/ SHIYANG HUANG

 Gmail

john doe &lt;defectivesettlement@gmail.com&gt;

---

## RE: *EXT* Fwd: Math for Kukorinis: 25% of $4.5M = 1.125M, or 1.185M? [revised]

**Ryan McGee x3030** &lt;rmcgee@forthepeople.com&gt;  Fri, Feb 5, 2021 at 8:09 PM
To: "defectivesettlement@gmail.com" &lt;defectivesettlement@gmail.com&gt;
Cc: John Yanchunis x2191 &lt;JYanchunis@forthepeople.com&gt;, "gillenwaterj@gtlaw.com" &lt;gillenwaterj@gtlaw.com&gt;, "SalkyM@gtlaw.com" &lt;SalkyM@gtlaw.com&gt;, "BeerN@gtlaw.com" &lt;BeerN@gtlaw.com&gt;

It's being submitted

**Ryan McGee**
Attorney
My Bio

**P:** (813) 223-0931
**F:** (813) 222-4702
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602

## MORGAN & MORGAN
FOR THE **PEOPLE**.COM

PRACTICE AREAS | LOCATIONS | ATTORNEYS | RESULTS

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

---

**From:** defectivesettlement &lt;defectivesettlement@gmail.com&gt;
**Sent:** Friday, February 5, 2021 9:08:17 PM
**To:** Ryan McGee x3030 &lt;rmcgee@forthepeople.com&gt;
**Cc:** John Yanchunis x2191 &lt;JYanchunis@ForThePeople.com&gt;; gillenwaterj@gtlaw.com &lt;gillenwaterj@gtlaw.com&gt;; SalkyM@gtlaw.com &lt;SalkyM@gtlaw.com&gt;; BeerN@gtlaw.com &lt;BeerN@gtlaw.com&gt;
**Subject:** Re: *EXT* Fwd: Math for Kukorinis: 25% of $4.5M = 1.125M, or 1.185M? [revised]

**CAUTION: Use caution when clicking on links or opening attachments in this external email.**

Thanks.

How about the draft order? same doubling?

On Fri, Feb 5, 2021 at 7:56 PM Ryan McGee x3030 &lt;rmcgee@forthepeople.com&gt; wrote:

> The fee request has been adjusted.
>
>
> **Ryan McGee**
> Attorney
> My Bio
>
> **P:** (813) 223-0931
> **F:** (813) 222-4702

A: 201 N Franklin St, 7th Floor, Tampa, FL 33602

**MORGAN & MORGAN**
FOR THE PEOPLE.COM

PRACTICE AREAS | LOCATIONS | ATTORNEYS | RESULTS

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**From:** defectivesettlement <defectivesettlement@gmail.com>
**Sent:** Friday, February 5, 2021 8:52 PM
**To:** John Yanchunis x2191 <JYanchunis@ForThePeople.com>; Ryan McGee x3030 <rmcgee@forthepeople.com>; gillenwaterj@gtlaw.com; SalkyM@gtlaw.com; BeerN@gtlaw.com
**Subject:** *EXT* Fwd: Math for Kukorinis: 25% of $4.5M = 1.125M, or 1.185M? [revised]

**CAUTION: Use caution when clicking on links or opening attachments in this external email.**

It looks like Plaintiff's Counsel double counted the litigation expenses request.

According to DE84 at 27, "Class Counsel now seeks $1,187,500.00, which is 25% of the QSF Floor (*i.e.*, 25% of $4,500,000.00)."

But in DE84 at 20, "Class Counsel respectfully amend their request for attorney's fees, costs, and expenses to $1,187,500.00, **_as well as_** Litigation Costs in the amount of $61,961.33."

Here is the problem. Microsoft Calculator App below says **25% of $4.5M is $1.125M**, not $1.1875M. And the extra bump is magically close to the separately sought litigation expenses of $61,961.33. (Double counting?)

Either it is an "inadverdent" math fail, for which you will amend your motion before tomorrow morning - AND, send me a copy for service via email

Or I'll ship this as one-page response showing this calculator screenshot to the judge, besides anything else I'd say by-the-way.

The forever stamps now really takes its forever time, so I will print and send this - if I have to - by tomorrow noon CST.

Calculator — □ ×

≡  Standard  ↗  ↻

4.5 · 0.25 =

# 1.125

