UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| VASSILIOS KUKORINIS, on behalf of himself and those similarly situated,<br>**Plaintiff,**<br><br>v.<br><br>WALMART, INC., a Delaware corporation<br>**Defendant.** | Case No. 1:19-CV-20592-<br>MARTINEZ/OTAZO-REYES |

FILED BY ___ D.C.
SEP 29 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## <u>*UNOPPOSED* MOTION FOR SECOND OBJECTOR AWARD</u>

Objector Shiyang Huang moves for an additionally nominal $99 objector award, to be paid solely from Class Counsel's attorney's fee and costs.[1] On Sep. 24, 2021, Plaintiff's counsel, John Yanchunis, emailed Huang and represented that "We will not object as I stated in my earlier email. We will take no position[.]" Defendant Wal-Mart has not responded, but its prior response previously indicated that it would take no position.[2]

### INTRODUCTION

As this Court just recently decided Plaintiff's settlement approval motion, Huang briefly recites background relevant for this motion. "On October 14, 2020, Plaintiff filed its initial Motion for Approval of Attorneys' Fees, Costs, and Expenses, [ECF No. 56], requesting

---

[1] Huang was previously awarded $1.00 by this Court, solely for his efforts obtaining a forfeiture of named plaintiff' planned $25,000 incentive award. *See* [ECF No. 97] at 18.

[2] *See* Oct. 30, 2020 email from Ms. Beer on behalf of Wal-Mart: "Walmart took no position as to the request for an incentive award to the named plaintiff, and similarly takes no position as to your request for what you describe as a "nominal $1 objector award" and has no objection should the Court decide to grant your request." *See* [ECF No. 69], Exhibit B. Alternatively, Wal-Mart likely lacks standing. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 482 (1980) ("[Defendant] presently has no interest in any part of the fund.")

$2,375,000.00 in attorneys' fees—or approximately twenty-five percent (25%) of the Qualified Settlement Fund's Ceiling of $9,500,000.00. Both the Objections and Opt-Out deadline were set for November 4, 2020. [ECF No. 42 at 9]." Order, [ECF No. 97] at 5.

Objector Shiyang Huang filed his objection. *See, e.g.*, [ECF No. 64]. The chief objection of Huang was that "Plaintiff's $2.375 million flat-fee is a preposterous 52.8% fee to the $4.5 million 'floor', despite that '25% fee [is what] this circuit has said [a]s the benchmark." Huang Objection, *id.* at 3 (emphasis omitted).[3]

After Huang raised the excessive attorney's fee argument, "[a]fter receiving Objections, Plaintiff then had to file not one, but two, amended requests for attorneys' fees—both after the Objections and Opt-Out deadline of November 4, 2020." Order, [ECF No. 98] at 7. "The second amended attorneys' fee request was submitted—again, after contact from an Objector— because of the "double-counting" of litigation costs in the first amended fee request[.]". *Id.* at 7 n.4. After all, "Class Counsel amended their request for attorneys' fees to $1,125,000.00—or twenty-five percent (25%) of the Settlement Fund's Floor." Order, [ECF No. 97] at 6.

In this Court's order granting motion for attorney's fee in part, this Court echoed Huang's observation that "Class Counsel's initial request of 25% of the Fund's Ceiling of $9,500,000 was patently unreasonable. Indeed, it would have amounted to approximately 53% of the Fund's Floor—a percentage largely beyond what is permitted not only in this Circuit but in almost any

---

[3] Additional motions occurred to determine whether Huang's objection was timely. *See* [ECF Nos. 68, 74, 79]. This Court issued an order finding Huang's objection as timely, and denied the motion as moot. [ECF No. 81]. Huang would have preferred that Plaintiff produced the same statement as in [ECF No. 74] without requiring motions practice. Huang's instant motion does not rely on those grounds, in light of chaos created by the COVID-19 pandemic.

class action." Order, [ECF No. 98] at 6. This Court reduced Class Counsel's fee by $225,000, in part because "much of the complexity of this case was self-afflicted" by Class Counsel. *Id.* at 7.

