FILED BY **PG** D.C.

OCT 26 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

VASSILIOS KUKORINIS, on behalf of himself and those similarly situated,
**Plaintiff,**

v.

WALMART, INC., a Delaware corporation
**Defendant.**

Case No. 1:19-CV-20592-MARTINEZ/OTAZO-REYES

### Notice of Supplemental Authority in support of Motion for Objector Award [100]

Objector Shiyang Huang submits a recent order in the Northern District of California in support of his pending motion for a $99 objector award [ECF No. 100]. There, Chief Judge Seeborg awarded Huang $500 for successfully recovering over $17 million for class members. *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-2143-RS, [ECF No. 3067] (N.D. Cal. Oct. 18, 2021) (Seeborg, C.J.) ("*ODD*"). A copy of the slip opinion is attached herein.

Out of an *opposed* motion for a $500 objector award, Chief Judge Seeborg granted Huang's motion *in full*, ordering class counsel to pay the award without reducing Class recovery. The court ignored the nominal nature of Huang's request; and the court held that Huang and another objector's advocacy made the class $17 million better off, and the court would decide in the same way, even if "only Huang had been making the arguments." *ODD*, slip op. at 2.

Though Chief Judge Seeborg believes that no clear authority governs how unrepresented objectors should be awarded, the court invoked concept of *equity* and found that "it would be inequitable to treat such objectors categorically differently from those who are represented by counsel[.]" *ODD*, slip op. at 1. *See also US Airways, Inc. v. McCutchen*, 569 U.S. 88, 96 (2013) ("a litigant * * * who recovers a common fund for the benefit of persons other than himself" is entitled to a reasonable award.) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)).

It is undisputed that Huang forced Class Counsel to voluntarily cut down its fee request by $1.25 million, including a $60,000 reduction *only because* Huang found one "scrivener's error" in Class Counsel's filings. Chief Judge Seeborg's opinion shall provide persuasive value to resolve this Court's "question[]" [ECF No. 97 at 18] for providing Huang an equitable award.[1] Huang's motion for merely $99—after making the class $1.25 million better—should be granted.

## CONCLUSION

For the foregoing reasons, the Court should grant Huang's *unopposed* motion for a $99 objector award [ECF No. 100], such that the award be paid by Class Counsel's fee awards.

Dated: October 18, 2021

Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2800 SW Engler Ct.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on October 18, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court by U.S. mail. CM/ECF will then notify all counsels of record.

/s/ Shiyang Huang

---

[1] Huang is happy to provide supplemental note why *objectors* do not apply under *Johnson v. NPAS Sols.*, 975 F.3d 1244, 1255-60 (11th Cir. 2020). The key reason resides in the concept of equity—doctrine of equity recognizes that "if not for [Class Counsel's problematic fee requests, Huang] would not have need to become involved." *Hendricks v. Starkist Co.*, 2016 WL 5462423, at *16 (N.D. Cal. Sep. 29, 2016), *aff'd sub nom. Hendricks v. Ference*, 754 Fed Appx. 510, 513 n.1 (9th Cir. 2018). *Also see In re Sw. Airlines Voucher Litig.*, 898 F.3d 740, 744 (7th Cir. 2018) (Hamilton, J.) ("Objectors who add value to a class settlement may be compensated for their efforts.")

# Exhibit A

**Order Directing Payment to Objector Huang,**
*In re Optical Disk Drive Products Antitrust Litig.,*
No. 3:10-md-2143-RS, ECF No. 3067
(N.D. Cal. Oct. 18, 2021) (Seeborg, C.J.)



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION | Case No. 10-md-02143-RS<br>MDL No. 2143 |
|---|---|
| This document relates to: ALL INDIRECT PURCHASER ACTIONS | **ORDER DIRECTING PAYMENT TO OBJECTOR HUANG** |

Objector Shiyang Huang seeks an "incentive" award of $500, to be paid from the fees awarded to class counsel Hagens Berman, for the role he contends his post-remand objections played in increasing the fund to be distributed to the class by nearly $22 million. While no party has pointed to clear authority for making "incentive" awards to objectors who appear without counsel, it would be inequitable to treat such objectors categorically differently from those who are represented by counsel, and who are sometimes given such awards, as objector Conner Erwin was in this case.

Indeed, Hagens Berman acknowledges the circumstances here "do not categorically preclude an objector award." Hagens Berman argues, however, that Huang's efforts were not the *cause* of the increase in the class fund and that he did not meaningfully benefit the class in any

way. Hagens Berman points out that Huang played no role in the Ninth Circuit's decision to vacate the original fee awards and to remand. Hagens Berman contends Huang's arguments after remand were either duplicative of those advanced by Erwin, rejected by the court, or in some instances both. Counsel also faults Huang for making "groundless motions and other requests."

To be sure, not every argument presented by Huang was accepted, and some were completely without merit. The same, however, could be said of the arguments presented by Erwin, who Hagens Berman conceded was entitled to an incentive award as well as attorney fees.[1] Although Huang's successful contentions certainly paralleled those presented by Erwin, Huang did not merely ride on Erwin's coattails, or parrot his arguments. Rather, Huang conducted his own research and analysis, which he presented articulately and, for the most part, respectfully.

Although Huang is entitled to no credit for the remand, in the post-remand proceedings his work and Erwin's work both contributed to the ultimate result. While the final conclusions likely would have been nearly identical had Huang not participated, they also would have been basically the same had Erwin dropped out, and *only* Huang had been making the arguments. Thus, while both objectors presented largely the same successful arguments, the result is that they are both entitled to an incentive award—not that one cannot recover for lack of causation.

Under the specific and unusual circumstances in this prolonged litigation, an award of $500 to Huang, to be paid from the attorney fees previously awarded to Hagens Berman is warranted. Hagens Berman shall make payment within 30 days of the date of this order.

---

[1] Hagens Berman challenged only the amount of fees Erwin requested, and the adequacy of his evidentiary showing to support that or any other amount.

CASE NO. 10-md-02143-RS

2

IT IS SO ORDERED.

Dated: October 18, 2021

RICHARD SEEBORG
Chief United States District Judge

Case No. 10-md-02143-RS

