UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA,
MIAMI DIVISION

FILED BY_____D.C.

FEB 18 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Case No. 1:19-CV-20592-MARTINEZ/OTAZO-REYES

KUKORINIS v. WALMART, INC.

## NOTICE REQUESTING STATUS UPDATE REGARDING
## *UNOPPOSED* MOTION FOR $99 OBJECTOR AWARD BY SHIYANG HUANG

Objector Shiyang Huang respectfully requests the Court to grant his unopposed Motion [ECF No. 100] for $99 objector award, to be paid by Class Counsel from its attorney's fee award without reducing *any* dollars going to his fellow class members. Huang urges the Court to grant his motion from September 2021, and help promote proper objectors in class-action settlements.

By issuing an order granting Huang's motion and properly award him merely $99 for "results achieved"—increasing class fund by $1.25 million for class members—this Court will join Judge Seeborg (of N.D. Cal.) to implicitly discourage any objectors who—unlike Huang—got bought off by Plaintiffs' settlement offers, for zero benefit to Class members whatsoever.[1]

As stated in the motion, [ECF No. 100], Huang's objection undisputedly caused Plaintiffs to partly withdraw fee petition from $2.375 million to $1.125 million even before the Fairness Hearing—with all the $1.25 million already distributed to absent class members. *See* [ECF No. 85 at 25] ("The thrust of Shiynag Huang's argument is that Class Counsel's attorneys' fees request amounts to 52.8% of the QSF Floor, [but] Class Counsel have … **reduced their request for attorneys' fees to $1,125,000.00, which is [25% of] the QSF Floor.**") This Court agreed,

---

[1] *See In re Lithium Ion Batteries Litig.*, No. 4:13-md-2420, ECF No. 2728 (N.D. Cal. Jan. 24, 2022) (an objector dismissed appeal for $25,000; but for zero benefit to class members). *Cf. Pearson v. Target Corp.*, 968 F.3d 827 (7th Cir. 2020) (discussing such "objector blackmail"); *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1182 (9th Cir. 2013) (one "who works incredibly hard, but obtains nothing for the class, is not entitled to fees calculated by any method.")

1

too.[2] "If objectors are successful in challenging an award of attorneys' fees to lead class counsel, their objections have conferred a benefit on the class." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F. Supp. 2d 563, 565 (D.N.J. 2003).[3] Huang's $99 request for adding $1.25 million class benefit is a deal that no billable counsel would ever offer. While this Court's timing post no significant to Huang himself—because he sought only a nominal award—the *trend* can be sensitive for any class-action objectors who first write up objections on full contingency risks. Huang urges this Court to soon grant his **unopposed** motion. The longer objectors (especially with counsel) expect an award for "results achieved", the more susceptible those objectors—in fear of waiting—may settle objections for only a fraction of (or zero) benefit to class members.

Huang urges the Court to grant his motion, and award him $99 from class counsel's fees.

Dated: February 9, 2022

Respectfully Submitted,

Shiyang Huang
/s/ SHIYANG HUANG
2800 SW Engler Ct
Topeka, KS 66614
314-669-1858
defectivesettlement@gmail.com

### CERTIFICATE OF SERVICE

I certify that I filed the foregoing was sent via U.S. Mail to the Court. This Court's CM/ECF will notify all Counsels of Record. Huang is on this Court's ECF system for service.

/s/ SHIYANG HUANG

---

[2] *Compare with* [ECF No. 98 at 6] ("In reality, Class Counsel's initial request of 25% of the Fund's Ceiling of $9,500,000 was patently unreasonable. Indeed, it would have amounted to approximately 53% of the Fund's Floor—a percentage largely beyond what is permitted … in almost any class action.") *Also see id.* at 7 n.4 (Huang caught "double-counting" of class counsel)

[3] *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 962-63 (9th Cir. 2009); *Dewey v. Volkswagen of Am.*, 909 F. Supp. 2d 373, 395 (D.N.J. 2012), *aff'd sub nom.*, 558 F. App'x 191 (3d Cir. 2014); *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014) (noting that objectors who improve settlement "will receive a cash award that can be substantial"); *White v. Auerbach*, 500 F.2d 822, 828 (2d Cir. 1974) (objectors "are entitled to an allowance as compensation … where a proper showing has been made that the settlement was improved …").

CAROL STREAM IL 601

11 FEB 2022 PM 4 L

FOREVER / USA

/NG HUANG
, W ENGLER CT
E A, KS 66614

US District Court, S.D. Fla.
Case No. 19-cv-20592
400 North Miami Avenue, Room 8N09
Miami, FL 33128

33128-180597

FEB 18 2022
11:35 AM

RECEIVED
INSPECTED