## ARGUMENT

As this Court noted recently, "in light of the lack of opposition, the nominal amount requested, and the fact that there is no Eleventh Circuit precedent directly on point," [ECF No. 97] at 18, this Court granted Huang $1.00 for securing $25,000 for the entire class. For the same reasons stated by this Court, Huang's *unopposed* nominal award of $99, paid solely from Class Counsel's attorney's fee and litigation cost awards, should be granted.

Huang's motion should be granted, because (a) this Court recognized that Rule 23 committee notes *do* allow *objector awards* for improving the settlement for all members of the class; (b) Huang helped provide real, substantial, and quantifiable benefit to the Class: at least $60,000, up to the $1.25 million Plaintiff "amended" after Huang objected; (c) Huang only seeks a nominal award of $99, and (d) Class Counsel will subsidize the $99 award from its fees, and class members will not pay a dime for it. Huang explains each of the four points below in detail.

First, this Court's prior order observed that "Good-faith objections can assist the court in evaluating a proposal under Rule 23(e)(2). It is legitimate for an objector to seek payment for providing such assistance under Rule 23(h)." Order, [ECF No. 97] at 18 (quoting Fed. R. Civ. P. 23(e)(5)(B) advisory committee note to 2018 amendment). While named plaintiff's awards are banned by *Johnson v. NPAS Sols.*, 975 F.3d 1244, 1260 (11th Cir. 2020), *Johnson* recognizes that Advisory Committee Notes "are nearly universally accorded great weight in interpreting federal rules[.]" *Id.* at 1252 n.4. And the committee notes, *supra*, *do* authorize objector awards. *Also see In re Sw. Airlines Voucher Litig.*, 898 F.3d 740, 744 (7th Cir. 2018) ("Objectors who add value to a class settlement may be compensated for their efforts.") *Ross v. Williams*, 896

F.3d 958, 965 (9th Cir. 2018) (citing *United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002)) (Advisory Committee notes "provide a reliable source of insight into the meaning of a rule.")

*Second*, Huang's effort "result[ed] in a reduction of [fee] awards [and] provides a benefit to the class." *UFCW Local 880-Retail Food Emp'rs Joint Pension Fund v. Newmont Mining Corp.,* 352 Fed. Appx. 232, 235 (10th Cir. 2009); *accord White v. Auerbach,* 500 F.2d 822, 828 (2d Cir. 1974) (objector awards are appropriate when "the settlement was improved as a result of their efforts[.]") Huang *did* create value for the benefit of the Class, and the Court recognized his efforts: Order, [ECF No. 98] at 7 n.4. ("The second amended attorneys' fee request was submitted—again, after contact from an Objector— because of the "double-counting" of litigation costs in the first amended fee request[.]".) *Accord* Huang Opp., [ECF No. 89] at 7-8.

Huang's efforts *alone* in discovering that "double-counting" saved the Class over $60,000. Recognizing the validity of Huang's "preposterous 52.8% fee" argument, [ECF No. 64], Plaintiff voluntarily "amended" fee motion, cutting its attorney's fee by a total of $1.25 million—in attempt to "moot" Huang's argument. *See* [ECF No. 85] at 32 (In light of "Shiynag Huang's argument is that Class Counsel's attorneys' fees request amounts to 52.8% of the QSF Floor * * * Class Counsel have, in fact, reduced their request for attorneys' fees to $1,125,000".) Where Huang' "objections result in an increase to the common fund," objectors can be rewarded for such class-wide benefit "on the same equitable principles as class counsel." *Rodriguez v. Disner,* 688 F.3d 645, 658 (9th Cir. 2012) (citation omitted).

*Third*, a *nominal* $99 objector award after creating at least $1.25 million more recovery is miniscule when compared with prevailing figures of more than $500, and often more than $1,000 in objector awards. *See In re Optical Disk Drive Prods. Antitrust Litig.,* 2021 WL 4124159, at *5 (N.D. Cal. Sep. 9, 2021) (awarding successful objector **$1,500** for increasing class recovery by

$21 million); *In re Sony PS3 "Other OS" Litig.*, 2019 WL 5536333, at *1 (N.D. Cal. Oct. 25, 2019) (**$1,750** objector award "in recognition of the benefits ... conferred upon the class"); *Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1334 (D. Nev. 2014) (**$1,500** objector award for "contribut[ing] to the value of the resulting settlement"); *In re Apple Inc. Sec. Litig.*, 2011 WL 1877988 (N.D. Cal. May 17, 2011) (granting an objector award of **$1,000**); *Lonardo v. Travelers Indemnity Co.*, No. 1:06-cv-962 (E.D. Ohio Jul. 21, 2010) (**$500** award to objector). Huang also spent hours communicating with Class Counsel prior to this Court's decision in [ECF Nos. 97, 98], in attempts to secure, *solely, additional class-wide benefit*.[4]

After all, Huang's $99-dollar request remains nominal. Huang will not even recover all postage he has spent. A $99 award is adequate, though, because Huang is most delighted that now the Class will receive $1.5 million more than what Class Counsel planned to be a 53% attorney's fee payday. Granting Huang's motion also will serve to encourage any class-action objector to *not settle their objections for selfish benefits against the benefit of the entire class*, because courts will award objectors when meritorious objections lead to real results. *Contra. Pearson v. Target Corp.*, 968 F.3d 827 (7th Cir. 2020) (criticizing objectors who "are willing to abandon their appeals in return for sizable side payments that do not benefit the plaintiff class"). It is notable that Huang's work is particularly difficult to achieve from an economics standpoint, Only because Huang devoted himself to an "economically irrational" objection, he could file an objection and help add over $1 million to the class's pockets. *See Carnegie v. Household Int'l,*

---

[4] Even though Class Counsel offered a response that says "Let's talk. What works for you?" (Email from John Yanchunis, Sep. 1, 2021), Huang insisted to only discuss additional recovery that benefits *the entire Class*. Ultimately, Class Counsel abandoned negotiations prior to this Court's orders and never presented any proposals.

*Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) (Posner, J.) ("only a lunatic or a fanatic sues for $30.")

For the foregoing reasons, Huang's motion should be granted. The motion should be granted such that the $99 award comes from Class Counsel's fee award. Class Counsel does not oppose funding the $99 award from its fee awards. And good reasons support that position: "If not for class counsel's [problematic initial fee request], [objector] would not have need to become involved." *Hendricks v. Starkist Co.*, 2016 WL 5462423, at *16 (N.D. Cal. Sept. 29, 2016), *aff'd sub nom*, 754 Fed. Appx. 510, 513 n.1 (9th Cir. 2018). Huang "strongly believes this expense should not be paid from money that otherwise would have gone to the Class Members." *In re Optical Disk Drive*, 2021 WL 4124159, at **4-5 (citing same).

## CONCLUSION

For the foregoing reasons, the Court should grant Huang's *unopposed* motion for a $99 objector award, paid solely from Class Counsel's award of attorney's fee and litigation costs.

Dated: September 25, 2021       Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2800 SW Engler Ct.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

### CERTIFICATE OF SERVICE

I certify that on September 25, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court by U.S. mail. CM/ECF will then notify all counsels of record.

/s/ Shiyang Huang

SHIYANG HUANG
2800 SW ENGLER ct
TOPEKA KS 66614

UNITED STATES DISTRICT
SOUTHERN DISTRICT OF
RE: No. 1-19-cv-20592
400 N MIAMI AVE
MIAMI FL 33128



USPS FIRST-CLASS

SHIP TO:
Miami FL 33128

(420) 33128

9341109251430054